**HYDEE FELDSTEIN SOTO**, City Attorney (SBN 106866)
**DENISE C. MILLS**, Chief Deputy City Attorney (SBN 191992)
**KATHLEEN KENEALY**, Chief Assistant City Attorney (SBN 212289)
**CORY M. BRENTE**, Senior Assistant City Attorney (SBN 115453)
**TY A. FORD**, Deputy City Attorney (SBN 218365)
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Phone No.: (213) 978-6900 / Fax No.: (213) 978-8785
Email: Ty.Ford@lacity.org

*Attorneys for Defendant*, CITY OF LOS ANGELES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA RASEY-SMITH; GORDON GENE MACCANI; and JANET MACCANI,<br><br>Plaintiffs.<br><br>v.<br><br>CITY OF LOS ANGELES, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 2:24-cv-3265-PSG-SSCx<br>*Hon. Philip S. Gutierrez, Ctrm 6A*<br>*Hon. Mag. Stephanie S. Christensen, Ctrm. 790*<br><br>**DEFENDANT CITY OF LOS ANGELES' ANSWER TO PLAINTIFFS' COMPLAINT; DEMAND FOR JURY TRIAL** |

COMES NOW Defendant **CITY OF LOS ANGELES** answering the Plaintiffs' Complaint for itself and for no other party, admits, denies and alleges as follows:

## COMPLAINT FOR DAMAGES

Answering paragraph 1., no factual allegations are made therein, and on that basis the paragraph goes unanswered.

## INTRODUCTION

Answering paragraph 2., no factual allegations are made therein, and on that basis the paragraph goes unanswered.

///

# PARTIES

Answering paragraph 3., Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

Answering paragraph 4., Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

Answering paragraph 5., Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

Answering paragraph 6., Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

Answering paragraph 7., Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

Answering paragraph 8., the cause of action is not alleged against the answering Defendant, and on that basis the paragraph goes unanswered.

Answering paragraph 9., Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

Answering paragraph 10., the cause of action is not alleged against the answering Defendant, and on that basis the paragraph goes unanswered.

Answering paragraph 11., Defendant denies the allegations contained therein.

Answering paragraph 12., the cause of action is not alleged against the answering Defendant, and on that basis the paragraph goes unanswered.

Answering paragraph 13., Defendant denies the allegations contained therein.

Answering paragraph 14., Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

## JURISDICTION AND VENUE

Answering paragraph 15., no factual allegations are made therein, and on that basis the paragraph goes unanswered.

Answering paragraph 16., Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

Answering paragraph 17., which incorporates by reference the allegations of other paragraphs of the pleading, Defendant to the same extent incorporates by reference the answers provided herein to those paragraphs.

Answering paragraph 18., Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

Answering paragraph 19., Defendant denies the allegations contained therein.

Answering paragraph 20., Defendant denies the allegations contained therein.

Answering paragraph 21., Defendant denies the allegations contained therein.

Answering paragraph 22., Defendant denies the allegations contained therein.

Answering paragraph 23., Defendant denies the allegations contained therein.

## FIRST CLAIM FOR RELIEF

### Unreasonable Search and Seizure-Excessive Force (42 U.S.C. § 1983)

Answering paragraph 24., which incorporates by reference the allegations of other paragraphs of the pleading, Defendant to the same extent incorporates by reference the answers provided herein to those paragraphs.

Answering paragraph 25., Defendant denies the allegations contained therein.

Answering paragraph 26., Defendant denies the allegations contained therein.

  Answering paragraph 27., Defendant denies the allegations contained therein.

  Answering paragraph 28., Defendant denies the allegations contained therein.

  Answering paragraph 29., Defendant denies the allegations contained therein.

  Answering paragraph 30., Defendant denies the allegations contained therein.

  Answering paragraph 31., Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

  Answering paragraph 32., no factual allegations are made therein, and on that basis the paragraph goes unanswered.

## SECOND CLAIM FOR RELIEF

**Unreasonable Search and Seizure-Denial of Medical Care (42 U.S.C. § 1983)**

(By Plaintiff Alexandra Rasey-Smith against Defendants DOES 1-3)

  Answering paragraph 33., which incorporates by reference the allegations of other paragraphs of the pleading, Defendant to the same extent incorporates by reference the answers provided herein to those paragraphs.

  Answering paragraph 34., Defendant denies the allegations contained therein.

  Answering paragraph 35., Defendant denies the allegations contained therein.

  Answering paragraph 36., Defendant denies the allegations contained therein.

  Answering paragraph 37., Defendant denies the allegations contained therein.

  Answering paragraph 38., Defendant denies the allegations contained therein.

  Answering paragraph 39., Defendant lacks sufficient information and belief upon which to answer the allegations contained therein, and on that basis denies the allegations.

  Answering paragraph 40., no factual allegations are made therein, and on that basis the paragraph goes unanswered.

///

///

///

## THIRD CLAIM FOR RELIEF

### Substantive Due Process (42 U.S.C. § 1983)

(By all Plaintiffs against Defendant DOES 1-3)

Answering paragraph 41., which incorporates by reference the allegations of other paragraphs of the pleading, Defendant to the same extent incorporates by reference the answers provided herein to those paragraphs.

Answering paragraph 42., Defendant denies the allegations contained therein.

Answering paragraph 43., Defendant denies the allegations contained therein.

Answering paragraph 44., Defendant denies the allegations contained therein.

Answering paragraph 45., Defendant denies the allegations contained therein.

Answering paragraph 46., Defendant denies the allegations contained therein.

Answering paragraph 47., Defendant denies the allegations contained therein.

Answering paragraph 48., Defendant denies the allegations contained therein.

Answering paragraph 49., Defendant denies the allegations contained therein.

Answering paragraph 50., Defendant denies the allegations contained therein.

Answering paragraph 51., Defendant denies the allegations contained therein.

Answering paragraph 52., Defendant denies the allegations contained therein.

Answering paragraph 53., no factual allegations are made therein, and on that basis the paragraph goes unanswered.

## FOURTH CLAIM FOR RELIEF

### Battery (Cal. Govt. Code§ 820)

(Survival and Wrongful Death)

(By Plaintiff Alexandra Rasey-Smith against Defendants Does 1-3 and 11-13, -County and State)

Answering paragraph 54., which incorporates by reference the allegations of other paragraphs of the pleading, Defendant to the same extent incorporates by reference the answers provided herein to those paragraphs.

Answering paragraph 55., Defendant denies the allegations contained therein.

Answering paragraph 56., Defendant denies the allegations contained therein.

Answering paragraph 57., Defendant denies the allegations contained therein.

Answering paragraph 58., Defendant denies the allegations contained therein.

Answering paragraph 59., no factual allegations are made therein, and on that basis the paragraph goes unanswered.

## FIFTH CLAIM FOR RELIEF

### Negligence (Cal. Govt. Code§ 820)

(Survival and Wrongful Death)

(By Plaintiff Alexandra Rasey-Smith against All Defendants)

Answering paragraph 60., which incorporates by reference the allegations of other paragraphs of the pleading, Defendant to the same extent incorporates by reference the answers provided herein to those paragraphs.

Answering paragraph 61., Defendant denies the allegations contained therein.

Answering paragraph (a), Defendant denies the allegations contained therein.

Answering paragraph (b), Defendant denies the allegations contained therein.

Answering paragraph (c), Defendant denies the allegations contained therein.

Answering paragraph (d), Defendant denies the allegations contained therein.

Answering paragraph (e), Defendant denies the allegations contained therein.

Answering paragraph (f), Defendant denies the allegations contained therein.

Answering paragraph (g), Defendant denies the allegations contained therein.

Answering paragraph (h), Defendant denies the allegations contained therein.

Answering paragraph 62., Defendant denies the allegations contained therein.

Answering paragraph 63., no factual allegations are made therein, and on that basis the paragraph goes unanswered.

Answering paragraph 64., no factual allegations are made therein, and on that basis the paragraph goes unanswered.

///

///

## SIXTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 52.l)

(By Plaintiff Alexandra Rasey-Smith against Does 1-3 and City)

Answering paragraph 65., which incorporates by reference the allegations of other paragraphs of the pleading, Defendant to the same extent incorporates by reference the answers provided herein to those paragraphs.

Answering paragraph 66., no factual allegations are made therein, and on that basis the paragraph goes unanswered.

Answering paragraph 67., Defendant denies the allegations contained therein.

Answering paragraph 68., Defendant denies the allegations contained therein.

Answering paragraph 69., Defendant denies the allegations contained therein.

Answering paragraph 70., Defendant denies the allegations contained therein.

Answering paragraph 71., Defendant denies the allegations contained therein.

Answering paragraph 72., Defendant denies the allegations contained therein.

Answering paragraph 73., Defendant denies the allegations contained therein.

Answering paragraph 74., Defendant denies the allegations contained therein.

Answering paragraph 75., Defendant denies the allegations contained therein.

Answering paragraph 76., Defendant denies the allegations contained therein.

Answering paragraph 77., no factual allegations are made therein, and on that basis the paragraph goes unanswered.

Answering paragraph 78., no factual allegations are made therein, and on that basis the paragraph goes unanswered.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses, Defendant alleges each of the following:

///

///

///

## FIRST AFFIRMATIVE DEFENSE TO THE COMPLAINT
## AND EACH PURPORTED CAUSE OF ACTION THEREIN
### (Failure To State A Cause of Action)

Defendant alleges that the complaint on file in this action, nor any of the alleged causes of action therein, state facts sufficient to constitute a cause of action on which relief can be granted against Defendant.

## SECOND AFFIRMATIVE DEFENSE TO THE COMPLAINT
## AND EACH PURPORTED CAUSE OF ACTION THEREIN
### (Qualified Immunity - Federal)

Defendant is protected from liability under the doctrine of qualified immunity because the alleged conduct of Defendant City of Los Angeles's employees did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

## THIRD AFFIRMATIVE DEFENSE TO THE COMPLAINT
## AND EACH PURPORTED CAUSE OF ACTION THEREIN
### (Qualified Immunities - State)

Defendant is immune from liability pursuant to the provisions of each of the following California statutes, each of which is set forth as a separate and distinct affirmative defense:

California Government Code §§ 815.2, 815.6, 818, 818.8, 820.2, 820.4, 820.8, 822.2, 835a, 845, 845.6, 845.8, 846, 850.8, 855.6, and 856.4;

*Civil Code* § § 1716.2 and 3333.3;

*Penal Code* § § 836.5 and 847;

*Vehicle Code* § 165.5; and

*Health and Safety Code* § § 1799.106 and 1799.107.

///
///
///

## FOURTH AFFIRMATIVE DEFENSE TO THE COMPLAINT
## AND EACH PURPORTED CAUSE OF ACTION THEREIN
### (Statute of Limitations)

Some or all of Plaintiffs' claims may be barred by the Statute of Limitations and as set forth in California Code of Civil Procedure § 340(3) and Government Code §945.6.

## FIFTH AFFIRMATIVE DEFENSE TO THE COMPLAINT
## AND EACH PURPORTED CAUSE OF ACTION THEREIN
### (Self-Defense)

The force used against decedent, if any, was caused and necessitated by the actions of decedent and was reasonable and necessary for **self-defense**.

## SIXTH AFFIRMATIVE DEFENSE TO THE COMPLAINT
## AND EACH PURPORTED CAUSE OF ACTION THEREIN
### (Defense of Others)

The force used against decedent, if any, was caused and necessitated by the actions of decedent and was reasonable and necessary for the **defense of others**.

## SEVENTH AFFIRMATIVE DEFENSE TO THE COMPLAINT
## AND EACH PURPORTED CAUSE OF ACTION THEREIN
### (Failure to Comply With California Tort Claims Act, Government Code § 910 et seq)

Some or all of the state claims are barred for Plaintiff's failure to comply with the provisions of the California Tort Claims Act, Government Code §§ 910 et seq.

## EIGHTH AFFIRMATIVE DEFENSE

The damages alleged were directly and proximately caused and contributed to by the **negligence of Plaintiff**, and the extent of damages sustained, if any, should be reduced in proportion to the amount of said negligence.

///

///

///

## NINTH AFFIRMATIVE DEFENSE

The damages alleged were directly and proximately caused and contributed to by the **negligence of other persons**, and the extent of damages sustained, if any, should be reduced in proportion to the amount of said negligence.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff had actual knowledge of the condition and particular danger alleged, knew and understood the degree of the risk involved, and voluntarily assumed such risk.

## ELEVENTH AFFIRMATIVE DEFENSE

The state claims are barred for plaintiff's failure to comply with the provisions of the California Tort Claims Act, *Government Code* § 910 et seq.

## TWELFTH AFFIRMATIVE DEFENSE

The action is barred by the doctrine of *res judicata*.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant's actions are privileged pursuant to *Civil Code* § 47.

## FOURTEENTH AFFIRMATIVE DEFENSE

As to the federal claims and theories of recovery, the answering Defendant is protected from liability under the doctrine of qualified immunity, because Defendant's conduct did not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant City of Los Angeles and all Defendants sued in their official capacities are immune from the imposition of punitive damages.

## PRAYER

**WHEREFORE**, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by this action;
2. That the action be dismissed;

3. That Defendant be awarded costs of suit;

4. That Defendant be awarded other and further relief as the Court may deem just and proper, including an award of attorneys' fees pursuant to 42 U.S.C. § 1988.

### DEMAND FOR JURY TRIAL

Defendant hereby demands and requests a trial by jury in this matter.

Dated: May 20, 2024

**HYDEE FELDSTEIN SOTO**, City Attorney
**DENISE C. MILLS**, Chief Deputy City Attorney
**KATHLEEN KENEALY,** Chief Assistant City Attorney
**CORY M. BRENTE**, Senior Assistant City Attorney

By: *Ty A. Ford*
      TY A. FORD, Deputy City Attorney
*Attorneys for Defendant*, CITY OF LOS ANGELES