LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone:   (818) 347-3333
Facsimile:   (818) 347-4118

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA RASEY-SMITH; GORDON GENE MACCANI; and JANET MACCANI,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:24-CV-03265-PSG-SSC<br>Hon. Phillip S. Gutierrez<br>Hon. Mag. Judge Stephanie S. Christensen<br><br>**JOINT RULE 26 SCHEDULING CONFERENCE REPORT**<br><br>Date:             August 23, 2024<br>Time:            2:00 p.m.<br>Courtroom:   6A<br><br>Original Complaint: April 19, 2024<br>Answer:                   May 20, 2024<br>Trial (Proposed):   February 17, 2026 |

**COME NOW ALL THE PARTIES JOINTLY AND STATE AS FOLLOWS**:

Following an early meeting of counsel, the parties hereby submit this joint scheduling conference report joined by all the parties pursuant to F.R.C.P. Rule 26 and the Court's Order (Doc. 13).

A.   **SUMMARY OF THE CASE**
     **PER PLAINTIFFS:**

On February 3, 2024, Defendant Doe Officers responded to a call on the 800 block of East 7th Street, in Los Angeles. Doe Officers contacted Jason Maccani, who on information and belief was experiencing a mental health crisis, after they arrived. While at this location, the involved Los Angeles police officers used less-lethal force and lethal force on Mr. Maccani, causing serious physical injury and eventually killing him. The involved officers did not give Mr. Maccani a verbal warning that deadly force would be used before they shot him, despite being feasible to do so. Mr. Maccani was holding a white plastic fork in one of his hands at the time of the incident and he was not armed with a knife or gun during the encounter with the police. The white plastic fork in Mr. Maccani's hand did not resemble a knife or any other dangerous weapon, and was, or should have been, easily distinguishable from a knife or a gun. There were less than lethal alternatives to using deadly force against Mr. Maccani, including less lethal shotguns and 40mm rounds, taser guns, pepper spray, and simply going hands on with Mr. Maccani. Mr. Maccani was also significantly outnumbered by the involved officers, and he did not physically injure anyone, including the involved officers, during the incident.

The shooting and other uses of force were excessive and unreasonable, particularly because at the time of the shooting and other uses of force against him, Mr. Maccani did not pose an immediate threat of death or serious bodily injury to the deputies or to anyone else. The use of deadly force was unnecessary, unlawful,

unjustified, and contrary to basic police training and standards. On information and belief, Mr. Maccani was not armed with a knife or a gun at all relevant times, including at the time of the shooting.

Plaintiffs' Complaint contains the following claims: Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983); Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983); Substantive Due Process (42 U.S.C. § 1983); Battery (Survival and Wrongful Death); Negligence (Survival and Wrongful Death); and Violation of Bane Act (Cal. Civil Code § 52.1).

The procedural history of the case originated with this Court and was not removed from state court. Plaintiffs have filed their complaint and the defense has answered the complaint.

**PER DEFENDANTS:**

Defendants deny Plaintiffs' claims. Defendants further assert that their actions were lawful, the force used was objectively reasonable under the totality of the circumstances and necessitated by the actions of Plaintiffs' decedent.

**B.    CHANGES IN DISCLOSURES**

The parties do not propose any changes in the timing, form, or requirement for disclosures under Rule 26(a).

**C.    DISCOVERY PLAN**

Per plaintiffs, the subjects on which discovery is needed include liability and damages.

The parties do not propose conducting discovery in phases or limiting or focusing discovery on particular issues.

For when discovery should be completed, the parties submit the following proposed discovery plan.

      (1)    Exchange initial disclosures:           September 6, 2024;

      (2)    Non-Expert Discovery Cut-off:        October 2, 2025;

|   |   |   |
|---|---|---|
| (3) | Initial Expert Disclosure: | October 3, 2025; |
| (4) | Rebuttal Expert Disclosure: | November 7, 2025; and |
| (5) | Expert Witness Discovery Cut-off | December 12, 2025 |

### D. DISCOVERY ISSUES

Per Plaintiffs, there are no issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.

Per Defendants, delays are anticipated in important discovery that Plaintiffs are anticipated to demand. The incident occurred on February 3, 2024, and Plaintiffs filed this matter on April 19, 2024. This incident is being investigated by the LAPD"s Force Investigation Division (FID), which may go on for up to one year after the incident, and all FID materials are confidential pending the investigation. For this reason, virtually no discovery materials are yet available to Defense Counsel.

For these reasons, that Parties are requesting a trial date on February 17, 2026.

### E. PRIVILEGES OR PROTECTION OF MATERIALS

Per Plaintiffs, there are no issues about claims of privilege or of protection as trial-preparation materials.

Per Defendants, many of the materials anticipated to be requested by Plaintiffs are privileged and will require a protective order for disclosure, once those materials are available.

### F. LIMITATIONS ON DISCOVERY

Per Plaintiffs, no changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or by Local Rule.

Defendants reserve the right to request limitations on discovery per the Federal or Local Rules.

## G. OTHER ORDERS

Plaintiffs respectfully propose that the Court does not need to issue any other orders under Rule 26(c) or under Rule 16(b) and (c).

## H. COMPLEX CASES

The parties do not believe that any part of the procedures of the Manual for Complex Litigation should be utilized.

## I. MOTION SCHEDULE

**PER PLAINTIFFS:**

Plaintiffs do not anticipate filing any dispositive or partially dispositive motions.

**PER DEFENDANTS:**

Defendants intend to file a motion for summary judgment or, in the alternative, motion for partial summary judgment.

## J. ALTERNATIVE DISPUTE RESOLUTION

No settlement discussions have occurred to date. The Parties' preference is to use a mediator from the Court Mediation Panel.

## K. TRIAL ESTIMATE

Plaintiffs anticipate 5 court days for trial. Defendants anticipate 5-7 court days for trial.

## L. ADDITIONAL PARTIES

Plaintiffs will seek leave to amend their complaint to show the true names and capacities of the involved officers when they have been ascertained.

## M. EXPERT WITNESSES

The parties propose the following expert discovery plan:

(1) Initial Expert Disclosure:     October 3 2025;

(2) Rebuttal Expert Disclosure:     November 7, 2025; and

(3) Expert Witness Discovery Cut-off     December 12, 2025

DATED: August 16, 2024          LAW OFFICES OF DALE K. GALIPO

                                By       /s/ Eric Valenzuela
                                   Dale K. Galipo
                                   Eric Valenzuela
                                   Attorneys for Plaintiffs

Dated: August 16, 2024
                                **HYDEE FELDSTEIN SOTO**, City Attorney
                                **DENISE C. MILLS**, Chief Deputy City Attorney
                                **KATHLEEN KENEALY,** Chief Assistant City Attorney
                                **CORY M. BRENTE**, Senior Assistant City Attorney

                                By:      *Ty A. Ford*
                                   TY A. FORD, Deputy City Attorney
                                   *Attorneys for Defendant*, CITY OF LOS ANGELES

- 6 -

**JOINT RULE 26 SCHEDULING CONFERENCE REPORT**