Dale K. Galipo, Esq. (SBN 144074)
*dalekgalipo@yahoo.com*
Eric Valenzuela, Esq. (SBN 284500)
*evalenzuela@galipolaw.com*
**LAW OFFICES OF DALE K. GALIPO**
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA RASEY-SMITH; GORDON GENE MACCANI; and JANET MACCANI,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: 2:24-CV-03265-SB-SSC<br><br>Hon. Stanley Blumenfeld, Jr.<br><br>**AMENDED JOINT RULE 26 SCHEDULING CONFERENCE REPORT**<br><br>Date:              November 15, 2024<br>Time:              8:30 a.m.<br>Courtroom:      6C<br><br>Original Complaint: April 19, 2024<br>Answer:              May 20, 2024<br>Trial (Proposed):    February 16, 2026 |

**(1) Subject Matter Jurisdiction**

The specific basis for jurisdiction is that Plaintiffs bring claims pursuant to 42 U.S.C. § 1983, for violating Decedent's and Plaintiff's constitutional rights under both the Fourth and Fourteenth amendment, and supplemental jurisdiction over Plaintiffs' state law claims is proper pursuant to 28 U.S.C § 1367, because the state law claims stem from the same nucleus of operative facts.  The parties agree that federal jurisdiction exists.

**(2) Statement of the Case**

**PER PLAINTIFFS:**

On February 3, 2024, Defendant Doe Officers responded to a call on the 800 block of East 7th Street, in Los Angeles. Doe Officers contacted Jason Maccani, who on information and belief was experiencing a mental health crisis, after they arrived. While at this location, the involved Los Angeles police officers used less-lethal force and lethal force on Mr. Maccani, causing serious physical injury and eventually killing him. The involved officers did not give Mr. Maccani a verbal warning that deadly force would be used before they shot him, despite being feasible to do so. Mr. Maccani was holding a white plastic fork in one of his hands at the time of the incident and he was not armed with a knife or gun during the encounter with the police. The white plastic fork in Mr. Maccani's hand did not resemble a knife or any other dangerous weapon, and was, or should have been, easily distinguishable from a knife or a gun. There were less than lethal alternatives to using deadly force against Mr. Maccani, including less lethal shotguns and 40mm rounds, taser guns, pepper spray, and simply going hands on with Mr. Maccani. Mr. Maccani was also significantly outnumbered by the involved officers, and he did not physically injure anyone, including the involved officers, during the incident.

The shooting and other uses of force were excessive and unreasonable, particularly because at the time of the shooting and other uses of force against him,

Mr. Maccani did not pose an immediate threat of death or serious bodily injury to the deputies or to anyone else. The use of deadly force was unnecessary, unlawful, unjustified, and contrary to basic police training and standards. On information and belief, Mr. Maccani was not armed with a knife or a gun at all relevant times, including at the time of the shooting.

Plaintiffs' Complaint contains the following claims: Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983); Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983); Substantive Due Process (42 U.S.C. § 1983); Battery (Survival and Wrongful Death); Negligence (Survival and Wrongful Death); and Violation of Bane Act (Cal. Civil Code § 52.1).

The procedural history of the case originated with this Court and was not removed from state court.  Plaintiffs have filed their complaint and the defense has answered the complaint.  The parties also previously submitted a joint Rule 26 Report [Doc. # 14].

**PER DEFENDANTS:**

Defendants deny Plaintiffs' claims. Defendants further assert that their actions were lawful, the force used was objectively reasonable under the totality of the circumstances and necessitated by the actions of Plaintiffs' decedent.

**(3) Damages/Insurance**

**PER PLAINTIFFS:**

Plaintiffs believe that a realistic range of provable damages is between $10-15 million, including pain and suffering damages, loss of enjoyment of life and wrongful death damages.  There is no insurance coverage on behalf of the Plaintiffs.

**PER DEFENDANTS:**

Among other defenses, Defendants' position is that the force used was objectively reasonable under the totality of the circumstances and that Plaintiffs are not entitled to damages.  The City of Los Angeles is permissibly self-insured

1    pursuant to California Government Code § 990 *et seq.*

2

3    **(4) Parties, Evidence, etc**.

4        Plaintiffs are Alexandra Rasey-Smith, Gordon Gene Maccani and Janet

5    Maccani.

6        Defendants are the City of Los Angeles.

7        Plaintiffs will seek to amend the complaint and add the shooting officer as an

8    individual defendant when his name is ascertained.  Plaintiffs are unaware of the

9    names of any percipient witnesses.

10       The key documents are going to be the body worn camera footage which

11   captures the incident, documents relating to the 911 call, radio communications

12   between the involved officers and dispatch, any recorded interviews of the involved

13   officers, crime scene photos, photos of Decedent's injuries, autopsy report, POST

14   Standards, LAPD policies on the use of force, including both deadly and non-deadly

15   force and dealing with mentally ill people and photos of Decedent and the Plaintiffs

16   throughout his life.

17

18   **(5) Discovery**

19       The present state of discovery is that the parties have exchanged initial

20   disclosures and have propounded written discovery, including requests for

21   production of documents.  Defendants have responded to Plaintiffs' requests for

22   production.  Defendants intend to propound written discovery forthwith.

23       The parties do not propose conducting discovery in phases or limiting or

24   focusing discovery on particular issues.

25       The parties do not believe that any part of the procedures of the Manual for

26   Complex Litigation should be utilized.

27       For when discovery should be completed, the parties submit the following

28   proposed discovery plan.

(1) Exchange initial disclosures: September 6, 2024 (*already completed*);

(2) Non-Expert Discovery Cut-off: October 2, 2025;

(3) Initial Expert Disclosure: October 3, 2025;

(4) Rebuttal Expert Disclosure: November 7, 2025; and

(5) Expert Witness Discovery Cut-off December 12, 2025

**(6) Legal Issues**

**PER PLAINTIFFS:**

The legal issues are whether the use of deadly force against Decedent was excessive and unreasonable, and whether the involved officers were negligent in their interaction with Decedent, including negligent pre-shooting tactics.  Whether the officers knew or should have known that Decedent was mentally ill and suffering from a mental crisis is another issue in the case.  Another issue is going to be the nature and extent of the damages, including damages for pain and suffering, loss of enjoyment of life and wrongful death damages.

**PER DEFENDANTS:**

Delays are anticipated in important discovery that Plaintiffs have demanded. The incident occurred on February 3, 2024, and Plaintiffs filed this matter on April 19, 2024. This incident is being investigated by the LAPD"s Force Investigation Division (FID), which may go on for up to one year after the incident, and all FID materials are confidential pending the investigation.  If the Complaint is amended to substitute additional Defendants for "Does," separate defense counsel for Doe Officers may be necessary, depending on the outcome of LAPD's review of the incident, which is still in process.

For these reasons, that Parties are requesting a trial date on February 17, 2026.

///

///

///

**(7) Motions**

    a. *Procedural Motions*

    Plaintiff will seek to amend the complaint to add the name of the shooting officer as an individual defendant when his identity has been ascertained.

    b. *Dispositive Motions*

    **PER PLAINTIFFS**:

    None on behalf of the Plaintiffs.

    **PER DEFENDANTS:**

    Defendants may file a Motion for Summary Judgment and/or Summary Adjudication because the individual Officers (if any are ultimately named and served) are entitled to Qualified Immunity and some or all claims can be resolved by the Court as the force was reasonable as a matter of law under the totality of the circumstances.  In addition, depending on discovery, additional claims may be subject to summary adjudication in favor of the Defendants.

    c. *Class Certification Motion*

    Not applicable.

**(8) Alternative Dispute Resolution (ADR)**

    No settlement discussions have occurred to date. The Parties' preference is to use a mediator from the Court Mediation Panel.

**(9) Trial**

    The parties propose a trial date of February 17, 2026

    The Defendants anticipate delays in important discovery that Plaintiffs have demanded. The incident occurred on February 3, 2024, and Plaintiffs filed this matter on April 19, 2024. This incident is being investigated by the LAPD"s Force Investigation Division (FID), which may take up to one year after the incident, and

all FID materials are confidential pending the investigation. For this reason, virtually no discovery materials are yet available to Defense Counsel.

For these reasons, that Parties are requesting a trial date on February 17, 2026.

Plaintiffs anticipate 5 court days for trial. Defendants anticipate 5-7 court days for trial.

The trial will be by jury.

Defendants will not stipulate to a magistrate judge for trial purposes.

Trial counsel for the Plaintiffs will be Dale K. Galipo (lead trial counsel) and Eric Valenzuela (second chair).  Trial counsel for the Defendants will be Ty A. Ford (lead trial counsel).

**(10) Special Requests/Other Issues**

**Stipulation re: November 15, 2024, Mandatory Scheduling Conference:**

On October 25, 2024, Defendants filed a stipulation of the Parties requesting that lead Defense Counsel, Deputy City Attorney Ty A. Ford, be excused from the November 15, 2024, Mandatory Scheduling Conference (with another attorney appearing), or that the scheduling conference be continued to December 6, 2024. (*See* Dkt. 22).

On October 24, 2024, the Court issued a text-only order, saying "The Court has reviewed the parties' stipulation either to continue the November 15 mandatory scheduling conference or to allow an attorney other than lead counsel to appear for Defendant. Dkt. No. 22. The Court intends to grant relief but defers deciding which form of relief to allow until after it reviews the parties' amended joint Rule 26(f) report, which is due November 5. The parties shall note their request and this order in the report." (*See* Dk. 23).

Defense counsel respectfully requests again that the Mandatory Scheduling Conference be continued to December 6, 2024, or alternatively, that the Court allow another attorney from the City Attorney's Office Police Litigation Unit appear in

place of Mr. Ford, who will be out of state on November 15, 2024.  The appearing attorney will be sufficiently familiar with the case to answer the Court's questions at the hearing.


 DATED: November 4, 2024          LAW OFFICES OF DALE K. GALIPO

                                 By:  */s / Eric Valenzuela*
                                      Eric Valenzuela
                                      Attorneys for Plaintiff


Dated: 11/4/2024          **HYDEE FELDSTEIN SOTO**, City Attorney
                          **DENISE C. MILLS**, Chief Deputy City Attorney
                          **KATHLEEN KENEALY,** Chief Assistant City Attorney
                          **CORY M. BRENTE**, Senior Assistant City Attorney


                          By:_____*Ty A. Ford*_____
                             TY A. FORD, Deputy City Attorney
                             *Attorneys for Defendant*, CITY OF LOS ANGELES