1  LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo (Bar No. 144074)
2  dalekgalipo@yahoo.com
   Eric Valenzuela (Bar No. 284500)
3  evalenzuela@galipolaw.com
   21800 Burbank Boulevard, Suite 310
4  Woodland Hills, California 91367
   Telephone: (818) 347-3333
5  Facsimile: (818) 347-4118

6  Attorneys for Plaintiffs

8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA RASEY-SMITH, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF LOS ANGELES, et al., <br><br> Defendants. | Case No. 2:24-cv-03265-MWC-SSC <br><br> Honorable Michelle Williams Court <br><br> **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO AMEND THE COMPLAINT/MODIFY THE SCHEDULING ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND** <br><br> Declaration of Eric Valenzuela, [Proposed] Order and Redlined First Amended Complaint *filed concurrently herewith* <br><br> Date: February 21, 2025 <br> Time: 1:30 p.m. <br> Crtrm.: 6A |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that on February 21, 2025, at 1:30 p.m. or as soon thereafter as this matter may be heard in Courtroom 6A of the above-entitled Court, Plaintiffs will and hereby does move the Court for leave to file a First Amended Complaint or in the alternative to modify the scheduling order in Case No. 2:24-cv-

1 | 03265-MWC-SSC.  Plaintiffs make this Motion under Federal Rule of Civil
2 | Procedure 15 on the grounds that justice requires leave to amend.
3 |     This motion is made after reaching out to defense counsel who indicated they
4 | did not agree to stipulate to amending the Complaint to include the shooting officer,
5 | Caleb Garcia Alamilla, as a named defendant.  This Motion is based on this Notice
6 | of Motion and the separate Memorandum of Points filed concurrently herewith, the
7 | records and files of this Court, and all other matters of which the Court may take
8 | judicial notice of.

10 | DATED:  January 14, 2024       LAW OFFICES OF DALE K. GALIPO

By /s/ *Eric Valenzuela*
ERIC VALENZUELA
Attorney for Plaintiffs

-1-

Case No. 2:24-cv-03265-MWC-SSC
MOTION TO AMEND

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs hereby seek leave of Court to file a First Amended Complaint to conform their allegations and claims for relief with additional information that recently was discovered. Plaintiffs have learned, after obtaining Defendants' Responses to Plaintiffs' Request for Production of Documents, that they have a basis for naming the individual officer involved in the incident that resulted in the death of the decedent, Jason Maccani. All of this information was previously unavailable to Plaintiffs but was in the possession, custody, or control of Defendant.

This case arises out of the fatal shooting of the decedent, Jason Maccani, by Officer Caleb Garcia Alamilla of the City of Los Angeles Police Department. The Plaintiffs only recently learned of the name of the shooting officer. Plaintiffs' motion for leave to amend their complaint should be granted because justice so requires.

The operative pleading is currently Plaintiffs' Complaint For Damages, filed April 19, 2024, which asserts six claims: (1) Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983); (2) Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983); (3) Substantive Due Process (42 U.S.C. § 1983); (4) Battery (Survival and Wrongful Death); (5) Negligence (Wrongful Death) and (6) Violation of the Bane Act (Cal. Civil Code § 52.1). Plaintiffs' Complaint for Damages is replete with allegations against Does 1-10. Plaintiffs' motion for leave to amend in order to name one Doe Defendant should be granted because justice so requires. In the alternative, good cause exists to amend the scheduling order allowing Plaintiffs additional time to amend their Complaint.

## II. LEGAL STANDARD

Under Rule 15, "leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). This policy is applied with "extreme liberality." *Eminence*

*Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).  Denial of a motion to amend is appropriate only when the opposing party makes a showing of undue prejudice, bad faith, or dilatory motive on the part of the moving party.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Martinez v. City of Newport Beach*, 125 F.3d 777, 785 (9th Cir. 1997).

### III.   ARGUMENT

#### A. Plaintiffs Satisfy The Liberal Amendment Standard Of Rule 15

Plaintiffs' proposed amendment easily satisfies Rule 15's liberal policy favoring amendment.  Plaintiffs seek leave to substitute Officer Caleb Garcia Alamilla in place of a Doe defendant.  Plaintiffs' reason for seeking relief is that, after recently reviewing discovery responses from Defendant, Plaintiffs have learned that Caleb Garcia Alamilla was the shooting officer who used excessive deadly force against the Decedent and violated his constitutional and state rights, including the state rights of the Plaintiffs.  Justice so requires that Plaintiffs be permitted to bring their claims against the proper Defendants.

The Court set the last day to hear a motion to amend for January 17, 2025.  See Court's Order [Doc. #30] at 3.  Defense counsel previously put the Court on notice that the defense anticipated delays regarding "important discovery that Plaintiffs are anticipated to demand" because this incident is being investigated by the LAPD's Force Investigation Division (FID), which may go on for up to one year after the incident, and all FID materials are confidential pending the investigation.  For this reason, virtually no discovery materials are yet available to Defense Counsel."  See Joint Scheduling Report [Doc. 14] at 4:8-16.  For these reasons, the parties requested a trial date on February 17, 2026.  *Id*.

Defendants' Responses to Plaintiffs' Request for Production of Documents did not contain any of the investigation materials regarding the shooting, including

the Force Investigation Division Report, and the recorded interviews of the involved officers. Valenzuela Decl. at ¶ 4. These missing materials would clearly identify the shooting officer(s). In fact, only recently did defense counsel learn of the name of the shooting officer. See January 13, 2025, Email from Defense, attached hereto as Exhibit "A". Instead, Defendants' discovery responses contained almost 1,500 documents, none of which clearly identified the name of the shooting officer. Valenzuela Decl. at ¶ 6.

After recently reviewing these documents again, Plaintiffs' counsel discovered one line in one of the reports which indicated that Officer Caleb Garcia Alamilla was monitored after his OIS (officer involved shooting). See Watch Commander's Daily Report, attached hereto as Exhibit "B", at 2; Valenzuela Decl. at ¶ 7. Many of the other reports also made mention of all involved officers being monitored after the OIS. Valenzuela Decl. at ¶ 8.

Although unclear, Plaintiffs' counsel assumed that this was the name of the shooting officer. Based on this recently discovered information, on January 2, 2025, Plaintiffs' counsel emailed the defense and inquired as to whether the Defendants would stipulate to amend the complaint to add Officer Caleb Garcia Alamilla as a named defendant. See Plaintiffs' Counsel's Email, attached hereto as Exhibit "C'. Even defense counsel was surprised that Plaintiffs' counsel knew the name of the shooting officer because defense counsel only recently learned the name of the shooting officer and it was not clear based on the reports that Defendants had previously produced in discovery. See Exhibit "B", Email from Defense. The defense even inquired as to whether Plaintiffs learned the name of the shooting officer from a source outside of the instant litigation (since it had not been clearly disclosed in the Defendants' previously produced documents). *Id*. Plaintiffs' counsel notified the defense that although it was unclear from the voluminous reports produced, one line in one of the reports indicates that Officer Caleb Garcia Alamilla was monitored after his OIS. See Plaintiffs' Counsel's Email, attached

1  hereto as Exhibit "D".  On January 13, 2025, Defense Counsel notified Plaintiffs'
2  counsel that they would not stipulate to amending the complaint.  See Email from
3  Defense Counsel, attached hereto as Exhibit "E".  This response by the defense
4  came as a surprise since our respective offices routinely stipulate to amend the
5  complaint to add the shooting officer in these types of cases.  Valenzuela Decl. at ¶
6  13.

7        Defendant will suffer no prejudice if the Court grants Plaintiffs leave to
8  amend their Complaint.  The City of Los Angeles' Police Defendant has been well
9  informed of the identity of the officer involved during the incident which occurred
10 on February 3, 2024, and the defense has had significant time since then to obtain
11 the relevant factual information underlying the incident.  Moreover, discovery is
12 only in its initial stages, and Plaintiffs anticipates that both sides will continue to
13 propound written discovery and take depositions of the involved parties.  To date the
14 Plaintiffs still do not have the investigation materials regarding the shooting, and
15 have sent a meet and confer letter to the defense to compel said documents.  The
16 defense has indicated that now that the review board has concluded, that the
17 documents would be produced after a protective order is in place.  See December
18 20, 2024, Email from Defense Counsel, attached hereto as Exhibit "F".

19       **B. <u>Good Cause Exists To Modify Scheduling Order</u>**

20       A party seeking to amend a scheduling order must show "good cause."
21 Fed.R.Civ.P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the
22 diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations,*
23 *Inc.*, 975 F.2d 604, 609 (9th Cir.1992).  The schedule may be modified "if it
24 cannot reasonably be met despite the diligence of the party seeking the extension."
25 *Id*. (quoting Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment)).
26 Prejudice to the opposing party may supply additional reasons to deny an extension,
27 but the focus of the inquiry is on the moving party's reasons for seeking
28

modification. *Id*. Here, good cause exists to modify the scheduling order, because, just as the defense anticipated, there has been a delay in producing the requested investigation materials which clearly identify who the shooting officer is. The defense only themselves recently learned the identity of the shooting officer, and a modifying the scheduling order to continue the date to amend the complaint will allow for additional time for Plaintiffs to obtain the investigation materials needed to clearly identify the shooting officer.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court grant them leave to file a First Amended Complaint to substitute Officer Caleb Garcia Alamilla in place of a Doe defendant. In the alternative, Plaintiffs request that the Scheduling Order be modified to allow Plaintiffs' an additional sixty (60) days to hear their motion to amend the complaint.

DATED: January 14, 2024                LAW OFFICES OF DALE K. GALIPO

                                       By /s/ *Eric Valenzuela*
                                          ERIC VALENZUELA
                                          Attorney for Plaintiffs