# EXHIBIT G

LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA RASEY-SMITH; GORDON GENE MACCANI; and JANET MACCANI,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES; CALEB GARCIA ALAMILLA; and DOES 2-10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-03265-MWC-SSC<br><br>**[PROPOSED] FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)<br>3. Substantive Due Process (42 U.S.C. § 1983)<br>4. Battery (Wrongful Death and Survival Damages)<br>5. Negligence (Wrongful Death and Survival Damages)<br>6. Violation of Bane Act (Cal. Civil Code § 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

1. Plaintiffs ALEXANDRA RASEY-SMITH, GORDON GENE MACCANI and JANET MACCANI, for their complaint against Defendants CITY OF LOS ANGELES, CALEB GARCIA ALAMILLA and Does 2-10, inclusive, allege as follows:

-1-

FIRST AMENDED COMPLAINT FOR DAMAGES

# INTRODUCTION

2. This civil rights action seeks compensatory and punitive damages from Defendants for violating various rights under state law and the United States Constitution in connection with the fatal officer involved shooting of Jason Maccani ("DECEDENT"), by members of the Los Angeles Police Department ("LAPD").

# PARTIES

3. At all relevant times, Jason Maccani ("DECEDENT"), was an individual residing in the County of Los Angeles, California.

4. Plaintiff ALEXANDRA RASEY-SMITH is an individual residing in the County of Los Angeles, and was the wife of the DECEDENT. ALEXANDRA RASEY-SMITH sues both in her individual capacity as the wife of DECEDENT and in a representative capacity as a successor-in-interest to DECEDENT. Plaintiff ALEXANDRA RASEY-SMITH seeks both survival damages, including DECEDENT's pain and suffering and loss of enjoyment of life and wrongful death damages under state and federal law.

5. Plaintiff GORDON GENE MACCANI is an individual residing in the County of Los Angeles, California, and is the natural father to DECEDENT. GORDON GENE MACCANI sues in his individual capacity as the father of DECEDENT. GORDON GENE MACCANI seeks wrongful death damages under state and federal law.

6. Plaintiff JANET MACCANI is an individual residing in Clark County, Nevada, and is the natural mother to DECEDENT. JANET MACCANI sues in her individual capacity as the mother of DECEDENT. JANET MACCANI seeks wrongful death damages under state and federal law.

7. At all relevant times, Defendant CITY OF LOS ANGELES ("CITY") is and was a duly organized public entity, form unknown, existing under the laws of the State of California. At all relevant times, CITY was the employer of Defendants

1  CALEB GARCIA ALAMILLA and DOES 2~~1~~-3, who were CITY police officers,
2  DOES 4-6, who were CITY police officers' supervisorial officers, and DOES 7-10,
3  who were managerial, supervisorial, and policymaking employees of the CITY's
4  police department.  On information and belief, at all relevant times, CALEB
5  GARCIA ALAMILLA and DOES 2~~1~~-10 were residents of the County of Los
6  Angles, California.  CALEB GARCIA ALAMILLA and DOES 2~~1~~-10 are sued in
7  their individual capacity for damages only.

8.  At all relevant times, Defendants CALEB GARCIA ALAMILLA and DOES 2~~1~~-10 were duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as police officers ~~sheriff's deputies~~ and with the complete authority and ratification of their principal, Defendant CITY.

9.  At all relevant times, Defendants CALEB GARCIA ALAMILLA and DOES 2~~1~~-10 were duly appointed officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

10. In doing the acts and failing and omitting to act as hereinafter described, Defendants CALEB GARCIA ALAMILLA and DOES 2~~1~~-10 were acting on the implied and actual permission and consent of CITY.

11. At all times mentioned herein, each and every CITY defendant was the agent of each and every other CITY defendant and had the legal duty to oversee and supervise the hiring, conduct and employment of each and every CITY defendant.

12. The true names of defendants DOES 2~~1~~ through 1~~2~~0, inclusive, are unknown to PLAINTIFFS, who therefore sue these defendants by such fictitious names.  PLAINTIFFS will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained.  Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

1    13.  On February 23, 2024, PLAINTIFFS served their claims for damages with CITY pursuant to applicable sections of the California Government Code.

14.  On March 19, 2024, CITY rejected PLAINTIFFS' claims for damages.

## JURISDICTION AND VENUE

15.  This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution.  Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

16.  Venue is proper in this Court under 28 U.S.C. § 1391(b), because Defendants reside in, and all incidents, events, and occurrences giving rise to this action occurred in, the County of Los Angeles, California.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

17.  Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 16 of this Complaint with the same force and effect as if fully set forth herein.

18.  On February 3, 2024, DECEDENT was on the 800 Block of East 7th Street, in Los Angeles.   While at this location, CALEB GARCIA ALAMILLA ~~the involved CITY police officers~~ discharged his~~their~~ firearm~~s~~ at DECEDENT, striking him, causing serious physical injury and eventually killing him.

19.  DECEDENT had a white plastic fork in one of his hands at the time of the incident and he was not armed with a knife or gun, during the encounter with police.  The white plastic fork in Decedent's hand did not resemble a knife or any other dangerous weapon, and was, or should have been, easily distinguishable from a knife or a gun.

20.  There were less than lethal alternatives to using deadly force against DECEDENT, especially since he only had a plastic fork in his hands.  These weapons include less lethal shotguns and 40mm rounds, taser guns, pepper spray

-4-
FIRST AMENDED COMPLAINT FOR DAMAGES

1  and simply going hands on with DECEDENT.  DECEDENT was also significantly
2  out-numbered by the involved officers and he did not physically injure anyone,
3  including the involved officers, during the incident.

4  21.  CALEB GARCIA ALAMILLA ~~The involved officers~~ did not give
5  DECEDENT a verbal warning that deadly force would be used before he~~they~~ shot
6  him, despite being feasible to do so.

7  22.  DECEDENT did not physically injure anyone during the incident and he did
8  not pose an immediate or imminent threat of death or serious physical injury to
9  either the involved officers or any other person at the time of the shooting.
10 DECEDENT was not about to kill or cause serious bodily injury to anyone when he
11 was fatally shot by the involved officers and he did not disarm or try to take any of
12 the officers' guns.  The conduct of DECEDENT was not immediately life
13 threatening, making the use of deadly force against him unnecessary.

14 23.  On information and belief, the involved officers did not provide timely
15 medical care to DECEDENT, they did not timely summons medical assistance for
16 DECEDENT, and/or they prevented medical assistance from being timely provided
17 to DECEDENT.

### FIRST CLAIM FOR RELIEF
**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**
(By Plaintiff Alexandra Rasey-Smith against CALEB GARCIA ALAMILLA~~Does 1-3~~)

23 24.  Plaintiff repeats and realleges each and every allegation in paragraphs 1
24 through 23 of this Complaint with the same force and effect as if fully set forth
25 herein.

26 25.  CALEB GARCIA ALAMILLA ~~The involved officers~~ unjustified shooting
27 deprived DECEDENT of his right to be secure in his persons against unreasonable
28 searches and seizures as guaranteed to DECEDENT under the Fourth Amendment

-5-

1  to the United States Constitution and applied to state actors by the Fourteenth
2  Amendment.
3      26.  The unreasonable use of force by <u>CALEB GARCIA ALAMILLA</u> <s>involved</s>
4  <s>officers</s> deprived DECEDENT of his right to be secure in his person against
5  unreasonable searches and seizures as guaranteed to him under the Fourth
6  Amendment to the United States Constitution and applied to state actors by the
7  Fourteenth Amendment.  This unreasonable and excessive use of force includes
8  fatally shooting an individual holding a white plastic fork, which is not a dangerous
9  weapon and does not resemble a dangerous weapon.  There were also several less
10 than lethal alternatives such as the bean bag shotgun, tasers and pepper spray.
11 DECEDENT was also significantly outnumbered by the involved police officers
12 and most of the involved officers did not fire their guns, which further supports that
13 a reasonable officer under similar circumstances would not have found it
14 appropriate to use deadly force under against DECEDENT.
15     27.   As a result, DECEDENT suffered extreme mental and physical pain
16 and suffering, loss of enjoyment of life and eventually suffered a loss of life and of
17 earning capacity.  Plaintiff has also been deprived of the life-long love,
18 companionship, comfort, support, society, care, and sustenance of DECEDENT, and
19 will continue to be so deprived for the remainder of her natural life.
20     28.   As a result of the conduct of the involved officers, they are liable for
21 DECEDENT's injuries, either because they were integral participants in the
22 excessive force, or because they failed to intervene to prevent these violations.
23     29.   This use of deadly force was excessive and unreasonable under the
24 circumstances, especially since DECEDENT was only holding a plastic fork, he
25 never physically injured anyone, he did take or try to obtain any of the officers' guns
26 and he did not pose an immediate threat of death or serious bodily injury at the time
27 of the shooting.  <u>CALEB GARCIA ALAMILLA</u> <s>The involved officers</s> also did not
28 give DECEDENT <u> </u>a verbal warning that deadly force would be used before <u>he</u><s>they</s>

-6-

FIRST AMENDED COMPLAINT FOR DAMAGES

shot him, despite being feasible to do so. Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

30. The conduct of <u>CALEB GARCIA ALAMILLA</u> ~~the involved officers~~ was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to the involved officers.

31. Plaintiff brings this claim as successor-in-interest to the DECEDENT, and seeks both survival damages, including DECEDENT's pain and suffering and loss of life/enjoyment of life and wrongful death damages for the violation of DECEDENT's rights.

32. Plaintiff also seeks attorney fees under this claim.

### SECOND CLAIM FOR RELIEF
**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**
(By Plaintiff Alexandra Rasey-Smith against Defendants <u>CALEB GARCIA ALAMILLA</u>~~DOES 1-3~~)

33. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 32 of this Complaint with the same force and effect as if fully set forth herein.

34. The denial of medical care by Defendant <u>CALEB GARCIA ALAMILLA</u> ~~Does 1-3~~ deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

35. As a result, DECEDENT suffered extreme mental and physical pain and suffering and eventually suffered a loss of life and earning capacity. Plaintiff has also been deprived of the life-long love, companionship, comfort, support,

-7-
FIRST AMENDED COMPLAINT FOR DAMAGES

society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life.  Plaintiff is also claiming funeral and burial expenses and a loss of financial support.

36. CALEB GARCIA ALAMILLA ~~Defendant Does 1-3~~ knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing DECEDENT great bodily harm and death.

37. After shooting DECEDENT multiple times, CALEB GARCIA ALAMILLA ~~DOES 1-3~~ did not timely summons medical attention for DECEDENT, who was bleeding profusely and had obvious serious injuries, and DOES 1-3 also did not allow and prevented responding medical personnel on-scene to timely render medical aid/assistance to DECEDENT.

38. The conduct of CALEB GARCIA ALAMILLA ~~Does 1-3~~ was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to CALEB GARCIA ALAMILLA~~Defendant Does 1-3~~.

39. Plaintiffs bring this claim as a successors-in-interest to DECEDENT, and seek both survival and wrongful death damages for the violation of DECEDENT's rights.

40. Plaintiff also seeks attorney's fees under this claim.

### THIRD CLAIM FOR RELIEF

**Substantive Due Process (42 U.S.C. § 1983)**

(By all Plaintiffs against Defendant CALEB GARCIA ALAMILLA~~DOES 1-3~~)

41. Plaintiffs repeat and reallege each and every allegation in paragraphs 1 through 40 of this Complaint with the same force and effect as if fully set forth herein.

42. ALEXANDRA RASEY-SMITH and had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States

-8-
FIRST AMENDED COMPLAINT FOR DAMAGES

Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her husband, DECEDENT.

43. GORDON GENE MACCANI had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with his son, DECEDENT.

44. JANET MACCANI had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive her of life, liberty, or property in such a manner as to shock the conscience, including but not limited to, unwarranted state interference in Plaintiff's familial relationship with her son, DECEDENT.

45. As a result of the excessive force by CALEB GARCIA ALAMILLA~~DOES 1-3~~, and their failure to intervene, DECEDENT died. Plaintiffs ALEXANDRA RASEY-SMITH, GORDON GENE MACCANI, and JANET MACCANI were thereby deprived of their constitutional right of familial relationship with DECEDENT.

46. CALEB GARCIA ALAMILLA~~Does 1-3~~, acting under color of state law, thus violated the Fourteenth Amendment rights of ALEXANDRA RASEY-SMITH, GORDON GENE MACCANI, and JANET MACCANI to be free from unwarranted interference with their familial relationship with DECEDENT.

47. The aforementioned actions of CALEB GARCIA ALAMILLA~~DOES 1-3~~, along with other undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of DECEDENT and Plaintiffs ALEXANDRA RASEY-SMITH, GORDON GENE MACCANI, and

JANET MACCANI and with purpose to harm unrelated to any legitimate law enforcement objective.

48. Defendants <u>CALEB GARCIA ALAMILLA</u><s>DOES 1-3</s>, acting under color of state law, thus violated the Fourteenth Amendment rights of DECEDENT and Plaintiffs.

49. As a direct and proximate cause of the acts of <u>CALEB GARCIA ALAMILLA</u><s>DOES 1-3</s>, DECEDENT experienced severe pain and suffering and lost his life and earning capacity. Plaintiffs suffered extreme and severe mental anguish and pain and have been injured in mind and body. Plaintiffs has also been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also claiming funeral and burial expenses.

50. As a result of the conduct of <u>CALEB GARCIA ALAMILLA</u><s>Does 1-3</s>, <u>he is</u><s>they are</s> liable for DECEDENT'S injuries, either because <u>he</u><s>they</s> w<u>as an</u><s>ere</s> integral participant<s>s</s> in the denial of due process, or because <u>he</u><s>they</s> failed to intervene to prevent these violations.

51. The conduct of <u>CALEB GARCIA ALAMILLA</u> <s>DOES 1-3</s> was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Defendant <u>CALEB GARCIA ALAMILLA</u><s>DOES 1-3</s>.

52. Plaintiffs brings this claim individually and seek wrongful death damages for the violation of Plaintiffs' rights.

53. Plaintiffs also seek attorney fees under this claim.

-10-

FIRST AMENDED COMPLAINT FOR DAMAGES

**FOURTH CLAIM FOR RELIEF**
**Battery (Cal. Govt. Code § 820)**
(Survival and Wrongful Death)
(By Plaintiff Alexandra Rasey-Smith against Defendants <u>CALEB GARCIA ALAMILLA</u> and <u>CITY</u><s>Does 1-3 and 11-13, County and State</s>)

54. Plaintiff<s>s</s> repeat<u>s</u> and realleges each and every allegation in paragraphs 1 through 53 of this Complaint with the same force and effect as if fully set forth herein.

55. <u>CALEB GARCIA ALAMILLA</u><s>DOES 1-3</s>, while working as <u>a</u> police officer<s>s</s> for the CITY's police department, and while acting within the course and scope of <u>his</u><s>their</s> duties, intentionally shot DECEDENT. As a result of the actions of <u>CALEB GARCIA ALAMILLA</u><s>DOES 1-3</s>, DECEDENT suffered severe pain and suffering and ultimately died from his injuries and lost earning capacity. <u>CALEB GARCIA ALAMILLA</u> <s>DOES 1-3</s> had no legal justification for using force against DECEDENT and said defendant'<u>s</u><s>'</s> use of force while carrying out <u>his</u><s>their</s> police officer duties was an unreasonable use of force. Especially since DECEDENT was only holding a plastic fork, and was not armed with a da<u>n</u><s>m</s>gerous weapon like a knife or gun, DECEDENT never physically injured anyone during the incident, and there were less than lethal alternatives to using deadly force against DECEDENT.

56. As a direct and proximate result of Defendants' conduct as alleged above, Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body. Plaintiff also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of her husband, DECEDENT, and will continue to be so deprived for the remainder of her natural life. Plaintiff is also claiming funeral and burial expenses and loss of financial support.

57. CITY is vicariously liable for the wrongful acts of <u>CALEB GARCIA ALAMILLA</u> <s>DOES 1-3</s> pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its

-11-
FIRST AMENDED COMPLAINT FOR DAMAGES

employees within the scope of the employment if the employee's act would subject him or her to liability.

58. The conduct of <u>CALEB GARCIA ALAMILLA</u> ~~DOES 1-3~~ was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff and DECEDENT, entitling Plaintiff, individually and as successors-in-interest to DECEDENT, to an award of exemplary and punitive damages.

59. Plaintiff brings this claim both individually and as a successors-in-interest to DECEDENT, and seek both survival damages, including pre-death pain and suffering, loss of life/enjoyment of life and wrongful death damages under this claim.

**FIFTH CLAIM FOR RELIEF**
**Negligence (Cal. Govt. Code § 820)**
(Survival and Wrongful Death)
(By Plaintiff Alexandra Rasey-Smith against All Defendants)

60. Plaintiff repeats and realleges each and every allegation in paragraphs 1 through 59 of this Complaint with the same force and effect as if fully set forth herein.

61. The actions and inactions of the Defendants were negligent and reckless, including but not limited to:

  (a) the failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT;

  (b) the negligent tactics and handling of the situation with DECEDENT, including pre-shooting negligence;

  (c) the negligent detention, arrest, and use of force, including deadly force, against Decedent;

  (d) failure to recognize that DECEDENT was holding a white plastic fork and not a dangerous weapon like a knife or a gun;

  (e) the failure to provide a verbal warning that deadly force would be used, despite being feasible to do so;

  (f) the failure to continue to use less than lethal alternatives to deadly force that were readily available to the involved officers;

  (e) the failure to summons and provide prompt medical care to Decedent;

  (f) the failure to properly train and supervise employees, both professional and non-professional, including <u>CALEB GARCIA ALAMILLA</u><s>DOES 1-3</s>;

  (g) the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT; and

  (h) the negligent handling of evidence and witnesses.

62. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost earning capacity. Further, as a direct and proximate result of Defendants' conduct as alleged above, Plaintiff suffered extreme and severe mental anguish and pain and has been injured in mind and body. Plaintiff also has been deprived of the life-long love, companionship, comfort, support, society, care and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life. Plaintiff also is claiming funeral and burial expenses and loss of financial support.

63. CITY is vicariously liable for the wrongful acts of <u>CALEB GARCIA ALAMILLA</u> <s>DOES 1-3</s> pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its

-13-

FIRST AMENDED COMPLAINT FOR DAMAGES

employees within the scope of the employment if the employee's act would subject him or her to liability.

64. Plaintiff brings this claim both individually and as successor in interest to DECEDENT and seek both wrongful death damages and survival damages under this claim, including pre-death pain and suffering.

## SIXTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 52.1)

(By Plaintiff Alexandra Rasey-Smith against CALEB GARCIA ALAMILLA~~Does 1-3~~ and City)

65. Plaintiff repeat and reallege each and every allegation in paragraphs 1 through 64 of this Complaint with the same force and effect as if fully set forth herein.

66. California Civil Code, Section 52.1 (the Bane Act), prohibits any person from interfering with another person's exercise or enjoyment of his constitutional rights by threats, intimidation, or coercion.

67. Conduct that violates the Fourth Amendment can also amount to conduct that violates the California Bane Act. CALEB GARCIA ALAMILLA's ~~The involved officers~~' conduct, including the use of deadly force, constitutes threatening and intimidating behavior, meant to prevent DECEDENT from exercising both her federal and state rights.

68. Defendant CALEB GARCIA ALAMILLA ~~DOES 1-3~~ use of deadly force was excessive and unreasonable under the circumstances, especially since DECEDENT was only holding a white plastic fork and was not armed with a dangerous weapon like a knife or a gun, no one had suffered bodily and DECEDENT never attempted to obtain any of the involved officers' equipment or guns. Further, DECEDENT did not pose an imminent threat of death or serious bodily injury towards anyone when he was fatally shot and there were less than

-14-
FIRST AMENDED COMPLAINT FOR DAMAGES

lethal alternatives available which were not utilized before resorting to the use of deadly force. CALEB GARCIA ALAMILLA ~~The officers~~ also did not provide a verbal warning that deadly force would be used, prior to shooting DECEDENT, despite being feasible to do so. Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures and to be free from having unreasonable and excessive force used against him. Defendants' actions violated DECEDENT's state and federal rights, including the right to be free from the use of excessive and unreasonable force. Further, CALEB GARCIA ALAMILLA ~~the involved officers~~ acted with a reckless disregard of constitutional and statutory rights of the Decedent, including the right to be free from having unreasonable and excessive deadly force used against him.

69. CALEB GARCIA ALAMILLA ~~The involved officers~~ intentionally used excessive and unreasonable deadly force against DECEDENT by recklessly disregarding the DECEDENT's right to be free from excessive force.

70. CALEB GARCIA ALAMILLA~~DOES 1-3~~, while working as a police officers for the CITY's police department, and acting within the course and scope of his~~their~~ duties, interfered with or attempted to interfere with the rights of DECEDENT to be free from unreasonable searches and seizures, to equal protection of the laws, to access to the courts, and to be free from state actions that shock the conscience, by threatening or committing acts involving violence, threats, coercion, or intimidation.

71. On information and belief, DECEDENT reasonably believed that if he exercised his rights, including his federal civil rights and state law rights, CALEB GARCIA ALAMILLA ~~DOES 1-3~~ would commit acts involving violence, threats, coercion, or intimidation against him.

72. On information and belief Defendant CALEB GARCIA ALAMILLA~~DOES 1-3~~ injured DECEDENT to prevent him from exercising his rights or retaliated against Decedent for having exercised his rights.

-15-

73. DECEDENT was caused to suffer extreme pain and suffering and eventually suffered a loss of life and of earning capacity. Plaintiff has also been deprived of the life-long love, companionship, comfort, support, society, care, and sustenance of DECEDENT, and will continue to be so deprived for the remainder of her natural life. Plaintiff is also claiming funeral and burial expenses and a loss of financial support.

74. The conduct of <u>CALEB GARCIA ALAMILLA</u> ~~DOES 1-3~~ was a substantial factor in causing the harms, losses, injuries, and damages of DECEDENT and Plaintiff.

75. CITY is vicariously liable for the wrongful acts of <u>CALEB GARCIA ALAMILLA</u> ~~DOES 1-3~~ pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

76. The conduct of <u>CALEB GARCIA ALAMILLA</u> ~~DOES 1-3~~ was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of DECEDENT entitling Plaintiff to an award of exemplary and punitive damages.

77. Plaintiff brings this claim in a representative capacity as the successors-in-interest to DECEDENT, and seek survival damages, including for pre-death pain and suffering and loss of life/enjoyment of life for the violation of DECEDENT's rights.

78. The Plaintiff also seeks statutory attorney's fees under this claim, including a multiplier as permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment in her favor and against Defendants City of Los Angeles, CALEB GARCIA ALAMILLA and Does 2-10, inclusive, as follows:

A. For compensatory damages, including both survival damages, including pain and suffering and loss of life/enjoyment of life and wrongful death damages under state law and federal law, in the amount to be proven at trial;

B. For funeral and burial expenses and loss of financial support;

C. For punitive damages against the individual defendants in an amount to be proven at trial;

D. For interest;

E. For treble damages under Civil Code Section 52.1.

F. For reasonable costs of this suit and attorneys' fees; and

G. For such further other relief as the Court may deem just, proper, and appropriate.

DATED: January~~April~~ 1~~4~~5, 202~~4~~5   LAW OFFICES OF DALE K. GALIPO

By_____
Dale K. Galipo
Eric Valenzuela
Attorneys for Plaintiffs

-17-
FIRST AMENDED COMPLAINT FOR DAMAGES

# DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

DATED:  JanuaryApril 145, 20254 LAW OFFICES OF DALE K. GALIPO

By _____
Dale K. Galipo
Eric Valenzuela
Attorneys for Plaintiffs