1  **HYDEE FELDSTEIN SOTO**, City Attorney (SBN 106866)
   **DENISE C. MILLS**, Chief Deputy City Attorney (SBN 191992)
2  **KATHLEEN KENEALY**, Chief Assistant City Attorney (SBN 212289)
   **CORY M. BRENTE**, Senior Assistant City Attorney (SBN 115453)
3  **TY A. FORD**, Deputy City Attorney (SBN 218365)
   200 North Main Street, 6th Floor, City Hall East
4  Los Angeles, CA 90012
   Phone No.: (213) 978-6900 / Fax No.: (213) 978-8785
5  Email: Ty.Ford@lacity.org
6
   *Attorneys for Defendant*, CITY OF LOS ANGELES
7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11 ALEXANDRA RASEY-SMITH;         CASE NO. 2:24-cv-3265-MWC (SSCx)
   GORDON GENE MACCANI; and       *Hon. Michelle W. Court, Ctrm 6A*
12 JANET MACCANI,                 *Hon. Mag. Stephanie S. Christensen, Ctrm. 790*

13              Plaintiffs.       **DEFENDANT CITY OF LOS**
                                  **ANGELES'S OPPOSITION TO**
14       v.                       **PLAINTIFFS' MOTION TO AMEND**
                                  **THE COMPLAINT/MODIFY THE**
15 CITY OF LOS ANGELES, and DOES  **SCHEDULING ORDER;**
   1-10, inclusive,               **MEMORANDUM OF POINTS AND**
16                                **AUTHORITIES; DECLARATION OF**
                                  **TY A. FORD WITH EXHIBITS**
17              Defendants.
18
19                                **Date:    February 21, 2025**
                                  **Time:    1:30 p.m.**
20                                **Crtrm.:  6A**
21
22

23 **TO THE HONORABLE COURT, TO ALL PARTIES AND TO THEIR**

24 **ATTORNEYS OF RECORD THEREIN:**

25        PLEASE TAKE NOTICE that Defendant CITY OF LOS ANGELES herby

26 submit their Opposition to Plaintiffs' Motion to Amend the Complaint/Modify the

27 Scheduling Order based on the following grounds.

28        1.    Plaintiffs cannot show good cause under Rule 16.

                              1

2.      Plaintiffs cannot meet the requirements under Rule 15.

This motion is based upon the attached Memorandum of Points and Authorities, the Declaration of Ty A. Ford and exhibits, and any other oral and documentary evidence presented to the Court at the time of the hearing.

Dated: February 7, 2025          **HYDEE FELDSTEIN SOTO**, City Attorney
                                 **DENISE C. MILLS**, Chief Deputy City Attorney
                                 **KATHLEEN KENEALY,** Chief Assistant City Attorney
                                 **CORY M. BRENTE**, Senior Assistant City Attorney


                                 By:_____*Ty A. Ford*_____
                                   TY A. FORD, Deputy City Attorney
                                   *Attorneys for Defendant*, CITY OF LOS ANGELES

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION.

In the operative Complaint, Plaintiffs allege various cause of action under federal and state law regarding an officer-involved shooting of the decedent on February 3, 2024.  Plaintiffs served Defendant City of Los Angeles ("Defendant") with written Requests for Production of documents on September 20, 2024.  *See* Declaration of Ty A. Ford at ¶ 2 (hereinafter, "Ford Dec.").  Defendants responded on November 4, 2024, and disclosed 1,484 pages of documents (as well as eight audio files and one video), which revealed the name of the shooting officer as Officer Garcia.  *See Id.*

On December 4, 2024, the Court issued its Civil Trial Order in this matter, which set for the "Last Date to Hear Motion to Amend Pleadings or Add Parties [Friday] January 17, 2025."  *See* Doc. #30 at p. 3.  Per the FRCP and Local Rule 15-1, Plaintiffs should have filed the instant motion by December 20, 2024, to be heard by the Court's *hearing* deadline of January 17, 2025, or alternatively, met and conferred with Defense Counsel about a stipulation to extend the motion-to-amend pleadings deadline rather than waiting until nearly a month after that deadline had passed.  (*See* Plaintiffs' Exhibit "D," "E," and "F").  Plaintiffs' motion – filed on January 17, 2025, to be heard on February 21, 2025 – is untimely.

Defendants oppose Plaintiffs' motion to amend the Complaint because Plaintiffs have not shown good cause, because Plaintiffs' untimeliness was caused to undue delay, and because Defendants would be prejudiced.

## II.    PLAINTIFFS' UNTIMELY MOTION DOES NOT MEET THE REQUIREMENTS UNDER EITHER RULE 16 OR RULE 15 TO AMEND THE COMPLAINT.

Once the court has entered a pretrial scheduling order pursuant to Rule 16, the standards of Rule 16 rather than Rule 15 govern amendment of the pleadings in the first instance. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).  In this case, the last day to *hear* motions to amend the pleadings was January 17,

1

2025." *See* Doc. #30 at p. 3. Thus, Plaintiffs' motion is unquestionably untimely. Rule 16 provides that a scheduling order may be modified "only for good cause and with the judge's consent." Fed.R.Civ.Proc. 16(b)(4). Plaintiffs do not contend otherwise in their motion.

When a party seeks to amend a pleading after the deadline in the applicable case management order has passed, the request implicates both Rule 15 and Rule 16. As noted above, Rule 16(b) governs the issuance and modification of pretrial scheduling orders while Rule 15(a) governs amendment of pleadings. The Rule 16(b) good-cause standard should be applied first, to modify the scheduling order, then the "when justice so requires" standard of Rule 15(a) is applied. *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608-09 (9th Cir. 1992); see *Jackson v. Laureate, Inc.,* 186 F.R.D. 605, 607 (E.D. Cal. 1999) ["As the Ninth Circuit explained in [*Johnson*], once the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a)"]. Good cause under Rule 16 may be demonstrated by newly discovered facts. *See Fru-Con Constr. Corp. v. Sacramento Mun. Util. Dist.*, 2006 U.S. Dist. LEXIS 94421, at *16 (E.D. Cal. Dec. 15, 2006) [allowing amendment under Rule 16(b) when amendment was prompted by new evidence obtained through discovery].

As noted above, the more restrictive "good cause" standard of Rule 16 applies to a motion to amend that is filed after the deadline established for the submission of motions to amend by a scheduling order. *See Jackson v. Laureate, Inc*., 186 F.R.D. 605, 606-07 (E.D. Cal. 1999); *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D. N.C. 1987); see also *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 608 (9th Cir. 1992) (citing *Forstmann* with approval) ["A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril … The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of [the plaintiffs'] case."] (internal quotations

2

omitted).

The Rule 16(b) good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 608. The pretrial scheduling order can only be modified "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification.  If that party was not diligent, the inquiry should end." *Id.*; *see also In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 737 (9th Cir. 2013) [upholding denial of motion to amend where "the party seeking to modify the scheduling order has been aware of the facts and theories supporting amendment since the inception of the action"].

When the proposed modification is an amendment to the pleadings, the moving party may establish good cause by showing "(1) that [he or she] was diligent in assisting the court in creating a workable Rule 16 order; (2) that [his or her] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [his or her] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [he or she] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [he or she] could not comply with the order." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citations omitted). Only after the moving party has demonstrated diligence under Rule 16 does the court apply the standard under Rule 15 to determine whether the amendment was proper.  *See Mammoth Recreations,* 975 F.2d at 608; Eckert Cold Storage, 943 F. Supp. at 1232 n.3.

///
///
///
///

3

A.    **Plaintiffs Have Not Met The Rule 16 Standard For "Good Cause" To Amend.**

Plaintiffs propounded discovery to Defendant on September 20, 2024, more than two months before the Court had issued its scheduling order in this matter. *See* Ford Dec. at ¶ 2. Defendants responded on November 4, 2024, and disclosed 1,484 pages of documents (as well as eight audio files and one video) – contrary to Plaintiffs' motion stating that the documents produced by Defendant "did not contain any of the investigation materials regarding the shooting," these documents revealed the name of the shooting officer as Officer Garcia on multiple pages. *See Id.*

Specifically, as cited by Plaintiffs, Bates-stamped page DEF 0035 ("Watch Commander's Daily Report" for 2/3/2024) states, "1457 [2:57 PM -] Sergeant Avila brought in Officer Garcia to Central station to be monitored after *his* OIS." *See* Exhibit "1" to Ford Dec. (emphasis added). But this was not the only document disclosed on November 4, 2024, that identified that the shooting officer was, in fact, Officer Garcia-Alamilla. Similarly, page DEF 0044 (Sgt. Avila's Daily Report) states that upon arrival at the scene of the shooting, Sgt. Avila began "took monitoring duties of Officer Garcia-Alamilla Serial No. 45471," "obtained a Public Safety Statement from Officer Garcia-Alamilla," and "reminded Officer Garcia-Alamilla not to discuss the incident." *See* Exhibit "2" to Ford Dec. Furthermore, page DEF 0142 ("LAPD Forensic Science Division Laboratory Report") indicates that Officer Garcia-Alamilla #45471's gun was test-fired, and this was the only such report on any involved Officer's gun; thus, since there was only one shooting officer in this incident (as alleged in the Complaint) it is obvious that Officer Garcia-Alamilla was the shooting officer. *See* Exhibit "3" to Ford Dec. On page DEF 0143 (LAPD "Property Report'), booked evidence in the form of discharged bullet cartridges and discharged bullets are described as having come from the same gun (identified by serial number) belonging to Officer Garcia-Alamilla #45471. *See* Exhibit "4" to Ford Dec. In addition, Officer Garcia-Alamilla's name was also mentioned on pages DEF 003, 0053, 0129, and 0130, without identifying him as the

4

shooter, but which tied him to the same police serial number as previously identified as the shooting officer's, #45471.  *See* <u>Exhibit "5"</u> to Ford Dec.  Although perhaps not "clear" to *every* lawyer, this information is more than enough for *these Plaintiffs' counsel's firm* – who routinely sues LAPD and LAPD Officers, as alluded to in their motion – to "clearly" identify Officer Garcia as the shooting officer.

Although Defendants acknowledge that the Court did not give Plaintiffs an abundant amount of time to file a motion to amend the complaint after the scheduling order was issued, Plaintiffs' counsel did not raise the issue at all, or propose a stipulation to extend that deadline, until weeks after the filing deadline for such a motion.  Plaintiffs' motion filed on January 17, 2025, to be heard on February 21, 2025, is untimely per the scheduling order.  As such, Plaintiffs have not shown the required diligence to meet the Rule 16 "good cause" standard.

**B.**    <u>**Plaintiffs Have Not Met The Rule 15 Standard To Amend The Complaint.**</u>

Assuming *arguendo* that Plaintiffs have met the Rule 16 standard of "good cause" to amend (which Defendants dispute), Plaintiffs still do not meet the Rule 15 standard to amend.  If good cause exists for seeking amendment after the scheduling order's deadline, the district court then turns to Rule 15(a) to determine whether amendment should be allowed. "Although Federal Rule of Civil Procedure 15(a) provides that leave to amend 'shall be freely given when justice so requires,' it 'is not to be granted automatically.'" *In re Western States*, 15 F.3d at 738 (quoting *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.1990)).

The factors commonly considered to determine the propriety of a motion for leave to amend are (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Ninth Circuit has held that it is the consideration of prejudice to the opposing party that carries the greatest weight. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  In this case, all four factors are present.  Furthermore, "Rule 15(c) was

5

never intended to assist a plaintiff who ignores or fails to respond in a reasonable fashion to notice of a potential party, nor was it intended to permit a plaintiff to engage in piecemeal litigation." *Kilkenny v. Arco Marine, Inc.* 900 F.2d, 853, 857-58 (9th Cir. 1986).

Defendants do not content that Plaintiffs' motion is in bad faith, but do contend that their delay is undue (as explained, *supra*) and that amending the Complaint to name Officer Garcia-Alamilla will prejudice Defendants – specifically and particularly, Officer Garcia-Alamilla.  That is, unlike other cases where Defendant's and Plaintiff's counsel's offices "routinely stipulate to amend the complaint to add the shooting officer in these types of cases," in this case, Mr. Garcia-Alamilla is no longer an employee of Defendant City and the City is thus unable to enter into such a stipulation.  See Ford Dec. at ¶ 8.  This is particularly so when the Plaintiffs seek to amend the complaint after the deadline to do so has passed and Defendant's counsel does not have the ability to communicate with a former employee.  For these reasons, Plaintiffs have not met the standards of Rule 15 because of undue delay and prejudice to the Defendants and their motion should be denied.

## III.    <u>CONCLUSION.</u>

Based on the foregoing, Plaintiffs' motion to amend the Complaint should be denied, because it is untimely, because good cause not been shown under Rule 16, and because the Rule 15 factors favor the denial of Plaintiffs' motion.


Dated: February 7, 2025        **HYDEE FELDSTEIN SOTO**, City Attorney
**DENISE C. MILLS**, Chief Deputy City Attorney
**KATHLEEN KENEALY,** Chief Assistant City Attorney
**CORY M. BRENTE**, Senior Assistant City Attorney


By:_____*Ty A. Ford*_____
TY A. FORD, Deputy City Attorney
*Attorneys for Defendant*, CITY OF LOS ANGELES

6

# DECLARATION OF TY A. FORD

I, TY A. FORD, declare and state as follows:

1.    I am a Deputy City Attorney with the Los Angeles City Attorney's Office. I am assigned with the responsibility of representing Defendants City of Los Angeles in the matter of *Alexandra Rasey-Smith,, et al. v. City of Los Angeles, et al.*, Case No. 2:24-cv-3265-MWC (SSCx).  I am admitted to practice before the United States District Court, Central District of California.  I make this declaration upon my own personal knowledge, except upon those matters stated upon information and belief.

2.    Plaintiffs served Defendant City of Los Angeles ("Defendant") with written Requests for Production of documents on September 20, 2024.  Defendants responded on November 4, 2024, and disclosed 1,484 pages of documents, plus eight audio files and one video file.

3.    Attached hereto as <u>Exhibit "1"</u> is a true and correct copy of Bates-stamped page DEF 0035, "Watch Commander's Daily Report for 2/3/2024," from Defendant City of Los Angeles's document production in this matter served on Plaintiffs on November 4, 2024.

4.    Attached hereto as <u>Exhibit "2"</u> is a true and correct copy of Bates-stamped page DEF 0044, "Sgt. Avila's Daily Report," from Defendant City of Los Angeles's document production in this matter served on Plaintiffs on November 4, 2024.

5.    Attached hereto as <u>Exhibit "3"</u> is a true and correct copy of Bates-stamped page DEF 0142, "LAPD Forensic Science Division Laboratory Report," from Defendant City of Los Angeles's document production in this matter served on Plaintiffs on November 4, 2024.

6.    Attached hereto as <u>Exhibit "4"</u> is a true and correct copy of Bates-stamped page DEF 0143, "LAPD Property Report," from Defendant City of Los Angeles's document production in this matter served on Plaintiffs on November 4, 2024.

///

///

7

7.    Attached hereto as <u>Exhibit "5"</u> are true and correct copies of Bates-stamped pages DEF 003, 0053, 0129, and 0130, from Defendant City of Los Angeles's document production in this matter served on Plaintiffs on November 4, 2024.

8.    I am informed and do believe that Mr. Caleb Garcia-Alamilla is no longer an employee of Defendant City of Los Angeles and is no longer an LAPD Officer.

I declare, under penalty of perjury, pursuant to the laws of the United States of America, and the State7 of California that the foregoing is true and correct.

Executed this 7th day of February 2025, at Los Angeles, California.

*Ty A. Ford*
Ty A. Ford, Declarant