UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:24-cv-03265 MWC (SSCx)                              Date: February 19, 2025

Title    Alexandra Rasey-Smith *et al.* v. City of Los Angeles *et al.*

Present: The Honorable:    Michelle Williams Court, United States District Judge

| T. Jackson | No Reporter |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER GRANTING PLAINTIFFS' MOTION TO AMEND (DKT. 34)**

Before the Court is a motion to amend the complaint/modify the scheduling order, filed by Plaintiffs Alexandra Rasey-Smith, Gordon Gene Maccani, and Janet Maccani (collectively, "Plaintiffs").  Dkt. # 34 ("*Mot.*").  Defendant City of Los Angeles ("Defendant") opposed.  Dkt. # 37 ("*Opp.*").  Plaintiffs did not reply.  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  Having considered the moving and opposing papers, the Court **GRANTS** Plaintiffs' motion to amend the complaint/modify the scheduling order.

I.   Background

This case arises out of the fatal shooting of decedent, Jason Maccani ("Decedent"), by City of Los Angeles police officers.  Dkt. # 1 ("*Compl.*"), ¶ 18.  Plaintiffs allege that police officers discharged their firearms at Decedent while Decedent was holding "a white plastic fork in one of his hands . . . . easily distinguishable from a knife or a gun."  *Id.* ¶¶ 18–19.  Plaintiffs are Decedent's wife, mother, and father.  *Id.* ¶¶ 4–6.

On April 19, 2024, Plaintiffs filed this lawsuit bringing the following claims:  (1) unreasonable search and seizure — excessive force under 42 U.S.C. § 1983 ("Section 1983"); (2) unreasonable search and seizure — denial of medical care under Section 1983; (3) substantive due process under Section 1983; (4) battery under California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.   2:24-cv-03265 MWC (SSCx)                                        Date: February 19, 2025

Title       Alexandra Rasey-Smith *et al.* v. City of Los Angeles *et al.*

Government Code § 820; (5) negligence under California Government Code § 820; and (6) violation of the Bane Act (California Civil Code § 52.1).  *Id.* ¶¶ 24–78.  Plaintiffs' complaint named Defendant as well as DOES 1-10, who were "duly appointed officers and/or employees or agents of [Defendant] CITY, subject to oversight and supervision by [Defendant] CITY's elected and non-elected officials."  *Id.* ¶¶ 7–12 ("The true names of defendants DOES . . . are unknown to [Plaintiffs], who therefore sue these defendants by such fictitious names.").

On August 16, 2024, the parties submitted their Joint Rule 26(f) Report, in which Defendant wrote the following paragraph under "discovery issues":

> [D]elays are anticipated in important discovery that Plaintiffs are anticipated to demand.  The incident occurred on February 3, 2024, and Plaintiffs filed this matter on April 19, 2024.  This incident is being investigated by the LAPD"s [sic] Force Investigation Division (FID), which may go on for up to one year after the incident, and all FID materials are confidential pending the investigation.  For this reason, virtually no discovery materials are yet available to Defense Counsel.  For these reasons, that [sic] Parties are requesting a trial date on February 17, 2026.

Dkt. # 14, 4:8–15.  On August 16, 2024, the Court continued the parties' scheduling conference to November 2024.  Dkt. # 15.  The parties filed an amended Rule 26(f) Report on November 4, 2024, which again mentioned that "Defendants anticipate delays in important discovery that Plaintiffs have demanded . . . . This incident is being investigated by the [FID] . . . . virtually no discovery materials are yet available to Defense Counsel."  Dkt. # 24, 5:17–25; 6:24–7:3.  The parties thus requested a 2026 trial date.  *Id.*

Also on November 4, 2024, Defendants produced 1,484 pages of documents (as well as eight audio files and a video).  *Opp.* 3:7–9.  On December 4, 2024, the Court issued the scheduling order in this case.  Dkt. # 30.  The Court set January 17, 2025, as the last date to hear a motion to amend the pleadings or to add parties.  *Id.* 3:6–7.  Plaintiff would have needed to file a motion to amend by December 20, 2024, for it to be heard by the January 17, 2025 deadline.  *See* L.R. 6-1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-03265 MWC (SSCx)                                    Date: February 19, 2025

Title   Alexandra Rasey-Smith *et al.* v. City of Los Angeles *et al.*

     Around early January, Plaintiffs' counsel re-reviewed the documents sent by Defendants and "discovered one line in one of the reports which indicated that Officer Caleb Garcia Alamilla was monitored after his OIS (officer involved shooting)." *Mot.* 2:8–13. Plaintiffs' counsel therefore "assumed that this was the name of the shooting officer," but it was "unclear." *Id.* at 2:14:–15; *see* Dkt. # 34-2 ("*Watch Commander Report*"). On January 2, 2025, Plaintiffs' counsel emailed Defendant's counsel about this "recently discovered information" and "inquired as to whether the Defendants would stipulate to amend the complaint to add Officer Caleb Garcia Alamilla as a named defendant." *Mot.* 2:14–18; Dkt. # 34-3 ("Would you stipulate to amend the complaint so I can add the shooting officer as a named defendant?"). On January 10, 2025, Defendant's counsel stated that due to the wildfire emergency, "I am unable to obtain some information I need to determine whether or not I can stipulate." Dkt. 34-1 ("*Ex. A*"). Plaintiff's counsel told Defendant's counsel: "I am just getting nervous because of the deadline that the court set for hearing a motion to amend. Let's touch bases next week when hopefully things have calmed down." *Id.*

     On January 13, 2025, counsel had another exchange. Dkt. 34-4 ("*Ex. D*"). Defendant's counsel asked: "How did you obtain the name of the shooting officer – did I give it to you? I thought I just learned it myself, so I wondered if you got it from monitoring the LAPD sources rather than from the litigation." *Id.* Plaintiff's counsel replied: "It was in one of the documents that you sent. It mentions he was monitored after his OIS so I assumed that he was the shooter." *Id.* Defendant's counsel then responded: "I talked to [a colleague] about this and we can't agree to stipulate to add the officer. I apologize for the delay in getting you an answer on the stipulation." *Id.*

     On January 14, 2025, Plaintiffs filed this motion to amend the complaint or modify the scheduling order. *Mot.*

II.    Legal Standard

     Pursuant to Federal Rule of Civil Procedure ("Rule") 15(a)(2), a party may amend its pleading with the court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In light of the federal policy favoring the determination of cases on their merits, the policy of granting leave is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003); *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.  2:24-cv-03265 MWC (SSCx)                                                                 Date: February 19, 2025

Title   Alexandra Rasey-Smith *et al.* v. City of Los Angeles *et al.*

Factors that may justify denying a Rule 15(a)(2) motion include undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, and futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Absent prejudice, or a strong showing of any of the remaining factors, there exists a presumption in favor of granting leave to amend."  *Eminence Capital, LLC*, 316 F.3d at 1052 (emphasis omitted).

After a district court issues a pretrial scheduling order that establishes a timetable for amending the pleadings, Rule 16 governs amendments to pleadings.  *Coleman v. Quaker Oats, Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992).  Under that rule, a scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b).  District courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions."  *Id.* 16(b)(3).  Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it."  *Id.* 16(d).  Scheduling orders are intended to alleviate case management problems.  *Mammoth Recreations,* 975 F.2d at 610.  As such, a scheduling order is "the heart of case management."  *Koplove v. Ford Motor Co.,* 795 F.2d 15, 18 (3rd Cir. 1986).  Under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  In the Ninth Circuit, "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment."  *Mammoth Recreations*, 975 F.2d at 609.  In other words, if the scheduling order could not have been met despite the diligence of the party seeking the extension, modification may be appropriate.  *See id.*  If the party was not diligent, however, the inquiry ends.  *See id*.

III.   Discussion

Plaintiffs argue leave to amend should be granted to add the shooting officer because justice so requires and, in the alternative, good cause exists to amend the Court's scheduling order.  *Mot.* 2:21–24.  Plaintiffs assert the shooting officer's identity was "unclear from the voluminous reports produced" and thus even Defendant's counsel was "surprised" when Plaintiffs suggested they knew the identity of the officer.  *Id.* 2:15–28.

Defendant responds that it "disclosed 1,484 pages of documents" on November 4, 2024, which "reveal[ed] the name of the shooting officer as Officer Garcia on multiple

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:24-cv-03265 MWC (SSCx)                                        Date: February 19, 2025

Title   Alexandra Rasey-Smith *et al.* v. City of Los Angeles *et al.*

pages." *Opp.* 2:5–9.  Defendant then points to various Bates-stamped pages mentioning Officer Garcia's name:

- DEF 0035:  A "Watch Commander's Daily Report" states that "Sergeant Avila brought in Officer Garcia to Central station to be monitored after his OIS." *Watch Commander Report.*
- DEF 0044:  A "Sergeant's Daily Report" states:  "1435-Responded to the OIS.  Upon arrival, I took monitoring duties for Officer Garcia-Alamilla Serial No. 45471.  1439-I obtained a Public Safety Statement from Officer Garcia-Alamilla . . . and reminded Officer Garcia-Alamilla not to discuss the incident.  1448-I checked out with Sgt. Skaggs . . . and transported Officer Garcia-Allamilla to Central Station for monitoring.  1450-I collected BWV from Officer Garcia-Alamilla." Dkt. # 37-2.
- DEF 0142:  A "Laboratory Report" by the "Forensic Science Division" states "Analysis Requested:  Ofcr. Garcia Alamilla #45471 Test Fire F003-24," and provides conclusions regarding the firearm testing.  Dkt. # 37-4 (emphasis omitted).
- DEF 0143:  A "Los Angeles Police Department Property Report" lists four items of "Property Booked" and notes that "Items 1 [discharged cartridge cases] and 2 [bullets] were fired in a pistol, FN, model 509, 9mm Lugar caliber, serial number GKS0235217 (OFCR Garcia Alamilla . . . ) on 2/16/24 in order to produce exemplars."  Dkt. # 37-4.
- DEF 0003:  States that on February 3, 2024, "Officers" including "PD/ALAMILLA CALEB" were dispatched.  Dkt. # 37-5.
- DEF 0053:  A "CAD SUMMARY REPORT" lists two officers, including "ALAMILLA."  Dkt. # 37-5.
- DEF 0129:  The page lists "Police Officer I Caleb Garcia Alamilla" among other officers who "responded" to the incident at issue.  *Id.*
- DEF 0130:  The same report about the incident provides a photograph of seven officers "as they ma[d]e contact with the [Decedent]." *Id.*  The photograph includes names above each of the seven officers, including "Officer Garcia Alamilla." *Id.*

Based on these pages, Defendant concludes that "[a]lthough perhaps not 'clear' to *every* lawyer, this information is more than enough for *these Plaintiffs' counsel's firm* — who

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:24-cv-03265 MWC (SSCx)                                      Date: February 19, 2025

Title   <u>Alexandra Rasey-Smith *et al.* v. City of Los Angeles *et al.*</u>

routinely sues LAPD and LAPD Officers . . . to 'clearly' identify Officer Garcia as the shooting officer." *Opp.* 5:2–5.

     The Court disagrees with Defendant.  The Court finds Plaintiffs' counsel was diligent.  Plaintiffs' counsel reviewed the extensive discovery from Defendant upon receipt.  *Mot.* 2:5–10.  Upon a second review, Plaintiffs' counsel noticed one reference to Officer Garcia and promptly contacted Defendant to seek a stipulation to amend the pleadings, in case his hunch was correct and Officer Garcia was indeed the shooting officer.  *Id.* 2:14–18.  Plaintiffs' counsel explained to Defendant that without additional clarity, he was merely "assum[ing]" Officer Garcia was the shooting officer.  *Ex. D.*  After all, Defendant had not produced any document specifically identifying Officer Garcia as the shooting officer.  *See id.* 2:5–7; *Opp.* 5:2–5.  In fact, the references to Officer Garcia in Defendant's 1,484 pages of discovery were so sparse that even Defendant did not understand how Plaintiffs' counsel had managed to uncover the officer's identity.  *See Ex. D* ("How did you obtain the name of the shooting officer - did I give it to you?").  Without clarity as to the shooting officer's identity, Plaintiffs should not have been expected to amend their complaint to include the names of all police officers mentioned in the nearly 1,500 pages of produced documents, in the hopes of encompassing the shooting officer.

     Accordingly, the Court determines Plaintiffs have shown good cause under Rule 16.

     The Court next evaluates whether amendment is permissible under the more liberal Rule 15 standard.  *See* Fed. R. Civ. P. 15(a).  Defendant does not contend that Plaintiffs' motion is in bad faith.  *Opp.* 6:5–8.  Instead, Defendant argues that amending the complaint would cause prejudice to Officer Garcia.  *See id.* 6:5–11 ("[T]he Complaint to name Officer Garcia-Alamilla will prejudice Defendants – specifically and particularly, Officer Garcia-Alamilla.").  Defendant explains that Defendant "routinely stipulate[s]" to amend complaints to include the shooting officer in similar cases, but "Mr. Garcia-Alamilla is no longer an employee of Defendant City and the City is thus unable to enter into such a stipulation."  *See id.*  Defendant suggests that had Plaintiffs sought to amend the complaint sooner, then perhaps Defendant's counsel would still have the ability to communicate with Officer Garcia.  *See id.* 6:12–16 ("This is particularly so when the Plaintiffs seek to amend the complaint after the deadline to do so has passed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.   2:24-cv-03265 MWC (SSCx)                                              Date: February 19, 2025

Title      Alexandra Rasey-Smith *et al.* v. City of Los Angeles *et al.*

and Defendant's counsel does not have the ability to communicate with a former employee.").

The Court disagrees with Defendant. As an initial matter, discovery in this case is still in its initial stages. *Mot.* 3:11–13. For example, Plaintiffs still lack the complete investigation materials regarding the shooting. *See id.* 1:27–3, 3:13–15 ("Defendants' Responses . . . did not contain any of the investigation materials regarding the shooting. . . . These missing materials would clearly identify the shooting officer(s)."). The Court finds that Plaintiff is not to blame for the lack of immediate discovery when this case began in April 2024. *See id.* 1:19–25; Dkt. # 14, 4:8–15; Dkt. # 24, 6:24–7:2 (acknowledging Defendant's investigation would cause delays in discovery—as of November 4, 2024, "virtually no discovery materials are yet available to Defense Counsel"). Moreover, Defendant does not explain how Plaintiff requesting leave to amend a few weeks after the deadline causes undue prejudice to Officer Garcia. Defendant does not even argue that Officer Garcia stopped working for Defendant during those few weeks, as opposed to during the months Plaintiffs waited to receive discovery from Defendant. For these reasons, the Court does not find undue prejudice, bad faith, or undue delay.

Accordingly, Plaintiff has satisfied the liberal Rule 15 standard.

IV.   Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiffs' motion to amend. Plaintiffs are allowed to file an amended complaint by **March 7, 2025**. Defendant must file a responsive pleading within **fourteen (14) days** after Plaintiffs file their amended complaint.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| **Initials of Preparer** | TJ |