Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
Tel: 213.236.0600  Fax: 213.236.2700

Attorneys for Defendant CALEB GARCIA ALAMILLA

HYDEE FELDSTEIN SOTO, City Attorney (SBN 106866)
DENISE C. MILLS, Chief Deputy City Attorney (SBN 191992)
KATHLEEN KENEALY, Chief Assistant City Attorney (SBN 212289)
TY A. FORD, Deputy City Attorney (SBN 218365)
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Tel: 213.978.6900 Fax: 213.978.8785
Email: Ty.Ford@lacity.org

Attorneys for Defendant CITY OF LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEXANDRA RASEY-SMITH; GORDON GENE MACCANI; and JANET MACCANI,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES; CALEB GARCIA ALAMILLA; and DOES 2-10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-03265-MWC-SSC<br><br>**DEFENDANTS' SEPARATE STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>*Filed concurrently with Motion for Partial Summary Judgment; Declaration of C. Garcia Alamilla; Declaration of C. Chomuk; and [Proposed] Order*<br><br>Judge: Hon. Michelle Williams Court<br>Date: December 26, 2025<br>Time: 1:30 p.m.<br>Ctrm.: 6A<br><br>Trial Date:     April 6, 2026 |

///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4934-0339-7752 v1

1

Case No. 2:24-cv-03265-MWC-SSC
SSUF ISO DEFENDANTS' MSJ AND CONCLUSIONS OF LAW

Defendants hereby submit this Separate Statement of Uncontroverted Facts and Conclusions of Law together with references to evidence in support of Defendants' Motion for Partial Summary Judgment:

**UNCONTROVERTED FACTS & SUPPORTING EVIDENCE**

| Defs' SSUF No. | UNCONTROVERTED FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
| 1. | On February 3, 2024, at approximately 2:20 p.m., Los Angeles Police Department received a call for service regarding an assault with a deadly weapon in progress at a studio in an industrial complex in the Skid Row area of downtown Los Angeles. | Garcia Decl. ¶¶ 2–3; Chomuk Decl. ¶¶ 2–3 |
| 2. | The caller reported the suspect was an adult white male who was under the influence and armed with a large stick attacking an employee. | Garcia Decl. ¶ 4 |
| 3. | Dispatch instructed the officers to respond Code 3–an emergency response requiring immediate action. | Garcia Decl. ¶ 5 |
| 4. | Police Officers Garcia and Colin Chomuk responded Code 3. | Garcia Decl. ¶ 8 |
| 5. | While enroute to the location, dispatch provided additional information–that the suspect was on the fourth floor, guarding the door to the studio and preventing the reporting party from exiting. | Garcia Decl. ¶ 6 |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4934-0339-7752 v1

2

Case No. 2:24-cv-03265-MWC-SSC
SSUF ISO DEFENDANTS' MSJ AND CONCLUSIONS OF LAW

| Defs' SSUF No. | UNCONTROVERTED FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
| 6. | Reading aloud from the patrol vehicle's CAD system, Officer Chomuk read the description of the suspect as male, white, six-feet-two-inches tall, and armed with stick threatening employees. | Garcia Decl. ¶ 7 |
| 7. | Officers Garcia and Chomuk arrived at the location along with four other officers and a Sergeant. | Garcia Decl. ¶ 8 |
| 8. | As Officers Garcia and Chomuk pulled up to the location, one of the reporting parties met them outside. | Garcia Decl. ¶ 9 |
| 9. | hey followed him into the building where they met with both reporting parties, who explained that a stranger (later identified as Jason Maccani) had opened the unlocked door to their work studio, entered, and began ordering them to leave in an aggressive and erratic manner. | Garcia Decl. ¶ 9 |
| 10. | They told officers they believed he was under the influence of drugs. | Garcia Decl. ¶ 9 |
| 11. | They informed the responding officers that they wanted the intruder removed, and signed a private-persons-arrest form authorizing them to arrest the intruder for trespass. | Garcia Decl. ¶ 10 |
| 12. | The reporting parties provided responding officers with a description of the area approaching their studio. | Garcia Decl. ¶ 11 |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4934-0339-7752 v1

3

Case No. 2:24-cv-03265-MWC-SSC
SSUF ISO DEFENDANTS' MSJ AND CONCLUSIONS OF LAW

| Defs' SSUF No. | UNCONTROVERTED FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
| 13. | When asked if there were weapons inside the studio, the reporting parties informed officers that while there were no firearms, the intruder had access to sharp scissors and shears since they were in the textile/fabric industry. | Garcia Decl. ¶ 11 |
| 14. | After the reporting parties signed the private-persons-arrest form, Sergeant Punzalan prepared a tactical plan, designating Officer Orozco as the contact officer, Officers Chomuk and Rodriguez as officers with authority to use less-lethal force, and Officers Quintero and Garcia as the arrest team. | Garcia Decl. ¶ 12 |
| 15. | The responding Officers ascended the stairs to the fourth floor and positioned themselves approximately 35 feet away from the unit, the door of which was ajar. | Garcia Decl. ¶ 13 |
| 16. | Officer Rodriguez issued a callout, announcing the presence of the Los Angeles Police Department and issuing verbal commands for the suspect (Maccani) to exit with his hands raised. | Garcia Decl. ¶ 14 |
| 17. | The photograph accurately depicts the responding officers' positioning outside the studio immediately prior to Officer Rodriguez's callout. | Garcia Decl. ¶ 15 |
| 18. | Within a few seconds of the callout, Maccani appeared in the doorway of the studio with his hands raised. | Garcia Decl. ¶ 16 |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4934-0339-7752 v1

4

Case No. 2:24-cv-03265-MWC-SSC
SSUF ISO DEFENDANTS' MSJ AND CONCLUSIONS OF LAW

| Defs' SSUF No. | UNCONTROVERTED FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
| 19. | He appeared disheveled and under the influence of an unknown narcotic. | Garcia Decl. ¶ 16 |
| 20. | Maccani momentarily complied with the Officers' commands to exit the studio, turn around, and walk backwards towards them with his hands raised. | Garcia Decl. ¶ 17 |
| 21. | However, after taking a few steps, Maccani dropped his arms, abruptly spun around, and aggressively charged towards the officers. | Garcia Decl. ¶ 17 |
| 22. | His facial expression was tense and hostile, with his eyes fixed on the officers as he moved quickly towards them. | Garcia Decl. ¶ 17 |
| 23. | Officers continued yelling at Maccani to stop, yelling "*Hold on right–Hey! Hold on right there!*" but he continued to advance aggressively towards the Officers. | Garcia Decl. ¶ 18 |
| 24. | As Maccani charged towards the Officers, Officer Chomuk stepped away from the wall and deployed a 40mm less-lethal foam projectile round from approximately ten feet away, striking Maccani in the right stomach to lower rib area. | Garcia Decl. ¶ 19 |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4934-0339-7752 v1

5

Case No. 2:24-cv-03265-MWC-SSC
SSUF ISO DEFENDANTS' MSJ AND CONCLUSIONS OF LAW

| Defs' SSUF No. | UNCONTROVERTED FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
| 25. | As Officer Chomuk fired, Officer Rodriguez simultaneously fired one beanbag round from her Remington 870 shotgun from approximately eight feet away. | Garcia Decl. ¶ 20 |
| 26. | The beanbag struck Maccani in the abdomen. | Garcia Decl. ¶ 20 |
| 27. | The 40mm foam projectile and beanbag round are less-lethal force options designed to strike the suspect's body and cause pain without penetrating the body, in order to subdue the individual and enable officers to safely gain control. | Garcia Decl. ¶ 21 |
| 28. | The Officers' attempts to deescalate and gain compliance using verbal orders and less-lethal force were unsuccessful. | Garcia Decl. ¶ 21 |
| 29. | After the 40mm foam projectile and beanbag rounds struck Maccani, he took a fighting stance, clenching both fists and turning his body so that his left side angled towards Officers as he approached them. | Garcia Decl. ¶ 22 |
| 30. | He drew his left arm tightly across his body in a guarded fighting stance, while his right hand remained clenched around what appeared to be a pointed object, which he held downward in a striking position. | Garcia Decl. ¶ 22 |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4934-0339-7752 v1

6

Case No. 2:24-cv-03265-MWC-SSC
SSUF ISO DEFENDANTS' MSJ AND CONCLUSIONS OF LAW

| Defs' SSUF No. | UNCONTROVERTED FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
| 31. | Officer Garcia Alamilla believed the object clenched in Maccani's right fist was a knife. | Garcia Decl. ¶ 22 |
| 32. | Maccani's movements and stance were aggressive and combative, protecting his body with his left arm while approaching Officers as if preparing to strike with the other (as depicted in the photograph above, with the red circle around the object Officer Garcia observed in Maccani's hand). | Garcia Decl. ¶ 23 |
| 33. | Maccani began yelling and rapidly and purposefully charged towards the Officers. | Garcia Decl. ¶ 24 |
| 34. | As he closed the distance, Officer Rodriguez deployed a second less-lethal beanbag round from less than one foot away. | Garcia Decl. ¶ 24 |
| 35. | The beanbag struck Maccani on his right forearm. | Garcia Decl. ¶ 24 |
| 36. | This further use of less-lethal force also proved ineffective. | Garcia Decl. ¶ 24 |
| 37. | Maccani shrieked and barreled towards the officers. | Garcia Decl. ¶ 25 |
| 38. | As he advanced, Officer Garcia again observed Maccani gripping what appeared to be a white knife in his right hand. | Garcia Decl. ¶ 25 |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4934-0339-7752 v1

7

Case No. 2:24-cv-03265-MWC-SSC
SSUF ISO DEFENDANTS' MSJ AND CONCLUSIONS OF LAW

| Defs' SSUF No. | UNCONTROVERTED FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
| 39. | Maccani's eyes were wide and fixed on the Officers with an intense, unbroken stare. | Garcia Decl. ¶ 25 |
| 40. | In that moment, Officer Garcia believed Maccani was preparing to use the knife against them. | Garcia Decl. ¶ 25 |
| 41. | Maccani charged towards Officer Rodriguez, using both of his forearms to push her beanbag shotgun in a downward motion. | Garcia Decl. ¶ 26 |
| 42. | Officer Rodriguez's head and back struck the wall as Maccani pushed her, pinning her against the wall. | Garcia Decl. ¶ 26; see also Exs. A and B thereto Chomuk Decl., Ex. A |
| 43. | Officer Rodriguez immediately pulled the beanbag shotgun away, causing Maccani to collide with his back against the north hallway wall. | Garcia Decl. ¶ 27 |
| 44. | Meanwhile, fearing for the safety of Officer Rodriguez, Officer Garcia unholstered his firearm. | Garcia Decl. ¶ 28 |
| 45. | Sergeant Punzalan then grabbed Maccani's right arm just above the elbow. | Garcia Decl. ¶ 28 |
| 46. | As Sergeant Punzalan placed his right hand on Maccani's right bicep, Officer Garcia raised his pistol and fired one round from approximately three-to-six feet away toward center mass (chest/torso area). | Garcia Decl. ¶ 28 |

| Defs' SSUF No. | UNCONTROVERTED FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
| 47. | The round struck Maccani in the right upper arm and then his chest. | Garcia Decl. ¶ 29 |
| 48. | Maccani screamed loudly but remained upright. | Garcia Decl. ¶ 29 |
| 49. | Sergeant Punzalan pushed Maccani to the wall; he and Officer Garcia thereafter took Maccani to the ground and handcuffed him without further incident. | Garcia Decl. ¶ 31 |
| 50. | As they were handcuffing Maccani, Officer Garcia verbally confirmed to the other Officers that he had fired a lethal-force round that struck Maccani. | Garcia Decl. ¶ 31 |
| 51. | The lethal shot was fired at roughly 14:28:48 in the body-worn-camera footage. | Garcia Decl. ¶ 31 |
| 52. | Officers quickly rolled Maccani into a recovery position (on his side) and radioed dispatch to send an ambulance. | Garcia Decl. ¶ 32 |
| 53. | Officer Garcia heard one of his fellow officers call for the rescue ambulance at roughly 14:29:57, just over a minute after the lethal shot was fired. | Garcia Decl. ¶ 32 |
| 54. | Officer Garcia noticed Maccani had a chest wound after he was rolled into the recovery position and applied pressure to prevent him from bleeding out. | Garcia Decl. ¶ 32 |
| 55. | Officer Orozco checked for a pulse on Maccani's neck. | Garcia Decl. ¶ 32 |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4934-0339-7752 v1

9

Case No. 2:24-cv-03265-MWC-SSC
SSUF ISO DEFENDANTS' MSJ AND CONCLUSIONS OF LAW

| Defs' SSUF No. | UNCONTROVERTED FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
| 56. | He ordered that chest compressions be initiated, so Officer Garcia rolled Maccani onto his back, and performed chest compressions until another Officer took over. | Garcia Decl. ¶ 33 |
| 57. | Los Angeles Fire Department personnel arrived at 14:35 hours and assumed medical care of Maccani, who was later pronounced deceased at the hospital at 15:12 hours. | Garcia Decl. ¶ 33 |
| 58. | After Maccani was transported and the scene was processed, it was discovered that the object he had been clenching in his fist was a plastic fork. | Garcia Decl. ¶ 34 |
| 59. | Officer Garcia was unaware of this fact until after the shooting. | Garcia Decl. ¶ 34 |
| 60. | Surveillance video footage that fairly and accurately depicts the events that occurred in the fourth floor hallway on February 3, 2024 is attached as **Exhibit A** to Officer Garcia's declaration. The video, which was produced as DEF2520, contains no audio component and appears somewhat distorted as it uses a wide-angle lens. | Garcia Decl. ¶ 35 (erroneously numbered 31 on page 7) |

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

06491-0027 4934-0339-7752 v1

10

Case No. 2:24-cv-03265-MWC-SSC
SSUF ISO DEFENDANTS' MSJ AND CONCLUSIONS OF LAW

| Defs' SSUF No. | UNCONTROVERTED FACTS | EVIDENTIARY SUPPORT |
|---|---|---|
| 61. | The footage from Officer Garcia's body worn camera that fairly and accurately depicts the events that occurred in the fourth floor hallway on February 3, 2024, from the viewpoint of the camera affixed to his chest is attached to his declaration as **Exhibit B**. It was produced as DEF2521. | Garcia Decl. ¶ 36 (erroneously numbered 32 on page 7) |
| 62. | The footage from Officer Chomuk's body worn camera that fairly and accurately depicts the events that occurred in the fourth floor hallway on February 3, 2024, from the viewpoint of the camera affixed to his chest is attached to his declaration as **Exhibit A**. It was produced as DEF2504. | Chomuk Decl. ¶ 4 |

## CONCLUSIONS OF LAW

Based on the foregoing undisputed facts, which have been construed in the light most favorable to Plaintiffs, the Court makes the following conclusions of law:

1. This Court has jurisdiction of this action, pursuant to 28 U.S.C. §§ 1331(a) and 1343.

2. Defendant Caleb Garcia Alamilla ("Defendant Garcia") acted under color of law as an employee of the City of Los Angeles, in his capacity as a Police Officer.

3. Based on the evidence presented, no rational jury could find beyond a preponderance of evidence that Defendant Garcia used unreasonable or excessive force on the Decedent, Jason Maccani, under the circumstances where Maccani charged towards responding Officers with an object that reasonably appeared to be a knife clenched in his fist. *See Graham v. Connor*, 490 U.S. 386, 397 (1989).

4. Based on the evidence presented, no rational jury could find beyond a preponderance of evidence that Defendant Garcia violated 42 U.S.C. § 1983 by failing to provide medical care. The record demonstrates that Officers summoned medical assistance within approximately 70 seconds of lethal force being deployed and continuously rendered medical aid to Maccani until the rescue ambulance arrived. *See Tatum v. Cty. & Cnty. of San Francisco*, 441 F.3d 1090 (9th Cir. 2006).

5. Plaintiff Alexandra Rasey-Smith lacks standing to assert a violation under 42 U.S.C. § 1983 for the alleged deprivation of her substantive due process rights by Defendants Garcia and City of Los Angeles because a spouse cannot recover under this theory.

6. Based on the evidence presented, no rational jury could find beyond a preponderance of evidence that the conduct of Defendant Garcia "shocks the conscience" in violation of 42 U.S.C. § 1983 (substantive due process) because he did not act with a purpose to harm Maccani unrelated to legitimate law enforcement objectives. *See Napouk v. L.V. Metro. Police Dep't*, 123 F.4th 906 (9th Cir. 2024).

7. Based on the evidence presented, Defendant Garcia is entitled to qualified immunity because (1) he did not violate Maccani's constitutional rights; (2) any mistakes of fact or law Defendant Garcia may have made were reasonable; and (3) his actions did not violate clearly established law. *See Saucier v. Katz*, 533 U.S. 194, 200 (2001).

8. Based on the evidence presented, no rational jury could find beyond a preponderance of evidence that Defendant Garcia committed a battery upon Maccani because Defendant Garcia used objectively reasonable force based on the facts and circumstances which he believed confronted him. *See Hernandez v. City of Pomona*, 46 Cal. 4th 501, 512-15 (2009); and *Garner*, 471 U.S. at 3, 11-12.

9. Based on the evidence presented, no rational jury could find beyond a preponderance of evidence that Defendant Garcia violated decedent Maccani's Section 52.1 rights because (1) there is no evidence that Garcia violated any

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

06491-0027 4934-0339-7752 v1

12

Case No. 2:24-cv-03265-MWC-SSC
SSUF ISO DEFENDANTS' MSJ AND CONCLUSIONS OF LAW

constitutional right of Maccani's; and (2) there is no evidence that Garcia acted with the requisite specific intent to violate any of Maccani's constitutional rights. *See Venegas v. Cnty. of Los Angeles*, 153 Cal.App.4th 1230, 1242 (2007).

10. Based on the evidence presented, no rational jury could find beyond a preponderance of evidence that Defendant City of Los Angeles is variously liable for Defendant Garcia's alleged violation of Section 52.1 because Plaintiff cannot establish the Section 52.1 claim against Defendant Garcia. *See Zelig v. Cty. of Los Angeles*, 27 Cal. 4th 1112, 1131 (2002).

11. Plaintiff Alexandra Rasey-Smith lacks standing to recover for battery, negligence, or violation of the Bane Act in her individual capacity. *See* Cal. Code Civ. Proc. section 377.30.

12. Judgment shall be entered in Defendant's favor consistent herewith, with reasonable costs to be awarded in an amount according to proof.

13. The only remaining claim in this action is the state law negligence claim asserted by the Decedent's Estate in the Fifth Cause of Action.

IT IS SO ORDERED.

Dated:_____

_____
Honorable Michelle Williams Court
United States District Judge

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4934-0339-7752 v1

13

Case No. 2:24-cv-03265-MWC-SSC
SSUF ISO DEFENDANTS' MSJ AND CONCLUSIONS OF LAW