UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:24-cv-03265-MWC-SSC                    Date: November 13, 2025

Title:        Alexandra Rasey-Smith *et al.* v. City of Los Angeles *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

|  T. Jackson  |  Not Reported  |
|:---:|:---:|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|:---:|:---:|
| N/A | N/A |

**Proceedings: (In Chambers) Order DENYING Defendants' Motion for Leave to Lodge Video Exhibits Under Seal (Dkt. 53).**

Before the Court is Defendants City of Los Angeles and Officer Caleb Garcia Alamilla's (collectively, "Defendants") Motion for Leave to Lodge Video Exhibits Under Seal in Support of Their Motion for Partial Summary Judgment ("Motion"). Dkt. # 53 ("*Mot.*"). Plaintiffs opposed. Dkt. # 55 ("*Opp.*"). The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers, the Court **DENIES** the Motion.

I.    Background

Plaintiffs in this matter are Alexandra Rasey-Smith, the wife and successor in interest of decedent Jason Maccani ("Mr. Maccani"), and Gordon Gene Maccani and Janet Maccani, Mr. Maccani's parents (collectively, "Plaintiffs"). Plaintiffs bring this civil rights action "in connection with the fatal officer involved shooting of [Mr. Maccani], by members of the Los Angeles Police Department." Dkt. # 39 (FAC) ¶ 2.

On November 7, 2025, Defendants filed a Motion for Partial Summary Judgment. Dkt. # 51. Defendants concurrently filed this Motion, seeking to seal the following video exhibits (the "Video Exhibits"):

- Exhibit A to the Declaration of Defendant Caleb Garcia Alamilla: surveillance video footage (DEF2520) depicting the events that occurred in the fourth floor hallway on February 3, 2024;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:24-cv-03265-MWC-SSC                    Date: November 13, 2025

Title:      Alexandra Rasey-Smith *et al.* v. City of Los Angeles *et al.*

- Exhibit B to the Declaration of Defendant Caleb Garcia Alamilla: footage from Defendant Garcia's body worn camera (DEF2521) depicting the events that occurred in the fourth floor hallway on February 3, 2024; and

- Exhibit A to the Declaration of Officer Colin Chomuk: footage from Officer Chomuk's body worn camera (DEF2504) depicting the events that occurred in the fourth floor hallway on February 3, 2024.

*Mot.* 2. Defendants lodged the Video Exhibits with the Court manually on a USB drive.

II.    Legal Standard

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Id.* The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

III.   Discussion

Because the Application relates to a motion for summary judgment, the compelling reasons standard applies. *Ctr. For Auto Safety*, 809 F.3d at 1099, 1101. Therefore, Defendants must "articulate compelling reasons [to seal] supported by specific factual findings," and "the court must conscientiously balance the competing interest of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:24-cv-03265-MWC-SSC                    Date: November 13, 2025

Title:    Alexandra Rasey-Smith *et al.* v. City of Los Angeles *et al.*

the public and the party who seeks to keep certain judicial records secret." *See Kamakana*, 447 F.3d at 1178–79 (internal citations omitted).

Having reviewed the Video Exhibits and considered the applicable law, the Court finds Defendants have not sufficiently demonstrated compelling reasons supported by specific facts to overcome the presumption of public access.

First, Defendants state the Video Exhibits "were produced as confidential and subject to the protective order." *Mot*. 3.  This fact "does not, standing alone, demonstrate that the documents should be shielded from public access." *Settrini v. City of San Diego*, 2022 WL 6785755, at *2 (S.D. Cal. Oct. 11, 2022).  Instead, under Local Rule 79-5.2.2(a), a party seeking to seal documents that have not been designated by another as confidential pursuant to a protective order must file with the application to seal a declaration "(1) establishing good cause or demonstrating compelling reasons why the strong presumption of public access in civil cases should be overcome, with citations to the applicable legal standard, and (2) informing the Court whether anyone opposes the Application." L.R. 79.5.2.2(a)(i).  Here, no declaration was filed. *See Dkt.*  Absent a declaration showing compelling reasons that the Video Exhibits should be sealed, Defendants have not demonstrated that sealing is warranted.  *See Kamakana*, 447 F.3d at 1178.

Nor do the grounds stated in the Motion identify a compelling reason to seal. Defendants broadly argue, "Good cause exists to seal the Video Exhibits because they contain: (1) sensitive depictions of the decedent at the scene, including him being shot and medical response efforts; and (2) law-enforcement tactics and operational details that are not suitable for public disclosure. . . . Disclosure of these videos on the public docket would compromise privacy interests, risk misuse of sensitive content, and subject Defendants to contempt for violating the Protective Order." *Mot.* 3.  Defendants' "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," fail to satisfy the "compelling reasons" standard. *See Thrive Nat. Care, Inc. v. Thrive Causemetics, Inc*., No. CV 20-9091 PA (ASX), 2021 WL 5279575, at *2 (C.D. Cal. Sept. 21, 2021), quoting *Beckman Indus., Inc. v. Int'l Ins. Co*., 966 F.2d 470, 476 (9th Cir. 1992).  Conversely, courts have denied similar motions to seal "in recognition of the public's interest in disclosure of videos captured on police officers' body cameras," which counsels against granting the motion. *See Louis v. Cnty. of Ventura*, No. 2:22-CV-00493-FWS-KS, 2023 WL 5505997, at *2 (C.D. Cal. June 9, 2023) (collecting cases).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:24-cv-03265-MWC-SSC                    Date: November 13, 2025

Title:    Alexandra Rasey-Smith *et al.* v. City of Los Angeles *et al.*

Next, although Defendants argue that the Video Exhibits contain "sensitive depictions of the decedent," Plaintiffs—the parents and wife of Mr. Maccani—do not want the material sealed. *Opp.* 2. Thus, Mr. Maccani's privacy interests do not provide a basis to grant Defendants' Motion. *See Mendez v. City of Gardena*, 222 F. Supp. 3d 782, 792 (C.D. Cal. 2015) (denying request to seal police car camera footage in part because "(t)he only valid privacy interest in this case belongs to the Plaintiffs, who have made abundantly clear that they wish the videos to be made available to the public").

Finally, Plaintiffs state that Defendant City of Los Angeles has already published the Video Exhibits on YouTube. *Opp.* 2. Although the YouTube video does not contain all three Video Exhibits in full, it contains the pertinent footage that Defendants describe as sensitive material, including Mr. Maccani being shot and subsequent medical response efforts. *See id.* The video has been viewed more than 90,000 times. *Id.* To the extent the Video Exhibits contain information "already publicly available," there is no compelling reason to justify sealing. *See Kamakana*, 447 F.3d at 1184 (finding no compelling reason to seal filings containing information "already publicly available").

IV.    <u>Conclusion</u>

For the foregoing reasons, the Motion is **DENIED**.


**IT IS SO ORDERED.**


Initials of Preparer    :    TJ