Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
Lauren S. Dossey (SBN 244887)
E-mail: ldossey@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
Tel: 213.236.0600 Fax: 213.236.2700

Attorneys for Defendant
CALEB GARCIA ALAMILLA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEXANDRA RASEY-SMITH; GORDON GENE MACCANI; and JANET MACCANI,<br><br>          Plaintiffs,<br><br>     v.<br><br>CITY OF LOS ANGELES; CALEB GARCIA ALAMILLA; and DOES 2-10, inclusive,<br><br>          Defendants. | Case No. 2:24-cv-03265-MWC-SSC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Judge: Hon. Michelle Williams Court<br>Date: Jan. 16, 2026<br>Time: 1:30 p.m.<br>Crtrm.: 6A<br><br>Trial Date:          April 6, 2026 |

## I.    **INTRODUCTION**

Plaintiffs' opposition–which grossly exceeds the 7,000 word limit established by Local Rule 11-6.1–offers nothing more than the very type of 20/20 hindsight analysis that controlling use-of-force precedent squarely forbids. Rather than addressing the undisputed facts as they confronted the Officers in real time, Plaintiffs rewrite the encounter from the safety of retrospect and with the benefit of hindsight, examining each moment of the brief and chaotic encounter between the Decedent and Officers as if Officer Garcia were able to dissect and evaluate each moment in sequential order and respond accordingly. But as a wealth of case law has recognized, police officers often confront chaotic situations in which they must

make split-second decisions without the luxury of watching events unfold in a play-by-play sequence. *See Ryburn v. Huff,* 565 U.S. 469, 477 (2012), citing *Graham v. Connor,* 490 U.S. 386, 396-397 (1989). Viewed in this light, Officer Garcia's use of force against the Decedent was abundantly and objectively reasonable.

Plaintiffs' Opposition attempts to paint the facts as disputed and to recharacterize the Decedent's conduct, claiming he walked slowly towards Officers with a plastic fork in his hand, but the undisputed body-worn camera footage capturing the scene paints an entirely different picture. Videos as undisputed facts have been commonplace in this day and age of body cameras. *See Spencer v. Pew,* 117 F.4th 1130, 1133 (9th Cir. 2024), citing *Scott v. Harris,* 550 U.S. 372, 378 (2007) ("to the extent that the uncontested video evidence from the officers' body cameras establishes the timing and occurrence of events, we 'view[] the facts in the light depicted by the videotape'"); *Smith v. Agdeppa,* 81 F.4th 994, 1004 (9th Cir. 2023), *cert. denied,* 2024 WL 4427164 (U.S. Oct. 7, 2024) ("We instead consider the disputed facts in the light most favorable to [the plaintiff], alongside the undisputed facts and the video and audio recordings, which provide more than sufficient basis for reaching the legal conclusion that qualified immunity is warranted"). Here, the video evidence clearly establishes the shooting was objectively reasonable.

## II.    GARCIA'S USE OF FORCE WAS OBJECTIVELY REASONABLE

Officer Garcia's use of force was objectively reasonable given the brief and chaotic encounter between the Decedent and Officers. As reflected in the body-worn camera footage, approximately six seconds elapsed between when the Decedent spun around and advanced on Officers [BWC at 14:28:42] and the moment Officer Garcia discharged his firearm [BWC 14:28:48]. In that brief time window, Officers attempted to de-escalate the situation by firing two less-lethal rounds [BWC 14:28:44], which struck the Decedent's torso. Decedent did not backdown, retreat, or surrender; instead, he further escalated the encounter by clenching his fist around

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

4903-3367-5909 v2                    2                    Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' REPLY ISO MOTION FOR
PARTIAL SUMMARY JUDGMENT

1    a pointed object visibly projecting from the bottom of his right fist, and continued

2    advancing on the Officers [BWC 14:28:45]. Officer Rodriguez again attempted to

3    de-escalate by firing a third less-lethal round [BWC 14:25:46], which caused the

4    Decedent to shriek and charge at her, making contact with her beanbag shotgun,

5    pushing her into the wall, and engaging in a physical struggle with Sergeant

6    Punzalan [BWC 14:28:47]. One second later, fearing for the safety of his fellow

7    officers, Officer Garcia discharged his firearm [BWC 14:28:48].

8         Officer Garcia reasonably used deadly force to protect others from what he

9    believed was an immediate threat of serious bodily harm. As Plaintiff concedes, the

10   most important *Graham* factor is the immediacy of the threat. Yet Plaintiff attempts to

11   recast that inquiry as an attack on Officer Garcia's credibility–arguing that his stated

12   fear for other officers' safety was manufactured and unsupported by objective facts.

13   That reframing is legally incorrect and factually contradicted by the record. The Fourth

14   Amendment does not ask whether Officer Garcia was *subjectively* afraid or whether his

15   testimony is independently "credible;" it asks whether a reasonable officer in his

16   position would have perceived an imminent threat. Here, the answer is unequivocally

17   yes. Officers' body-worn camera footage—undisputed and contemporaneous—shows a

18   pointed object projecting from the Decedent's hand as he advanced toward officers, an

19   object Officer Garcia reasonably perceived to be a knife. That objective visual evidence

20   corroborates Officer Garcia's perception and independently establishes the immediacy

21   of the threat. In short, Officer Garcia's credibility is not an issue this Court needs to

22   evaluate. Objective reasonableness is. And the undisputed body-worn camera footage

23   confirms that Officer Garcia reasonably perceived an immediate threat of serious harm

24   when he used deadly force.

25        Plaintiff's contention that the object later proved not to be a knife is legally

26   irrelevant. The Fourth Amendment inquiry turns on what a reasonable officer perceived

27   *at the moment* force was used—not on facts learned later. Nor does the analysis turn on

28   the fact that other officers chose not to use deadly force, or on a post-incident police

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4903-3367-5909 v2                    3                    Case No. 2:24-cv-03265-MWC-SSC
                                                          DEFENDANTS' REPLY ISO MOTION FOR
                                                          PARTIAL SUMMARY JUDGMENT

1  review board determination that is devoid of evidentiary foundation or relevance.

2      Plaintiff further argues that the use of force was objectively unreasonable

3  because less-lethal options were available, no verbal warnings were given, and the

4  Decedent was mentally ill. These are the exact arguments analyzed and rejected in

5  *Napouk v. L.V. Metro. Police Dep't*, 123 F.4th 906, 920 (9th Cir. 2024). The Ninth

6  Circuit explained that these additional factors do not overcome the *Graham* analysis

7  where the core *Graham* factors favor the officers, as they do here. *See id.* Although

8  such considerations may be relevant to the totality of the circumstances, they cannot

9  establish a constitutional violation when the severity of the crime, the immediacy of the

10  threat, and the decedent's active resistance all weigh in the officers' favor. This Court

11  should reach the same conclusion here.

12      Plaintiff relies on speculation about what Officer Garcia might have done under

13  idealized circumstances, but the Fourth Amendment does not require officers to

14  exhaust every conceivable alternative before using force. "[A]s we have repeatedly

15  stated, officers 'need not avail themselves of the least intrusive means of responding to

16  an exigent situation; they need only act within that range of conduct we identify as

17  reasonable.'" *Id.* at 921 (citing *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir. 1994). Here,

18  as in *Napouk*, Officers made repeated efforts to de-escalate the encounter with

19  Decedent, issuing verbal commands and using multiple less-lethal rounds, as the

20  Decedent advanced upon them. Only when the Decedent applied physical force on

21  Officer Rodriguez and Sergeant Punzalan–while grasping what Officer Garcia believed

22  was a knife–did Officer Garcia discharge his weapon. The fact that Officer Garcia did

23  not use additional or alternative less-lethal means to subdue the Decedent does not

24  render his conduct unreasonable.

25      Likewise, the absence of a verbal warning does not render the use of force

26  unconstitutional. Officers are required to provide a warning only when feasible, and

27  the record establishes it was not feasible here. Only one second elapsed between the

28  moment the Decedent made physical contact with Officer Rodriguez and Sergeant

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4903-3367-5909 v2

4

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' REPLY ISO MOTION FOR
PARTIAL SUMMARY JUDGMENT

1  Punzalan and the discharge of the lethal shot. Under these circumstances, the

2  Constitution does not require an officer to pause and issue a warning before

3  responding to an immediate threat.

4         Finally, Plaintiff's argument regarding the Decedent's alleged mental illness

5  is unavailing. There are not "two tracks of excessive force analysis, one for mentally

6  ill and one for serious criminals." *Bryan v. MacPherson*, 630 F.3d 805, 829 (9th Cir.

7  2010). While the Ninth Circuit has recognized that an emotionally disturbed

8  individual may be "acting out," rather than committing a serious crime, which can

9  diminish the government's interest in using deadly force, that principle applies only

10 where the individual **does not pose an immediate threat to officers or others**. *See*

11 *Deorle v. Rutherford*, 272 F.3d 1272, 1283 (9th Cir. 2001); *Bryan*, 630 F.3d at 829.

12 As the Ninth Circuit held in *Napouk,* "where the suspect is brandishing what is

13 reasonably understood to be a lethal weapon and advancing towards the officers,

14 that he was emotionally disturbed does not negate the serious threat he exhibited. If

15 anything, his mental state and erratic behavior made [the Decedent] more of a threat

16 to the officers because he clearly was not behaving rationally or in a predictable

17 manner *when he repeatedly approached them with a bladed weapon.*" *Napouk*, 123

18 F.4th at 921 (emphasis in original). Accordingly, the Decedent's alleged mental illness

19 does not render Officer Garcia's use of force unreasonable.

20 **III.    PLAINTIFF CONCEDES DENIAL-OF-MEDICAL-CARE CLAIM**

21        Plaintiff does not address Defendants' dispositive argument that the denial-of-

22 medical-care claim fails as a matter of law. By offering no response, Plaintiff has

23 conceded the issue, and judgment should be entered for Defendants on this claim.

24 **IV.    PLAINTIFFS' SUBSTANTIVE DUE PROCESS CLAIM FAILS**

25        Plaintiff Rasey-Smith, the Decedent's spouse, devotes just two sentences in

26 opposition to Defendants' argument that she lacks standing to pursue this claim. The

27 first sentence is blatantly misleading. Plaintiff shockingly mischaracterizes binding

28 authority in the *Wilkinson* case by substituting the term "family members" where the

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

4903-3367-5909 v2                                   5                    Case No. 2:24-cv-03265-MWC-SSC
                                                                         DEFENDANTS' REPLY ISO MOTION FOR
                                                                         PARTIAL SUMMARY JUDGMENT

case expressly uses the word "**parents**." *Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010) ("Official conduct that 'shocks the conscience' in depriving **parents** of that interest is cognizable as a violation of due process.") Plaintiff Rasey-Smith then cites a single, non-binding decision from the Eastern District while entirely ignoring Defendants' central argument: that no Ninth Circuit case has ever recognized a constitutional right as a spouse to recover for loss of familial association. In the absence of any binding authority recognizing such a right—and in light of the Ninth Circuit's express caution against expanding substantive due process protections in this area—Plaintiff Rasey-Smith lacks standing. *See Peck v. Montoya,* 51 F.4th 877, 893 (9th Cir. 2022).

Moreover, this claim fails as to all Plaintiffs because there is no evidence or argument that Officer Garcia acted with anything other than legitimate law-enforcement objectives to defend others. Plaintiffs' opposition conspicuously ignores Defendants' reliance on *Napouk*, a controlling Ninth Circuit decision that squarely forecloses Plaintiffs' claim. *Napouk*, 123 F.4th at 906. When confronted with controlling Ninth Circuit authority affirming summary judgment under a closely analogous factual record, Plaintiffs simply ignore it. That silence is not accidental. Plaintiffs did not attempt to distinguish *Napouk* because they cannot. Their inability to engage with binding precedent confirms that no genuine issue of material fact exists as to this claim, and therefore judgment must be entered for Defendants on this claim.

## V.   <u>GARCIA IS ENTITLED TO QUALIFIED IMMUNITY ON ALL FEDERAL CLAIMS</u>

As a threshold matter, Plaintiffs' opposition confirms that they do not contest Officer Garcia's assertion of qualified immunity as to the federal claims for denial of medical care and substantive due process. Although Officer Garcia asserted qualified immunity as to all federal claims, Plaintiffs address qualified immunity only in connection with the excessive-force claim.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4903-3367-5909 v2

6

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' REPLY ISO MOTION FOR
PARTIAL SUMMARY JUDGMENT

In any event, even assuming Plaintiff could establish a constitutional violation or raise a triable issue of fact for summary-judgment purposes regarding the excessive-force claim, Officer Garcia is nevertheless entitled to summary judgment because he is protected by qualified immunity. Qualified immunity shields officers from liability where their conduct does not violate clearly established law, and applies where a reasonable officer could have believed the conduct was justified, notwithstanding that reasonable officers could disagree. *Pearson v. Callahan*, 555 U.S. 223 (2009); *Hunter v. Bryant*, 502 U.S. 224, 228 (1991). A court discerns whether "the [officer] acted reasonably under settled law in the circumstances, not whether another reasonable, or more reasonable interpretation of the events can be constructed...after the fact." *Hunter*, 502 U.S. at 228. Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Id*. at 227. The immunity applies even if officers acted unconstitutionally, **as long as a reasonable officer could have believed the conduct lawful**. *See Brosseau v. Haugen*, 543 U.S. 194, 205 (2004); *Alexander v. County of Los Angeles*, 64 F.3d 1315, 1322 (9th Cir. 19951).

To defeat qualified immunity, the law must be "'clearly established in light of the **specific context** of the case' at the time of the events in question." *Mattos v. Agarano,* 661 F.3d 433, 440 (9th Cir. 2011). It is the plaintiff's burden to show the law was clearly established so "every reasonable official would [have understood] that what he is doing violates that right." *Reichle v. Howards*, 556 U.S 658 (2012). "[E]xisting precedent must have placed the statutory or constitutional question beyond debate." *Id*. at 2093; *Mattos*, 661 F.3d at 442. Courts should not define clearly established law at a high level of generality. *Id*. Where a case presents a "unique set of facts and circumstances," this alone should be an indication that an officer's conduct did not violate a "clearly established" right. *White v. Pauly*, 137 S.Ct. 548, 552 (2017).

Plaintiff cannot establish that the law was clearly established prohibiting Officer Garcia's conduct here. Use of force is an area of law 'in which the result depends very much on the facts of each case,' and thus police officers are entitled to qualified

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4903-3367-5909 v2

7

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' REPLY ISO MOTION FOR
PARTIAL SUMMARY JUDGMENT

1    immunity unless existing precedent **'squarely governs'** the specific facts at issue.

2    *Mullenix v. Luna*, 577 U.S. 7, 13 (2015) (citing *Brosseau*, 543 U.S. at 201). It does not

3    suffice for a court simply to state that an officer may not use unreasonable and

4    excessive force, deny qualified immunity, and then remit the case for a trial. *Plumhoff*

5    *v. Rickard,* 572 U.S. 765, 779 (2014).

6        Plaintiff's cases on qualified immunity are distinguishable. Plaintiff's reliance on

7    *Nehad v. Browder*, 929 F.3d 1125 (9th Cir. 2019), is significantly misplaced. In *Nehad*,

8    eyewitness accounts <u>materially</u> conflicted, the officer did not activate his body-worn

9    camera, and the officer himself initially told investigators that he had not seen any

10    weapon—only later asserting, after reviewing surveillance footage days later, that he

11    believed the decedent was armed. *Id.* at 1130–31. Additionally, the officer stated

12    that prior to shooting, the Decedent never said anything, changed his pace, or made

13    any sudden movements. *Id.* at 1131. *Nehad* is clearly distinguishable from the case

14    at bar, where the undisputed video evidence supplies the very objective context that

15    was missing in *Nehad* and shows the Decedent actively advancing toward Officers

16    while holding a pointed object in a manner that reasonably suggested it was a knife.

17    Unlike the passive, non-threatening conduct assumed in *Nehad*, the Decedent's

18    actions here presented an immediate threat, rendering Officer Garcia's conduct

19    objectively reasonable.

20        Plaintiff's reliance on *Vos v. Cty. of Newport Beach*, 892 F.3d 1024 (9th Cir.

21    2018) is surprising. In *Vos*, the Ninth Circuit **affirmed** summary judgment based on

22    qualified immunity—even on a far more ambiguous factual record involving

23    conflicting inferences from video evidence and a prolonged, chaotic encounter. *See*

24    *id.* at 1036. *Vos* does not support Plaintiffs' position; it undermines it.

25        Plaintiff's final citation to *Bui v. San Francisco*, 61 F. Supp. 3d 877 (N.D.

26    Cal. July 25, 2014) is misplaced and unavailing. First, it is an out of district case and

27    not a binding Ninth Circuit case, and therefore cannot clearly establish the law for

28    qualified-immunity purposes. Second, and more importantly, *Bui* denied qualified

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4903-3367-5909 v2

8

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' REPLY ISO MOTION FOR
PARTIAL SUMMARY JUDGMENT

1    immunity because the plaintiff's version of events described conduct that was

2    dramatically different from the officers' account, creating a genuine factual dispute

3    as to whether the decedent posed an immediate threat. *See id.* at 898. Unlike *Bui*,

4    this case does **not** involve materially divergent factual narratives requiring the Court

5    to choose between competing versions of what occurred. The critical events here are

6    captured on body-worn camera footage, which shows the decedent advancing

7    toward officers while holding a pointed object in a manner that reasonably appeared

8    to be a knife.

9        Plaintiffs have failed to carry the burden required to overcome qualified

10   immunity. Plaintiffs do not identify—and cannot identify—clearly established law

11   placing Officer Garcia on notice that his conduct, under the circumstances, was

12   unconstitutional. Because no controlling authority would have made it clear to a

13   reasonable officer that the use of force was unlawful, Officer Garcia is entitled to

14   qualified immunity and summary judgment should be granted.

15   **VI.    <u>PLAINTIFF'S BATTERY CLAIM FAILS</u>**

16       Penal Code section 835a largely tracks the federal Fourth Amendment

17   objective-reasonableness standard, while adding statutory considerations such as

18   necessity, proportionality, and the use of de-escalation techniques when feasible.

19   Those additional considerations do not alter the outcome here. Under either

20   framework, the analysis in this case remains the same and confirms that Officer

21   Garcia's conduct was justified as a matter of law.

22       Plaintiff further attempts to rewrite the governing legal standard, arguing the

23   issue as though liability turns on whether the Decedent *in fact* lacked the ability,

24   opportunity, or apparent intent to cause serious harm. That is not the law. The

25   question is whether "a reasonable officer in the same situation would believe that a

26   person has" such ability, opportunity, and apparent intent. Penal Code § 835a(e)(2).

27   Plaintiffs' framing improperly substitutes hindsight for the objective reasonableness

28   inquiry the law requires. The law does not require an officer to be correct; it requires

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4903-3367-5909 v2

9

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' REPLY ISO MOTION FOR
PARTIAL SUMMARY JUDGMENT

1  him to act reasonably under the circumstances, and Officer Garcia did so here.

2  **VII.   PLAINTIFF'S BANE ACT CLAIM FAILS**

3      Defendants presented a comprehensive, evidence-based argument

4  demonstrating that Plaintiff's Bane Act claim fails as a matter of law. In response,

5  Plaintiff devotes a single paragraph to the issue which does nothing more than recite

6  the general legal standard without addressing Defendants' dispositive arguments. As

7  established above, the force used by Officer Garcia was reasonable. Hence, Plaintiff's §

8  52.1 claim necessarily fails as a matter of law, as there is no underlying constitutional

9  violation. Further, the Bane Act requires additional proof of intentional interference

10 with a constitutional right, or the specific intent to deprive an individual of a

11 constitutionally protected right. Where, as here, the undisputed evidence shows that

12 Officer Garcia responded to an immediate threat and used force to defend himself

13 and others, the requisite specific intent cannot be established as a matter of law.

14 Defensive, split-second decision-making in response to a threat is legally

15 incompatible with the kind of deliberate, wrongful intent the claim requires.

16 Accordingly, judgment must be entered for Defendants.

17 **VIII.   RASEY-SMITH OFFERS NO OPPOSITION TO DEFENDANTS'**

18 **ARGUMENT THAT SHE LACKS INDIVIDUAL STANDING TO**

19 **BRING STATE LAW CLAIMS**

20      Plaintiff Rasey-Smith alleges battery, negligence, and the Bane Act causes of

21 action in her individual capacity (FAC ¶¶ 59, 64, and 73), but offers no argument in

22 opposition to Defendants' assertion that she lacks standing to do so. That failure

23 constitutes a concession, and judgment must therefore be entered for Defendants

24 against Plaintiff Rasey-Smith to the extent her claims exceed any successor-in-

25 interest recovery.

26

27

28

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4903-3367-5909 v2

10

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' REPLY ISO MOTION FOR
PARTIAL SUMMARY JUDGMENT

1    Dated:  January 2, 2026                    BURKE, WILLIAMS & SORENSEN, LLP

2

3

4                                              By:      /s/ *Susan E. Coleman*
                                                   Susan E. Coleman
5                                                  Attorneys for Defendant
                                                   CALEB GARCIA ALAMILLA
6

7

8                        **<u>CERTIFICATE OF COMPLIANCE</u>**

9           The undersigned, counsel of record for Defendant Officer Caleb Garcia

10   Aramilla, certifies that this brief contains 3,241 words, which:

11          ☒ complies with the word limit of L.R. 11-6.1.

12          ☐ complies with the word limit set by court order dated _____.

13

14   Dated:  January 2, 2026                    BURKE, WILLIAMS & SORENSEN, LLP

15

16

17                                             By:      /s/ *Susan E. Coleman*
                                                   Susan E. Coleman
18                                                 Lauren S. Dossey
                                                   Attorneys for Defendant CALEB
19                                                 GARCIA ALAMILLA

20

21

22

23

24

25

26

27

28

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

4903-3367-5909 v2                              11                Case No. 2:24-cv-03265-MWC-SSC
                                                        DEFENDANTS' REPLY ISO MOTION FOR
                                                        PARTIAL SUMMARY JUDGMENT