1  Susan E. Coleman (SBN 171832)
   E-mail: scoleman@bwslaw.com
2  Lauren S. Dossey (SBN 244887)
   E-mail: ldossey@bwslaw.com
3  BURKE, WILLIAMS & SORENSEN, LLP
   444 South Flower Street, 40th Floor
4  Los Angeles, California 90071-2942
   Tel: 213.236.0600 Fax: 213.236.2700
5
6  Attorneys for Defendant CALEB GARCIA ALAMILLA

7  HYDEE FELDSTEIN SOTO, City Attorney (SBN 106866)
   DENISE C. MILLS, Chief Deputy City Attorney (SBN 191992)
   KATHLEEN KENEALY, Chief Assistant City Attorney (SBN 212289)
8  TY A. FORD, Deputy City Attorney (SBN 218365)
   200 North Main Street, 6th Floor, City Hall East
9  Los Angeles, CA 90012
   Tel: 213.978.6900 Fax: 213.978.8785
10 Email: Ty.Ford@lacity.org

11 Attorneys for Defendant CITY OF LOS
   ANGELES
12

13            UNITED STATES DISTRICT COURT

14      CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

15

| | |
|---|---|
| 16 ALEXANDRA RASEY-SMITH; GORDON GENE MACCANI; and 17 JANET MACCANI, | Case No. 2:24-cv-03265-MWC-SSC |
| 18    Plaintiffs, | **DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT [LR 56-3]** |
| 19    v. | *Filed concurrently with Reply ISO Motion for Partial Summary Judgment* |
| 20 CITY OF LOS ANGELES; CALEB GARCIA ALAMILLA; and DOES 2- 21 10, inclusive, | Judge:   Hon. Michelle Williams Court Date:    January 16, 2025 |
| 22    Defendants. | Time:    1:30 p.m. Ctrm.:   6A |
| 23 | Trial Date:        April 6, 2026 |
| 24 | |

25      Defendants hereby submit this Response to Plaintiffs' Statement of Genuine

26 Disputes of Material Fact together with references to evidence in support of

27 Defendants' Motion for Partial Summary Judgment:

28 ///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1        1        Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

## UNCONTROVERTED FACTS & SUPPORTING EVIDENCE

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| 1. On February 3, 2024, at approximately 2:20 p.m., Los Angeles Police Department received a call for service regarding an assault with a deadly weapon in progress at a studio in an industrial complex in the Skid Row area of downtown Los Angeles.<br><br>*Evidence:* Garcia Decl. ¶¶ 2–3; Chomuk Decl. ¶¶ 2–3 | 1. Disputed.<br><br>*Objection:* Relevance, Defendant Garcia did not hear the 911 call prior to shooting Decedent. Garcia would have received the information regarding the incident from the radio dispatch communications and from the police car onboard computer.<br><br>*Evidence:* Exhibit K (Garcia Depo. at 22:12-23:2); and Exhibit L (Chomuk Depo. at 9:4-13) |

1. *Moving Party's Response:* It is undisputed that the specified information from the 911 call was communicated to the responding Officers by dispatch, which is admissible to show its effect on the listener and the Officers' state of mind. The fact that the Officers did not personally hear the 911 call is irrelevant and does not create a genuine dispute of material fact.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

06491-0027 4913-9686-6693 v1

2

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| 2. The caller reported the suspect was an adult white male who was under the influence and armed with a large stick attacking an employee.<br><br>*Evidence:* Garcia Decl. ¶ 4 | 2. Disputed<br><br>*Objection:* Relevance, Defendant Garcia did not hear the 911 call prior to shooting Decedent. Garcia would have received the information regarding the incident from the radio dispatch communications and from the police car onboard computer.<br><br>*Evidence:* Exhibit K (Garcia Depo. at 22:12-23:2); and Exhibit L (Chomuk Depo. at 9:4-13) |
| 2. *Moving Party's Response:* It is undisputed that the specified information from the 911 call was communicated to the responding Officers by dispatch, which is admissible to show its effect on the listener and the Officers' state of mind. The fact that the Officers did not personally hear the 911 call is irrelevant and does not create a genuine dispute of material fact. | |
| 3. Dispatch instructed the officers to respond Code 3–an emergency response requiring immediate action.<br><br>*Evidence:* Garcia Decl. ¶ 5 | 3. Disputed to the extent that the radio dispatch communications to Garcia contained no information that Decedent had physically injured anyone or that Decedent was armed with a gun or a knife.<br><br>*Evidence:* Exhibit A (CAD Printout at 5); Exhibit K (Garcia Depo. at 24:19-21); and Exhibit L (Chomuk Depo. at 9:22-10:2) |

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

06491-0027 4913-9686-6693 v1

3

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| 3. *Moving Party's Response:* Plaintiffs' purported dispute does not controvert the stated fact. Defendants did not assert that dispatch reported any physical injury or that the Decedent was armed with a gun or knife. Plaintiffs' non-responsive argument therefore fails to create a genuine dispute of material fact, and this fact should be deemed admitted. | |
| 4. Police Officers Garcia and Colin Chomuk responded Code 3.<br><br>*Evidence:* Garcia Decl. ¶ 8 | 4. Undisputed. |
| 5. While enroute to the location, dispatch provided additional information–that the suspect was on the fourth floor, guarding the door to the studio and preventing the reporting party from exiting.<br><br>*Evidence:* Garcia Decl. ¶ 6 | 5. Disputed to the extent that the radio dispatch communications to Garcia contained no information that Decedent had physically injured anyone or that Decedent was armed with a gun or a knife.<br><br>*Evidence:* Exhibit A (CAD Printout at 5); Exhibit K (Garcia Depo. at 24:19-22); and Exhibit L (Chomuk Depo. at 9:22-10:2) |
| 5. *Moving Party's Response:* Plaintiffs' purported dispute does not controvert the stated fact. Defendants did not assert that dispatch reported any physical injury or that the Decedent was armed with a gun or knife. Plaintiffs' non-responsive argument therefore fails to create a genuine dispute of material fact, and the fact should be deemed admitted. | |

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

06491-0027 4913-9686-6693 v1

4

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| 6. Reading aloud from the patrol vehicle's CAD system, Officer Chomuk read the description of the suspect as male, white, six-feet-two-inches tall, and armed with stick threatening employees.<br><br>*Evidence:* Garcia Decl. ¶ 7 | 6. Disputed to the extent that the radio dispatch communications to Garcia contained no information that Decedent had physically injured anyone or that Decedent was armed with a gun or a knife.<br><br>*Evidence:* Exhibit A (CAD Printout at 5); Exhibit K (Garcia Depo. at 24:19-22); and Exhibit L (Chomuk Depo. at 9:22-10:2) |
| 6. *Moving Party's Response:* Plaintiffs' purported dispute does not controvert the stated fact. Defendants did not assert that dispatch reported any physical injury or that the Decedent was armed with a gun or knife. Plaintiffs' non-responsive argument therefore fails to create a genuine dispute of material fact, and the fact should be deemed admitted. | |
| 7. Officers Garcia and Chomuk arrived at the location along with four other officers and a Sergeant.<br><br>*Evidence:* Garcia Decl. ¶ 8 | 7. Undisputed |
| 8. As Officers Garcia and Chomuk pulled up to the location, one of the reporting parties met them outside.<br><br>*Evidence:* Garcia Decl. ¶ 9 | 8. Undisputed |

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

5

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| 9. They followed him into the building where they met with both reporting parties, who explained that a stranger (later identified as Jason Maccani) had opened the unlocked door to their work studio, entered, and began ordering them to leave in an aggressive and erratic manner.<br><br>*Evidence:* Garcia Decl. ¶ 9 | 9. Disputed to the extent that the PR also told the police that Decedent said weird stuff like the world is ending and they need to get out of here, that Decedent did not hit anyone, that Decedent was talking nonsense and was very antsy.<br><br>*Evidence:* Exhibit B (Jauregui Body Cam Video at 08:20-10:20); Exhibit C (Punzalan Body Cam Video at 3:20-6:00) |

9. *Moving Party's Response:* Plaintiffs' purported dispute does not controvert the stated fact. Plaintiffs' non-responsive argument (that attempts only to add information) therefore fails to create a genuine dispute of material fact, and the fact should be deemed admitted.

The events depicted in the video amount to undisputed facts; videos as undisputed facts have been commonplace in this day and age of body cameras. (*See, e.g., Spencer v. Pew,* 117 F.4ᵗʰ 1130, 1133 (9ᵗʰ Cir. 2024), citing *Scott v. Harris,* 550 U.S. 372, 378 (2007) ("to the extent that the uncontested video evidence from the officers' body cameras establishes the timing and occurrence of events, we 'view[] the facts in the light depicted by the videotape'").

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

6

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| 10. They told officers they believed he was under the influence of drugs.<br><br>*Evidence:* Garcia Decl. ¶ 9 | 10. Disputed. PR did not tell the officers on scene that Decedent was under influence and instead told them that Decedent said weird stuff like the world is ending and that Decedent was talking non-sense, which would have put the involved officers on notice that Decedent was potentially suffering from a mental health episode (especially since the incident occurred in the skid row area).<br><br>*Evidence:* Exhibit B (Jauregui Body Cam Video at 08:20-10:20); Exhibit C (Punzalan Body Cam Video at 3:20-6:00) |

10. *Moving Party's Response:* PRs reported that the Decedent appeared under the influence, which was communicated to the responding Officers by dispatch prior to their arrival on scene. (Exhibit A: CAD Printout at timestamp 14:14:25 2/3/2024.) Whether the statement that the Decedent appeared under the influence was reported directly from the PRs to the responding Officers or via dispatch is irrelevant and does not create a genuine issue of material fact. Plaintiffs' reference to additional statements regarding bizarre or nonsensical behavior does not negate that officers were informed of suspected drug influence prior to encountering the Decedent.

Plaintiffs' assertion that additional information "would have put officers on notice" of a mental health episode is speculative and irrelevant argument, not evidence.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

7

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| 11. They informed the responding officers that they wanted the intruder removed, and signed a private-persons-arrest form authorizing them to arrest the intruder for trespass.<br><br>*Evidence:* Garcia Decl. ¶ 10 | 11. Disputed that the PR signed a private persons arrest form authorizing them to arrest the intruder which is why a copy of this document is not attached as an exhibit.<br><br>*Evidence:* Exhibit M (Quintero Depo. at 17:7-21) |

11. *Moving Party's Response:* Plaintiffs' response does not controvert the fact that the PRs authorized the arrest of the Decedent for trespass. Officers' body-worn camera footage shows the PRs requesting the intruder's removal, agreeing to have him arrested for trespass, and agreeing to sign a private person's arrest form. (Exhibit B: Jauregui Body Cam Video at 09:42-10:00). The events depicted in the video amount to undisputed facts; videos as undisputed facts have been commonplace in this day and age of body cameras. (*See, e.g., Spencer v. Pew,* 117 F.4th 1130, 1133 (9th Cir. 2024), citing *Scott v. Harris,* 550 U.S. 372, 378 (2007) ("to the extent that the uncontested video evidence from the officers' body cameras establishes the timing and occurrence of events, we 'view[] the facts in the light depicted by the videotape'").

The cited deposition testimony (Exhibit M: Quintero Depo. at 17:7-21) states only that the witness did not recall whether any document was actually signed. This is irrelevant and does not create a genuine issue of material fact.

| 12. The reporting parties provided responding officers with a description of the area approaching their studio.<br><br>*Evidence:* Garcia Decl. ¶ 11 | 12. Undisputed |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

8

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| 13. When asked if there were weapons inside the studio, the reporting parties informed officers that while there were no firearms, the intruder had access to sharp scissors and shears since they were in the textile/fabric industry.<br><br>*Evidence:* Garcia Decl. ¶ 11 | 13. Disputed to the extent that the reporting parties told the officers that Decedent did not have any weapon on his person.<br><br>*Evidence:* Exhibit B (Jauregui Body Cam Video at 08:20-10:20); Exhibit C (Punzalan Body Cam Video at 3:20-6:00) |

13. *Moving Party's Response:* Plaintiffs' response does not controvert the stated facts. The PRs informed Officers that, while there were no firearms, the intruder had access to sharp scissors and shears in the studio. Plaintiffs instead reference whether a weapon was on the Decedent's person, which is not the fact asserted. There is no dispute as to the stated fact, which should be admitted.

The events depicted in the video amount to undisputed facts; videos as undisputed facts have been commonplace in this day and age of body cameras.  (See, e.g., Spencer v. Pew, 117 F.4th 1130, 1133 (9th Cir. 2024), citing Scott v. Harris, 550 U.S. 372, 378 (2007) ("to the extent that the uncontested video evidence from the officers' body cameras establishes the timing and occurrence of events, we 'view[] the facts in the light depicted by the videotape'").

| 14. After the reporting parties signed the private-persons-arrest form, Sergeant Punzalan prepared a tactical plan, designating Officer Orozco as the contact officer, Officers Chomuk and Rodriguez as officers with authority to use less-lethal force, and Officers Quintero and Garcia as the arrest team.<br><br>*Evidence:* Garcia Decl. ¶ 12 | 14. Disputed that the PR signed a private persons arrest form authorizing them to arrest the intruder.  Further disputed to the extent that Orozco was designated as lethal cover.<br><br>*Evidence:* Exhibit M (Quintero Depo. at 17:7-21); and Exhibit D (Orozco Interview at 10:19-11:3) |

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| 14. *Moving Party's Response:* The responding Officers' body-worn camera footage shows the PRs requesting the intruder's removal and authorizing a private person's arrest for trespass. (Exhibit B: Jauregui Body Cam Video at 09:42-10:00). The cited deposition testimony (Exhibit M: Quintero Depo. at 17:7-21) states only that the witness did not recall whether the form was physically signed.<br><br>The events depicted in the video amount to undisputed facts; videos as undisputed facts have been commonplace in this day and age of body cameras.  (*See, e.g., Spencer v. Pew,* 117 F.4th 1130, 1133 (9th Cir. 2024), citing *Scott v. Harris,* 550 U.S. 372, 378 (2007) ("to the extent that the uncontested video evidence from the officers' body cameras establishes the timing and occurrence of events, we 'view[] the facts in the light depicted by the videotape'").<br><br>Though irrelevant to the resolution of any material fact, the record is clear that Officer Orozco was designated as lethal cover. (Exhibit D: Orozco Interview at 10:19-11:3; and Exhibit N: Punzalan Depo. at 13:17-19.) It is undisputed that Sergeant Punzalan did not designate Officer Garcia as lethal cover at the outset. (Exhibit I: Punzalan Int. at 22:10-11.) This fact does not present a genuine issue of material fact and is immaterial to the determination of whether the ultimate use of force was constitutionally reasonable. | |
| 15. The responding Officers ascended the stairs to the fourth floor and positioned themselves approximately 35 feet away from the unit, the door of which was ajar.<br><br>*Evidence:* Garcia Decl. ¶ 13 | 15. Undisputed. |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

10

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| 16. Officer Rodriguez issued a callout, announcing the presence of the Los Angeles Police Department and issuing verbal commands for the suspect (Maccani) to exit with his hands raised.<br><br>*Evidence:* Garcia Decl. ¶ 14 | 16. Disputed to the extent Decedent was also told to turn around facing away from the officers and walk backwards to the sound of the officer's voice.<br><br>*Evidence:* Exhibit E (Sync'd Video) |
| 16. *Moving Party's Response:* Plaintiffs' response does not controvert the stated fact. Plaintiffs merely note additional commands that were also given after the cited fact. There is no dispute as to the stated fact, which should be admitted. | |
| 17. The photograph accurately depicts the responding officers' positioning outside the studio immediately prior to Officer Rodriguez's callout.<br><br>*Evidence:* Garcia Decl. ¶ 15 | 17. Undisputed. |
| 18. Within a few seconds of the callout, Maccani appeared in the doorway of the studio with his hands raised.<br><br>*Evidence:* Garcia Decl. ¶ 16 | 18. Undisputed. |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

11

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| 19. He appeared disheveled and under the influence of an unknown narcotic.<br><br>*Evidence:* Garcia Decl. ¶ 16 | 19. Disputed to the extent that Decedent was not under the influence of any narcotics as indicated in the toxicology test performed at autopsy.  Further disputed to the extent that the officers had evidence that Decedent may be mentally ill, including based on his appearance, Defendant Garcia thought Decedent was probably going through some mental illness due to being on skid row and that is a common occurrence that he deals with quite often. Garcia also described Decedent's initial conduct as being very bizarre.<br><br>*Evidence:* Exhibit F (Toxicology Report); Exhibit H (Defendant Garcia Int. at 7:20-9:14, 17:6-9, 63:9-64:5); Exhibit I (Punzalan Int. at 7:22-25, 13:3-22); Exhibit K (Garcia Depo. at 70:7-20); Exhibit B (Jauregui Body Cam Video at 08:20-10:20); Exhibit C (Punzalan Body Cam Video at 3:20-6:00) |

19. *Moving Party's Response:* Whether the Decedent was in fact under the influence is not material. The stated fact concerns the Officers' contemporaneous perception that the Decedent *appeared to be* under the influence. Plaintiff does not genuinely dispute that impression and instead suggests alternative explanations for the Decedent's behavior, which are irrelevant to the analysis and do not create a genuine issue of material fact.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

12

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| 20. Maccani momentarily complied with the Officers' commands to exit the studio, turn around, and walk backwards towards them with his hands raised.<br><br>*Evidence:* Garcia Decl. ¶ 17 | 20. Undisputed |
| 21. However, after taking a few steps, Maccani dropped his arms, abruptly spun around, and aggressively charged towards the officers.<br><br>*Evidence:* Garcia Decl. ¶ 17 | 21. Disputed to the extent that Decedent slowly walked towards the officers as opposed to aggressively charged towards them.<br><br>*Evidence*: Exhibit D (Officer Orozco Int. at 21:1-6); and Exhibit J (Jauregui Int. at 11:11-13) |
| 21. *Moving Party's Response:* Attorney and witness descriptions of the Decedent's movements do not create a factual dispute because the body-worn camera and surveillance footage clearly capture the Decedent's movements in the moments leading up to Officer Garcia discharging his firearm. It is undisputed that the Decedent advanced on the Officers in defiance of their commands for him to stop moving.<br><br>The events depicted in the video amount to undisputed facts; videos as undisputed facts have been commonplace in this day and age of body cameras.  (*See, e.g., Spencer v. Pew,* 117 F.4th 1130, 1133 (9th Cir. 2024), citing *Scott v. Harris,* 550 U.S. 372, 378 (2007) ("to the extent that the uncontested video evidence from the officers' body cameras establishes the timing and occurrence of events, we 'view[] the facts in the light depicted by the videotape'")). | |

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| 22. His facial expression was tense and hostile, with his eyes fixed on the officers as he moved quickly towards them.<br><br>*Evidence:* Garcia Decl. ¶ 17 | 22. Objection. Calls for speculation and lacks foundation that his facial expression was tense and that his eyes were fixed on the officers. Disputed to the extent that Decedent slowly walked towards the officers.<br><br>*Evidence*: Exhibit D (Officer Orozco Int. at 21:1-6); and Exhibit J (Jauregui Int. at 11:11-13) |

22. *Moving Party's Response:* The statement does not call for speculation or lack foundation; it is based on Officer Garcia's contemporaneous observations of the Decedent.

With respect to Plaintiffs' characterization of the Decedent's movements, attorney and witness descriptions of the Decedent's movements do not create a factual dispute because the body-worn camera and surveillance footage clearly capture the Decedent's movements in the moments leading up to Officer Garcia discharging his firearm. It is undisputed that the Decedent advanced on the Officers in defiance of their commands for him to stop moving.

The events depicted in the video amount to undisputed facts; videos as undisputed facts have been commonplace in this day and age of body cameras. (*See, e.g., Spencer v. Pew,* 117 F.4th 1130, 1133 (9th Cir. 2024), citing *Scott v. Harris,* 550 U.S. 372, 378 (2007) ("to the extent that the uncontested video evidence from the officers' body cameras establishes the timing and occurrence of events, we 'view[] the facts in the light depicted by the videotape'").

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

06491-0027 4913-9686-6693 v1

14

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| 23. Officers continued yelling at Maccani to stop, yelling "*Hold on right–Hey! Hold on right there!*" but he continued to advance aggressively towards the Officers.<br><br>*Evidence:* Garcia Decl. ¶ 18 | 23. Disputed to the extent that the officers did not continue to give commands as Decedent advanced towards the officers.<br><br>*Evidence:* Exhibit E (Sync'd Video); and Exhibit N (Punzalan Depo. at 30:21-23) |

23. *Moving Party's Response:* Attorney and witness descriptions of the Officers' commands do not create a factual dispute because the body-worn camera footage clearly captures the sequence of events in the moments leading up to Officer Garcia discharging his firearm. The body-worn camera footage clearly captures Officers making multiple commands for the Decedent to stop advancing towards them. (*See, e.g.,* Exhibit B: Jauregui Body Cam Video at 12:45-55.)

The events depicted in the video amount to undisputed facts; videos as undisputed facts have been commonplace in this day and age of body cameras. (*See, e.g., Spencer v. Pew,* 117 F.4th 1130, 1133 (9th Cir. 2024), citing *Scott v. Harris,* 550 U.S. 372, 378 (2007) ("to the extent that the uncontested video evidence from the officers' body cameras establishes the timing and occurrence of events, we 'view[] the facts in the light depicted by the videotape'").

| 24. As Maccani charged towards the Officers, Officer Chomuk stepped away from the wall and deployed a 40mm less-lethal foam projectile round from approximately ten feet away, striking Maccani in the right stomach to lower rib area.<br><br>*Evidence:* Garcia Decl. ¶ 19 | 24. Disputed to the extent that Decedent slowly walked towards the officers.<br><br>*Evidence:* Exhibit D (Officer Orozco Int. at 21:1-6); and Exhibit J (Jauregui Int. at 11:11-13) |

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| 24. *Moving Party's Response:* Attorney and witness descriptions of the Decedent's movements do not create a factual dispute because the body-worn camera and surveillance footage clearly capture the Decedent's movements in the moments leading up to Officer Garcia discharging his firearm. It is undisputed that the Decedent moved towards Officers in defiance of their commands for him to stop moving.<br><br>The events depicted in the video amount to undisputed facts; videos as undisputed facts have been commonplace in this day and age of body cameras.  (*See, e.g., Spencer v. Pew,* 117 F.4th 1130, 1133 (9th Cir. 2024), citing *Scott v. Harris,* 550 U.S. 372, 378 (2007) ("to the extent that the uncontested video evidence from the officers' body cameras establishes the timing and occurrence of events, we 'view[] the facts in the light depicted by the videotape'"). | |
| 25. As Officer Chomuk fired, Officer Rodriguez simultaneously fired one beanbag round from her Remington 870 shotgun from approximately eight feet away.<br><br>*Evidence:* Garcia Decl. ¶ 20 | 25. Undisputed. |
| 26. The beanbag struck Maccani in the abdomen.<br><br>*Evidence:* Garcia Decl. ¶ 20 | 26. Undisputed. |

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

06491-0027 4913-9686-6693 v1

16

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| 27. The 40mm foam projectile and beanbag round are less-lethal force options designed to strike the suspect's body and cause pain without penetrating the body, in order to subdue the individual and enable officers to safely gain control.<br><br>*Evidence:* Garcia Decl. ¶ 21 | 27. Undisputed. |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

17

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| 28. The Officers' attempts to deescalate and gain compliance using verbal orders and less-lethal force were unsuccessful.<br><br>*Evidence:* Garcia Decl. ¶ 21 | 28. Disputed that less-lethal force was unsuccessful. Officer Rodriguez, who fired the beanbag rounds, felt they were effective and may have assisted the officers to take Decedent into custody. Further, Sgt. Punzalan was able to go hands on with Decedent immediately after and a result of the second beanbag round being fired and striking and distracting the Decedent which allowed Punzalan the opportunity to physically grab Decedent bear-hug him while his back was facing Sgt. Punzalan. Punzalan did this to avoid the need for additional force, including lethal force. Therefore, it was unnecessary to shoot Decedent while Punzalan was going hands-on with the Decedent. Further, Garcia fired approximately within a second of the second beanbag round being fired so he did not allow for sufficient time to see if the second beanbag round was effective.<br><br>*Evidence*: Exhibit M (Quintero Depo. at 42:10-45:12, 54:12-15); Exhibit L (Chomuk Depo. at 33:18-36:8); Exhibit N (Punzalan Depo. at 24:3-15, 31:6-11); Exhibit E (Sync'd Video); Exhibit R (Rodriguez Int. at 25:3-24, 28:2-5) |

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

06491-0027 4913-9686-6693 v1

18

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| 28. *Moving Party's Response:* It is undisputed that Officers attempted to deescalate and gain compliance using verbal orders and less-lethal force. It is further undisputed that those efforts did not achieve compliance. Plaintiff disputes whether less-lethal force was momentarily effective but does not controvert the underlying stated fact. | |
| 29. After the 40mm foam projectile and beanbag rounds struck Maccani, he took a fighting stance, clenching both fists and turning his body so that his left side angled towards Officers as he approached them.<br><br>*Evidence:* Garcia Decl. ¶ 22 | 29. Disputed.  Decedent did not take a fighting stance and instead appears to be trying to use his arms to shield the less-lethal projectiles, which are being fired from a close range only a few feet away, from continuing to strike him in the torso/abdomen and appears to walk facing towards the officers without angling the left side of his body.<br><br>*Evidence:* Exhibit E (Sync'd Video) |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

19

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| 29. *Moving Party's Response:* Attorney descriptions of the Decedent's movements do not create a factual dispute because the body-worn camera and surveillance footage clearly capture the sequence of events in the moments leading up to Officer Garcia discharging his firearm. The still image included in Defendants' Motion clearly depicts the Decedent angling his body while clenching a pointed object protruding from his fist. (ECF No. 51 at p. 4; Garcia Decl. at ¶ 23.)<br><br>The events depicted in the video amount to undisputed facts; videos as undisputed facts have been commonplace in this day and age of body cameras.  (*See, e.g., Spencer v. Pew,* 117 F.4th 1130, 1133 (9th Cir. 2024), citing *Scott v. Harris,* 550 U.S. 372, 378 (2007) ("to the extent that the uncontested video evidence from the officers' body cameras establishes the timing and occurrence of events, we 'view[] the facts in the light depicted by the videotape'"). | |

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

06491-0027 4913-9686-6693 v1

20

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| | |
|---|---|
| 30. He drew his left arm tightly across his body in a guarded fighting stance, while his right hand remained clenched around what appeared to be a pointed object, which he held downward in a striking position.<br><br>*Evidence:* Garcia Decl. ¶ 22 | 30. Disputed.  Decedent did not take a fighting stance and instead appears to be trying to use his arms to shield the less-lethal projectiles, which are being fired from a close range only a few feet away, from continuing to strike him in the torso/abdomen. Further disputed that the object appeared to be a pointy object.  The object Decedent was holding was a white plastic fork, with the handle protruding a few inches from the bottom of his hand, which does not have any point to it and does not look like a pointed weapon. Further, it is disputed that Garcia or any officer, ever saw what was believed to be a pointy object since no one ever yelled "drop it" or "he has a weapon" or words to that effect, as officers are trained to do if a suspect is holding a sharp or pointy weapon so as to notify his fellow officers and to allow the suspect an opportunity to discard any weapon.  Especially since Garcia claims to have seen the object for 3-4 seconds continuously. Even Garcia admits having difficulty determining whether the object was pointed or not and does not remember there being a point at the end of the object or seeing the color of steel or metal. Some of the officers never saw a knife, or anything that looked like a knife on Decedent and the white fork does not resemble a knife. Police officers, such as Garcia, are trained on |

Burke, Williams & Sorensen, LLP<br>Attorneys at Law<br>Los Angeles

06491-0027 4913-9686-6693 v1

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| | identifying and distinguishing objects and items in people's hands and whether they are weapons or not.<br><br>*Evidence:* Exhibit E (Sync'd Video); Exhibit O (Photo of Fork); Exhibit P (Noble Declaration at ¶ 20); Exhibit K (Garcia Depo. at 16:12-15, 20:2-21:14, 39:18–41:9, 45:15-19, 51:4-52:22, 60:3-17, 66:22-67:12, 72:15-22, and 78:7-16); Exhibit M (Quintero Depo. at 47:4-48:6, 57:14-17); Exhibit L (Chomuk Depo. at 37:18-38:16, 40:2-4); Exhibit N (Punzalan Depo. at 25:11-17, 39:5-7); Exhibit Q (Quintero Int. at 29:10-17, 30:11-14, 37:5-8); Exhibit U (Chomuk Body Cam Video at 9:00-9:30). See also Defendants' Uncontroverted Facts No. 32 |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

22

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| 30. *Moving Party's Response:* Attorney and witness descriptions of the Decedent's movements do not create a factual dispute because the body-worn camera and surveillance footage clearly capture the sequence of events in the moments leading up to Officer Garcia discharging his firearm. The still image included in Defendants' Motion clearly depicts the Decedent angling his body while clenching a pointed object protruding from his fist. (ECF No. 51 at p. 4;  Garcia Decl. at ¶ 23.) The fact that the object was ultimately determined to be a plastic fork is irrelevant because use-of-force analysis turns on what officers reasonably perceived at the moment force was used, not on facts learned later with 20/20 hindsight.<br><br>The events depicted in the video amount to undisputed facts; videos as undisputed facts have been commonplace in this day and age of body cameras.  (*See, e.g., Spencer v. Pew,* 117 F.4th 1130, 1133 (9th Cir. 2024), citing *Scott v. Harris,* 550 U.S. 372, 378 (2007) ("to the extent that the uncontested video evidence from the officers' body cameras establishes the timing and occurrence of events, we 'view[] the facts in the light depicted by the videotape'").<br><br>Plaintiffs' argument that none of the Officers called out that the Decedent had a weapon does not create a genuine issue of material fact. Plaintiffs concede that the encounter evolved in a matter of seconds, during which time multiple less-lethal rounds were deployed. This scenario left no meaningful opportunity for officers to verbalize a weapons warning. Although officers are trained, when time permits, to alert fellow officers and give a suspect an opportunity to discard a weapon by issuing commands such as "drop it" or "he has a weapon," the absence of such warnings in this rapidly unfolding encounter does not undermine the Officers' contemporaneous perception of a pointed object they believed was a knife or the reasonableness of their response.<br><br>Plaintiffs also attempt to rely on expert opinion. (Exhibit P: Noble Declaration). Expert opinion is not percipient testimony and cannot create a genuine dispute as to what occurred or what was observed. | |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

23

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| | |
|---|---|
| 31. Officer Garcia Alamilla believed the object clenched in Maccani's right fist was a knife.<br><br>*Evidence:* Garcia Decl. ¶ 22 | 31. Objection. Garcia's beliefs are not facts. Disputed that Garcia believed the object was a knife and it would an unreasonable mistake for Garcia to believe that the white plastic fork was a knife. The object Decedent was holding was a white plastic fork, with the handle protruding a few inches from the bottom of his hand, which does not have any point or edge to it and does look like a knife. Further, it is disputed that Garcia or any officer, ever saw what was believed to be a pointy object since no one ever yelled "drop it" or "he has a weapon" or words to that effect, as officers are trained to do if a suspect is holding a sharp or pointy weapon so as to notify his fellow officers and to allow the suspect an opportunity to discard any weapon. Especially since Garcia claims to have seen the object for 3-4 seconds continuously. Garcia also admits to never seeing the color of steel or metal. Some of the officers never saw a knife, or anything that looked like a knife on Decedent and the white fork does not resemble a knife. Police officers, such as Garcia, are trained on identifying and distinguishing objects and items in people's hands and whether they are weapons or not.<br><br>*Evidence*: Exhibit E (Sync'd Video); Exhibit U (Chomuk Body Cam Video at 9:00-9:30); Exhibit O (Photo of Fork); Exhibit P (Noble |

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| | Declaration at ¶ 20); Exhibit K (Garcia Depo. at 16:12-15, 20:2-21:14, 39:18-41:9, 45:15-19, 51:4-52:22, 60:3-17, 66:22-67:12, 72:15-22, 78:7-16); Exhibit M (Quintero Depo. at 36:1-10, 47:4-48:6, 57:14-17); Exhibit L (Chomuk Depo. at 37:18-38:16, 40:2-4); Exhibit N (Punzalan Depo. at 25:11-17, 39:5-7); Exhibit Q (Quintero Int. at 29:10-17, 30:11-14, 37:5-8) |

31. *Moving Party's Response:* Officer Garcia's belief that the Decedent had a knife clenched in his fist is a fact corroborated by body-worn camera and surveillance footage and testimony from other responding Officers that they also observed what they believed to be a knife in the Decedent's fist. The fact that the object was ultimately determined to be a plastic fork is irrelevant because use-of-force analysis turns on what officers reasonably perceived at the moment force was used, not based on facts learned later with 20/20 hindsight.

Plaintiffs' argument that none of the Officers called out that the Decedent had a weapon does not create a genuine issue of material fact. Plaintiffs concede that the encounter evolved in a matter of seconds, during which time multiple less-lethal rounds were deployed. This scenario left no meaningful opportunity for officers to verbalize a weapons warning. Although officers are trained, when time permits, to alert fellow officers and give a suspect an opportunity to discard a weapon by issuing commands such as "drop it" or "he has a weapon," the absence of such warnings in this rapidly unfolding encounter does not undermine the Officers' contemporaneous perception of a pointed object they believed was a knife or the reasonableness of their response.

Plaintiffs also attempt to rely on expert opinion. (Exhibit P: Noble Declaration). Expert opinion is not percipient testimony and cannot create a genuine dispute as to what occurred or what was observed.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

25

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| 32. Maccani's movements and stance were aggressive and combative, protecting his body with his left arm while approaching Officers as if preparing to strike with the other (as depicted in the photograph above, with the red circle around the object Officer Garcia observed in Maccani's hand).<br><br>*Evidence:* Garcia Decl. ¶ 23 | 32. Objection, vague. Disputed that Decedent was combative because he never tried to punch, kick or strike any of the officers and never verbally threatened them.<br><br>*Evidence*: Exhibit E (Sync'd Video); Exhibit K (Garcia Depo. at 45:6-10); Exhibit M (Quintero Depo. at 41:3-10, 45:21-46:3); Exhibit L (Chomuk Depo. at 32:4-10); Exhibit N (Punzalan Depo. at 28:25-29:10) |

32. *Moving Party's Response:* The statement of fact is not vague; the term "combative" clearly refers to the Decedent's physical resistance and aggressive conduct, including advancing toward Officers and failing to comply with commands, not solely to punching, kicking, or making verbal threats. Plaintiffs do not dispute that the Decedent approached Officers as if preparing to strike with his fist that clenched the pointed object Officer Garcia and others observed in Maccani's hand, which is circled in red in the referenced photograph. (Garcia Decl. ¶ 23.) Plaintiffs' objection attempts to redefine and limit the term "combative" and does not controvert the conduct described in the record and perceived by the responding officers.

| | |
|---|---|
| 33. Maccani began yelling and rapidly and purposefully charged towards the Officers.<br><br>*Evidence:* Garcia Decl. ¶ 24 | 33. Disputed. Decedent walked slowly towards the officers.<br><br>*Evidence:* Exhibit D (Officer Orozco Int. at 21:1-6); Exhibit J (Jauregui Int. at 11:11-13) |

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1    26    Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| 33. *Moving Party's Response:* Plaintiffs do not dispute that the Decedent was yelling as he approached the Officers. Attorney and witness descriptions of the Decedent's movements do not create a factual dispute because the body-worn camera and surveillance footage clearly capture the Decedent's movements in the moments leading up to Officer Garcia discharging his firearm. It is undisputed that the Decedent moved towards Officers in defiance of their commands and use of less-lethal force. The events depicted in the video amount to undisputed facts; videos as undisputed facts have been commonplace in this day and age of body cameras. (*See, e.g., Spencer v. Pew,* 117 F.4th 1130, 1133 (9th Cir. 2024), citing *Scott v. Harris,* 550 U.S. 372, 378 (2007) ("to the extent that the uncontested video evidence from the officers' body cameras establishes the timing and occurrence of events, we 'view[] the facts in the light depicted by the videotape'"). Furthermore, Plaintiffs' cited evidence relates to the Officers' initial encounter with the Decedent, not the period after less-lethal force was deployed, which is the timeframe addressed by the stated fact. | |
| 34. As he closed the distance, Officer Rodriguez deployed a second less-lethal beanbag round from less than one foot away. *Evidence:* Garcia Decl. ¶ 24 | 34. Undisputed. |
| 35. The beanbag struck Maccani on his right forearm. *Evidence:* Garcia Decl. ¶ 24 | 35. Undisputed. |

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

06491-0027 4913-9686-6693 v1

27

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| 36. This further use of less-lethal force also proved ineffective.<br><br>*Evidence:* Garcia Decl. ¶ 24 | 36. Officer Rodriguez, who fired the beanbag rounds, felt they were effective and may have assisted the officers to take Decedent into custody.<br><br>*Evidence*: Exhibit R (Rodriguez Int. at 25:3-24, 28:2-5) |
| 36. *Moving Party's Response:* It is undisputed that the deployment of a second beanbag round did not achieve compliance from the Decedent. Officer Rodriguez stated that after being struck with the second beanbag round, "he just quickly closed the distance," demonstrating that Decedent was unfazed by the second beanbag round. (Exhibit R: Rodriguez Int. at 25:3-8.) ||
| 37. Maccani shrieked and barreled towards the officers.<br><br>*Evidence:* Garcia Decl. ¶ 25 | 37. Objection, vague. Disputed. Decedent walked slowly towards the officers.<br><br>*Evidence:* Exhibit D (Officer Orozco Int. at 21:1-6); Exhibit J (Jauregui Int. at 11:11-13) |

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

28

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
| --- | --- |
| 37. *Moving Party's Response:* Plaintiffs do not dispute that the Decedent shrieked as he advanced on the Officers. Attorney and witness descriptions of the Decedent's movements do not create a factual dispute because the body-worn camera and surveillance footage clearly capture the Decedent's movements in the moments leading up to Officer Garcia discharging his firearm. It is undisputed that the Decedent moved towards Officers in defiance of both their commands and use of less-lethal force.<br><br>The events depicted in the video amount to undisputed facts; videos as undisputed facts have been commonplace in this day and age of body cameras.  (*See, e.g., Spencer v. Pew,* 117 F.4th 1130, 1133 (9th Cir. 2024), citing *Scott v. Harris,* 550 U.S. 372, 378 (2007) ("to the extent that the uncontested video evidence from the officers' body cameras establishes the timing and occurrence of events, we 'view[] the facts in the light depicted by the videotape'").<br><br>Furthermore, Plaintiffs' cited evidence relates to the Officers' initial encounter with the Decedent, not the period after less-lethal force was deployed, which is the timeframe addressed by the stated fact. | |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

29

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| | |
|---|---|
| 38. As he advanced, Officer Garcia again observed Maccani gripping what appeared to be a white knife in his right hand.<br><br>*Evidence:* Garcia Decl. ¶ 25 | 38. Disputed that Garcia believed the object was a knife and it would an unreasonable mistake for Garcia to believe that the white plastic fork was a knife. The object Decedent was holding was a white plastic fork, with the handle protruding from the bottom of his hand, which does not have any point or edge to it and does look like a knife. Further, it is disputed that Garcia or any officer, ever saw what was believed to be a pointy object since no one ever yelled "drop it" or "he has a weapon" or words to that effect, as officers are trained to do if a suspect is holding a sharp or pointy weapon so as to notify his fellow officers and to allow the suspect an opportunity to discard any weapon. Especially since Garcia claims to have seen the object for 3-4 seconds continuously. Garcia also admits to never seeing the color of steel or metal. The officers never saw a knife, or anything that looked like a knife on Decedent and the white fork does not resemble a knife. Police officers, such as Garcia, are trained on identifying and distinguishing objects and items in people's hands and whether they are weapons or not.<br><br>*Evidence*: Exhibit E (Sync'd Video); Exhibit U (Chomuk Body Cam Video at 9:00-9:30); Exhibit O (Photo of Fork); Exhibit P (Noble Declaration at ¶ 20); Exhibit K |

06491-0027 4913-9686-6693 v1

30

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
|  | (Garcia Depo. at 16:12-15, 20:2-21:14, 39:18-41:9, 45:15-19, 51:4-52:22, 60:3-17, 66:22-67:12, 72:15-22, 78:7-16); Exhibit M (Quintero Depo. at 36:1-10, 47:4-48:6, 57:14-17);  Exhibit L (Chomuk Depo. at 37:18-38:16, 40:2-4); Exhibit N (Punzalan Depo. at 25:11-17, 39:5-7); Exhibit Q (Quintero Int. at 29:10-17, 30:11-14, 37:5-8) |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

31

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
| --- | --- |
| 38. *Moving Party's Response:* Officer Garcia's belief that the Decedent had a knife clenched in his fist is a fact corroborated by body-worn camera and surveillance footage and testimony from other responding Officers that they also observed what they believed to be a knife in the Decedent's fist. The fact that the object was ultimately determined to be a plastic fork is irrelevant because use-of-force analysis turns on what officers reasonably perceived at the moment force was used, not on facts learned later with 20/20 hindsight.<br><br>Plaintiff's argument that none of the Officers called out that the Decedent had a weapon does not create a genuine issue of material fact. Plaintiffs concede that the encounter evolved in a matter of seconds, during which time multiple less-lethal rounds were deployed. This scenario left no meaningful opportunity for officers to verbalize a weapons warning. Although officers are trained, when time permits, to alert fellow officers and give a suspect an opportunity to discard a weapon by issuing commands such as "drop it" or "he has a weapon," the absence of such warnings in this rapidly unfolding encounter does not undermine the Officers' contemporaneous perception of a pointed object or the reasonableness of their response.<br><br>It is patently false to claim that no officers saw anything that looked like a knife on the Decedent. (*See, e.g.* Exhibit I: Punzalan Int. at 22:14-15; Exhibit L: Chomuk Depo. at 23:18-19; Exhibit M: Quintero Depo. at 36:2-3.) They believed based on what they saw that Decedent was holding a knife with his clenched fist.<br><br>Plaintiffs also attempt to rely on expert opinion to dispute this fact. (Exhibit P: Noble Declaration). Expert opinion is not percipient testimony and cannot create a genuine dispute as to what occurred or what was observed. | |

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| 39. Maccani's eyes were wide and fixed on the Officers with an intense, unbroken stare.<br><br>*Evidence:* Garcia Decl. ¶ 25 | 39. Objection, calls for speculation and vague. |
| 39. *Moving Party's Response:* The statement does not call for speculation and it is not vague; it is based on Officer Garcia's contemporaneous observations of the Decedent and describes what he saw. Plaintiff does not otherwise dispute this fact. | |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

33

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| | |
|---|---|
| 40. In that moment, Officer Garcia believed Maccani was preparing to use the knife against them.<br><br>*Evidence:* Garcia Decl. ¶ 25 | 40. Objection. Garcia's beliefs are not facts and assumes facts not in evidence. Disputed that Garcia believed the object was a knife and it would an unreasonable mistake for Garcia to believe that the white plastic fork was a knife. The object Decedent was holding was a white plastic fork, with the handle protruding from the bottom of his hand, which does not have any point or edge to it and does look like a knife. Further, it is disputed that Garcia or any officer, ever saw what was believed to be a pointy object since no one ever yelled "drop it" or "he has a weapon" or words to that effect, as officers are trained to do if a suspect is holding a sharp or pointy weapon so as to notify his fellow officers and to allow the suspect an opportunity to discard any weapon. Especially since Garcia claims to have seen the object for 3-4 seconds continuously. Garcia also admits to never seeing the color of steel or metal. The officers never saw a knife, or anything that looked like a knife on Decedent and the white fork does not resemble a knife. Police officers, such as Garcia, are trained on identifying and distinguishing objects and items in people's hands and whether they are weapons or not.<br><br>*Evidence*: Exhibit E (Sync'd Video); Exhibit U (Chomuk Body Cam Video at 9:00-9:30); Exhibit O |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

34

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
|  | (Photo of Fork); Exhibit P (Noble Declaration at ¶ 20); Exhibit K (Garcia Depo. at 16:12-15, 20:2-21:14, 39:18-41:9, 45:15-19, 51:4-52:22, 60:3-17, 66:22-67:12, 72:15-22, 78:7-16); Exhibit M (Quintero Depo. at 36:1-10, 47:4-48:6, 57:14-17); Exhibit L (Chomuk Depo. at 37:18-38:16, 40:2-4); Exhibit N (Punzalan Depo. at 25:11-17, 39:5-7); Exhibit Q (Quintero Int. at 29:10-17, 30:11-14, 37:5-8) |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

35

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| **40.** *Moving Party's Response:* It is undisputed that the Decedent had a white narrow object clenched in his fist with the pointed part of the object protruding from the bottom of his fist as he approached Officers. The fact that the object was later revealed to be a plastic fork is irrelevant to the use-of-force analysis.<br><br>Plaintiff's argument that none of the Officers called out that the Decedent had a weapon does not create a genuine issue of material fact. Plaintiffs concede that the encounter evolved in a matter of seconds, during which time multiple less-lethal rounds were deployed. This scenario left no meaningful opportunity for officers to verbalize a weapons warning. Although officers are trained, when time permits, to alert fellow officers and give a suspect an opportunity to discard a weapon by issuing commands such as "drop it" or "he has a weapon," the absence of such warnings in this rapidly unfolding encounter does not undermine the Officers' contemporaneous perception of a pointed object or the reasonableness of their response.<br><br>It is patently false to claim that no officers saw anything that looked like a knife on the Decedent. (*See, e.g.* Exhibit I: Punzalan Int. at 22:14-15; Exhibit L: Chomuk Depo. at 23:18-19; Exhibit M: Quintero Depo. at 36:2-3.)They believed based on what they saw that Decedent was holding a knife with his clenched fist.<br><br>Plaintiffs also attempt to rely on expert opinion to dispute this fact. (Exhibit P: Noble Declaration). Expert opinion is not percipient testimony and cannot create a genuine dispute as to what occurred or what was observed. | |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

36

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| 41. Maccani charged towards Officer Rodriguez, using both of his forearms to push her beanbag shotgun in a downward motion.<br><br>*Evidence:* Garcia Decl. ¶ 26 | 41. Disputed to the extent that Decedent slowly walked towards the officers as opposed to charged towards them. Further disputed to the extent that Rodriguez also indicated that the barrel of her shotgun never made contact with anyone. Further, Garcia never claims to have observed this.<br><br>*Evidence*: Exhibit D (Officer Orozco Int. at 21:1-6); Exhibit J (Jauregui Int. at 11:11-13); Exhibit S (Rodriguez 2nd Int. at 10:17-20) |

41. *Moving Party's Response:* The statements by Officer Orozco and Officer Jauregui cited by Plaintiffs discuss the Decedent's initial approach towards the Officers upon first contacting him; they do not describe his movements towards Officer Rodriguez after the less-lethal rounds had been deployed.

While Officer Rodriguez may not have noticed or recalled that the Decedent used his forearms to push the beanbag shotgun in a downward motion, this is clearly captured in Officers' body-worn camera footage. Officer Garcia included this observation in his declaration. (Garcia Decl. ¶ 26.)

The events depicted in the video amount to undisputed facts; videos as undisputed facts have been commonplace in this day and age of body cameras. (*See, e.g., Spencer v. Pew,* 117 F.4th 1130, 1133 (9th Cir. 2024), citing *Scott v. Harris,* 550 U.S. 372, 378 (2007) ("to the extent that the uncontested video evidence from the officers' body cameras establishes the timing and occurrence of events, we 'view[] the facts in the light depicted by the videotape'").

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

37

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| 42. Officer Rodriguez's head and back struck the wall as Maccani pushed her, pinning her against the wall.<br><br>*Evidence:* Garcia Decl. ¶ 26; see also Exs. A and B thereto Chomuk Decl., Ex. A | 42. Disputed that her head struck the wall or pinned her against the wall. Officer Rodriguez stated that she just recalls Decedent's hands near her abdomen/mid-section and does not even recall any physical contact. Rodriguez indicated she side stepped to the left, did not lose her balance, stepped back to create space and used her left hand to help take control of Decedent. Rodriguez also indicated that the barrel of her shotgun never made contact with anyone.<br><br>*Evidence*: Exhibit E (Sync'd Video); Exhibit R (Rodriguez Int. at 11:8-13, 44:8-11, 50:1-7); Exhibit S (Rodriguez 2nd Int. at 6:13-7:10, 10:17-20 |

| 42. *Moving Party's Response:* While Officer Rodriguez may not have noticed or recalled the precise sequence of events as the Decedent physically engaged with her, their encounter is clearly captured in Officers' body-worn camera footage.<br><br>The events depicted in the video amount to undisputed facts; videos as undisputed facts have been commonplace in this day and age of body cameras.  (*See, e.g., Spencer v. Pew,* 117 F.4th 1130, 1133 (9th Cir. 2024), citing *Scott v. Harris,* 550 U.S. 372, 378 (2007) ("to the extent that the uncontested video evidence from the officers' body cameras establishes the timing and occurrence of events, we 'view[] the facts in the light depicted by the videotape'")). |
|---|

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

38

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| 43. Officer Rodriguez immediately pulled the beanbag shotgun away, causing Maccani to collide with his back against the north hallway wall.<br><br>*Evidence:* Garcia Decl. ¶ 27 | 43. Objection calls for speculation. Decedent appears to push Officer Rodriguez away from him while turning clockwise and away from Rodriguez with his back up against the wall.<br><br>*Evidence:* Exhibit E (Sync'd Video) |

43. *Moving Party's Response:* The statement does not call for speculation; it is based on Officer Garcia's contemporaneous observations of the Decedent. It is also captured on video. Plaintiffs do not otherwise dispute this statement of fact.

The events depicted in the video amount to undisputed facts; videos as undisputed facts have been commonplace in this day and age of body cameras. (*See, e.g., Spencer v. Pew,* 117 F.4th 1130, 1133 (9th Cir. 2024), citing *Scott v. Harris,* 550 U.S. 372, 378 (2007) ("to the extent that the uncontested video evidence from the officers' body cameras establishes the timing and occurrence of events, we 'view[] the facts in the light depicted by the videotape'").

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

06491-0027 4913-9686-6693 v1

39

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| 44. Meanwhile, fearing for the safety of Officer Rodriguez, Officer Garcia unholstered his firearm.

*Evidence:* Garcia Decl. ¶ 28 | 44. Disputed to the extent that it was unreasonable for Garcia to unholster his gun based on any potential threat to Rodriguez's safety. Garcia was not assigned as the lethal cover, Garcia was assigned to the arrest team which was tasked with going hands-on and placing handcuffs on him. Further, Punzalan was going hands on with Decedent prior to the shooting and Rodriguez was using her left hand to try to control Decedent. Both these officers going hands on with Decedent further supports that lesser use of force options were feasible, available and far more appropriate to respond to any potential threat posed by Decedent. Further, Garcia was a rookie police officer who was still in the field training and probation period and such an inexperienced officer would never have been designated as the less lethal officer.

*Evidence*: Exhibit I (Punzalan Int. at 7:6-8:23, 9:17-22, 15:6-12, 19:12-19, 22:4-11, 30:14-31:17, 35:13-20, 41:14-20, 43:5-44:18); Exhibit N (Punzalan Depo. at 13:1-14:20, 24:3-23, 31:3-35:13, 40:19-43:7); Exhibit K (Garcia Depo. at 29:21-33:13, 44:1-18); Exhibit L (Chomuk Depo. at 33:18-36:14); Exhibit S (Rodriguez 2nd Int. at 6:13-7:25) |
|---|---|

44. *Moving Party's Response:* Plaintiffs do not dispute that Officer Garcia unholstered his firearm because he was concerned for Officer Rodriguez's safety. Plaintiff does not dispute this fact, but instead

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1          40          Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| argues—improperly—that it was unreasonable because he was not assigned as the legal cover and was a rookie. Those arguments are irrelevant to the question of reasonableness and whether the officer acted out of safety concerns. This fact should be deemed admitted. | |
| 45. Sergeant Punzalan then grabbed Maccani's right arm just above the elbow. *Evidence:* Garcia Decl. ¶ 28 | 45. Undisputed. |
| 46. As Sergeant Punzalan placed his right hand on Maccani's right bicep, Officer Garcia raised his pistol and fired one round from approximately three-to-six feet away toward center mass (chest/torso area). *Evidence:* Garcia Decl. ¶ 28 | 46. Undisputed. |
| 47. The round struck Maccani in the right upper arm and then his chest. *Evidence:* Garcia Decl. ¶ 29 | 47. Undisputed. |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

41

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| 48. Maccani screamed loudly but remained upright.<br><br>*Evidence:* Garcia Decl. ¶ 29 | 48. Disputed that he voluntarily remained upright. Sgt. Punzalan bear-hugged Decedent and pinned him up against the wall before taking him down to the ground.<br><br>*Evidence*: Exhibit I (Punzalan Int. at 9:17-20, 19:12-19, 35:13-20, 41:8-43:7) |
| 48. *Moving Party's Response:* Plaintiffs' response does not controvert the stated fact. The Decedent screamed loudly and remained upright at that moment. ||
| 49. Sergeant Punzalan pushed Maccani to the wall; he and Officer Garcia thereafter took Maccani to the ground and handcuffed him without further incident.<br><br>*Evidence:* Garcia Decl. ¶ 31 | 49. Undisputed. |
| 50. As they were handcuffing Maccani, Officer Garcia verbally confirmed to the other Officers that he had fired a lethal-force round that struck Maccani.<br><br>*Evidence:* Garcia Decl. ¶ 31 | 50. Undisputed. |
| 51. The lethal shot was fired at roughly 14:28:48 in the body-worn-camera footage.<br><br>*Evidence:* Garcia Decl. ¶ 31 | 51. Undisputed. |

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

06491-0027 4913-9686-6693 v1

42

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| 52. Officers quickly rolled Maccani into a recovery position (on his side) and radioed dispatch to send an ambulance.<br><br>*Evidence:* Garcia Decl. ¶ 32 | 52. Objection. Vague and ambiguous. Disputed that he was quickly rolled into a recovery position.<br><br>*Evidence*: Exhibit B (Jauregui Body Cam at 13:00-14:00) |

52. *Moving Party's Response:* Plaintiffs do not oppose entry of judgment in Defendants' favor on the Section 1983 denial-of-medical-care claim. Any dispute regarding the medical care provided to the Decedent is therefore immaterial to the resolution of the remaining issues raised in Defendants' Motion.

In any event, the body-worn camera footage speaks for itself and accurately depicts when and what medical care was provided to the Decedent. The events depicted in the video amount to undisputed facts; videos as undisputed facts have been commonplace in this day and age of body cameras.  (*See, e.g., Spencer v. Pew,* 117 F.4th 1130, 1133 (9th Cir. 2024), citing *Scott v. Harris,* 550 U.S. 372, 378 (2007) ("to the extent that the uncontested video evidence from the officers' body cameras establishes the timing and occurrence of events, we 'view[] the facts in the light depicted by the videotape'").

| | |
|---|---|
| 53. Officer Garcia heard one of his fellow officers call for the rescue ambulance at roughly 14:29:57, just over a minute after the lethal shot was fired.<br><br>*Evidence:* Garcia Decl. ¶ 32 | 53. Undisputed. |

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
| --- | --- |
| 54. Officer Garcia noticed Maccani had a chest wound after he was rolled into the recovery position and applied pressure to prevent him from bleeding out.<br><br>*Evidence:* Garcia Decl. ¶ 32 | 54. Undisputed |
| 55. Officer Orozco checked for a pulse on Maccani's neck.<br><br>*Evidence:* Garcia Decl. ¶ 32 | 55. Undisputed. |
| 56. He ordered that chest compressions be initiated, so Officer Garcia rolled Maccani onto his back, and performed chest compressions until another Officer took over.<br><br>*Evidence:* Garcia Decl. ¶ 33 | 56. Undisputed. |
| 57. Los Angeles Fire Department personnel arrived at 14:35 hours and assumed medical care of Maccani, who was later pronounced deceased at the hospital at 15:12 hours.<br><br>*Evidence:* Garcia Decl. ¶ 33 | 57. Undisputed. |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

44

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| 58. After Maccani was transported and the scene was processed, it was discovered that the object he had been clenching in his fist was a plastic fork.

*Evidence:* Garcia Decl. ¶ 34 | 58. Disputed that the object in Decedent's hand looked like a knife. The object in Decedent's hand was a white plastic fork, which does not resemble a knife. The white plastic fork was seen on the ground immediately after the shooting, while the officers were handcuffing the Decedent.

*Evidence*: Exhibit M (Quintero Depo. at 31:10-16, 47:4-48:6, 57:14-17); Exhibit P (Noble Declaration at ¶ 20) |

58. *Moving Party's Response:* Plaintiffs' response does not controvert the stated fact. It is undisputed that after the scene was processed, the object clenched in the Decedent's fist was determined to be a plastic fork.

Plaintiffs also attempt to rely on expert opinion to dispute this fact. (Exhibit P: Noble Declaration). Expert opinion is not percipient testimony and cannot create a genuine dispute as to what occurred or what was observed.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

06491-0027 4913-9686-6693 v1

45

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| | |
|---|---|
| 59. Officer Garcia was unaware of this fact until after the shooting.<br><br>*Evidence:* Garcia Decl. ¶ 34 | 59. Disputed to the extent that the object in Decedent's hand was a white plastic fork which does not look like a knife. The handle of the plastic fork was protruding from the bottom of Decedent's hand, which does not have any point or edge to it and does look like a knife. Further, it is disputed that Garcia or any officer, ever saw what was believed to be a pointy object since no one ever yelled "drop it" or "he has a weapon" or words to that effect, as officers are trained to do if a suspect is holding a sharp or pointy weapon so as to notify his fellow officers and to allow the suspect an opportunity to discard any weapon. Garcia also admits to never seeing the color of steel or metal. The officers never saw a knife, or anything that looked like a knife on Decedent and the white fork does not resemble a knife. Police officers, such as Garcia, are trained on identifying and distinguishing objects and items in people's hands and whether they are weapons or not.<br><br>*Evidence*: Exhibit E (Sync'd Video); Exhibit O (Photo of Fork); Exhibit P (Noble Declaration at ¶ 20); Exhibit K (Garcia Depo. at 16:12-15, 20:2-21:14, 39:18-41:9, 45:15-19, 51:4-52:22, 60:3-17, 66:22-67:12, 72:15-22, 78:7-16); Exhibit M (Quintero Depo. at 36:1-10, 47:4-48:6, 57:14-17); Exhibit L (Chomuk Depo. at 37:18-38:16, 40:2-4); Exhibit N (Punzalan Depo. |

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
| --- | --- |
| | at 25:11-17, 39:5-7); Exhibit Q (Quintero Int. at 29:10-17, 30:11-14, 37:5-8) |

59. *Moving Party's Response*: It is undisputed that the Decedent had a white narrow object clenched in his fist with the part of the object protruding from the bottom of his fist as he approached Officers. The fact that the object was later revealed to be a plastic fork is irrelevant to the use-of-force analysis.

Plaintiff's argument that none of the Officers called out that the Decedent had a weapon does not create a genuine issue of material fact. Plaintiffs concede that the encounter evolved in a matter of seconds, during which time multiple less-lethal rounds were deployed. This scenario left no meaningful opportunity for officers to verbalize a weapons warning. Although officers are trained, when time permits, to alert fellow officers and give a suspect an opportunity to discard a weapon by issuing commands such as "drop it" or "he has a weapon," the absence of such warnings in this rapidly unfolding encounter does not undermine the Officers' contemporaneous perception of a pointed object or the reasonableness of their response.

It is patently false to claim that no officers saw anything that looked like a knife on the Decedent. (*See, e.g.* Exhibit I: Punzalan Int. at 22:14-15; Exhibit L: Chomuk Depo. at 23:18-19; Exhibit M: Quintero Depo. at 36:2-3.) They believed based on what they saw that Decedent was holding a knife with his clenched fist.

Plaintiffs also attempt to rely on expert opinion to dispute this fact. (Exhibit P: Noble Declaration). Expert opinion is not percipient testimony and cannot create a genuine dispute as to what occurred or what was observed.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

47

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| 60. Surveillance video footage that fairly and accurately depicts the events that occurred in the fourth floor hallway on February 3, 2024 is attached as **Exhibit A** to Officer Garcia's declaration. The video, which was produced as DEF2520, contains no audio component and appears somewhat distorted as it uses a wide-angle lens.<br><br>*Evidence:* Garcia Decl. ¶ 35 (erroneously numbered 31 on page 7) | 60. Objection. Vague and ambiguous, also confusing and misleading. Disputed to the extent that the surveillance footage does not appear distorted.<br><br>*Evidence*: Exhibit E (Sync'd Video) |
| 60. *Moving Party's Response:* Plaintiffs do not dispute that the surveillance video fairly and accurately depicts the events on the date at issue, that it contains no audio, or that it was produced as DEF2520 and attached as Exhibit A to Officer Garcia's declaration. Plaintiffs' response disputes only whether the wide-angle perspective should be described as "distorted," which does not controvert the stated fact. | |
| 61. The footage from Officer Garcia's body worn camera that fairly and accurately depicts the events that occurred in the fourth floor hallway on February 3, 2024, from the viewpoint of the camera affixed to his chest is attached to his declaration as **Exhibit B**. It was produced as DEF2521.<br><br>*Evidence:* Garcia Decl. ¶ 36 (erroneously numbered 32 on page 7) | 61. Undisputed. |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

48

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT

| UNCONTROVERTED FACTS AND SUPPORTING EVIDENCE | OPPOSING PARTY'S RESPONSE TO CITED FACTS AND SUPPORTING EVIDENCE |
|---|---|
| 62. The footage from Officer Chomuk's body worn camera that fairly and accurately depicts the events that occurred in the fourth floor hallway on February 3, 2024, from the viewpoint of the camera affixed to his chest is attached to his declaration as **Exhibit A**. It was produced as DEF2504.<br><br>*Evidence:* Chomuk Decl. ¶ 4 | 62. Undisputed. |

## PLAINTIFFS' ADDITIONAL MATERIAL FACTS

| PLAINTIFFS' ADDITIONAL MATERIAL FACTS | MOVING PARTIES' RESPONSES AND SUPPORTING EVIDENCE |
|---|---|
| 63. With regards to the initial 911 call, Garcia did not have any information that anyone had been injured or that the suspect had a gun or a knife.<br><br>*Evidence:* Exhibit K (Garcia Depo. at 6:24-7:7, 24:19-22) | 63. Immaterial but undisputed, though Plaintiffs' Exhibit K does not include pages 6 or 7 of Defendant Garcia's deposition transcript, and those pages do not discuss the content of the initial 911 call. |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

49

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE AT STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| | |
|---|---|
| 64. Upon arriving on-scene, the involved officers, including Garcia, spoke with the parties reporting ("PR") who told the officers that the suspect told them to leave, he was saying weird stuff like the world is coming to an end, that he did not hit anyone, that he was being very antsy, that he was talking non-sense, that he did not have a weapon on his person like a gun or a knife.<br><br>*Evidence:* Exhibit B (Jauregui Body Cam at 8:00-10:30); Exhibit C (Punzalan Body Cam at 3:00-5:30); Exhibit H (Garcia Int. at 7:17-22, 17:6-9); Exhibit K (Garcia Depo. at 27:20-24, 46:8-47:2); Exhibit L (Chomuk Depo. at 15:18-24) | 64. Disputed only to the extent the summary mischaracterizes the recorded interview. The recording reflects that the PRs stated that the Decedent told them the world was "changing" and they were asked about the Decedent's access to a gun–not a knife–in the referenced BWC. The recording further reflects that the PRs advised the Officers that the Decedent had access to scissors and shears.<br><br>*Evidence:* Exhibit B (Jauregui Body Cam at 10:28-10:35); Exhibit C (Punzalan Body Cam at 5:30-5:42) |
| 65. Sgt. Punzalan formulated a tactical plan that included a lethal-cover officer, a contact officer, two less lethal options (40mm and beanbag shotgun), a contact officer and the arrest team.<br><br>*Evidence:* Exhibit I (Punzalan Int. at 7:6-8:23, 15:2-12, 22:2-11, 30:7-31:20, 36:5-12, 44:6-18); Exhibit N (Punzalan Depo. at 13:18-14:7, 32:20-35:18); and Exhibit K (Garcia Depo. at 29:21-33:13) | 65. Disputed. Sgt. Punzalan stated that his designated team included a contact officer (Officer Jauregui); less lethal officer with the .40 (Officer Chomuk); a less lethal officer with the beanbag shotgun (Officer Rodriguez); a direct contact officer with lethal cover (Officer Orozco); and two arrest officers (Officer Garcia and Officer Quintero).<br><br>*Evidence:* Exhibit I (Punzalan Int. 15:8-12); Exhibit N (Punzalan Depo. at 14:21-24) |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

50

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| | |
|---|---|
| 66. Garcia was part of the arrest team which is tasked with going hands on and placing handcuffs on the suspect.  Sgt. Punzalan made sure that Garcia understood his assignment because it was important that he understood and followed the tactical plan.  Garcia understood, based on his training, that if lethal was necessary that the other officer would be designated with that responsibility.<br><br>*Evidence:* Exhibit I (Punzalan Int. at 7:6-8:23, 15:6-19:2-11, 22:2-11, 30:7-31:20, 44:6-18); Exhibit N (Punzalan Depo. at 13:1-14:20, 32:20-35:6); and Exhibit K (Garcia Depo. at 29:21-33:13) | 66. Disputed only to the extent the summary mischaracterizes the recorded interview, where Sgt. Punzalan stated that tactics change depending on how the scene evolves.<br><br>*Evidence:* Exhibit N (Punzalan Depo. at 35:4-6) |
| 67. Because Garcia was still in his field training and probationary period as a new officer, he would not have been assigned as the lethal option and they would want someone with more experience with that assignment.<br><br>*Evidence:* Exhibit I (Punzalan Int. at 7:6-8:23, 15:2-12, 22:7-11, 30:14-31:17, 44:6-18); Exhibit N (Punzalan Depo. at 13:1-14:20, 32:20-35:6); and Exhibit K (Garcia Depo. at 29:21-33:13) | 67. Disputed only to the extent that Plaintiffs imply anything more than what Sgt. Punzalan testified to–that generally, as a supervisor, he would not have assigned a probationary officer to be lethal cover.<br><br>*Evidence:* Exhibit N (Punzalan Depo. at 33:3) |

| | |
|---|---|
| 68. Officers are trained on the importance of formulating tactical plans and following them and not deviating from them, including for the safety of both the suspect and the officers.  Further, Garcia should have never deviated from the tactical plan and Garcia's deviation from the tactical plan was a significant factor in causing him to use deadly force against Decedent.<br><br>*Evidence:* Exhibit P (Noble Declaration at ¶ 22); Exhibit M (Quintero Depo. at 22:19-25:6); Exhibit L (Chomuk Depo. at 19:12-20:12, 43:18-24) | 68. Disputed. This statement is an impermissible legal conclusion and argumentative characterization, not a material fact.<br><br>Plaintiffs also improperly attempt to rely on expert opinion. (Exhibit P: Noble Declaration). Expert opinion is not percipient testimony and cannot establish a material fact.<br><br>Additionally, Plaintiffs' mischaracterize Officer Quintero's testimony. He was asked if he was "trained on the importance of following [his] role in a tactical plan and not deviating from it, **if safety allows.**" To which he responded "Yes, sir. **But if we have to deviate, then we're able to.**"<br><br>*Evidence:* Exhibit M (Quintero Depo. at 22:19-23, *emphasis added*) |
| 69. The arrest team would normally be at the back of the configuration and the lethal and less lethal options would be to the front of the configuration.<br><br>*Evidence:* Exhibit M (Quintero Depo. at 28:1-13) | 69. Undisputed. |

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

06491-0027 4913-9686-6693 v1

52

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| | |
|---|---|
| 70. Based on the information on the call, the location being in the skid row area, the information provided by the PR and police officer training, the officers believed that they may be dealing with someone experiencing a mental health crises.<br><br>*Evidence:* Exhibit H (Garcia Int. at 7:20-22, 9:2-14, 63:9-64:5); Exhibit K (Garcia Depo. at 70:14-16); Exhibit I (Punzalan Int. at 7:22-25, 13:11-17, 28:20-29:19); Exhibit G (Chomuk Int. at 15:7-17, 63:18-64:6); Exhibit Q (Quintero Int. at 12:7-10); Exhibit M (Quintero Depo. at 7:14-20, 54:16-55:21); Exhibit L (Chomuk Depo. at 10:13-19, 22:21-23:6, 49:6-52:4); Exhibit N (Punzalan Depo. at 12:7-20, 30:12-15, 40:25-43:7); Exhibit P (Noble Declaration at ¶ 17) | 70. Undisputed that officers considered the possibility that Decedent was experiencing a mental health crisis. However, this was not the sole factor. Officers also considered the information relayed by dispatch regarding a threatening individual, the reported conduct at the scene, Decedent's actions upon contact, and officer-safety considerations, all of which informed their response.<br><br>Plaintiffs also improperly attempt to rely on expert opinion. (Exhibit P: Noble Declaration). Expert opinion is not percipient testimony and cannot establish a material fact.<br><br>*Evidence:* Garcia Decl. at ¶¶ 4, 8; Exhibit A: CAD Printout at timestamp 14:14:25 2/3/2024. |
| 71. The officers planned to arrest Decedent for misdemeanor trespass if he refused to leave the property because after discussions with the PR the officers determined that an assault or a felony had not been committed.<br><br>*Evidence:* Exhibit K (Garcia Depo. at 27:21-29:1); Exhibit N (Punzalan Depo. at 10:11-19, 15:16-16:21); Exhibit I (Punzalan Int. at 30:2-17); Exhibit J (Jauregui Int. at 9:21-10:4) | 71. Undisputed. |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

53

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| | |
|---|---|
| 72. The plan was to safely take Decedent into custody with the minimal amount of force possible.<br><br>*Evidence:* Exhibit N (Punzalan Depo. at 16:11-21) | 72. Undisputed. |
| 73. The responding officers went to the end of the hall on fourth floor and began to issue commands for the Decedent to exit out of the unit. Decedent was initially compliant with the officers' commands.<br><br>*Evidence:* Exhibit E (Sync'd Video); Exhibit G (Chomuk Int. at 15:18-25, 58:18-59:1); Exhibit J (Jauregui Int. at 32:3-14) | 73. Undisputed. |
| 74. The officers believed that Decedent appeared mentally ill based on his appearance and behavior.<br><br>*Evidence:* Exhibit L (Chomuk Depo. at 22:13-23:6, 49:18-52:4); Exhibit H (Garcia Int. 8:13-18); Exhibit K (Garcia Depo at 70:17-20); Exhibit M (Quintero Depo. at 31:1-9) | 74. Undisputed that officers considered the possibility that Decedent was experiencing a mental health crisis. However, this was not the sole consideration. Officers also believed he may have been under the influence.<br><br>*Evidence:* Garcia Decl. at ¶¶ 4, 8; Exhibit A: CAD Printout at timestamp 14:14:25 2/3/2024. |
| 75. During the morning roll call, there was a discussion with the involved officers regarding using less lethal when feasible rather than lethal.<br><br>*Evidence:* Exhibit N (Punzalan Depo. at 35:23-36:14); Exhibit L (Chomuk Depo. at 45:24-50:1) | 75. Immaterial but undisputed. |

| | |
|---|---|
| 76. After walking backwards with his hands in the air, as the officers ordered, Decedent lowered his hands, turned around and began walking slowly towards the officers.<br><br>*Evidence:* Exhibit D (Officer Orozco Int. at 21:3-22:3, 23:11-24:16); Exhibit J (Jauregui Int. at 11:11-15); Exhibit E (Sync'd Video) | 76. Disputed. The body-worn camera and surveillance footage depict Decedent advancing rapidly toward the officers. Plaintiffs' characterization does not create a genuine dispute of material fact because the body-worn camera and surveillance footage clearly capture the Decedent's movements.<br><br>*Evidence:* Garcia Decl. at ¶¶ 31-32 (Exhibits A and B thereto); Chomuk Decl. at ¶ 4 (Exhibit A thereto); Exhibit B (Jauregui Body Cam); Exhibit C (Punzalan Body Cam) |
| 77. Decedent was holding a white plastic fork in his right hand with the handle of the fork protruding a few inches from the bottom of his hand. The white plastic fork's handle did not have any point or sharp edge to it and does not look like a knife.<br><br>*Evidence:* Exhibit E (Sync'd Video); Exhibit O (Photo of Fork); Exhibit P (Noble Declaration at ¶ 20); Exhibit M (Quintero Depo. at 31:12-16, 36:19-21, 47:23-48:6, 57:14-17); Exhibit L (Chomuk Depo. at 37:18-38:16); Exhibit Q (Quintero Int. at 29:10-17, 30:11-14) | 77. Disputed. The fact that the object was ultimately determined to be a plastic fork is irrelevant because use-of-force analysis turns on what officers reasonably perceived at the moment force was used, not on facts learned later with 20/20 hindsight. Defendants also object to Plaintiffs' alleged fact to the extent it contains argument.<br><br>Plaintiffs also improperly attempt to rely on expert opinion. (Exhibit P: Noble Declaration). Expert opinion is not percipient testimony and cannot establish a material fact. |

| | |
|---|---|
| 78. This is further supported by the fact that Garcia nor any officer, ever yelled "drop it" or "he has a weapon" or words to that effect, as officers are trained to do if a suspect is holding a sharp, pointy or edged weapon so as to notify his fellow officers and to allow the suspect an opportunity to discard any weapon.<br><br>*Evidence:* Exhibit E (Sync'd Video); Exhibit K (Garcia Depo. at 39:11-41:9, 45:15-19); Exhibit M (Quintero Depo. 37:2-7); Exhibit N (Punzalan Depo. at 25:11-17, 39:5-7) | 78. Disputed. Improper additional "fact." This statement is argumentative and speculative, and it improperly asserts law-enforcement training, tactics, and officer intent without any evidentiary foundation. Plaintiff cites no admissible evidence establishing that officers are *required* to yell specific phrases in every circumstance involving a suspected weapon, nor that the absence of such statements proves a weapon was not perceived. |
| 79. Especially since Garcia claims to have seen the object for 3-4 seconds continuously and he never told anyone at the scene that he thought that Decedent had a knife.<br><br>*Evidence:* Exhibit K (Garcia Depo. at 78:7-11) | 78. Disputed. Improper additional "fact." This statement is argumentative and speculative. |
| 80. Garcia also admits to never seeing the color of steel or metal.<br><br>*Evidence:* Exhibit K (Garcia Depo. at 78:7-11) | 80. Immaterial but undisputed. |

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

06491-0027 4913-9686-6693 v1

56

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| | |
|---|---|
| 81. Sgt. Punzalan never saw what looked like a knife on Decedent.<br><br>*Evidence:* Exhibit N (Punzalan Depo. at 39:5-7) | 81. Disputed. Sgt. Punzalan stated that the suspect appeared to be armed with a sharp object. The fact that he did not identify the object specifically as a knife is immaterial.<br><br>*Evidence:* Exhibit I: Punzalan Int. at 22:14-15 |
| 82. The white fork does not resemble a knife.<br><br>*Evidence:* Exhibit E (Sync'd Video); Exhibit O (Photo of Fork); Quintero Int. at 29:10-17 | 82. Disputed. Improper additional "fact." This statement is argumentative and speculative. The officers believed it was a knife based on the fact Decedent held it with a clenched fist and they saw a point protruding. |
| 83. Further, Police officers, such as Garcia, are trained on identifying and distinguishing objects and items in people's hands and whether they are weapons or not.<br><br>*Evidence:* Exhibit K (Garcia Depo. at 60:3-9) | 83. Disputed. Improper additional "fact." This statement is argumentative and speculative. Officers have to rely on their perceptions and information at the time, not with 20/20 hindsight. |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

57

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| | |
|---|---|
| 84. Decedent's arms and hands are down by his side as he initially slowly walks towards the officers.<br><br>*Evidence:* Exhibit E (Sync'd Video) | 84. Disputed. The body-worn camera and surveillance footage depict Decedent advancing rapidly toward the officers. Plaintiff's characterization does not create a genuine dispute of material fact because the body-worn camera and surveillance footage clearly capture the Decedent's movements.<br><br>*Evidence:* Garcia Decl. at ¶¶ 31-32 (Exhibits A and B thereto); Chomuk Decl. at ¶ 4 (Exhibit A thereto); Exhibit B (Jauregui Body Cam); Exhibit C (Punzalan Body Cam) |
| 85. The officers then began to fire less lethal rounds at Decedent, including one 40mm round and one beanbag round. The officers did not give a verbal warning before firing any of these less lethal rounds.<br><br>*Evidence:* Exhibit E (Sync'd Video); Exhibit L (Chomuk Depo. at 27:10-25); Exhibit Q (Quintero Depo. at 38:5-24) | 85. Undisputed. |
| 86. These less lethal rounds appear to strike the Decedent.<br><br>*Evidence:* Exhibit L (Chomuk Depo. at 27:5-9, 36:2-4); Exhibit E (Sync'd Video) | 86. Undisputed. |

| | |
|---|---|
| 87. After the officers began to fire the less than lethal rounds at Decedent, he moved his arms to his abdomen and chest area, while continuing to slowly walk towards them.<br><br>*Evidence:* Exhibit E (Sync'd Video); Exhibit D (Orozco Int. at 23:5-13; 24:6-16); Exhibit J (Jauregui Int. at 11:20-24) | 87. Disputed. The body-worn camera and surveillance footage depict Decedent advancing rapidly toward the officers. Plaintiff's characterization does not create a genuine dispute of material fact because the body-worn camera and surveillance footage clearly capture the Decedent's movements.<br><br>*Evidence:* Garcia Decl. at ¶¶ 31-32 (Exhibits A and B thereto); Chomuk Decl. at ¶ 4 (Exhibit A thereto); Exhibit B (Jauregui Body Cam); Exhibit C (Punzalan Body Cam) |
| 88. A second beanbag round is then fired at Decedent, which also appears to strike him.<br><br>*Evidence:* Exhibit E (Sync'd Video); Exhibit D (Orozco Int. at 23:17-24; 24:6-16) | 88. Undisputed |
| 89. The 40mm and beanbag rounds are intended for subjects displaying a lower level of resistance than an immediate or imminent threat of death or serious bodily injury, which is the standard for using deadly force. At most, the officers should have used less lethal force.<br><br>*Evidence:* Exhibit L (Chomuk Depo. at 44:23-49:13); Exhibit T (Jauregui Depo. at 21:9-22:4); Exhibit P (Noble Declaration at ¶ 21) | 89. Disputed. Improper additional "fact." This statement is argumentative and speculative.<br><br>Plaintiffs also improperly attempt to rely on expert opinion. (Exhibit P: Noble Declaration). Expert opinion is not percipient testimony and cannot establish a material fact. |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

59

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| | |
|---|---|
| 90. The less than lethal rounds were effective and assisted with the officers taking Decedent into custody.<br><br>*Evidence:* Exhibit R (Rodriguez Int. at 25:1-8, 28:2-5) | 90. Disputed. The less lethal rounds did not result in obtaining compliance from the Decedent. It is undisputed that the Decedent moved towards Officers in defiance of their commands and use of less-lethal force.<br><br>*Evidence:* Garcia Decl. ¶¶ 21 and 24 |
| 91. After the second beanbag round struck Decedent, he continued to briefly walk towards the officers and while near the wall, he pushed the officer holding the beanbag shotgun away from him with his left hand while turning clockwise away from the officer. While this was occurring, the officer holding the beanbag shotgun side stepped to the left, she stepped back to create distance and never lost her balance.<br><br>*Evidence:* Exhibit R (Rodriguez Int. at 50:1-7); Exhibit S (Rodriguez 2ⁿᵈ Int. at 6:16-7:7); Exhibit E (Sync'd Video) | 91. Disputed only as to characterization. Attorney and witness descriptions of the Decedent's movements do not create a factual dispute because the body-worn camera and surveillance footage–whose contents are undisputed–clearly capture the Decedent's movements in the moments leading up to Officer Garcia discharging his firearm.<br><br>*Evidence:* Garcia Decl. at ¶¶ 31-32 (Exhibits A and B thereto); Chomuk Decl. at ¶ 4 (Exhibit A thereto); Exhibit B (Jauregui Body Cam); Exhibit C (Punzalan Body Cam) |

| | |
|---|---|
| 92. Decedent made minimal physical contact with the beanbag officer and she only recalls maybe Decedent touching her around her abdomen/midsection area but does not actually recall any physical contact with Decedent.  Further, the officer does not recall Decedent making any physical contact with the barrel of her shotgun.<br><br>*Evidence:* Exhibit R (Rodriguez Int. at 11:4-13, 44:8-15); Exhibit S (Rodriguez 2nd Int. at 10:17-20) | 92. Disputed only as to characterization. Attorney and witness descriptions of the Decedent's movements do not create a factual dispute because the body-worn camera and surveillance footage–whose contents are undisputed–clearly capture the Decedent's movements in the moments leading up to Officer Garcia discharging his firearm.<br><br>*Evidence:* Garcia Decl. at ¶¶ 31-32 (Exhibits A and B thereto); Chomuk Decl. at ¶ 4 (Exhibit A thereto); Exhibit B (Jauregui Body Cam); Exhibit C (Punzalan Body Cam) |
| 93. As Decedent spun clockwise, and away from the beanbag officer, Sgt. Punzalan saw an opportunity and he went hands on with the Decedent and grabbed his arm and torso and bear-hugged him and pushed him towards the wall.<br><br>*Evidence:* Exhibit I (Punzalan Int. at 9:17-20, 19:12-19, 35:13-15, 41:17-20, 43:5-10); Exhibit S (Rodriguez 2nd Int. at 6:22-7:7); Exhibit N (Punzalan Depo. at 24:3-17, 31:6-10, 42:21-43:4); Exhibit L (Chomuk Depo. at 33:18-36:12); Exhibit E (Sync'd Video) | 93. Undisputed. |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| | |
|---|---|
| 94. Officer Rodriguez (the beanbag officer) also used her left hand to help gain control of Decedent because she did not want Punzalan going hands on by himself.<br><br>*Evidence:* Exhibit S (Rodriguez 2nd Int. at 6:22-7:7) | 94. Undisputed. |
| 95. Punzalan went hands on with Decedent to de-escalate the situation because was dealing with a mental health issue, which is part of police officer de-escalation training, and to avoid the need for the additional or higher uses of force (including deadly force).<br><br>*Evidence:* Exhibit I (Punzalan Int. at 9:17-20, 19:12-19, 35:13-15, 41:17-20, 43:5-10); Exhibit S (Rodriguez 2nd Int. at 6:22-7:7); Exhibit N (Punzalan Depo. at 24:3-17, 31:6-10, 42:21-43:4); Exhibit L (Chomuk Depo. at 33:18-36:12); Exhibit E (Sync'd Video) | 95. Disputed. Improper additional "fact." This statement is argumentative and speculative. |

| | |
|---|---|
| 96. While Punzalan and Rodriguez were going hands-on with the Decedent, Garcia fired a single gunshot which struck Punzalan in his hand and struck Decedent in the arm and chest.<br><br>*Evidence:* Exhibit I (Punzalan Int. at 24:7-9); Exhibit K (Garcia Depo. at 61:7-21); Exhibit M (Quintero Depo. at 42:3-5); Exhibit L (Chomuk Depo. at 35:5-16); Exhibit E (Sync'd Video) | 96. Disputed only to the extent Plaintiffs characterize Sgt. Punzalan's injury as a gunshot wound to the hand. The cited evidence shows the injury was a grazing wound, not a penetrating gunshot wound to the hand.<br><br>*Evidence:* Exhibit N (Punzalan Depo. at 30:16-20) |
| 97. The last beanbag round and the gunshot were fired within approximately one second of each other.<br><br>*Evidence:* Exhibit K (Garcia Depo 50:21-24, 63:2-11); Exhibit E (Sync'd Video) | 97. Undisputed. |
| 98. Garcia did not give a verbal warning that deadly force would be used prior to firing and he did not issue any commands, including to drop it, prior to firing.<br><br>*Evidence:* Exhibit H (Garcia Int. at 60:18-21); Exhibit K (Garcia Depo. at 17:9-14) | 98. Irrelevant but undisputed. There was not time to issue a warning given the rapidly evolving situation. |

| | |
|---|---|
| 99. Garcia could not see Decedent's hands or the fork in his hand, at the time of the shooting.<br><br>*Evidence:* Exhibit K (Garcia Depo. at 69:21-23, 75:9-76:7) | 99. Undisputed. Officer Garcia testified that the Decedent's body was blocking his view of the Decedent's hand and object clenched therein.<br><br>*Evidence:* Exhibit K (Garcia Depo. at 75:9-76:7) |
| 100. Decedent's hands were not in physical contact with any other officers or their weapons at time of shooting.<br><br>*Evidence:* Exhibit L (Chomuk Depo. at 33:14-16, 36:9-11); Exhibit E (Sync'd Video) | 100. Disputed. Officer Garcia testified that the Decedent was in physical contact with Officer Rodriguez at the time he discharged his firearm.<br><br>*Evidence:* Exhibit K (Garcia Depo. at 69:7-18) |
| 101. Garcia estimates he was six feet away from Decedent (out of arms reach) when he fired.<br><br>*Evidence:* Exhibit K (Garcia Depo. at 17:15-17) | 101. Undisputed. |

| | |
|---|---|
| 102. Decedent never held the white plastic fork above his head and he never made a stabbing or slashing motion while holding the fork.<br><br>*Evidence:* Exhibit M (Quintero Depo. at 31:22-32:5); Exhibit L (Chomuk Depo. at 26:7-15); Exhibit T (Jauregui Depo. at 46:13-17); Exhibit K (Garcia Depo. at 75:16-76:3); Exhibit E (Sync'd Video) | 102. Disputed only as to characterization. Attorney and witness descriptions of the Decedent's movements do not create a factual dispute because the body-worn camera and surveillance footage–whose contents are undisputed–clearly capture the Decedent's movements in the moments leading up to Officer Garcia discharging his firearm.<br><br>*Evidence:* Garcia Decl. at ¶¶ 31-32 (Exhibits A and B thereto); Chomuk Decl. at ¶ 4 (Exhibit A thereto); Exhibit B (Jauregui Body Cam); Exhibit C (Punzalan Body Cam) |
| 103. The hallway where the incident occurred is well lit.<br><br>*Evidence:* Exhibit E (Sync'd Video); Exhibit K (Garcia Depo. at 47:17-19) | 103. Undisputed to the extent Plaintiffs' fact reference the lighting conditions of the hallway at the time of the incident. |
| 104. Garcia saw the white plastic fork on the ground and figured that must have been what Decedent had in his hands.<br><br>*Evidence:* Exhibit K (Garcia Depo. at 20:12-21:14, 66:24-67:12, 72:14-21) | 104. Disputed only to the extent it mischaracterizes his testimony. He stated that after seeing the white fork on the ground, he "speculated" that it was what the Decedent had been holding.<br><br>*Evidence:* Exhibit K (Garcia Depo. at 21:13-14, 66:24 – 67:12, 72:14-21) |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

65

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| | |
|---|---|
| 105. Decedent never grabbed or held an officer, he never tried to kick, punch or strike an officer, he never verbally threatened anyone and he did not use any profanity.<br><br>*Evidence:* Exhibit I (Punzalan Int. 42:8-12); Exhibit N (Punzalan Depo. at 28:25-29:10, 32:14-16); Exhibit M (Quintero Depo. at 41:3-10, 45:21-46:3); Exhibit K (Garcia Depo. at 45:6-10); Exhibit E (Sync'd Video) | 105. Disputed only as to characterization. Attorney and witness descriptions of the Decedent's movements do not create a factual dispute because the body-worn camera and surveillance footage–whose contents are undisputed–clearly capture the Decedent's movements in the moments leading up to Officer Garcia discharging his firearm.<br><br>Maccani charged towards Officer Rodriguez, using both of his forearms to push her beanbag shotgun in a downward motion. Officer Rodriguez's head and back struck the wall as Maccani pushed her, pinning her against the wall. The video evidence shows this objective fact.<br><br>It is immaterial and irrelevant that he never tried to kick, punch or strike an officer, he never verbally threatened anyone and he did not use any profanity.<br><br>*Evidence:* Garcia Decl. ¶¶ 26, 31-32 (Exhibits A and B thereto); Chomuk Decl. at ¶ 4 (Exhibit A thereto); Exhibit B (Jauregui Body Cam); Exhibit C (Punzalan Body Cam) |

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

06491-0027 4913-9686-6693 v1

66

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| | |
|---|---|
| 106. Per the toxicology results taken at autopsy, Decedent did not have any illegal drugs in his system at the time of the incident.<br><br>*Evidence:* Exhibit F (Toxicology Results) | 106. Irrelevant and immaterial, but undisputed. |
| 107. Garcia had several less lethal options on his person including a taser, OC spray and a baton, giving a warning that deadly force would be used and issuing commands, including to drop the knife, with sufficient time to comply with the commands. There were also several additional less lethal options like allowing the officers to continue to go hands on with Decedent, as they had already began to do prior to the shooting (especially since the officers outnumber Decedent 7-1), the 40mm gun and the beanbag shotgun.<br><br>*Evidence:* Exhibit E (Sync'd Video); Exhibit K (Garcia Depo. at 18:9-13); Exhibit P (Noble Declaration at ¶ 21) | 107. Disputed. This statement is an impermissible legal conclusion and argumentative characterization, not a material fact.<br><br>Plaintiffs also improperly attempt to rely on expert opinion. (Exhibit P: Noble Declaration). Expert opinion is not percipient testimony and cannot establish a material fact. |

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

06491-0027 4913-9686-6693 v1

67

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| | |
|---|---|
| 108. Despite already seeing another officer with his gun drawn (per the tactical plan), Garcia still unholstered his gun and fired in the direction of some of the police officers.<br><br>*Evidence:* Exhibit H (Garcia Int. at 25:21-26:5) | 108. Disputed only as to characterization. Although other Officers were in close proximity and physically engaged with the Decedent, Officer Garcia discharged his firearm at the Decedent, not "in the direction of" other Officers. Plaintiffs' characterization is misleading and unsupported by the record. |
| 109. Due to cross-fire concerns, Chomuk yelled out "cross fire" to the other officers immediately after the gunshot.<br><br>*Evidence:* Exhibit G (Chomuk Int. at 17:23-18:5, 36:11-37:20); Exhibit L (Chomuk Depo. at 50:18-51:10) | 109. Undisputed. |
| 110. According to the LAPD review board, by firing without a clear background/backdrop, Garcia placed the officers at greater risk of injury and/or death than the perceived threat posed by Decedent, even if he had been armed with an actual knife and not a plastic fork.<br><br>*Evidence:* Exhibit P (Noble Declaration at ¶ 19) | 110. Disputed. Defendants object to the extent this statement includes hearsay, calls for speculation, and lacks foundation. This statement contains an impermissible legal conclusion and argumentative characterization, not a material fact. Further, any review of the shooting occurred after the fact.<br><br>Plaintiffs also improperly attempt to rely on expert opinion. (Exhibit P: Noble Declaration). Expert opinion is not percipient testimony and cannot establish a material fact. |

| | |
|---|---|
| 111. Despite all of the involved officers having firearms on their person, only Garcia fired a lethal round. Based on their observations, most of the officers did not even unholster their guns, and the other officers with their guns drawn never put their finger on the trigger and never pointed their guns at Decedent.<br><br>*Evidence:* Exhibit K (Garcia Depo. 33:14-20, 58:13-15); Exhibit M (Quintero Depo. at 39:21-23); Exhibit D (Orozco Int. at 17:24-18:5, 24:23-25:5, 29:8-24); Exhibit J (Jauregui Int. at 11:1-7) | 111. Undisputed in part, but disputed to the extent Plaintiffs rely on other officers' actions to challenge the objective reasonableness of Officer Garcia's use of force. Each officer had a different perspective and location. |
| 112. Prior to the incident, as a police officer, Punzalan has seen approximately sixty five suspects with knifes in their hands and never fired his gun during those previous encounters.<br><br>*Evidence:* Exhibit N (Punzalan Depo. at 7:7 – 8:12) | 112. Disputed. This is not a material fact but an irrelevant, anecdotal comparison involving a different officer, different suspects, and entirely different (and unspecified) circumstances. Plaintiff improperly invites a 20/20 hindsight comparison to unrelated incidents, which has no bearing on the objective reasonableness of the force used here and does not create a genuine dispute of material fact. |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

69

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| | |
|---|---|
| 113. Other than Punzalan, who was shot in the hand by Decedent, no other officers were physically injured during the incident.<br><br>*Evidence:* Exhibit K (Garcia Depo. at 64:10-13); Exhibit N (Punzalan Depo. at 30:16-20) | 113. Disputed only to the extent Plaintiffs characterize Sgt. Punzalan's injury as a gunshot wound to the hand. The cited evidence shows the injury was a grazing wound, not a penetrating gunshot wound to the hand.<br><br>*Evidence:* Exhibit N (Punzalan Depo. at 30:16-20) |
| 114. Garcia had not finished his six-month field training at the time of the incident.<br><br>*Evidence:* Exhibit K (Garcia Depo. at 13:21-14:14) | 114. Undisputed. |
| 115. Garcia was fired from his job as a LAPD police officer as a result of firing his weapon during the incident.<br><br>*Evidence:* Exhibit K (Garcia Depo. at 19:5-17) | 115. Disputed. Plaintiffs mischaracterize the record. The assertion is speculative and improper.  The cited evidence does not state that Officer Garcia was fired. Officer Garcia stated he was not able to complete field training for LAPD. He testified that he "believe[d] it was due to the background and foreground of [his] shooting." Exhibit K (Garcia Depo. at 19:4-17). |
| 116. Police officers such as Garcia, are trained that if they see a suspect with a weapon in their hand, such as a knife, to give a command to drop the weapon if feasible.<br><br>*Evidence:* Exhibit K (Garcia Depo. at 16:12-22) | 116. Undisputed. |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

70

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| | |
|---|---|
| 117. Police officers such as Garcia, are trained in the concept of situational awareness and on identifying and distinguishing objects in suspects hands in order to determine if they are weapons or not.<br><br>*Evidence:* Exhibit K (Garcia Depo. at 60:3-17) | 117. Undisputed that officers are trained in situational awareness. Disputed that this training establishes that an officer must accurately identify an object in a suspect's hands in real time, or that failure to do so renders the use of force unreasonable. Plaintiffs' characterization improperly attempts to convert general training concepts into a legal standard. |
| 118. Police officers such as Garcia, are trained that there must be an immediate or imminent threat of death or serious bodily injury in order to use deadly force.<br><br>*Evidence:* Exhibit K (Garcia Depo. at 76:18-79:8); Exhibit N (Punzalan Depo. at 7:12-15) | 118. Immaterial and disputed to the extent that Exhibit N does not state the asserted "fact." |
| 119. Officers are trained that deadly force is only to be used when there are no other reasonable options, it is to be used as a last resort.<br><br>*Evidence:* Exhibit K (Garcia Depo. at 76:18-79:8); Exhibit N (Punzalan Depo. at 7:12-15); Exhibit P (Noble Declaration at ¶ 12, 13, 15) | 119. Disputed. The stated "fact" is vague and immaterial. Exhibit N and Exhibit P do not support the contention asserted.<br><br>Plaintiffs also improperly attempt to rely on expert opinion. (Exhibit P: Noble Declaration). Expert opinion is not percipient testimony and cannot establish a material fact. |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

71

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| | |
|---|---|
| 120. They are also trained that in terms of imminent or immediate threat of death or serious bodily injury, there has to be an ability, an opportunity, and an apparent intent to immediately cause death or serious bodily injury and that all of those things must be present in order for the officer to shoot.<br><br>*Evidence:* Exhibit K (Garcia Depo. at 76:18-79:8); Exhibit N (Punzalan Depo. at 7:12-15); Exhibit P (Noble Declaration at ¶ 12, 13) | 120. Disputed. The stated "fact" is vague and immaterial. Exhibit N and Exhibit P do not support the contention asserted.<br><br>Plaintiffs also improperly attempt to rely on expert opinion. (Exhibit P: Noble Declaration). Expert opinion is not percipient testimony and cannot establish a material fact. |
| 121. Officers are trained that an imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm.<br><br>*Evidence:* Exhibit K (Garcia Depo. at 76:18-79:8); Exhibit N (Punzalan Depo. at 7:12-15); Exhibit P (Noble Declaration at ¶ 12, 13) | 121. Disputed. The stated "fact" is vague and immaterial, and the evidence cited does not support the contention asserted.<br><br>Plaintiffs also improperly attempt to rely on expert opinion. (Exhibit P: Noble Declaration). Expert opinion is not percipient testimony and cannot establish a material fact. |
| 122. They are also trained that subjective fear is insufficient to use deadly force.<br><br>*Evidence:* Exhibit K (Garcia Depo. at 77:10-12); Exhibit P (Noble Declaration at ¶ 14) | 122. Immaterial and disputed to the extent Plaintiffs improperly attempt to rely on expert opinion. (Exhibit P: Noble Declaration). Expert opinion is not percipient testimony and cannot establish a material fact. |

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

72

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| | |
|---|---|
| 123. Officers are trained that a verbal warning should be given when feasible.<br><br>*Evidence:* Exhibit K (Garcia Depo. at 77:13-16) | 123. Immaterial but undisputed. |
| 124. Officers are trained that seeing a weapon in someone's hand, that fact alone is not enough to use deadly force, there has to be more.<br><br>*Evidence:* Exhibit K (Garcia Depo. at 77:17-20) | 124. Immaterial but undisputed. |
| 125. Officers are also trained to have a reverence for human life.<br><br>*Evidence:* Exhibit K (Garcia Depo. at 78:24-79:1) | 125. Immaterial but undisputed. |
| 126. Police officers such as Garcia, are trained to give commands when feasible and to give the person an opportunity to comply with the commands when feasible.<br><br>*Evidence:* Exhibit K (Garcia Depo. at 77:13-78:6) | 126. Immaterial but undisputed. |
| 127. Police officers such as Garcia, are trained to make sure they have a clear backdrop/background before firing.<br><br>*Evidence:* Exhibit K (Garcia Depo. at 78:20-23) | 127. Immaterial but undisputed. |

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1     73     Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| | |
|---|---|
| 128. Officers are trained to control their emotions and to not panic when encountering situations similar this incident.<br><br>*Evidence:* Exhibit P (Noble Declaration at ¶ 14) | 128. Disputed. This statement is an impermissible legal conclusion and argumentative characterization, not a material fact.<br><br>Plaintiffs also improperly attempt to rely on expert opinion. (Exhibit P: Noble Declaration). Expert opinion is not percipient testimony and cannot establish a material fact. |
| 129. Officer Garcia said there was nothing between him and Mr. Maccani when he fired his handgun, but the evidence shows that Sgt. Punzalan was between Officer Garcia and Mr. Maccani, that Punzalan had already grabbed Mr. Maccani and Punzalan was struck by Officer Garcia's round.<br><br>*Evidence:* Exhibit P (Noble Declaration at ¶ 18) | 129. Disputed. This statement is an argumentative characterization, not a material fact.<br><br>Plaintiffs also improperly attempt to rely on expert opinion. (Exhibit P: Noble Declaration). Expert opinion is not percipient testimony and cannot establish a material fact. |
| 130. Officer Garcia's use of deadly force was excessive, objectively unreasonable and inconsistent with generally accepted police practices.<br><br>*Evidence:* Exhibit P (Noble Declaration at ¶ 20) | 130. Disputed. This statement is an impermissible legal conclusion and argumentative characterization, not a material fact.<br><br>Plaintiffs also improperly attempt to rely on expert opinion. (Exhibit P: Noble Declaration). Expert opinion is not percipient testimony and cannot establish a material fact. |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

74

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

| | |
|---|---|
| 131. A reasonable police officer would not believe that a common plastic fork was a knife or an edged weapon. A reasonable officer would have realized that the object in Decedent's hand was not a knife or a sharp-edged weapon.<br><br>*Evidence:* Exhibit P (Noble Declaration at ¶ 20) | 131. Disputed. This statement is an impermissible legal conclusion and argumentative characterization, not a material fact.<br><br>Plaintiffs also improperly attempt to rely on expert opinion. (Exhibit P: Noble Declaration). Expert opinion is not percipient testimony and cannot establish a material fact. |
| 132. Under these circumstances, Officer Garcia should never have deviated from the tactical plan and a reasonable officer under similar circumstances would not have deviated from the tactical plan.<br><br>*Evidence:* Exhibit P (Noble Declaration at ¶ 22) | 132. Disputed. This statement is an impermissible legal conclusion and argumentative characterization, not a material fact.<br><br>Plaintiffs also improperly attempt to rely on expert opinion. (Exhibit P: Noble Declaration). Expert opinion is not percipient testimony and cannot establish a material fact. |
| 133. A reasonable police officer in these circumstances would not have used deadly force as Mr. Maccani did not present an imminent threat of death or serious bodily injury and a reasonable police officer in Officer Garcia's position would not have fired their handgun at Mr. Maccani when Sgt. Punzalan was in his line of fire.<br><br>*Evidence:* Exhibit P (Noble Declaration at ¶ 25) | 133. Disputed. This statement is an impermissible legal conclusion and argumentative characterization, not a material fact.<br><br>Plaintiffs also improperly attempt to rely on expert opinion. (Exhibit P: Noble Declaration). Expert opinion is not percipient testimony and cannot establish a material fact. |

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4913-9686-6693 v1

75

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' RESPONSE TO STATEMENT
OF GENUINE DISPUTES OF MATERIAL FACT

Dated:  January 2, 2026                    BURKE, WILLIAMS & SORENSEN, LLP


                                           By:  _____/s/ Susan E. Coleman_____
                                                Susan E. Coleman
                                                Lauren S. Dossey
                                                Attorneys for Defendant CALEB
                                                GARCIA ALAMILLA

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

06491-0027 4913-9686-6693 v1                76              Case No. 2:24-cv-03265-MWC-SSC
                                                            DEFENDANTS' RESPONSE TO STATEMENT
                                                            OF GENUINE DISPUTES OF MATERIAL FACT