**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (SBN 284500)
evalenzuela@galipolaw.com
21800 Burbank Blvd., Ste. 310
Woodland Hills, CA 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA RASEY-SMITH, et al., | Case No. 2:24-cv-03265-MWC-SSC |
| Plaintiffs, | |
| vs. | **DECLARARTION OF ERIC VALENZUELA IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER CERTIFYING DEFENDANTS' APPEAL AS FRIVOLOUS AND RETAINING JURISDICTION** |
| CITY OF LOS ANGELES, et al., | |
| Defendants. | |
| | [Proposed Order; Exhibits; Ex Parte Application; Memorandum of Points and Authorities *filed concurrently herewith*] |

## DECLARATION OF ERIC VALENZUELA

I, Eric Valenzuela, hereby declare as follows:

1. I am an attorney licensed to practice law in the United States District Court for the Central District of California.  I am one of the attorneys of record for Plaintiff Steffon Barber in this instant action.  I make this declaration in support of Plaintiff's Ex Parte Application for an Order Certifying Defendants' Appeal as

DECLARATION OF ERIC VALENZUELA IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION TO
CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS

1  Frivolous. I have personal knowledge of the matters stated herein and could and

2  would testify competently thereto if called.

3      2.    Plaintiff will suffer prejudice if this case is stayed pending Defendants'

4  unmeritorious appeal.  This application is properly made on an *ex parte* basis

5  because, on January 26, 2026, Defendants filed a notice of appeal from this Court's

6  order denying summary judgment ("Notice of Appeal"), less than a month before

7  the first round of trial filings, due on or before February 20,2026.  (Dkt. No. 30).

8  The trial of this matter is set for April 6, 2026, and this Court's ruling on Plaintiff's

9  instant *ex parte* application may determine whether this case will proceed to trial as

10  scheduled.  Thus, there is not sufficient time for Plaintiff to file this as a regularly

11  noticed motion.

12      3.    Prior to bringing this Motion, I met and conferred with Defendants'

13  counsel regarding the issues presented herein as required by Local Rule 7-19.

14  Defendant Caleb Garcia Alamilla is represented by Susan E. Coleman of Burke,

15  Williams and Sorensen, 444 South Flower Street, Suite 2400, Los Angeles, CA

16  90071; (213) 236-0600; scoleman@bwslaw.com. On January 28, 2026, after

17  Defendants' counsel filed their Notice of Appeal, Plaintiffs' counsel informed

18  Defendants' counsel that Plaintiffs would be filing an ex parte application to deem

19  the Appeal frivolous. Defendants' counsel stated that Defendants would oppose

20  Plaintiff's ex parte application. Defendants take the position that the filing of their

21  Notice of Appeal deprives this court of jurisdiction to take further action.

22      4.    Attached hereto as "**Exhibit A**" is a true and correct copy of Central

23  District Judge Cormac J. Carney's order granting the plaintiff's request to certify the

24  defendant's appeal as frivolous in the case *Craig v. County of Orang*e, Case No.

25  SACV 17-00491-CJC(KESx).

26      5.    Attached hereto as "**Exhibit "B"**" is a true and correct copy of Central

27  District Judge Jesus G. Bernal's order Granting Plaintiffs' *Ex Parte* Application for

28

DECLARATION OF ERIC VALENZUELA IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION TO
CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS

1  Order Certifying Appeal as Frivolous and Retaining Jurisdiction in *V.R. v. County of*

2  *San Bernardino*, Case No. EDCV 19-1023-JGB (SPx)).

3         6.   Attached hereto as "**Exhibit C**" is a true and correct copy of the Ninth

4  Circuit's order in the case *Sandoval v. County of Los Angeles*, Ninth Circuit Case

5  No. 10-55733, Dist. Ct. Case No. CV 09-03428 PSG (SSx).

6         7.   Attached hereto as "**Exhibit D**" is a true and correct copy of the Ninth

7  Circuit's order in the case *Herd v. County of San Bernardino*, Central District Case

8  No. 5:17-cv-02545-AB (SPx), Ninth Circuit Case No. 19-56494 dismissing the

9  defendants' appeals for lack of jurisdiction.

10        8.   Attached hereto as "**Exhibit "E"** is a true and correct copy of Central

11  District Judge Kenly Kiya Kato's order Granting Plaintiffs' *Ex Parte* Application

12  for Order Certifying Appeal as Frivolous and Retaining Jurisdiction in *Barber v.*

13  *County of San Bernardino,* Case No. EDCV 22-00625-KK-DTBx.

14        9.   The excessive force cases *Sandoval v. County of Los Angeles*, Ninth

15  Circuit Case No. 10-55733, Dist. Ct. Case No. CV 09-03428 PSG (SSx)[1] and *Herd*

16  *v. County of San Bernardino*, Central District Case No. 5:17-cv-02545-AB (SPx),

17  Ninth Circuit Case No. 19-56494, show how a frivolous interlocutory appeal can

18  prejudice the plaintiff by delaying their day in court.  In both *Sandoval* and *Herd*, as

19  in the instant case, the court denied defendants' motion for summary judgment

20  based on qualified immunity, and the defendants filed interlocutory appeals.  In

21  *Sandoval*, the Ninth Circuit affirmed the district court's summary judgment ruling,

22  holding that disputed issues of material fact preclude a finding of qualified

23  immunity at the summary judgment stage.  The defendants' unsuccessful appeal in

24  *Sandoval* resulted in a two year and seven month delay in that trial.

25        10.  In *Herd*, the district court denied the individual officer defendants'

26  requests for qualified immunity on summary judgment.  The *Herd* defendants filed

27

28

---

[1] Cited in accordance with Ninth Cir. Local Rule 36-3(b) ("Unpublished dispositions and orders of this Court issued on or after January 1, 2007 may be cited to the courts of this circuit in accordance with FRAP 32.1.").

DECLARATION OF ERIC VALENZUELA IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION TO
CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS

1 | an interlocutory appeal, which the plaintiffs moved the Ninth Circuit to dismiss for
2 | lack of jurisdiction.  In their motion to dismiss, the *Herd* plaintiffs explained that the
3 | Ninth Circuit lacks jurisdiction over the *Herd* defendants' interlocutory appeal
4 | because the district court's order denying qualified immunity to the individual
5 | officers was based on the existence of genuine issues of material facts and thus is
6 | not a final, immediately appealable order.  Thea Ninth Circuit agreed, granted the
7 | plaintiff's motion to dismiss for lack of jurisdiction on June 25, 2020, and denied the
8 | defendants' motion for reconsideration and rehearing *en banc* on the issue on
9 | November 3, 2020. The district court case was stayed pending the Herd defendants'
10 | appeal, which resulted in approximately an 18-month delay in the case.

12 | I declare under penalty of perjury that the foregoing is true and correct, and that this
13 | was executed on January 28, 2026, at Woodland Hills, California.

15 | */s/ Eric Valenzuela*
16 | Eric Valenzuela

iv    Case No. 2:24-cv-03265-MWC-SSC

DECLARATION OF ERIC VALENZUELA IN SUPPORT OF PLAINTIFF'S EX PARTE APPLICATION TO
CERTIFY DEFENDANTS' APPEAL AS FRIVOLOUS