Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
Lauren S. Dossey (SBN 244887)
E-mail: ldossey@bwslaw.com
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
Tel: 213.236.0600 Fax: 213.236.2700

Attorneys for Defendant
CALEB GARCIA ALAMILLA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEXANDRA RASEY-SMITH; GORDON GENE MACCANI; and JANET MACCANI,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES; CALEB GARCIA ALAMILLA; and DOES 2-10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-03265-MWC-SSC<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFFS'** *EX PARTE* **APPLICATION TO DEEM APPEAL FILED BY CALEB GARCIA ALAMILLA AS FRIVOLOUS**<br><br>Judge: Hon. Michelle Williams Court<br>Trial Date: April 6, 2026 |

Plaintiffs improperly move this Court on an *ex parte* basis to deem frivolous the interlocutory appeal of Defendant Officer Caleb Garcia Alamilla ("Officer Garcia")–seeking extraordinary relief on a severely truncated 24-hour response timeline for an issue that is likely to be fully briefed and decided by the Ninth Circuit. Plaintiffs identify no emergency, irreparable harm, or exigent circumstances justifying this end-run around normal motion practice; instead, the application reflects nothing more than a tactical effort to force an expedited ruling on an issue that necessarily falls within the appellate court's jurisdiction.

///

///

4937-6753-7547 v2

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

1

Case No. 2:24-cv-03265-MWC-SSC
OPPOSITION TO PLAINTIFFS' EPA TO DEEM APPEAL FRIVOLOUS

1	Even if this Court were to conclude that it is appropriate to reach the merits of
2	the appeal on an *ex parte* basis–a premise Officer Garcia strongly disputes–
3	Plaintiffs' motion is premature. The grounds for the appeal have not yet been
4	established, as appellate briefing has not begun and no arguments have been
5	presented to the Ninth Circuit. Plaintiffs instead ask this Court to deem the appeal
6	frivolous based solely on their own characterization of one of Defendant's
7	anticipated appellate arguments on the issue of qualified immunity. But even under
8	Plaintiffs' framing, the issues raised on appeal present substantive legal questions,
9	without any material factual dispute, that must be resolved through the ordinary
10	appellate process, not by preemptive intervention from the trial court on an *ex parte*
11	basis. Accordingly, the appeal should be permitted to proceed without interruption.

## I. INTRODUCTION

On November 7, 2026, Defendants City of Los Angeles and Officer Garcia filed a motion for partial summary judgment. [ECF No. 51.] On December 26, 2025, Plaintiffs filed an opposition addressing all of Defendants' arguments, save for Defendants' argument seeking dismissal of Count Two alleging denial of medical care, which they did not oppose. [ECF No. 58.] Defendants replied to Plaintiffs' opposition on January 2, 2026. [ECF No. 61.] On January 15, 2026, the Court issued its ruling denying in part and granting in part Defendants' motion for partial summary judgment. [ECF No. 65.]

Officer Garcia filed a notice of appeal on January 26, 2026. [ECF No. 66.] On January 27, 2026, the Ninth Circuit docketed the appeal. [ECF No. 68.] No appellate briefing has occurred, and the Ninth Circuit has made no jurisdictional or merits determinations regarding the appeal.

Plaintiffs' contention that Officer Garcia's appeal is frivolous rests entirely on a faulty premise: that this case turns on disputed versions of the facts. It does not. Unlike cases where qualified immunity analysis depends on which party's factual narrative is accepted, the critical events here were captured on video, which supplies

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4937-6753-7547 v2

2

Case No. 2:24-cv-03265-MWC-SSC
OPPOSITION TO PLAINTIFFS' EPA TO DEEM APPEAL FRIVOLOUS

the operative factual record on appeal. Where video evidence clearly depicts the encounter, courts do not defer to competing characterizations of events but instead view the facts "in the light depicted by the videotape." *Scott v. Harris*, 550 U.S. 372, 378 (2007). Accordingly, Defendants' appeal does not seek to relitigate facts or challenge credibility determinations. It presents a purely legal question: whether, under the objective facts as shown on the video, existing precedent clearly establishes that Officer Garcia's conduct is entitled to qualified immunity because another officer in his position could reasonably believe he had to use lethal force in similar circumstances.

Plaintiffs' frivolousness argument is further flawed because the Court's ruling on the motion for partial summary judgment addressed qualified immunity only as to the excessive-force claim. The Court did not address Defendants' argument that Officer Garcia is entitled to qualified immunity as it applies to Plaintiffs' separate denial-of-medical-care theory, which Plaintiffs did not oppose in their briefing. By denying summary judgment on this claim, the Court necessarily determined that qualified immunity did not apply to the claim. That theory presents a purely legal question with no facts in dispute: whether it was clearly established that an officer violates the Constitution by allowing approximately seventy seconds to lapse after a shooting to call for and/or render medical aid. The existence of an unresolved, unopposed qualified immunity issue independently defeats Plaintiffs' claim that Officer Garcia's appeal is frivolous.

## II. <u>LEGAL STANDARD</u>

The Circuit Courts of Appeal have jurisdiction to hear certain interlocutory appeals, including those appealing an order denying qualified immunity. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985). Where an appellate court exercises jurisdiction over the interlocutory decisions of a district court, the district court is divested of jurisdiction over those aspects of a case involved in the appeal. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Mayweathers v.*

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4937-6753-7547 v2

3

Case No. 2:24-cv-03265-MWC-SSC
OPPOSITION TO PLAINTIFFS' EPA TO DEEM APPEAL FRIVOLOUS

*Newland*, 258 F.3d 930, 935 (9th Cir. 2001) ("When a notice of appeal is filed, jurisdiction over the matters being appealed normally transfers from the district court to the appeals court."). The Supreme Court recognized allowing for immediate appeal of orders that constitute final decisions and thus satisfy the jurisdictional prerequisites of § 1291 "may encourage some defendants to engage in dilatory appeals…believ[ing] that such problems of delay can be obviated by rules or policies giving such appeals expedited treatment. It is well within the supervisory powers of the courts of appeals to establish summary procedures and calendars to weed out frivolous claims []." *Abney v. United States*, 431 U.S. 651, 662 n.8 (1977). The Fifth Circuit acknowledged this suggestion and provided that "[h]enceforth, the district courts, in any denial of a double jeopardy motion, should make written findings determining whether the motion is frivolous or nonfrivolous. If the claim is found to be frivolous, the filing of a notice of appeal by the defendant shall not divest the district court of jurisdiction over the case. If nonfrivolous, of course, the trial cannot proceed until a determination is made of the merits of an appeal." *United States v. Dunbar*, 611 F.2d 985, 988 (5th Cir. 1980).

In *United States v. LaMere*, 951 F.2d 1106, 1108 (9th Cir. 1991)(per curiam), the Ninth Circuit "adopt[ed] the Dunbar rule" and in doing so, relied upon, reiterated and applied its discussion of *Abney* in *United States v. Claiborne*, 727 F.2d 842, 850 (9th Cir.), cert. denied, 469 U.S. 829, 105 S.Ct. 113, 83 L.Ed.2d 56 (1984), to assess whether LaMere's "motion was frivolous upon clear and long-standing case law." *LaMere*, 951 F.2d at 1108. While this line of cases dealt with motions asserting double jeopardy and seeking dismissal, the Ninth Circuit extended the *Dunbar* rule to motions asserting qualified immunity through *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). In doing so, the Court announced:

> This court now adopts the rule set forth in *LaMere* in the context of interlocutory qualified immunity appeals. Should the district court find that the defendants' claim of qualified immunity is frivolous or has been waived, the district court may certify, in writing, that defendants have forfeited their

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4937-6753-7547 v2

4

Case No. 2:24-cv-03265-MWC-SSC
OPPOSITION TO PLAINTIFFS' EPA TO DEEM APPEAL FRIVOLOUS

right to pretrial appeal, and may proceed with trial. In the absence of such certification, the district court is automatically divested of jurisdiction to proceed with trial pending appeal.

*Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992).

### III. ARGUMENT

#### A. Plaintiffs Fail to Demonstrate Extraordinary Circumstances Required for *Ex Parte* Relief

As an initial matter, Plaintiffs' *ex parte* application is procedurally improper and substantively unfounded. Under this Court's Standing Order No. 11, *ex parte* relief is reserved for extraordinary circumstances requiring immediate intervention–not for resolving contested legal issues that will be addressed through the ordinary appellate process. Plaintiffs identify no true emergency or irreparable harm warranting *ex parte* relief. Instead, they argue that unless this Court immediately deems the appeal frivolous, the appeal itself may result in delay and attendant litigation burdens such as fading memories, witness unavailability, and increased attorneys' fees. That argument improperly conflates the ordinary consequences of an interlocutory appeal with the narrow and disfavored circumstances in which *ex parte* relief is appropriate.

Delay attendant to an appeal–particularly one properly docketed in the Ninth Circuit and taken as a matter of both right and principle–is neither unexpected nor a basis for emergency relief. Plaintiffs' asserted prejudice is speculative, generalized, and indistinguishable from the burdens that accompany virtually every interlocutory appeal. It does not justify compressing a merits-based determination into an *ex parte* proceeding or forcing Defendants to respond within 24 hours to an issue that the Ninth Circuit will require to be fully briefed and carefully considered. Plaintiffs' application thus represents an improper effort to short-circuit both the normal motion process and the appellate process itself, and it should be denied.

///

### B.  Issues of Qualified Immunity are Immediately Appealable

The Ninth Circuit has jurisdiction to immediately review the district court's denial of qualified immunity. *See Plumhoff v. Rickard,* 572 U.S. 765, 771 (2014); *Estate of Anderson v. March*, 985 F.3d 726, 730 (9th Cir. 2021). "[A] Federal District Court order rejecting a qualified immunity defense on the ground that the defendant's actions, if proved, would have violated clearly established law may be appealed immediately as a 'final decision' within the meaning of the general federal appellate jurisdiction statute, 28 U.S.C. § 1291." *Johnson v. Fankell*, 520 U.S. 911, 916 (1997) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 524-530 (1985)). This is because "review after trial would come too late to vindicate one important purpose of 'qualified immunity'–namely, protecting public officials, not simply from liability, but also from standing trial." *Johnson v. Jones*, 515 U.S. 304, 312 (1995) (citing *Mitchell,* 472 U.S. at 525-527).

### C.  Issues of Qualified Immunity Based on Undisputed Facts are Purely Legal and Therefore Not Frivolous

As the Supreme Court reaffirmed, "summary judgment determinations *are* appealable when they resolve a dispute concerning an 'abstract issu[e] of law' relating to qualified immunity []–typically, the issue whether the federal right allegedly infringed was 'clearly established' []." *Behrens v. Pelletier*, 516 U.S. 299, 313 (1996) (emphasis in original) (citations omitted).

Here, there are no material disputes of fact relevant to qualified immunity. The facts underlying the denial-of-medical-care claim are undisputed: responding deputies summoned medical assistance 70 seconds after the shooting. [ECF No. 65 at p. 13.] Because qualified immunity as to this claim turns on undisputed facts, the appeal is not frivolous–it presents a purely legal question whether clearly established law would have put a reasonable officer on notice that a 70-second delay in providing or summoning medical aid following the use of deadly force under these circumstances was unconstitutional. Although the Court denied Officer

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4937-6753-7547 v2

6

Case No. 2:24-cv-03265-MWC-SSC
OPPOSITION TO PLAINTIFFS' EPA TO DEEM APPEAL FRIVOLOUS

Garcia's motion for summary judgment on this claim, thereby rejecting qualified immunity, the existence of this unresolved legal question confirms that the appeal properly lies with the Ninth Circuit, which is the proper forum to determine whether qualified immunity was erroneously denied as a matter of law.

Likewise, the facts surrounding the excessive-force claim are undisputed, based on video evidence, despite the Court's and Plaintiffs' contentions otherwise. With respect to this claim, the Court articulated that based on Plaintiff's version of the facts, "a reasonable jury could find for Plaintiffs on the question of whether Officer Garcia's use of deadly force was reasonable." [ECF No. 65 at p. 12.] The Court also questioned whether the "white plastic fork in Decedent's hand could reasonably have resembled a weapon" and whether a "reasonable officer would perceive Decedent's conduct as threatening." [ECF No. 65 at p. 11.] These observations do not identify disputed issues of fact. Rather, they assume the underlying, undisputed facts–including that Decedent was holding a white plastic fork (revealed only post-incident)–and reflect differing interpretations of the reasonableness of Officer Garcia's response to those facts. Questions of reasonableness of the officer's conduct are not disputed issues that preclude an immediate appeal. *See Gausvik v. Perez,* 345 F.3d 813, 816 (9th Cir. 2003) (holding that "Courts can hear interlocutory appeals from district court orders that determine whether an official acted reasonably."). Where, as here, the facts are not in dispute and the issue is the legal significance of those facts, the reasonableness determination is a question of law. *See id.*

Moreover, the relevant facts underlying the excessive-force claim are not disputed because they are captured on surveillance and body-worn camera footage. Where video evidence "blatantly contradict[s]" the parties' competing narratives and has not been altered, it supplies the operative factual record for summary judgment. *Scott*, 550 U.S. at 380. In *Scott*, the only factual issue was whether the video had been doctored; because it had not, the Supreme Court treated the video

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4937-6753-7547 v2

7

Case No. 2:24-cv-03265-MWC-SSC
OPPOSITION TO PLAINTIFFS' EPA TO DEEM APPEAL FRIVOLOUS

itself as the undisputed record. *See id.* The same is true here. There is no argument that the surveillance and body-worn camera footage were altered. It therefore constitutes undisputed evidence of what occurred. Plaintiffs' disagreement concerns not the facts shown on the videos, but the conclusions to be drawn from them— namely, whether Officer Garcia's conduct was reasonable under the circumstances. Such conclusions are legal judgments, not disputed facts. Because the material facts are fixed by unchallenged video evidence, the appeal presents a purely legal question and is therefore not frivolous. Further, viewing the incident as involving a plastic fork improperly looks at it with 20/20 hindsight, rather than from the perspective of the officer at the time of the incident as it rapidly evolved.

As there is no material question of fact regarding any issue of qualified immunity, the appeal is not frivolous in that it presents purely legal questions, which posit: (1) whether, at the time of the incident, clearly established law put a reasonable officer on notice that the use of deadly force under the circumstances shown in the surveillance and body worn camera footage was unlawful; and (2) whether clearly established law put a reasonable officer on notice that a 70-second delay in providing or summoning medical aid after the use of deadly force was unconstitutional.

It is not enough that a rule be suggested by existing precedent. Rather, the precedent must be sufficiently clear that every reasonable official would understand it to establish the particular rule the plaintiff seeks to apply. *See Reichle v. Howards*, 566 U.S. 658, 666 (2012); *District of Columbia v. Wesby*, 583 U.S. 48, 62-63 (2018). The critical inquiry under the clearly established prong is therefore whether existing precedent placed the constitutional question beyond debate for every reasonable officer. The cases cited by the Court in addressing the excessive-force claim do not satisfy that standard and do not clearly establish that Officer Garcia's conduct was unlawful under the specific circumstances presented here—a legal determination appropriately reserved for the Ninth Circuit. In *Toussaint v. City of El*

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4937-6753-7547 v2

8

Case No. 2:24-cv-03265-MWC-SSC
OPPOSITION TO PLAINTIFFS' EPA TO DEEM APPEAL FRIVOLOUS

*Monte*, 2022 WL 2125140, at *7-8 (C.D. Cal. Jan. 27, 2022), the court denied summary judgment where officers fired two initial shots at the decedent from twenty feet away, striking him and causing him to fall to the ground, and then– approximately fourteen seconds later–fired a second round of shots at the decedent, striking him an additional eight or nine times. The Court's other cited decision, *Lum v. County of San Joaquin*, 2012 WL 1027667, at *6 (E.D. Cal. March 23, 2012), is likewise inapposite in that it does not deal with excessive force at all. Rather, the decedent's parents alleged that officers wrongfully arrested him for public intoxication and then released him from custody into a more dangerous situation, after which he drowned in a nearby river. Neither case cited by the Court would have put a reasonable officer on notice that the conduct at issue here was unlawful under clearly established law–a legal determination that is properly reviewed by the Court of Appeals.

Additionally, neither the Court nor Plaintiffs cited any authority that would have put a reasonable officer on notice that a 70-second delay in providing or summoning medical aid following the use of deadly force under these circumstances was unconstitutional. Accordingly, the appeal raises substantial legal questions and is not frivolous.

### D. The Appeal Triggers an Automatic Stay of Proceedings

Officer Garcia's filing of the Notice of Appeal triggers an automatic stay and divests this Court of jurisdiction to proceed further in this action while the appeal is pending. *See, e.g., Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992) ("In this circuit, where, as here, the interlocutory claim is immediately appealable, its filing divests the district court of jurisdiction to proceed with trial."). "[T]he traditional rule that the filing of a notice of appeal divests a district court of jurisdiction… applies with particular force in the immunity context" because permitting a case "to proceed at the district court level while an interlocutory appeal of a denial of immunity is pending" would effectively deny defendants of their "entitlement to be

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4937-6753-7547 v2

9

Case No. 2:24-cv-03265-MWC-SSC
OPPOSITION TO PLAINTIFFS' EPA TO DEEM APPEAL FRIVOLOUS

free from the burdens of time-consuming pre-trial matters and the trial process itself." *Williams v. Brooks*, 996 F.2d 728, 730, 730 n.2 (5th Cir. 1993) (citations omitted).

Officer Garcia acknowledges that *Chuman* and other cases have explained that "a frivolous or forfeited appeal does not automatically divest the district court of jurisdiction." *Chuman,* at 105. However, this appeal was neither forfeited, nor is it frivolous. This appeal presents pure questions of law, given the undisputed facts in this case and the video evidence, on whether the law was clearly established at the time of Officer Garcia's actions. Accordingly, because there is no order certifying the appeal as frivolous (nor should there be), this Court is without jurisdiction and the case should be stayed.

## IV. CONCLUSION

Plaintiffs' *ex parte* application seeks extraordinary relief without identifying any genuine emergency or irreparable harm in order to retain the Court's jurisdiction over issues that are now squarely before the Ninth Circuit. That is precisely the type of end-run *ex parte* practice that an interlocutory appeal is designed to prevent. Because the appeal presents purely legal questions based on undisputed facts captured on unchallenged video evidence, it is not frivolous. The appropriate forum for resolving these issues is the Ninth Circuit Court of Appeals, where these issues will be timely and fully briefed. For these reasons, Plaintiffs' *ex parte* application should be denied.

Dated: January 29, 2026                    BURKE, WILLIAMS & SORENSEN, LLP

By: ____*/s/ Susan E. Coleman*____
Susan E. Coleman
Attorneys for Defendant
CALEB GARCIA ALAMILLA