**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (SBN 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA RASEY-SMITH; GORDON GENE MACCANI; and JANET MACCANI,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>CITY OF LOS ANGELES; CALEB GARCIA ALAMILLA, and DOES 2-10, inclusive,<br><br>　　　　Defendants. | Case No. 2:24-cv-03265-MWC-SSC<br>[*Honorable Michelle Williams Court*]<br><br>**PLAINTIFFS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Pre-Trial Conference<br>March 20, 2026, 1:30 p.m.<br><br>Trial<br>April 6, 2026, 8:30 a.m. |

# MEMORANDUM OF CONTENTIONS OF FACT AND LAW

Pursuant to Local Rule 16-4 and the Court Trial Order (Dkt. # 30), Plaintiffs hereby submit the following Memorandum of Contentions of Fact and Law.

## I. SUMMARY STATEMENT OF THE CLAIMS PLAINTIFFS HAVE PLEAD AND PLAN TO PURSUE

**a) Plaintiffs' Claims and Requisite Elements**

**Claim 1**:   Excessive Force, 42 U.S.C. § 1983

Claim 1 is brought by Plaintiff Alexandra Rasey-Smith against Defendant Caleb Garcia. Plaintiff contends that Garcia used excessive force against Decedent Jason Maccani in violation of his Fourth Amendment rights and 42 U.S.C. § 1983. Garcia's use of lethal force was unconstitutional because Jason Maccani did not pose an immediate threat of death or serious bodily injury to Garcia or anyone else.

Plaintiff seeks survival damages, punitive damages, and reasonable attorneys' fees and costs.

Elements:
1. Garcia acted under color of law;
2. Garcia used excessive force against Jason Maccani; and
3. Garcia's use of force was the cause of injury, damage, loss, or harm to Jason Maccani.

Source: Ninth Circuit Manual of Model Jury Instructions, No. 9.27, Particular Rights—Fourth Amendment—Unreasonable Seizure of a Person—Excessive Force (2025).

**Claim 2:**   Plaintiffs are voluntarily dismissing their denial of medical care claim.

**Claim 3:**   Substantive Due Process, 42 U.S.C. § 1983

Claim 2 is brought by all Plaintiffs against Defendant Garcia. Plaintiffs contend that Defendant Garcia used excessive deadly force against Jason Maccani which resulted in his death and interfered with Plaintiffs' rights to a familial relationship with Jason Maccani.

Elements:

1. Garcia acted under color of law;
2. If the jury determines that Garcia had time to deliberate, then whether Caleb Garcia acted with deliberate indifference to Jason Maccani's rights; if the jury determines that Caleb Garcia did not have time to deliberate, then whether Caleb Garcia acted with a purpose to harm unrelated to a legitimate law enforcement purpose.

Source: Ninth Circuit Manual of Model Jury Instructions, No. 9.36, Particular Rights— Fourteenth Amendment— Due Process—Interference with Parent/Child Relationship (2025); *Wilkinson v. Torres*, 601 F.3d 546, 554 (9th Cir. 2010); *Porter v. Osborne*, 546 F.3d 1131, 1137 (9th Cir. 2008).

**Claim 4:** Battery (Wrongful Death and Survival).

Claim 4 is brought by Plaintiff Alexandra Rasey-Smith against Defendant Garcia directly and the City of Los Angeles vicariously. Plaintiff contends that Garcia's use of excessive force against Jason Maccani constituted battery under California law. Garcia's use of lethal force was unreasonable because it was not necessary to protect human life, as Jason Maccani did not pose an immediate threat of death or serious bodily injury to Garcia or anyone else.

The City of Los Angeles is vicariously liable for Garcia's conduct pursuant to Cal. Gov. Code § 815.2(a) ("A public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee or his personal representative.").

Plaintiff brings this claim individually and as Jason Maccani's successors in interest and seeks both wrongful death and survival damages, including pre-death pain and suffering. *See Senate Bill 447, Civil actions: decedent's cause of action* (2021-2022).

Elements:

1. Garcia intentionally used deadly force on Jason Maccani;

    2. Garcia's use of deadly force was not necessary to defend human life;

    3. That Jason Maccani was killed; and

    4. Garcia's use of deadly force was a substantial factor in causing Jason Maccani's harm or death.

Source: CACI No. 1305B, (2025 edition).

    **Claim 5:**    <u>Negligence</u> (Wrongful Death and Survival).

    Claim 5 is brought by Plaintiff Alexandra Rasey-Smith against Defendant Garcia directly and the City of Los Angeles vicariously. Plaintiff contends that Garcia, while acting in the course and scope of his employment with the City of Los Angeles, acted negligently in his pre-shooting tactics, conduct, actions/inactions and the use of deadly force against Jason Maccani. *See Hayes v. Cnty. of San Diego*, 57 Cal. 4th 622, 639 (Cal. 2013) ("Pre-shooting tactics are relevant considerations under California law in determining whether the use of deadly force gives rise to negligence liability.").

    The City of Los Angeles is vicariously liable for Garcia's conduct pursuant to Cal. Gov. Code § 815.2(a). Plaintiff brings this claim individually and as Jason Maccani's successors in interest and seeks both wrongful death and survival damages, including pre-death pain and suffering. *See senate Bill 447, Civil actions: decedent's cause of action* (2021-2022).

<u>Elements</u>:

    1. That Garcia was a police officer;

    2. That Garcia used deadly force on Jason Maccani;

    3. That Garcia's use of deadly force was not necessary to defend human life;

    4. That Jason Maccani was killed; and

    5. That Garcia's use of deadly force was a substantial factor in causing Jason Maccani's death.

Source: CACI No. 441, (2025 edition).

    **Claim 6:**    <u>Violation of the Bane Act (Cal. Civil Code § 52.1)</u> (Survival Claim)

Claim 6 is brought by Plaintiff Alexandra Rasey-Smith against Defendant Caleb Garcia and the City of Los Angeles. Plaintiff contends that Defendant Garcia acted with reckless disregard for Jason Maccani's rights under Cal. Civil Code § 52.1 when he used excessive and deadly force against Jason Maccani.

Plaintiff brings this claim as Jason Maccani's successors in interest and seeks survival damages for Jason Maccani's pain and suffering.

Elements

1. Caleb Garcia used excessive deadly force under the Fourth Amendment;
2. Caleb Garcia intended to violate Jason Maccani's Fourth Amendment right to be free from excessive force, which can be shown by a reckless disregard for his right; and
3. Caleb Garcia's conduct was a substantial factor in causing Jason Maccani's injuries and/or death.

Source: Cal. Civ. Code. Section 52.1; see also CACI No. 3066 (2025 edition); see also *Reese v. Cnty. of Sacramento*, 888 F. 3d 1030 (9th Cir. 2018) (quoting *United States v. Reese*, 2 F. 3d 870 (9th Cir. 1993) ("[I]t is not necessary for the defendants to have been 'thinking in constitutional or legal terms at the time of the incidents because a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights.'" 888 F.3d 1030 (9th Cir. 2018).

**b) Key Evidence**

1. Photos of Decedent (pre-incident)
2. Videos of Decedent (pre-incident) and Plaintiff Mrs. Smith
3. Marriage Certificate
4. Text Messages of Decedent with Plaintiff Mrs. Smith
5. Text Messages of Decedent with Plaintiff Mr. Maccani
6. Decedent's UCLA College Degree
7. Missing Person's Report
8. LAFD Report

9. Death Certificate
10. Autopsy Report with Diagrams and Toxicology Results
11. Audio Recorded Interviews and transcripts of the audio recorded interviews of Jeff Punzalan*, Colin Chomuk*, Desiree Rodriguez*, Michael Orozco*, Gabriel Quintero*, Sandra Jauregui*, Caleb Garcia*
12. Photos of Decedent's clothing
13. Body Cam Videos of Jeff Punzalan, Colin Chomuk, Desiree Rodriguez, Michael Orozco, Gabriel Quintero, Sandra Jauregui and Caleb Garcia
14. Surveillance Video (Cam 8)
15. Videos (and related PDFs) by Plaintiffs retained video expert.
16. Incident Recall Printout*
17. LAPD Lab Report by G. Arredondo*
18. Scene Photos
19. USC Medical Records
20. X-Rays of Decedent's Injuries
21. Photos of Decedent's Injuries
22. Picture of Bullet Recovered)

**c) Anticipated Evidentiary Issues**

    Plaintiffs have filed only one motions in limine to exclude a photo of a random white knife that was produced by the Defendants several months after the discovery cut-off had passed.

**d) Issues of Law**

    Whether or not Garcia is entitled to qualified immunity.

### III. BIFURCATION OF ISSUES

    Plaintiffs do not request bifurcation of liability from damages. Plaintiffs request bifurcation only as to the amount of punitive damages, if awarded by the jury. In other words, the jury would decide liability, damages and whether to award punitive damages in the first phase and the amount of punitive damages in the second phase. Plaintiffs

object and oppose bifurcating liability from damages, as requested by the defense.

## IV. JURY TRIAL

Plaintiffs have timely demanded a jury trial. Each of Plaintiffs' causes of action are triable to a jury. The parties made a timely demand for trial by jury in conformity with Rule 38 of the Federal Rules of Civil Procedure.

## V. ATTORNEYS' FEES

If Plaintiffs prevails on one of their claims under Section 1983 or Cal. Civil Code § 52.1, they will be entitled to an award of reasonable attorney's fees and costs. 42 U.S.C. § 1988(b), *Hensley v. Eckerhart*, 461 US. 424, 429 (1983), and under state law pursuant to California Civil Code Section 1021, *et seq*.

## VI. ABANDONMENT OF ISSUES

Plaintiffs have abandoned their Denial of Medical Care claim, which was brought under the Fourth Amendment, i.e., Claim 2 of Plaintiffs' Complaint for Damages. (Dkts. # 1 and 39).

Respectfully submitted,

DATED: February 20, 2026,          **LAW OFFICES OF DALE K. GALIPO**

*/s/ Eric Valenzuela*
Dale K. Galipo
Eric Valenzuela
*Attorneys for Plaintiffs*