1  LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo (Bar No. 144074)
2  dalekgalipo@yahoo.com
   Eric Valenzuela (Bar No. 284500)
3  evalenzuela@galipolaw.com
   21800 Burbank Boulevard, Suite 310
4  Woodland Hills, California  91367
   Telephone:   (818) 347-3333
5  Facsimile:   (818) 347-4118

6  Attorneys for Plaintiff

7  [CAPTION CONTINUED ON NEXT PAGE]

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11  ALEXANDRA RASEY-SMITH, et al.,    Case No. 1:23−CV−01569−JLT−BAM

12              Plaintiffs,           [*Hon. Michelle Williams Court*]

13         vs.                        **JOINT EXHIBIT LIST**

14                                    **Pre-Trial Conference:**
15  CITY OF LOS ANGELES, et al.,      Date:   March 20, 2026
                                      Time:   1:30 p.m.
16              Defendants.
                                      **Trial:**
17                                    Date:   April 6, 2026
18                                    Time:   8:30 a.m.

19

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

06491-0027 4919-5723-9184 v3

1  **HYDEE FELDSTEIN SOTO**, City Attorney (SBN 106866)
2  **DENISE C. MILLS**, Chief Deputy City Attorney (SBN 191992)
   **KATHLEEN KENEALY**, Chief Assistant City Attorney (SBN 212289)
3  **TY A. FORD**, Deputy City Attorney (SBN 218365)
4  200 North Main Street, 6th Floor, City Hall East
   Los Angeles, CA 90012
5  Phone No.: (213) 978-6900 / Fax No.: (213) 978-8785
6  Email:  Ty.Ford@lacity.org
   *Attorneys for Defendant*
7  CITY OF LOS ANGELES

8  Susan E. Coleman (SBN 171832)
   E-mail:  scoleman@bwslaw.com
9  BURKE, WILLIAMS & SORENSEN, LLP
   444 South Flower Street, 40th Floor
10 Los Angeles, California 90071-2942
   Tel:  213.236.0600 Fax:  213.236.2700
11
   Attorneys for Defendant
12 CALEB GARCIA ALAMILLA

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TO THE HONORABLE COURT AND TO ALL PARTIES AND COUNSEL:**

By and through their counsel of record in this action, the Parties hereby submit the following Exhibit List of tangible and documentary evidence to be provided-published to the jury at the time of trial (to the extent admissible under the Federal Rules of Evidence). The Parties reserve the right to amend this Exhibit List, subject to any objections, motions *in limine*, and applicable Orders of the Court.

DATED:  February 20, 2026          LAW OFFICES OF DALE K. GALIPO


                                   By   /s/ *Eric Valenzuela*
                                        Dale K. Galipo
                                        Eric Valenzuela
                                        Attorneys for Plaintiffs

DATED:  February 20, 2026          BURKE, WILLIAMS & SORENSEN, LLP


                                   By   /s/ Susan E. Coleman
                                        Susan E. Coleman
                                        Lauren S. Dossey
                                        Attorneys for Defendant Caleb Garcia Alamilla

DATED:  February 20, 2026          LOS ANGELES CITY ATTORNEY'S OFFICE


                                   By   /s/ Ty A. Ford
                                        Ty A. Ford
                                        Attorneys for the City of Los Angeles

# EXHIBIT LIST OF THE PARTIES

## PLAINTIFFS' EXHIBIT LIST

| Exh. No. | Description | Witness Establishing Foundation | Objections to Admissibility and/or Authenticity (include basis and party objecting) | Response to Objection | Date Identified | Date Admitted |
|---|---|---|---|---|---|---|
| 1. | Photos of Decedent (pre-incident) | | [Produced without Bates numbers] Defendants object (Fed. R. Evid. 401, 403, 602, and 901) pending identification of the specific photographs being offered from the 57 images produced in discovery. Without such identification, Defendants cannot assess relevance, foundation, authentication, or cumulative/prejudicial concerns. | It is all of the photos sent in response to Defendants' request for production of documents | | |
| 2. | Video of Decedent and Plaintiff Mrs. Smith | | [Produced without a Bates number] Defendants object (Fed. R. Evid. 403) to the extent the undated video of Plaintiff Ms. Smith kissing the Decedent is cumulative or offered | Is relevant as to damages and the nature of the relationship between Decedent and his wife. | | |

| 1 2 | | | | solely to evoke sympathy. | | | |
|---|---|---|---|---|---|---|---|
| 3 4 5 6 7 8 9 10 11 | 3. | Video of Decedent (skateboarding) | | [Produced without a Bates number] Defendants object (Fed. R. Evid. 403) to the extent the undated video of the Decedent skateboarding is cumulative or offered solely to evoke sympathy. | Is relevant as to the damages and the loss of life and loss of enjoyment of life. | | |
| 12 13 14 15 16 17 18 19 20 21 22 23 24 | 4. | Video of Decedent with Dog | | [Produced without Bates numbers] Defendants object (Fed. R. Evid. 401 and 403) to the extent the undated videos (two were produced in discovery-one with audio and one without) of the Decedent and a dog is irrelevant, cumulative, and/or offered solely to evoke sympathy. | Is relevant as to the damages and the loss of life and loss of enjoyment of life. | | |
| 25 26 27 | 4. | Marriage Certificate | | [Produced without a Bates number] No objection. | | | |
| 28 | | | | | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 5. | Text Messages of Decedent with Plaintiff Mrs. Smith | | [Produced without Bates numbers] Defendants object (Fed. R. Evid. 401, 403, 602, 802, and 901). To the extent the text messages are offered for the truth of the matters asserted, they constitute hearsay. Defendants further object under Rules 401 and 403 as the messages are not probative of any disputed issue and risk undue prejudice and sympathy. | Is relevant as to damages and the nature of the relationship between Decedent and his wife. | | |
| 6. | Text Messages of Decedent with Plaintiff Mr. Maccani | | [Produced without Bates numbers] Defendants object (Fed. R. Evid. 401, 403, 602, 802, and 901). To the extent the text messages are offered for the truth of the matters asserted, they constitute hearsay. Defendants further object under Rules 401 and 403 as the 45 messages | Is relevant as to damages and the nature of the relationship between Decedent and his Father. | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | produced in discovery are not probative of any disputed issue and risk undue prejudice and sympathy. | | | |
| 7. | Decedent's UCLA College Degree | | [Produced without a Bates number] Defendants object (Fed. R. Evid. 401, 403, 602, and 901). The diploma is not relevant to any material issue in dispute and appears offered solely to elicit sympathy. Any minimal probative value is substantially outweighed by the risk of unfair prejudice. | Is relevant as to the damages and the loss of life and loss of enjoyment of life. | | |
| 8. | Missing Person's Report | | [DEF 0113-0126] Defendants object (Fed. R. Evid. 401, 402, 403, 602, 802, and 901). The report filed after the Decedent's death is not relevant to any material issue in dispute. It was not known to the involved | It is disputed as to whether the missing persons report was known to the officers. Is also relevant as to damages and the nature of | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | officers. To the extent offered for the truth of the matters asserted, it constitutes inadmissible hearsay. Admission would also risk confusing and misleading the jury. | the relations hip with Decedent and Plaintiffs, while filed the missing persons report. | | |
| 9. | LAFD Report | | [DEF 0106-0110]<br><br>No objection. | | | |
| 10. | Death Certificate | | [Produced without a Bates number]<br><br>No objection. | | | |
| 11. | Autopsy Report with Diagrams and Toxicology Results | | [Produced by Plaintiff without Bates numbers but see DEF 0144-0167]<br><br>Defendants object (Fed. R. Evid. 401, 402, 403, 602, 802, and 901). The report is not relevant to any material issue in dispute. To the extent offered for the truth of the matters asserted, it constitutes inadmissible hearsay. Admission would also risk confusing | Is relevant as to Decedent's damages, including where he was shot, whether this type of death would have been instantan eous or not, cause and manner of death, bullet trajectory and bullet recovere d from body, | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | the issues and misleading the jury. Defendants do not plan to assert decedent was on drugs or that he was not shot.<br><br>Defendants have no objection to introduction of the diagrams (DEF 0161-0162) or Laboratory Analysis Summary Report (DEF 0163), assuming proper foundation is laid (Fed. R. Evid. 602 and 901). | which was fired by the Defendant officer. | | |
| 12. | Audio Recorded Interview of Jeff Punzalan* | | [DEF 2496-2497]<br><br>Defendants object (Fed. R. Evid. 401, 403, and 802). The recorded statements and transcripts constitute out-of-court statements and are admissible, if at all, only for impeachment. Defendants object to their admission for any other purpose. | Only intend to use for impeachment purposes. | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 13. | Transcription of Audio Recorded Interview of Jeff Punzalan* | | [DEF 2292-2361]<br><br>Defendants object (Fed. R. Evid. 401, 403, and 802). The recorded statements and transcripts constitute out-of-court statements and are admissible, if at all, only for impeachment. Defendants object to their admission for any other purpose. | Only intend to use for impeachment purposes. | | |
| 14. | Audio Recorded Interview of Colin Chomuk* | | [DEF 2491]<br><br>Defendants object (Fed. R. Evid. 401, 403, and 802). The recorded statement and transcript constitute out-of-court statements and are admissible, if at all, only for impeachment. Defendants object to their admission for any other purpose. | Only intend to use for impeachment purposes. | | |
| 15. | Transcription of Audio Recorded Interview of Colin Chomuk* | | [DEF 1783-1855]<br><br>Defendants object (Fed. R. Evid. 401, 403, and 802). The recorded statement and | Only intend to use for impeachment purposes. | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | transcript constitute out-of-court statements and are admissible, if at all, only for impeachment. Defendants object to their admission for any other purpose. | | | |
| 16. | Audio Recorded Interview of Desiree Rodriguez* | | [DEF 2487, 2503] Defendants object (Fed. R. Evid. 401, 403, and 802). The recorded statements and transcripts constitute out-of-court statements and are admissible, if at all, only for impeachment. Defendants object to their admission for any other purpose. | Only intend to use for impeachment purposes. | | |
| 17. | Transcription of Audio Recorded Interview of Desiree Rodriguez* | | [DEF 2417-2483] Defendants object (Fed. R. Evid. 401, 403, and 802). The recorded statements and transcripts constitute out-of-court statements and are admissible, if at all, only for impeachment. Defendants | Only intend to use for impeachment purposes. | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | object to their admission for any other purpose. | | | |
| 18. | Audio Recorded Interview of Michael Orozco* | | [DEF 2490] Defendants object (Fed. R. Evid. 401, 403, and 802). The recorded statement and transcript constitute out-of-court statements and are admissible, if at all, only for impeachment. Defendants object to their admission for any other purpose. | Only intend to use for impeachment purposes. | | |
| 19. | Transcription of Audio Recorded Interview of Michael Orozco* | | [DEF 2221-2266] Defendants object (Fed. R. Evid. 401, 403, and 802). The recorded statement and transcript constitute out-of-court statements and are admissible, if at all, only for impeachment. Defendants object to their admission for any other purpose. | Only intend to use for impeachment purposes. | | |
| 20. | Audio Recorded Interview of | | [DEF 2493-2494] Defendants object (Fed. | Only intend to use for impeachment | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | Gabriel Quintero* | | R. Evid. 401, 403, and 802). The recorded statements and transcripts constitute out-of-court statements and are admissible, if at all, only for impeachment. Defendants object to their admission for any other purpose. | purposes. | | |
| 21. | | Transcription of Audio Recorded Interview of Gabriel Quintero* | | [DEF 2362-2416] Defendants object (Fed. R. Evid. 401, 403, and 802). The recorded statements and transcripts constitute out-of-court statements and are admissible, if at all, only for impeachment. Defendants object to their admission for any other purpose. | Only intend to use for impeachment purposes. | | |
| 22. | | Audio Recorded Interview of Sandra Jauregui* | | [DEF 2495] Defendants object (Fed. R. Evid. 401, 403, and 802). The recorded statement and transcript constitute out-of-court statements and are admissible, if | Only intend to use for impeachment purposes. | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | at all, only for impeachment. Defendants object to their admission for any other purpose. | | | |
| 23. | Transcription of Audio Recorded Interview of Sandra Jauregui* | | [DEF 1957-2008] Defendants object (Fed. R. Evid. 401, 403, and 802). The recorded statement and transcript constitute out-of-court statements and are admissible, if at all, only for impeachment. Defendants object to their admission for any other purpose. | Only intend to use for impeachment purposes. | | |
| 24. | Audio Recorded Interview of Caleb Garcia* | | [DEF 2502] No objection. | | | |
| 25. | Transcription of Audio Recorded Interview of Caleb Garcia* | | [DEF 1856-1925] No objection. | | | |
| 26. | Photos of Decedent's clothing | | Defendants object pending identification of the specific photographs by Bates | All the photographs of the Decedent's clothing | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | number. Without reference to a particular Bates-stamped exhibit, Defendants cannot meaningfully assess relevance, foundation, authenticity, or other evidentiary concerns. | produced by the Defense in response to Plaintiffs' request for production of documents. The clothing, which is covered in blood, is also relevant as to Decedent's damages as a result of being shot by defendant and as to the pain and suffering experienced prior to death. | | |
| 27. | Body Cam Video of Jeff Punzalan | | [DEF 2510] No objection, assuming corresponding transcript will also be introduced. | Plaintiffs are not submitting any transcript. Plaintiffs also request that the City produce this video without the watermark which says the video is | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | confidential and subject to a protective order. The video without this language, is the video that should be shown to the jury. | | |
| 28. | Body Cam Video of Colin Chomuk | | [DEF 2504]<br><br>No objection, assuming corresponding transcript will also be introduced. | Plaintiffs are not submitting any transcript.<br><br>Plaintiffs also request that the City produce this video without the watermark which says the video is confidential and subject to a protective order. The video without this language, is the video that should be shown to the jury. | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 29. | Body Cam Video of Desiree Rodriguez | | [DEF 2512]<br><br>No objection, assuming corresponding transcript will also be introduced. | Plaintiffs are not submitting any transcript. Plaintiffs also request that the City produce this video without the watermark which says the video is confidential and subject to a protective order. The video without this language, is the video that should be shown to the jury. | | |
| 30. | Body Cam Video of Michael Orozco | | [DEF 2509]<br><br>No objection, assuming corresponding transcript will also be introduced. | Plaintiffs are not submitting any transcript. Plaintiffs also request that the City produce this video without the watermark which | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | says the video is confidential and subject to a protective order. The video without this language, is the video that should be shown to the jury. | | |
| 31. | Body Cam Video of Gabriel Quintero | | [DEF 2511]<br><br>No objection, assuming corresponding transcript will also be introduced. | Plaintiffs are not submitting any transcript.<br><br>Plaintiffs also request that the City produce this video without the watermark which says the video is confidential and subject to a protective order. The video without this language, is the video that should be shown to | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| 1 | | | | the jury. | | |
| 2–20 | 32. | Body Cam Video of Sandra Jauregui | | [DEF 2506]<br><br>No objection, assuming corresponding transcript will also be introduced. | Plaintiffs are not submitting any transcript.<br><br>Plaintiffs also request that the City produce this video without the watermark which says the video is confidential and subject to a protective order. The video without this language, is the video that should be shown to the jury. | |
| 21–28 | 33. | Body Cam Video of Caleb Garcia | | [DEF 2505]<br><br>No objection, assuming corresponding transcript will also be introduced. | Plaintiffs are not submitting any transcript.<br><br>Plaintiffs also request that the City produce this video without the watermar | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | k which says the video is confidential and subject to a protective order. The video without this language, is the video that should be shown to the jury. | | |
| 34. | Surveillance Video (Cam 8) | | [DEF 2513, 2520]<br><br>No objection. | | | |
| 35. | Enhanced Video (2 Up Sync Cropped) | | [Produced without a Bates number. Exhibit 5 to Holdaway deposition.]<br><br>No objection. | | | |
| 36. | PDF of Enhanced Video (2 Up Sync Cropped) | | [Produced without a Bates number.]<br><br>No objection. | | | |
| 37. | Enhanced Video (2 Up Sync w/ Graphic Cropped) | | [Produced without a Bates number. Exhibit 4 to Holdaway deposition.]<br><br>No objection. | | | |
| 38. | PDF of Enhanced | | [Produced without a Bates | | | |

| # | | | | | | |
|---|---|---|---|---|---|---|
| | | Video (2 Up Sync w/ Graphic Cropped) | | number.]<br><br>No objection. | | |
| | 39. | Enhanced Video (2 Up Sync w/ Graphic) | | [Produced without a Bates number. Exhibit 5 to Holdaway deposition.]<br><br>No objection. | | |
| | 40. | PDF Enhanced Video (2 Up Sync w/ Graphic) | | [Produced without a Bates number.]<br><br>No objection. | | |
| | 41. | Enhanced Video (2 Up Sync) | | [Produced without a Bates number. Exhibit 3 to Holdaway deposition.]<br><br>No objection. | | |
| | 42. | PDF Enhanced Video (2 Up Sync) | | [Produced without a Bates number.]<br><br>No objection. | | |
| | 43. | Incident Recall Printout* | | [DEF 0001-0031]<br><br>No objection. | | |
| | 44. | LAPD Lab Report by G. Arredondo* | | [DEF 0138-0141]<br><br>Defendants object (Fed. R. Evid. 401, 403, 602, 802, and 901). The report is not relevant to any material | This report indicates that Defendant Garcia shot Sgt. Punzalan during the incident. | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | issue in dispute. To the extent offered for the truth of the matters asserted, it constitutes inadmissible hearsay. Admission would also risk confusing the issues and misleading the jury. | Sgt. Punzalan was going hands or about to go hands on with Decedent when he was shot in the hand by Def. Garcia. This report is relevant to show the level of threat posed by Decedent at the time of the shooting. | | |
| 45. | Scene Photos | | Defendants object pending identification of the specific photographs by Bates number. Without reference to a particular Bates-stamped exhibit, Defendants cannot meaningfully assess relevance, foundation, authenticity, or other evidentiary concerns. | These are the scene photos produced by the defendants in response to Plaintiffs' request for production of documents. | | |
| 46. | X-Rays of | | These were not produced | These documen | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | Decedent's Injuries | | in discovery. Defendants object (Fed. R. Evid. 401, 403, and 901). The X-rays lacks foundation and authentication, and no qualified witness has been identified to interpret them. Without expert testimony, the exhibit is not probative and risks confusing or misleading the jury. Further, Defendants do not dispute that decedent was shot or the bullet path. | ts were produced in discovery and Plaintiffs have the proof of service to show they were timely produced in discovery. | | |
| | 47. | Photos of Decedent's Injuries | | Defendants object pending identification of the specific photographs by Bates number. Without reference to a particular Bates-stamped exhibit, Defendants cannot meaningfully assess relevance, foundation, authenticity, or other evidentiary | These are the autopsy photos, which have been produced to the defense and the photos of Decedent's injuries taken at the hospital by members of the LAPD and | | |

| No. | Description | | Objection | Response | | |
|---|---|---|---|---|---|---|
| | | | concerns. Defendants object (Fed. R. Evid. 401, 403, and 901). | produced by defendants to Plaintiffs in discovery. | | |
| 48. | Picture of Bullet Recovered | | No objection. However, irrelevant (Fed. R. Evid. 401.) | Relevant to the damages sustained by the Decedent; including pain and suffering. | | |

| **DEFENDANTS' EXHIBITS** |||||||

| No. | Description | | Objection | Response | | |
|---|---|---|---|---|---|---|
| 49. | Watch Commander's Daily Report [DEF 0032-0035] | | Hearsay; Relevance (FRE 402), Undue Prejudice (FRE 403) | Report documents contemporaneous observations, actions taken, and decisions related to the incident. It provides context for the sequence of events and corroborates testimony expected at trial. | | |
| 50. | Sergeant's Daily Report | | Hearsay; Relevance (FRE 402) | Report documents contemporaneous | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | [DEF 0036-0040] | | | observations, actions taken, and decisions related to the incident. It provides context for the sequence of events and corroborates testimony expected at trial. | | |
| 51. | Decedent's CII<br><br>[DEF 0111-0112] | | Hearsay; Relevance (FRE 402), Undue Prejudice (FRE 403) to the extent it is information was not known to the Defendant Officer prior to the incident. | If Plaintiff presents testimony portraying Decedent in a manner inconsistent with his criminal history, Defendants are entitled to impeach that testimony with admissible criminal conduct. | | |
| 52. | LAPD Investigative Report, | | Hearsay; Relevance (FRE 402), Undue | Report documents contemp | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | including photographs [DEF 0127-0135] | | Prejudice (FRE 403) | oraneous observations, actions taken, and decisions related to the incident. It provides context for the sequence of events and corroborates testimony expected at trial. | | |
| | 53. | Photos from surveillance video at scene [DEF 0223-0230] | | No objection. | | | |
| | 54. | Photos (exterior) [DEF 0231-0258] | | No objection. | | | |
| | 55. | Photos (interior) [DEF 0259-0329 and DEF 0334-0378] | | No objection. | | | |
| | 56. | Recorded 911 call | | Hearsay; Relevance (FRE 402), | It is not hearsay, but a | | |

| | | | | Undue Prejudice (FRE 403) to the extent it is information was not known to the Defendant Officer prior to the incident. The shooting officer never heard the 911 call prior to the shooting, only the info that was broadcast to him or provided on his car's onboard computer. | present sense impression and/or excited utterance. (FRE 803(1)-(2)). It is relevant as contemporaneous evidence of the circumstances leading to the encounter and the behavior being reported. It provides context for why law enforcement response was initiated and corroborates witness testimony regarding the unfolding events. | | |
|---|---|---|---|---|---|---|---|
| | | [DEF 1485] | | | | | |
| | 57. | Recorded dispatch call [DEF 1492] | | No objection. | | | |
| | 58. | Body Cam Video of Kurt | | No objection. | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1<br>2 | | Klimek<br><br>[DEF 2507] | | | | | |
| 3<br>4<br>5<br>6<br>7 | 59. | Body Cam Video of Wilson Melgar<br><br>[DEF 2508] | | No objection. | | | |
| 8<br>9<br>10 | 60. | Videolink No. 1 (BWC)<br><br>[DEF 2516] | | No objection. | | | |
| 11<br>12<br>13<br>14<br>15 | 61. | Videolink No. 2 (surveillance footage)<br><br>[DEF 2517] | | No objection. | | | |
| 16<br>17<br>18 | 62. | Videolink No. 3 (BWC)<br><br>[DEF 2518] | | No objection. | | | |
| 19<br>20<br>21<br>22 | 63. | Videolink No. 4 (BWC)<br><br>[DEF 2519] | | No objection. | | | |
| 23<br>24<br>25<br>26 | 64. | Videolink No. 6 (BWC)<br><br>[DEF 2521] | | No objection. | | | |
| 27<br>28 | 65. | Videolink No. 7 | | No objection. | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | (BWC)<br><br>[DEF 2522] | | | | |
| | 66. | Videolink No. 8<br><br>[DEF 2523] | | No objection. | | |
| | 67. | Video prepared by Defense Expert P. Ward- 2 views sync'd<br><br>[DEF 2524] | | No objection. | | |
| | 68. | Video prepared by Defense Expert P. Ward- 4 views sync'd<br><br>[DEF 2525] | | No objection. | | |
| | 69. | Video prepared by Defense Expert P. Ward- Chomuk BWC with frame numbers<br><br>[DEF 2526] | | No objection. | | |
| | 70. | Video prepared by | | No objection. | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | Defense Expert P. Ward- Garcia Alamilla BWV with frame numbers<br><br>[DEF 2527] | | | | | |
| 71. | Video prepared by Defense Expert P. Ward- Jauregui Villegas with frame numbers<br><br>[DEF 2528] | | No objection. | | | |
| 72. | Video prepared by Defense Expert P. Ward- Orozco BWV right hand tracker SloMo<br><br>[DEF 2529] | | No objection. | | | |
| 73. | Video prepared by Defense Expert P. Ward- Orozco BWV right | | No objection. | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | hand tracker [DEF 2530] | | | | | |
| 74. | Video prepared by Defense Expert P. Ward-Orozco BWV with frame numbers + timer [DEF 2531] | | No objection. | | | |
| 75. | Video prepared by Defense Expert P. Ward-Punzalan BWV with frame numbers [DEF 2532] | | No objection. | | | |
| 76. | Video prepared by Defense Expert P. Ward-Quintero BWV with frame numbers [DEF 2533] | | No objection. | | | |
| 77. | Video prepared by | | No objection. | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | Defense Expert P. Ward- Security Camera with 4x window SlowMo [DEF 2534] | | | | | |
| 78. | Video prepared by Defense Expert P. Ward- Security Camera with 4x window [DEF 2535] | | No objection. | | | |
| 79. | Video prepared by Defense Expert P. Ward- Security camera – Cropped + frame numbers [DEF 2536] | | No objection. | | | |
| 80. | PDF prepared by Defense Expert P. Ward- 2 views | | No objection. | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | sync'd 40mm [DEF 2537] | | | | | |
| 81. | PDF prepared by Defense Expert P. Ward- 2 views sync'd Bean Bag 1 [DEF 2538] | | No objection. | | | |
| 82. | PDF prepared by Defense Expert P. Ward- 2 views sync'd Bean Bag 2 [DEF 2539] | | No objection. | | | |
| 83. | PDF prepared by Defense Expert P. Ward- 2 views sync'd Handgun [DEF 2540] | | No objection. | | | |
| 84. | PDF prepared by Defense Expert P. Ward- | | No objection. | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | Orozco F18756 40mm impact [DEF 2541] | | | | | |
| 85. | | PDF prepared by Defense Expert P. Ward-Orozco F18817 Bean Bag Round 2 [DEF 2542] | | No objection. | | | |
| 86. | | PDF prepared by Defense Expert P. Ward-Orozco F18846 Maccani Grabbing Gun [DEF 2543] | | No objection. | | | |
| 87. | | PDF prepared by Defense Expert P. Ward-Security Cam F497-Muzzle Flash | | No objection. | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| | [DEF 2544] | | | | | |
| 88. | PDF prepared by Defense Expert P. Ward- Sync'd frames<br><br>[DEF 2545-3270] | | No objection. | | | |
| 89. | Photograph of white knife and fork, prepared by Defense Expert E. Flosi<br><br>[DEF 3271] | | Hearsay; Relevance (FRE 402), Undue Prejudice (FRE 403). Was produced several months after the close of discovery. Is subject to a motion in limine to exclude. Is photo of random knife that Decedent did not have on his person at time of the incident and was not found at the scene. Lacks foundation also assumes facts not in evidence. | A photograph is not an out-of-court statement; not hearsay. It is relevant under Rule 401 because it depicts physical evidence central to the main factual dispute in this case- whether a reasonabl e officer could perceive the object as a threat under the circumsta nces. Jury is entitled to see the object, rather than rely | | |

| | | | | solely on verbal characterizations.

Second, the photograph was already used during the examination of Defendants' expert. The photograph is necessary to provide the jury with the full context of that expert's opinions and to allow meaningful evaluation of the testimony presented. | | |
|---|---|---|---|---|---|---|

[* An asterisk shall be placed next to the exhibits which a party may offer if the need arises.]

The Parties reserve the right to amend this Exhibit List.