Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
Lauren S. Dossey (SBN 244887)
E-mail: ldossey@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
Tel: 213.236.0600 Fax: 213.236.2700

Attorneys for Defendant
CALEB GARCIA ALAMILLA

HYDEE FELDSTEIN SOTO, City Attorney (SBN 106866)
DENISE C. MILLS, Chief Deputy City Attorney (SBN 191992)
KATHLEEN KENEALY, Chief Assistant City Attorney (SBN 212289)
CORY M. BRENTE, Senior Assistant City Attorney (SBN 115453)
TY A. FORD, Deputy City Attorney (SBN 218365)
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Tel: 213.978.6900 Fax: 213.978.8785
Email: Ty.Ford@lacity.org

Attorneys for Defendant CITY OF LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEXANDRA RASEY-SMITH; GORDON GENE MACCANI; and JANET MACCANI,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES; CALEB GARCIA ALAMILLA; and DOES 2-10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-03265-MWC-SSC<br><br>**DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Pretrial Conference<br>Date: March 20, 2026<br>Time: 3:00 p.m.<br>Judge: Hon. Michelle Williams Court<br>Ctrm: 6A<br><br>Trial Date: April 6, 2026 |

TO THE HONORABLE COURT, PLAINTIFFS, AND THEIR ATTORNEYS OF RECORD:

    Pursuant to Local Rule 16-4, Defendants CITY OF LOS ANGELES and CALEB GARCIA ALAMILLA hereby submit their Memorandum of Contentions of Fact and Law.

## I. INTRODUCTION

This action arises from a rapidly-evolving encounter between the Decedent, Jason Maccani (hereinafter "Maccani"), and officers from the City of Los Angeles Police Department that required Officer Caleb Garcia Alamilla (hereinafter "Officer Garcia") to make a split-second decision to use lethal force when the threat posed by Maccani quickly escalated. Despite the Officers' continued efforts to obtain compliance and de-escalate, Maccani advanced toward the officers while holding an object in his clenched fist in a manner that reasonably appeared to be a knife. Faced with an apparent imminent threat of serious bodily harm, Officer Garcia discharged his weapon, fatally wounding Maccani. After the shooting, it was determined that the object in Maccani's hand had been a plastic fork. Plaintiffs allege federal and state civil rights claims as well as various state tort law claims, as identified below.

## II. CLAIMS AND DEFENSES (L.R. 16-4.1)

### A. Plaintiffs' Claims (L.R. 16-4.1(a))

1. **Claim 1:** Officer Garcia violated 42 U.S.C. § 1983 by using unreasonable force on Maccani.

2. ***Claim 2:** Plaintiff is voluntarily dismissing the Second Claim for 42 U.S.C. § 1983–Denial of Medical Care.*

3. **Claim 3:** Officer Garcia violated 42 U.S.C. § 1983 by depriving Plaintiffs Alexandra Rasey-Smith, Gordon Gene Maccani, and Janet Maccani of their right to familial association with Maccani.

4. **Claim 4:**[1] Officer Garcia committed a battery against Maccani, resulting in his death. Plaintiff further alleges that the City of Los Angeles (hereinafter "the City") is vicariously liable for the

---

[1] The Court granted summary judgment on Plaintiff Rasey-Smith's battery claim to the extent she sought to assert it in her individual capacity. (ECF No. 65, p. 18-19.) Accordingly, the battery claim proceeds only through Plaintiff Rasey-Smith in her capacity as successor in interest to Maccani's estate.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4900-8622-9136 v1

2

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

wrongful acts of Officer Garcia under Government Code § 815.2.

5. **Claim 5:**[2] Officer Garcia was negligent in his assessment, detention, and use of force against Maccani, including alleged pre-shooting negligence, failure to properly evaluate the threat presented, failure to use or continue less-lethal alternatives, and failure to provide adequate warnings. ==Plaintiff further alleges negligent training, supervision, staffing, and handling of evidence and witnesses.== Plaintiff alleges that the City is vicariously liable for Officer Garcia's conduct pursuant to Government Code section 815.2.

6. **Claim 6:**[3] Officer Garcia violated the Bane Act (Cal. Civ. Code § 52.1) by intentionally using force, threats, or coercion to interfere with Maccani's constitutional rights in connection with the officer-involved shooting. Plaintiff further alleges that the City is vicariously liable for the negligent acts of Officer Garcia under Government Code § 815.2.

///
///
///
///

---

[2] The Court granted summary judgment on Plaintiff Rasey-Smith's negligence claim to the extent she sought to assert it in her individual capacity. (ECF No. 65, p. 18-19.) Accordingly, the negligence claim proceeds only through Plaintiff Rasey-Smith in her capacity as successor in interest to Maccani's estate.

[3] The Court granted summary judgment on Plaintiff Rasey-Smith's Bane Act claim to the extent she sought to assert it in her individual capacity. (ECF No. 65, p. 18-19.) Accordingly, the Bane Act claim proceeds only through Plaintiff Rasey-Smith in her capacity as successor in interest to Maccani's estate.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4900-8622-9136 v1

3

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

## B. Elements for Each Claim (L.R. 16-4.1(b))

### 1. Claim 1: *Violation of 42 U.S.C. § 1983 (excessive force)*

To prevail, Plaintiff must prove:

1. Officer Garcia acted under the color of state law;
2. Officer Garcia seized Maccani by restraining his liberty through coercion, physical force, or a show of authority;
3. In seizing Maccani, Officer Garcia used force that was objectively unreasonable under the totality of the circumstances; and
4. The acts of Officer Garcia caused harm to Maccani.

*See Ninth Circuit Manual of Model Civil Jury Instructions 9.1–9.3; 9.22; and 9.27.*

Plaintiff has the burden of proving that the amount of force used was objectively unreasonable. The touchstone of that reasonableness inquiry is balancing of the nature and quality of the intrusion against the governmental interests at stake. *See Estate of Aguirre v. Cnty. of Riverside*, 29 F.4th 624, 628 (9th Cir. 2022). In assessing those interests, the jury considers the three non-exclusive factors identified in *Graham v. Connor,* 490 U.S. 386, 396 (1989): (1) the severity of the crime at issue; (2) whether the individual posed an immediate threat to the safety of the officers or others; and (3) whether the individual was actively resisting arrest or attempting to evade arrest by flight. *See Williamson v. City of National Cty.*, 23 F.4th 1146, 1151 (9th Cir. 2022). The Ninth Circuit has repeatedly emphasized that "the most important *Graham* factor" is whether the individual posed an immediate threat to the safety of the officers or others. *Bernal v. Sacramento Cnty. Sheriff's Dep't,* 73 F.4th 678, 692 (9th Cir. 2023).

### 2. Claim 2: *Violation of 42 U.S.C. § 1983 (denial of medical care)*

Plaintiff is voluntarily dismissing this claim.

///
///

3. **Claim 3:** *Violation of 42 U.S.C. § 1983 (interference with parent/child relationship)*[4]

To prevail, Plaintiff must prove:

1. Officer Garcia's conduct deprived Plaintiff of the companionship and society of Maccani; and

2. Officer Garcia's conduct "shocked the conscience."

*See Ninth Circuit Manual of Model Civil Jury Instructions 9.36.*

To prove that Officer Garcia's conduct shocked the conscience, Plaintiff must establish one of the following, depending on the circumstances the jury finds existed at the time force was used: (1) If the jury finds Officer Garcia was required to make a split-second decision where he did not have a practical opportunity for actual deliberation, Plaintiff must prove Officer Garcia acted with a purpose to harm Maccani for reasons unrelated to legitimate law enforcement objectives. *See Cnty. of Sacramento v. Lewis,* 523 U.S. 833, 851 (1998); *Puente v. Cty. of Phoenix*, 159 F.3d

---

[4] The heading for Claim 3 mirrors Ninth Circuit Manual of Model Civil Jury Instruction 9.36 ("Particular Rights–Fourteenth Amendment–Due Process–Interference with Parent/Child Relationship"). This Court previously ruled that Plaintiff Alexandra Rasey-Smith, the Decedent's wife, may proceed on her substantive due process claim based on interference with her spousal relationship with Maccani. (ECF No. 65 at p. 15.) In so ruling, the Court relied on *Roberts v. United States Jaycees*, 468 U.S. 609, 619–20 (1984); *Quiroz v. Short*, 85 F. Supp. 3d 1092, 1108 (N.D. Cal. 2015); and *IDK, Inc. v. Clark County*, 836 F.2d 1185, 1192–93 (9th Cir. 1988), and concluded that the spousal relationship is protected under the Fourteenth Amendment. Defendants respectfully maintain their objection that Ninth Circuit authority has not recognized a substantive due process familial association claim brought by a spouse and preserve that issue for appeal. While some district courts in this Circuit have found the right to familial association extends to surviving spouses, other district courts within this Circuit have declined to do so because the "Ninth Circuit has refrained from creating a substantive due process right to familial association with one's spouse." *Est. of Arroyo v. Cnty. of San Diego*, No. 3:21-CV-01956-RBM-SBC, 2024 WL 4668146, at *16 (S.D. Cal. Nov. 4, 2024) (dismissing a loss of familial association claim brought by a widow).

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4900-8622-9136 v1

5

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

365, 368 (9th Cir. 1998); *Ochoa v. Cty. of Mesa*, 26 F.4th 1050, 1056 (9th Cir. 2022); or (2) If the jury finds Officer Garcia had time for actual deliberation before using force, Plaintiff must prove Officer Garcia acted with deliberate indifference to a known and unreasonable risk of harm. *Lewis*, 523 U.S. at 851.

### 4.  **Claim 4:** *Battery*

To prevail, Plaintiff must prove:

1. Officer Garcia intentionally touched Maccani or caused him to be touched;
2. That Officer Garcia used deadly force on Maccani;
3. That Officer Garcia's use of deadly force was not necessary to defend human life;
4. That Maccani was harmed; and
5. That Officer Garcia's use of deadly force was a substantial factor in causing Maccani's death.

*See California Civil Jury Instruction (CACI) 1305B.*

### 5.  **Claim 5:** *Negligence*

To prevail, Plaintiff must prove:

1. That Officer Garcia was a peace officer;
2. That Officer Garcia used deadly force on Maccani;
3. That Officer Garcia's use of deadly force was not necessary to defend human life;
4. That Maccani was harmed/killed; and
5. That Officer Garcia's use of deadly force was a substantial factor in causing Maccani's harm/death.

*See CACI 441 and 3921; Hernandez v. Cty. of Pomona*, 46 Cal.4th 501, 513 (2009); *Hayes v. Cnty. of San Diego,* 57 Cal.4th 622, 639 (2013) (holding that pre-shooting tactical conduct may be considered as part of the totality of the circumstances in evaluating negligence arising from the use of deadly force, but

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4900-8622-9136 v1

6

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

only to the extent such conduct bears a causal connection to and informs the reasonableness of the ultimate decision to use lethal force).

      **6.**    **Claim 6:** *The Bane Act (Cal. Civ. Code § 52.1)*

To prevail, Plaintiff must prove:

1.    That by threat, intimidation, or coercion, Officer Garcia interfered with Maccani's exercise or enjoyment of his right to be free from unlawful seizure or unlawful use of force;

2.    That Officer Garcia intended to deprive Maccani of the interests protected by the right, or acted with reckless disregard therefor;

3.    That Maccani was harmed; and

4.    That Officer Garcia's conduct was a substantial factor in causing Maccani's harm.

*See CACI 3066.*

    **C.**    **Defendants' Evidence in Opposition to Each Claim (L.R. 16-4.1(c))**

      **1.**    **Claim 1:** *Violation of 42 U.S.C. § 1983 (excessive force)*

Defendants contend that the evidence–including witness testimony, documentary evidence, body-worn camera footage, and surveillance video–will establish that on February 3, 2024, Officer Garcia reasonably perceived Maccani to pose an imminent threat of serious bodily injury to the responding officers. The footage will show that Maccani advanced toward officers, ignored repeated commands, and held what appeared to be a weapon clenched in his fist as he closed the distance. Under these rapidly evolving and tense circumstances, Officer Garcia's use of force was objectively reasonable under the Fourth Amendment.

The following synopsis summarizes the events leading up to the shooting as depicted in the responding officers' body-worn camera footage, with reference to relevant timestamps for context:

    14:28:26    Verbal callout to Maccani to exit with his hands raised

    14:28:34    Maccani appears in the doorway and raises his hands

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4900-8622-9136 v1

7

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

| | | |
|---|---|---|
| | 14:28:36 | Ordered to turn around and face away from officers; he complies |
| | 14:28:37 | Ordered to walk backwards towards officers; he complies |
| | 14:28:41 | Ordered to stop moving |
| | 14:28:42 | Maccani drops his arms, suddenly spins around, and aggressively advances towards officers, who are shouting at him to stop |
| | 14:28:44 | Simultaneous discharge of less-lethal 40mm foam projectile and one beanbag round, which both strike Maccani's torso |
| | 14:28:45 | Maccani balls up his fists with pointed object projecting from his right fist; rushes towards officers |
| | 14:28:46 | Second beanbag round discharged, striking his right arm |
| | 14:28:47 | Maccani shrieks and rushes towards officers; makes contact with Officer Rodriguez's beanbag shotgun and pushes her into the wall; engages in physical struggle with Sgt. Punzalan |
| | 14:28:48 | Lethal shot fired |
| | 14:29:57 | Rescue ambulance summoned |

The rapid progression from verbal commands to less-lethal force to close-quarters struggle underscores the split-second nature of the decision and the objective reasonableness of Officer Garcia's response under the circumstances.

The fact that Maccani threatened officers with the end of a plastic fork, rather than a knife, does not render Officer Garcia's perception unreasonable. Given Maccani's actions, a reasonable officer would conclude that he had a weapon and intended to imminently use it to cause serious bodily harm. "Officers can have reasonable, but mistaken, beliefs as to the facts establishing the existence of an immediate threat, and in those situations courts will not hold that they have violated the Constitution." *Est. of Strickland,* 69 F.4th at 621 (quotation marks and citations omitted) [holding that officers' perception that a plastic, airsoft replica gun was a real firearm was not unreasonable].

  **2.**  **Claim 2:** *Violation of 42 U.S.C. § 1983 (denial of medical care)*

Plaintiff is voluntarily dismissing this claim.

  **3.**  **Claim 3:** *Violation of 42 U.S.C. § 1983 (interference with parent/child relationship)*

For the same reasons set forth above regarding the excessive force claim, Defendants contend that the evidence–including witness testimony, documentary evidence, and body-worn camera and surveillance footage–will establish that Officer Garcia's conduct was objectively reasonable and undertaken in response to an immediate and escalating threat. In a rapidly evolving situation requiring split-second judgment, conduct "shocks the conscience" only if the officer acts with a purpose to harm unrelated to legitimate law enforcement objectives. The evidence will demonstrate no such purpose. Accordingly, Plaintiffs cannot establish the requisite constitutional deprivation necessary to support a Fourteenth Amendment substantive due process claim for interference with the parent-child relationship.

  **4.**  **Claim 4:** *Battery*

Defendants contend that the same evidence set forth above regarding the excessive force claim establishes that Officer Garcia is not liable for battery because the force used was objectively reasonable. After briefly complying, Maccani abruptly turned and aggressively advanced towards the officers, ignored repeated commands to stop, and continued advancing despite being fired upon with multiple less-lethal deployments. He appeared to hold a pointed object clenched in his fist that Officer Garcia reasonably believed to be a knife and physically pushed Officer Rodriguez into a wall as he closed the distance and engaged in a hands-on struggle with Sergeant Punzalan. Faced with an immediate threat at close range, Officer Garcia discharged one round. Under these rapidly evolving circumstances, the force used was reasonable. Because battery requires proof that deadly force was not necessary to defend human life, Plaintiff cannot establish this element. Accordingly, the City cannot be held vicariously liable under Government Code section 815.2.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4900-8622-9136 v1

9

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

### 5. Claim 5: *Negligence*

Defendants contend that the same evidence set forth above regarding the excessive force claim establishes that Officer Garcia is not liable for negligence because Officer Garcia acted reasonably under rapidly evolving and dangerous circumstances. The evidence will further demonstrate that the decision to use force was made in response to an immediate threat to officer safety at close range, and not as a result of negligent tactics or pre-shooting conduct. Because negligence requires proof that Officer Garcia acted unreasonably under the circumstances, and the evidence will show that his actions were reasonable, and Plaintiff cannot therefore establish breach or causation. Accordingly, the derivative claim against the City under Government Code section 815.2 likewise fails.

### 6. Claim 6: *The Bane Act (Cal. Civ. Code § 52.1)*

Defendants contend that the same evidence set forth above regarding the excessive force claim establishes that Officer Garcia is not liable under the Bane Act. Body-worn camera footage, surveillance video, and witness testimony will show that Maccani ignored repeated commands, aggressively advanced toward officers, appeared to hold a pointed object reasonably perceived as a knife clenched in his fist, and physically engaged with officers at close range. The evidence will further show that Officer Garcia discharged his firearm in response to an immediate and escalating threat to officer safety.

There is no evidence that Officer Garcia threatened, intimidated, or coerced Maccani independent of the use of force itself, nor is there any evidence that he acted deliberately or with the specific intent to violate Maccani's constitutional rights. Rather, the evidence will show that Officer Garcia acted in response to a rapidly unfolding defense-of-life situation.

Because Plaintiff's Bane Act claim is derivative of the excessive force claim and requires proof of specific intent, the evidence does not support liability. Accordingly, there is no basis for vicarious liability against the City.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4900-8622-9136 v1

10

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

D. **Defendants' Counterclaims and Affirmative Defenses (L.R. 16-4.1(d))**

    1. **Affirmative Defense 1:** Qualified Immunity (Federal)

    2. **Affirmative Defense 2:** Qualified Immunities (State)

        *Cal. Gov. Code § 815.2(b)*: Injuries by Employee Within Scope of Employment; Immunity of Employee

        *Cal. Gov. Code § 818*: Exemplary Damages

        *Cal. Gov. Code § 820.2*: Discretionary Acts

        *Cal. Gov. Code § 820.4*: Execution or Enforcement of Laws

        *Cal. Gov. Code § 820.8*: Acts or Omissions of Others

    3. **Affirmative Defense 3:** Self-defense/Defense of Others

    4. **Affirmative Defense 4:** Comparative Negligence

E. **Elements to Affirmative Defenses (L.R. 16-4.1(e))**

    1. **Affirmative Defense 1:** Qualified Immunity (Federal)

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Supreme Court has established a two-step analysis for resolving qualified immunity claims: (1) whether the officer's conduct violated a constitutional right; and (2) whether that right was clearly established when viewed in the context of this case." *Ctr. for Bio-Ethical Reform Inc. v. L.A. Cnty. Sheriff Dep't*, 533 F.3d 780, 793 (9th Cir. 2008). A right is "clearly established" only if existing precedent placed the constitutional question beyond debate. *White v. Pauly*, 580 U.S. 73, 79 (2017); *Ashcroft v. AL-Kidd*, 563 U.S. 731, 735 (2011). The inquiry must be undertaken in light of the particular circumstances confronting the officer, not at a high level of generality. *See id.*

In the context of use of force, it is clearly established that when a suspect is armed–or reasonably believed to be armed–an officer may reasonably perceive an

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4900-8622-9136 v1

11

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

immediate threat where the suspect makes a furtive movement, threatening gesture, or serious verbal threat. *See George v. Morris*, 736 F.3d 829, 838 (9th Cir. 2013); *Cruz v. Cty. of Anaheim*, 765 F.3d 1076, 1077-1078 (9th Cir. 2014).

### 2. **Affirmative Defense 2:** Qualified Immunities (State)

*Cal. Gov. Code, § 815.2(b)*: *Injuries by Employee Within Scope of Employment; Immunity of Employee*

If the employee is immune from liability, Defendant City of Los Angeles also is immune from liability.

*Cal. Gov. Code § 818*: *Exemplary Damages*

Defendant City of Los Angeles is not liable for damages awarded under Section 3294 of the Civil Code or other damages imposed primarily for the sake of example and by way of punishing the defendant.

*Cal. Gov. Code,§ 820.2: Discretionary Acts*

An employee of Defendant City of Los Angeles is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion was abused.

*Cal. Gov. Code,§ 820.4: Execution or Enforcement of Laws*

An employee of Defendant City of Los Angeles is not liable for his act or omission, exercising due care, in the execution or enforcement of any law.

*Cal. Gov. Code § 820.8: Acts or Omissions of Others*

An employee of Defendant City of Los Angeles cannot be held liable for an injury caused by the act or omission of another person.

### 3. **Affirmative Defense 3:** Self-defense/Defense of Others

To prevail on this affirmative defense, Defendants must prove by a preponderance of the evidence: (1) that Officer Garcia reasonably believed that Maccani was going to harm him or others; and (2) that Officer Garcia used only the amount of force that was reasonably necessary to protect himself or others. *See CACI 1304*.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4900-8622-9136 v1

12

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

    **4.**    **Affirmative Defense 4:** Comparative Negligence

To prevail on this affirmative defense, Defendants must prove by a preponderance of the evidence: (1) that Maccani was negligent; and (2) that Maccani's negligence was a substantial factor in causing his death. *See CACI 407*.

**F.**    **Defendants' Evidence in Support of Each Affirmative Defense (L.R. 16-4.1(f))**

Defendants contend that the evidence identified above in support of their defenses to Claim Nos. 1-6 likewise supports each of the affirmative defenses asserted in this action. The same testimonial, documentary, and demonstrative evidence establishes that Officer Garcia's conduct was lawful, reasonable, and justified under the circumstances, and defeats Plaintiffs' claims.

**G.**    **Third-Party Claims (L.R. 16-4.1(g))**

There are no third-party claims or third-party defendants in this action. Accordingly, this subsection is not applicable.

**H.**    **Evidentiary Issues (L.R. 16-4.1(h))**

Defendants anticipate filing the following Motions in Limine prior to trial:

*1.*    *Expert Testimony Limitations (Daubert/Kumho):* Defendants will move to exclude testimony of Plaintiff's expert, Dr. Bennet Omalu, pursuant to *Daubert/Kumho Tire* as speculative and unsupported opinions regarding pain and suffering related damages. Defendants will also move to limit Plaintiff's expert, Mr. Jeffrey Noble, to prevent improper credibility opinions, legal conclusions, or testimony that invades the province of the jury. Plaintiffs have indicated they will oppose this motion in limine.

*2.*    *Board Findings and Employment Decisions:* Defendants will move to exclude evidence or reference to post-incident administrative findings, including Board determinations regarding the officer-involved shooting, as well as related employment or disciplinary decisions, on relevance and Rule 403 grounds. Plaintiffs have indicated they do not oppose this motion in limine.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4900-8622-9136 v1

13

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

3. *Information Unknown to Officers at the Time of the Incident:* Defendants will move to exclude evidence, argument, or information not known to the involved officers at the time force was used, as such evidence is irrelevant to the objective reasonableness analysis. Plaintiffs have indicated they do not oppose this motion in limine, to the extent the parties can work out the parameters.

4. *Trifurcation:* Defendants will move to trifurcate trial into phases: liability, damages, and punitive damages, in order to avoid undue prejudice and juror confusion. Plaintiffs have indicated they do not oppose bifurcation of punitive damages but they do not agree to separate liability from damages.

5. *Other Law Enforcement Incidents and National Events:* Defendants will move to exclude evidence, argument, or reference to unrelated law enforcement incidents, national events, or alleged systemic misconduct (including references to high-profile national incidents), as irrelevant and unduly prejudicial. Plaintiffs have indicated they do not oppose this motion in limine.

I. **Issues of Law (L.R. 16-4.1(i))**

Apart from those issues identified in this Memorandum *(i.e.* claims and defenses, and motions in limine), no other evidentiary issues are anticipated.

III. **TRIFURCATION OF ISSUES (L.R. 16-4.3)**

Defendants respectfully request that trial be trifurcated pursuant to Federal Rule of Civil Procedure 42(b), with liability tried separately from compensatory damages (Phases I and II), and any claim for punitive damages, if necessary, tried in Phase III. Trifurcation will promote judicial economy, eliminate prejudicial evidence that might affect the jury's decision, and avoid the unnecessary presentation of evidence concerning the Defendant's financial condition and net worth unless and until the jury first determines that punitive damages are warranted. Plaintiffs have indicated they have no opposition to bifurcation of punitive damages but they do not agree to bifurcation.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4900-8622-9136 v1

14

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

### IV. JURY TRIAL (L.R. 16-4.4)

All parties have timely demanded a jury trial. The trial is estimated to last 4-5 days.

### V. ATTORNEYS' FEES (L.R. 16-4.5)

Plaintiffs will seek attorneys' fees under 42 U.S.C. § 1988(e) if they prevail on any Section 1983 claim. Plaintiffs are not entitled to any attorneys' fees on the state law claims other than the Bane Act.

### VI. ABANDONMENT OF ISSUES (L.R. 16-4.6)

Plaintiffs have abandoned their claim for failure to summon medical care. The parties have stipulated to dismissal of that claim, and it is no longer at issue in this action.

### VII. CONCLUSION

Defendants reserve the right to supplement these contentions as the Court's rulings, Plaintiffs' contentions, and/or other evidence becomes known to Defendants.

Dated: February 20, 2026                    BURKE, WILLIAMS & SORENSEN, LLP

By:     /s/ Susan E. Coleman
Susan E. Coleman
Attorneys for Defendant
CALEB GARCIA ALAMILLA

| | |
|---|---|
| Dated: February 20, 2026 | HYDEE FELDSTEIN SOTO, City Attorney<br>DENISE C. MILLS, Chief Deputy City Attorney<br>KATHLEEN KENEALY, Chief Assistant City Attorney |
| | By:     */s/ Ty A. Ford* <br>TY A. FORD, Deputy City Attorney<br>Attorneys for Defendants, CITY OF LOS ANGELES |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4900-8622-9136 v1

16

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' MEMORANDUM OF
CONTENTIONS OF FACT AND LAW

**ELECTRONIC SIGNATURE CERTIFICATION**

I, Susan E. Coleman, hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the electronic filing.

Dated: February 20, 2026

BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ *Susan E. Coleman*
Susan E. Coleman
Lauren S. Dossey
Attorneys for Defendant
CALEB GARCIA ALAMILLA

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4900-8622-9136 v1

17

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW