1  **HYDEE FELDSTEIN SOTO**, City Attorney (SBN 106866)
2  **DENISE C. MILLS**, Chief Deputy City Attorney (SBN 191992)
   **KATHLEEN KENEALY**, Chief Assistant City Attorney (SBN 212289)
3  **TY A. FORD**, Deputy City Attorney (SBN 218365)
4  200 North Main Street, 6th Floor, City Hall East
   Los Angeles, CA 90012
5  Phone No.: (213) 978-6900 / Fax No.: (213) 978-8785
6  Email:  Ty.Ford@lacity.org
   *Attorneys for Defendant*
7  CITY OF LOS ANGELES

8  Susan E. Coleman (SBN 171832)
   E-mail:  scoleman@bwslaw.com
9  BURKE, WILLIAMS & SORENSEN, LLP
   444 South Flower Street, 40th Floor
10 Los Angeles, California 90071-2942
   Tel:  213.236.0600   Fax:  213.236.2700
11
   Attorneys for Defendant
12 CALEB GARCIA ALAMILLA

13           UNITED STATES DISTRICT COURT
14        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEXANDRA RASEY-SMITH; GORDON GENE MACCANI; and JANET MACCANI,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES; CALEB GARCIA ALAMILLA; and DOES 2-10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-03265-MWC-SSC<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 1 TO LIMIT PLAINTIFFS' EXPERT WITNESS OMALU TESTIMONY AND TO EXCLUDE IMPROPER TESTIMONY BY NOBLE AS TO ULTIMATE FACTS**<br><br>*Filed concurrently with Declaration of Susan E. Coleman; and [Proposed] Order*<br><br>**PRE-TRIAL CONFERENCE**<br>DATE:  March 20, 2026<br>TIME:  1;30 pm<br>LOCATION:  6A<br><br>Judge:  Hon. Michelle Williams Court<br><br>Trial Date:  April 6, 2026 |

///

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE THAT Defendants CITY OF LOS ANGELES and CALEB GARCIA ALAMILLA (collectively "Defendants"), will and hereby do move this Court, before trial and prior to jury selection, for the following order in *limine* prohibiting Plaintiffs' expert witnesses, Dr. Bennet Omalu and Jeffrey Noble, from testifying or offering any opinions as to the following:

**AS TO DR. OMALU:**

1. Any evidence, mention or argument concerning impermissible personal or lay opinions of Dr. Omalu and any opinions that are irrelevant to the issues to be tried, that invade the province of the jury, that draw legal conclusions, that are speculative, lack foundation, conclusory, that are nothing more than credibility determinations, and that are more prejudicial than probative;

2. Any evidence, mention, opinion, or argument that the decedent suffered "chemical pain" while unconscious after he was in asystole, including while in a "deep coma";

3. Any evidence, mention or argument of opinions beyond the scope of his designated expert area and/or medical expertise;

4. Any evidence, mention or argument concerning Dr. Omalu's background and expertise that do not relate in any way to the issues in this case and his role as an expert witness, if allowed; and

5. Any evidence, mention or argument of any books written by or about him and any television or film productions about him.

**AS TO MR. NOBLE:**

1. Any evidence, mention or argument of opinions beyond the scope of his designated expert area;

2. Any testimony or opinions that invade the province of the jury, such as that the force used was excessive, or that there was no imminent danger of great bodily injury or death; and

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4923-3758-7088 v1

2

Case No. 2:24-cv-03265-MWC-SSC
DEFS' MIL NO. 1 RE EXPERT TESTIMONY

3. Any reference to the Board's decision, report, or findings, or to the fact that Officer Garcia Alamilla was released on probation.

This Motion is made pursuant to Federal Rules of Civil Procedure, Rule 26(a)(2) and 37 concerning expert witnesses; Federal Rules of Evidence, Rules 401, 402, 403, 701, 702 and 703; and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).

Counsel met and conferred with Plaintiffs' counsel on Defendants' motions *in limine* on various dates, concluding on February 18, 2026. (Declaration of Susan E. Coleman (hereinafter "Coleman Decl." at ¶ 4.) The parties were unable to resolve the substance of this motion. (Coleman Decl. at ¶ 5.)

This Motion also is based upon the supporting Memorandum of Points and Authorities, the Declaration of Susan E. Coleman and exhibits, the papers and pleadings on file in this action, and upon such further matters which may be presented at or before the hearing on this Motion.

Dated: February 20, 2026

**HYDEE FELDSTEIN SOTO**, City Attorney
**DENISE C. MILLS**, Chief Deputy City Attorney
**KATHLEEN KENEALY,** Chief Assistant City Attorney

By: *Ty A. Ford*
TY A. FORD, Deputy City Attorney
*Attorneys for Defendant*
CITY OF LOS ANGELES

Dated: February 20, 2026

BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ *Susan E. Coleman*
Susan E. Coleman
Attorneys for Defendant CALEB GARCIA ALAMILLA

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4923-3758-7088 v1

3

Case No. 2:24-cv-03265-MWC-SSC
DEFS' MIL NO. 1 RE EXPERT TESTIMONY

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

This matter arises from a fatal officer-involved shooting that occurred on February 3, 2024, involving police officers of the Los Angeles Police Department. Plaintiffs are the parents and wife of the decedent, Jason Maccani (hereinafter "Maccani"), and allege that Defendant Officer Caleb Garcia Alamilla used excessive deadly force and wrongfully caused the death of the Decedent in violation of federal and state laws. Plaintiffs further allege that the City of Los Angeles is vicariously liable under state law. Plaintiffs seeks compensatory and punitive damages.

Plaintiffs have designated Dr. Bennet Omalu, a well-known pathologist who has been the subject of books and a Hollywood movie[1], as their expert witness on the body position of Maccani at the time of the shooting, bullet trajectory, and the injuries sustained by Maccani, including pre-death pain and suffering. Dr. Omalu is not a trajectory or a ballistics expert, shooting scene reconstruction expert, or firearms expert. Accordingly, Dr. Omalu should be precluded from offering opinions that are beyond the scope of his pathology expertise. Any such opinions would lack foundation and be irrelevant, lay, speculative, conclusory, prejudicial, based on hearsay and draw improper legal and factual conclusions.

Defendants anticipate he will also offer opinions that invade the province of the jury and exceed the scope of his alleged area of expertise. Dr. Omalu's personal and unfounded opinions not only are irrelevant to determining the material issues in this case, they are unduly prejudicial to Defendants. Such inflammatory and baseless statements serve no purpose before a jury other than to confuse and mislead the jury

---

[1] Dr. Omalu and his opinions on the subject of chronic traumatic encephalopathy ("CTE") and the National Football League were the subject of the movie *Concussion* starring Will Smith, topics that have nothing to do with the issues in this case.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

06491-0027 4923-3758-7088 v1

4

Case No. 2:24-cv-03265-MWC-SSC
DEFS' MIL NO. 1 RE EXPERT TESTIMONY

into believing Dr. Omalu's *ipse dixit*. The prejudicial impact of allowing Dr. Omalu to express the opinions identified herein far outweighs any possible probative value and would be reversible error.

Dr. Omalu's testimony should be narrowly tailored to his opinions regarding the body position of Maccani when the bullet impacted his body and his opinions should be established through hypothetical questioning.  Dr. Omalu also should be precluded from offering any evidence as to irrelevant portions of his background, such as his work on CTE (chronic traumatic encephalopathy) and any books or movies about him.

As to Jeffrey Noble, Plaintiffs' police practices expert, he should be excluded from offering opinions that invade the jury's province on ultimate issues, such as that the force was excessive, unreasonable, and that there was no imminent danger that warranted lethal force, though he offers those opinions in his report. (Coleman Decl. at ¶ 6, Ex. A.) Mr. Noble also should be prohibited from referencing the Board's decision not to retain Officer Garcia on probation and their findings about the shooting; in fact, the Parties have stipulated these items will not be mentioned to the jury.

## II. DR. OMALU'S TESTIMONY IS CUMULATIVE AND SHOULD BE NARROWLY TAILORED TO THE ISSUES BEFORE THE JURY.

Fed. Rules of Evid. 702 states:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case.

*Daubert* and its progeny have set forth the four elements that must be met before a proposed expert's testimony will be allowed. The courts should only allow a proposed expert's testimony if it will 1) assist the trier of fact in determining or

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4923-3758-7088 v1

5

Case No. 2:24-cv-03265-MWC-SSC
DEFS' MIL NO. 1 RE EXPERT TESTIMONY

1  understanding the facts in issue because the facts are beyond the common
2  knowledge of the average lay person, 2) the proposed expert testimony is relevant,
3  3) if the proposed expert witness is sufficiently qualified and 4) if there is a reliable
4  basis for expert's opinions and testimony.   FRE 702; *Daubert v. Merrell Dow*
5  *Pharmaceuticals*, 509 U.S. 579 (1993); *see also United States v. Finley*, 301 F.3d
6  1000, 1007 (9th Cir. 2002).

Because "[e]xpert evidence can be both powerful and quite misleading because of the difficulty in evaluating it," a court has more control over experts than lay witnesses under Fed. R. Evid. 403. *Daubert, supra,* 509 U.S. at 595 (1993).  In addition, the party offering an expert witness bears the burden of establishing that Rule 702 is satisfied.  *See Cholakyan v. Mercedes-Benz, USA, LLC,* 281 F.R.D. 534, 542–43 (C.D. Cal. 2012).

As non-retained expert witnesses, Plaintiffs designated three medical doctors who treated the decedent – the emergency room physicians – as well as a several firefighter/ paramedics, and the medical examiner-coroner who performed the autopsy. (Coleman Decl. at ¶ 7.) In addition, Plaintiffs designated Dr. Omalu as a retained expert. (*Id*.) Dr. Omalu frames his Rule 26 report as addressing only three "medical-legal questions": (1) "What was Jason Maccani's body positioning while he was being shot?"; (2) "What was the trajectory of the bullet that entered Jason Maccani's body?"; and (3) "What injuries or damages were caused to Jason Maccani by the gunshot?" (Coleman Decl. at ¶ 8, Ex. B.)

The essence of Dr. Omalu's testimony is that (1) he describes the gunshot wound on the areas of the decedent's body, including the *internal* trajectories of the bullet paths within the decedent's body, and (2) he opines as to the obvious pain and suffering felt by the decedent while he was conscious, as well as "chemical pain" he speculates the decedent felt *after losing consciousness, being in asystole (flat line), and not having any respiration*.  As to the former, these facts are not in dispute.  As to the latter, this is pure speculation and *unconscious* pain and suffering that could

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

06491-0027 4923-3758-7088 v1

6

Case No. 2:24-cv-03265-MWC-SSC
DEFS' MIL NO. 1 RE EXPERT TESTIMONY

not be felt by the decedent is irrelevant and inflammatory.

Dr. Omalu is not an expert in trajectory, ballistics, firearms, or accident/shooting scene reconstruction, a conclusion his *curriculum vitae* and deposition testimony supports. (Coleman Decl. at ¶ 9, Ex. C.) He also is not a police practices expert, nor is he a "human factors" expert. Dr. Omalu's only area of expertise relevant to this trial is that of an experienced forensic pathologist who as performed many autopsies, the same as the doctor who actually performed the autopsy on the decedent, Dr. Kennedy Martina. Dr. Omalu has no disagreement with Dr. Martina's findings, but Dr. Omalu goes further and opines as to the trajectory of the bullet and the "unconscious pain" that he theorized Decedent felt after flat-lining. Defendants do not dispute the location of the bullet wound in the decedent's body.

Rather, the ultimate issue before the jury is whether the Defendant Officer Garcia acted unreasonably when he made the decision to use lethal force on the decedent. There is no dispute as to the location of the wound on the decedent's body. The dispute is about the reasonableness of Officer Garcia's state of mind at the precise time he made the decision to use lethal force. Dr. Omalu's testimony does not assist the jury in this determination. As such, Dr. Omalu's testimony should be limited and narrowly tailored.

### A. **Dr. Omalu's Perception As To The Underlying Facts Are Not Relevant.**

The only evidence that is admissible at trial is evidence which proves or disproves a disputed fact of consequence. Fed. R. of Evid. 402, states in relevant part that, ". . . Evidence which is not relevant is not admissible." "Relevant evidence" is "any evidence having any tendency to make the existence of any fact that is of consequence of the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Encompassed in the determination of whether expert testimony is relevant is whether it is helpful to the jury, which is the 'central concern' of Rule 702." *Mukhtar v. Cal. State Univ.*,

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

06491-0027 4923-3758-7088 v1

7

Case No. 2:24-cv-03265-MWC-SSC
DEFS' MIL NO. 1 RE EXPERT TESTIMONY

*Hayward*, 299 F.3d 1053, 1066 n.7 (9th Cir. 2002); *see also United States v. Gwaltney*, 790 F.2d 1378, 1381 (9th Cir. 1986) ("The general test regarding the admissibility of expert testimony is whether the jury can receive 'appreciable help' from such testimony."); *see also Godinez v. Huerta*, No. CV16-0236-BAS-NLS, 2018 U.S. Dist. LEXIS 73623, *12, 106 Fed. R. Evid. Serv. (Callaghan) 318 (S.D. Cal. May 1, 2018).

At various times in his deposition and in his expert report, Dr. Omalu offers his interpretation of the body-worn video evidence, such as the direction of travel of Maccani or Officer Garcia. However, this is outside his expertise, invades the province of the jury, and overlaps with Plaintiffs' police practices expert Mr. Noble. As such, Dr. Omalu should be limited to testifying as to the *internal* trajectory of the bullet wound inside the decedent's body.

### B. Dr. Omalu's Testimony Cannot Invade The Province Of The Jury By Suggesting The Real Facts Or The Law.

Expert opinions cannot be expressed in a way that invades the province of the jury, such as suggesting to the jury what the real facts are or what legal conclusion to draw. "[I]nstructing the jury as to the applicable law is the distinct and exclusive province of the court." *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (citations omitted). An expert cannot tell the jury what the law is or how to determine liability based on the law. *See id.,* 373 F.3d at 1016; *Valtierra v. City of Los Angeles*, 99 F. Supp. 3d 1190, 1198 (C.D. Cal. April 13, 2015). An expert's "opinion as to what 'current law' 'mandates' or whether defendants were 'legally' 'justified' in using the force applied against [the plaintiff] usurps the jury's role." *Taylor v. Lemus*, No. CV11-9614 FMO (SSx), 2015 U.S. Dist. LEXIS 186790, 2015 WL 12698306, at *6 (C.D. Cal. June 17, 2015) (citing *Sloman v. Tadlock*, 21 F.3d 1462, 1468 (9th Cir. 1994)). The federal courts also bar experts from using judicially defined or legally specialized terms, such as "excessive" and "unreasonable". *See Rascon v. Brookins*, No. CV14-00749-PHX-

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

06491-0027 4923-3758-7088 v1

8

Case No. 2:24-cv-03265-MWC-SSC
DEFS' MIL NO. 1 RE EXPERT TESTIMONY

JJT, 2018 U.S. Dist. LEXIS 20088, 2018 WL 739696, at *4 (D. Ariz. Feb. 7, 2018).

Experts also are prohibited from informing the jury how the jury should view or find the facts in a given case. Experts can testify based on *trial* evidence, not based on what the expert believes happened or the decedent's mindset. *See Willis v. City of Fresno*, 680 F. App'x 589, 591 (9th Cir. 2017); *Amin-Akbari v. City of Austin*, Tex., 52 F. Supp. 3d 830, 848 (W.D. Tex. 2014). Yet this is precisely what Dr. Omalu did in his deposition. Although Dr. Omalu conceded he was not a fact witness, he commented on the path of travel and relative position of people. For example, in his report Dr. Omalu noted: "Jason Maccani was not facing the officer who shot him, he was not charging at the officer when he was shot with a life round. The officer was not located in the front of Jason Maccani. The officer was located in his back, to the right of his back for the bullet to enter the body through the right postero-lateral proximal arm." (Coleman Decl. at ¶ 8, Ex. B.) This type of testimony goes far beyond Dr. Omalu's expertise as a medical examiner-coroner and invades the jury's province as to exactly where the shooting Officer was aiming when he fired his weapon. In his deposition, Dr. Omalu also stated as fact, based on *his interpretation* of the videos, that Maccani did not have a weapons in his hands as he approached the Officers, a fact that is very much in dispute.

### C.   Dr. Omalu's Opinions Regarding "Chemical Pain" After A Loss Of Consciousness Is Not Competent Evidence And Is Inadmissible Speculation And Personal Opinion.

As part of its gate-keeping function, the Court is "supposed to screen the jury from unreliable nonsense opinions, . . .." *Alaska Rent-A-Car, Inc. v. Avis Budget Group, Inc.*, 738 F.3d 960, 969 (9th Cir. 2013). Expert qualifications, including adequate and relevant training and experience, are required to lay the foundation for the expert's opinion; otherwise, it is mere "unsupported speculation." *See Plush Lounge Las Vegas LLC v. Hotspur Resorts Nev., Inc.*, 371 F. Appx. 719, 720 (9th Cir. 2010). Further, the facts or data upon which the expert relies must either

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

06491-0027 4923-3758-7088 v1

9

Case No. 2:24-cv-03265-MWC-SSC
DEFS' MIL NO. 1 RE EXPERT TESTIMONY

themselves be admissible or "of a type reasonably relied upon by experts in the particular field of forming opinions or inferences upon the subject." *Fed. R. Evid. 703*. "'[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.'" *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 157 (1999) (citations omitted).

It further is inappropriate for an expert to attempt to impart his opinion as to a party or witness' subjective knowledge or to create a question of fact as to what a party or witness knew. *See Cotton v. City of Eureka*, No. C08-04386 SBA, 2011 U.S. Dist. LEXIS 101657 at *2 (N.D. Cal. Sep. 8, 2011) (quoting *Gobert v. Caldwell*, 463 F.3d 339, 348 n.29 (5th Cir. 2006)). Experts cannot testify that facts be found in a particular way, what anyone in the incident thought or the reasons behind a person's actions. *See Valiavicharska v. Celaya*, No. CV10-04847 JSC, 2012 U.S. Dist. LEXIS 8191, at *14 (N.D. Cal. Jan. 24, 2012); *Cotton*, *supra,* 2011 U.S. Dist. LEXIS 101657 at *2. An expert also cannot suggest to the jury what inferences a party should have made. *Watson v. Torruella*, No. CV S-06-1475 LKK EFB P, 2009 U.S. Dist. LEXIS 93729, 2009 WL 324805 at *6 (E.D. Cal. Oct. 7, 2009)); *see also Hernandez v. City of Napa*, No. C-09-02782 EDL, 2010 U.S. Dist. LEXIS 109011, 2010 WL 4010030 at *6 (N.D. Cal. Oct. 13, 2010) (stating that expert testimony cannot contain speculative conclusions).

In his report, Dr. Omalu characterizes his third opinion as to the "Injuries or Damages" caused to Decedent, but then goes further to render opinions as to the decedent's pain and suffering *after* his loss of consciousness: "[t]he distinctive anatomy of his injuries enabled him to continue to experience increasingly higher levels of somatic pain and suffering, mental pain and suffering, biochemical pain, and suffering." (Coleman Decl. at ¶ 8, Ex. B, p. 16.) Due to this theory of somehow being able to suffer pain even while unconscious and without a heartbeat (in asystole), Dr. Omalu opined that Maccani's pre-death pain and suffering for "less

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

06491-0027 4923-3758-7088 v1

10

Case No. 2:24-cv-03265-MWC-SSC
DEFS' MIL NO. 1 RE EXPERT TESTIMONY

than 47 minutes beginning from 14:28 hours and ending at 15:15 hours." (*Id*. at p. 17.) Dr. Omalu likewise testified that after Maccani's respirations appeared to cease on the video, and his heart had no rhythm, he was still in pain and was suffering. (Coleman Decl. at ¶ 10.) This is pure speculation, unsupported by mainstream medicine, and should be precluded as more prejudicial than probative.

### D. Any Permissible Expert Opinions Should Be Established Through Hypothetical Questioning.

The courts routinely hold that an expert's opinions must be explored through hypothetical questioning to avoid the expert offering impermissible testimony, such as that discussed herein. *Cooke, supra,* 2017 U.S. Dist. LEXIS 207779 at *15; *Engman v. City of Ontario*, No. EDCV 10-284 CAS (PLAx), 2011 U.S. Dist. LEXIS 66128, *7 (C.D. Cal. June 20, 2011); *see also Valtierra, supra,* 99 F. Supp. 3d at 1198 (excluding expert testimony that "the use of force was 'excessive' or 'unreasonable,' under the circumstances," but allowing expert's opinions to "be explored through hypothetical questioning so as to avoid invading the province of the jury").

### E. Dr. Omalu Should Be Precluded From Testifying About Any Film or Print Media Concerning Him and Concussions/ CTE As Irrelevant To The Issues for Trial and Prejudicial.

Dr. Omalu has authored several books, is the subject of books and is the subject of a Hollywood movie, primarily on his work regarding CTE and the sport of football. (Coleman Decl. at ¶ 9, Ex. C.) None of these items have anything to do with the subject matters at issue in this case, and they do not add to his qualifications to testify in this case. Dr. Omalu cannot boost his qualifications by testifying that he is a celebrity. This type of testimony should be excluded under Fed. R. of Evid. 401, 402, and 403.

This evidence also should be excluded under Fed. R. of Evid. 403 as it is more prejudicial than probative, and if allowed, will be unduly prejudicial to the Defendants. This testimony by Dr. Omalu has been specifically excluded by the court in *Cooke, supra,* 2017 WL 6447999.  In *Cooke*, Dr. Omalu was the plaintiff's witness in a death

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4923-3758-7088 v1

11

Case No. 2:24-cv-03265-MWC-SSC
DEFS' MIL NO. 1 RE EXPERT TESTIMONY

case, where the plaintiff claimed the death was due to asphyxiation. The defendants made a motion *in limine* to exclude the book and movie *Concussion*. The court granted that motion and commented that the way plaintiff sought to use it was:

> an attempt to dazzle the audience with references to fictional accounts of Dr. Omalu's unrelated work and Hollywood's shining an approving spotlight on that work. The danger the jury will focus on brain injuries, the movie, Will Smith, professional football players or Dr. Omalu's fame, none of which are of any consequence to this action, substantially outweighs any probative value.

*Id*. at *4.

Likewise, because of the notoriety surrounding Dr. Omalu's work on CTE and the fact that it involves professional football players, the jury is likely to be misled into blindly accepting Dr. Omalu's opinions regarding *internal* trajectory in this case. The *Cooke* court held that "Plaintiffs need not convince the jury Dr. Omalu is a star to prove he is qualified. Accordingly, accounts of Dr. Omalu's fame and cumulative accounts of Dr. Omalu's research are not admissible." *Id*. at *4.

### III. PLAINTIFFS' EXPERT NOBLE SHOULD BE PRECLUDED FROM MENTIONING DISCIPLINE/ BOARD OPINIONS AND FINDINGS AND FROM RENDERING OPINIONS ON THE ULTIMATE ISSUES

It is well established that expert witnesses are not permitted to render opinions on credibility or the ultimate issues for the jury. The courts routinely hold that an expert's opinions must be explored through hypothetical questioning to avoid the expert offering impermissible testimony, such as that discussed herein. *Cooke, supra,* 2017 U.S. Dist. LEXIS 207779 at *15; *Engman v. City of Ontario*, No. EDCV 10-284 CAS (PLAx), 2011 U.S. Dist. LEXIS 66128, *7 (C.D. Cal. June 20, 2011); *see also Valtierra, supra,* 99 F. Supp. 3d at 1198 (excluding expert testimony that "the use of force was 'excessive' or 'unreasonable,' under the circumstances," but allowing expert's opinions to "be explored through hypothetical questioning so as to avoid invading the province of the jury").

In Mr. Noble's report, he cites the LAPD Use of Force Review Board

findings, that the more experienced officers on scene did not perceive the threat or respond to it as Officer Garcia did. (Coleman Decl. at ¶ 6, Ex. A, at p. 16.) He further cites the Board as finding the imminence of the threat articulated by Officer Garcia was not present and his decision to use lethal force . . . was not objectively reasonable, proportional or necessary. (*Id.* at p. 17.) Mr. Noble renders opinions that invade the province of the jury, finding the use of lethal force "was excessive, objectively unreasonable and inconsistent with generally accepted police practices." (*Id.* at p. 17.) At Mr. Noble's deposition, he continued to express the same opinions noted in his report. (*Id.* at p. 18.)

## IV. CONCLUSION

Defendants respectfully request an order in limine prohibiting Plaintiffs' expert witness, Dr. Bennet Omalu, from testifying or offering any impermissible opinions as discussed herein, including any opinions that tell the jury what the facts and/or the law are, how they should find in this case and that are outside his areas of expertise, which is forensic pathology (including internal bodily trajectory of wounds) and is *not* accident reconstruction, human factors, criminal forensics, firearms or ballistics. Further, Dr. Omalu's opinions about pain and suffering while unconscious (without breathing or heartbeat) should be excluded as lacking valid scientific foundation or consensus.

Additionally, both Dr. Omalu and Mr. Noble should be precluded from referencing any items the Parties have agreed to exclude (such as discipline and Board findings) and from invading the jury's province by opining on ultimate issues such as whether the force used was reasonable or excessive, whether Officer Garcia reasonably believed there was an imminent danger, and how long Maccani may have experienced pain and suffering after his death.

///
///
///

| | |
|---|---|
| Dated: February 20, 2026 | **HYDEE FELDSTEIN SOTO**, City Attorney |
| | **DENISE C. MILLS**, Chief Deputy City Attorney |
| | **KATHLEEN KENEALY,** Chief Assistant City Attorney |
| | By: ___/s/ Ty A. Ford_____ |
| | TY A. FORD, Deputy City Attorney |
| | *Attorneys for Defendant* |
| | CITY OF LOS ANGELES |
| Dated: February 20, 2026 | BURKE, WILLIAMS & SORENSEN, LLP |
| | By: _____/s/ Susan E. Coleman_____ |
| | Susan E. Coleman |
| | Attorneys for Defendant CALEB GARCIA ALAMILLA |

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

06491-0027 4923-3758-7088 v1

14

Case No. 2:24-cv-03265-MWC-SSC
DEFS' MIL NO. 1 RE EXPERT TESTIMONY

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 3,454 words, which:

☒ complies with the 7,000 word limit of L.R. 11-6.1.

☐ complies with the word limit set by court order dated _____.

DATED: February 20, 2026         /s/ *Susan E. Coleman*
_____
Susan E. Coleman