1  **HYDEE FELDSTEIN SOTO**, City Attorney (SBN 106866)
2  **DENISE C. MILLS**, Chief Deputy City Attorney (SBN 191992)
   **KATHLEEN KENEALY**, Chief Assistant City Attorney (SBN 212289)
3  **TY A. FORD**, Deputy City Attorney (SBN 218365)
4  200 North Main Street, 6th Floor, City Hall East
   Los Angeles, CA 90012
5  Phone No.: (213) 978-6900 / Fax No.: (213) 978-8785
6  Email: Ty.Ford@lacity.org
   *Attorneys for Defendant*
7  CITY OF LOS ANGELES

8  Susan E. Coleman (SBN 171832)
   E-mail: scoleman@bwslaw.com
9  BURKE, WILLIAMS & SORENSEN, LLP
   444 South Flower Street, 40th Floor
10 Los Angeles, California 90071-2942
   Tel: 213.236.0600   Fax: 213.236.2700
11
   Attorneys for Defendant
12 CALEB GARCIA ALAMILLA

13                UNITED STATES DISTRICT COURT
14         CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEXANDRA RASEY-SMITH; GORDON GENE MACCANI; and JANET MACCANI,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES; CALEB GARCIA ALAMILLA; and DOES 2-10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-03265-MWC-SSC<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION IN LIMINE NO. 2 TO TRIFURCATE LIABILITY, COMPENSATORY DAMAGES, AND PUNITIVE DAMAGES**<br><br>*Filed concurrently with Declaration of Susan E. Coleman; and [Proposed] Order*<br><br>**PRE-TRIAL CONFERENCE**<br>**DATE   March 20, 2026**<br>**TIME:   1:30 p.m.**<br>**LOCATION:  6A**<br><br>Judge: Hon. Michelle Williams Court<br><br>Trial Date:      April 6, 2026 |

///

///

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE THAT Defendants CALEB GARCIA ALAMILLA and CITY OF LOS ANGELES (collectively "Defendants"), will and hereby do move this Court, before trial and prior to jury selection, for the following order in *limine* trifurcating this action into three phases as follows: Phase I – liability; Phase II - compensatory damages, if necessary; and Phase III – punitive damages, if necessary.

This Motion is made on the grounds that pursuant to Rule 42(b) of the Federal Rules of Civil Procedure, separate trials on the issues of liability, compensatory damages, and punitive damages are needed in furtherance of convenience, to avoid prejudice and jury confusion, and to promote the expeditious and economical trial of this action.

Counsel met and conferred on Defendants' motions in limine on various dates, concluding on February 18, 2026. (Declaration of Susan E. Coleman (hereinafter "Coleman Decl." at ¶ 4.) While the parties agreed that punitive damages should be bifurcated from liability, the parties were unable to agree on bifurcation of compensatory damages. (Coleman Decl. at ¶ 5.)

This Motion also is based upon the supporting Memorandum of Points and Authorities, the papers and pleadings on file in this action, the Declaration of Susan E. Coleman, and upon such further matters which may be presented at or before the hearing on this Motion.

Dated: February 20, 2026

**HYDEE FELDSTEIN SOTO**, City Attorney
**DENISE C. MILLS**, Chief Deputy City Attorney
**KATHLEEN KENEALY,** Chief Assistant City Attorney

By: /s/ Ty A. Ford
TY A. FORD, Deputy City Attorney
*Attorneys for Defendant*
CITY OF LOS ANGELES

| | | |
|---|---|---|
| 1 | Dated: February 20, 2026 | BURKE, WILLIAMS & SORENSEN, LLP |
| 2 | | |
| 3 | | |
| 4 | | By: /s/ Susan E. Coleman |
| 5 | | Susan E. Coleman |
| | | Lauren S. Dossey |
| 6 | | Attorneys for Defendant CALEB GARCIA ALAMILLA |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This matter arises from a fatal officer-involved shooting that occurred on February 3, 2024, involving police officers of the Los Angeles Police Department. Plaintiffs are the parents and wife of the decedent, Jason Maccani, and allege that Defendant Officer Caleb Garcia Alamilla used excessive deadly force and wrongfully caused the death of the Decedent in violation of federal and state laws. Plaintiffs further allege that the City of Los Angeles is vicariously liable under state law. Plaintiffs seeks compensatory and punitive damages.

Defendants respectfully request that the Court trifurcate trial into three distinct phases: (1) liability; (2) compensatory damages, if necessary; and (3) punitive damages, if necessary. Trifurcation will best promote judicial economy, streamline the presentation of evidence, and safeguard the fairness and integrity of the proceedings. The threshold issue of liability in this matter is legally and factually distinct from the nature and extent of Plaintiffs' claimed damages, and wholly separate from any inquiry into punitive damages or Defendant Officer Garcia's financial condition. Trying these issues together would risk substantial prejudice to Defendants by inviting the jury to conflate emotionally charged damages evidence with the threshold determination of liability. A three-phase trial will ensure that the jury first determines that any Defendant is liable based solely on the governing legal standard and admissible evidence relevant to that question. Only if liability is established should the jury then consider the amount of compensatory damages each Plaintiff is entitled to, and only if the requisite showing is made should the jury then proceed to a narrow punitive damages phase. This approach preserves fairness, avoids potentially unnecessary expenditure of judicial and party resources, and protects against the improper influence of inflammatory or financially sensitive evidence on the core liability determination.

///

## II. FEDERAL RULE OF CIVIL PROCEDURE RULE 42(b) AUTHORIZES SEPARATE PHASES OF TRIAL TO AVOID PREJUDICE AND PROMOTE JUDICIAL ECONOMY

Federal Rule of Civil Procedure 42(b) expressly authorizes this Court to order separate phases of trial "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). The Rule vests district courts with broad discretion to structure trials in a manner that promotes fairness and efficiency. *See Davis & Cox v. Summa Corp.,* 751 F.2d 1507, 1517 (9th Cir. 1985) (recognizing the district court's "broad discretion to order separate trials").

In exercising that discretion, district courts consider whether separate phases of trial will (1) avoid prejudice, (2) reduce juror confusion, (3) promote judicial economy, (4) enhance convenience, and (5) address issues that are factually and legally separable. *See Bates v. United Parcel Service*, 204 F.R.D. 440, 448 (N.D. Cal. 2001) (citing William W Schwarzer, et al., *Federal Civil Procedure Before Trial* § 16:160.4 (Rev. # 1 2001)). Courts also consider "complexity of the issues, factual proof, risk of jury confusion, difference between the separated issues…and the possibility that the first trial may be dispositive of the case." *Calmar, Inc. v. Emson Research, Inc*., 850 F. Supp. 861, 866 (C.D. Cal. 1994).

Where, as here, liability, compensatory damages, and punitive damages involve distinct legal standards, different evidentiary showings, and materially different risks of prejudice, Rule 42(b) strongly supports structuring the trial into three separate phases. This approach ensures that the jury's determination of liability is not influenced by inflammatory damages or financial-condition evidence that is irrelevant to the initial, threshold issue.

///
///
///
///

5   Case No. 2:24-cv-03265-MWC-SSC
DEFS' MIL NO. 2 RE TRIFURCATION

## III. RULES 401 AND 403 STRONGLY FAVOR SEPARATE PHASES FOR LIABILITY, COMPENSATORY DAMAGES, AND PUNITIVE DAMAGES TO PREVENT PREJUDICE AND JURY CONFUSION

Federal Rules of Evidence 401 and 403 strongly support trying liability, compensatory damages, and punitive damages in separate and distinct phases. The threshold issue for the jury is whether Defendants violated Plaintiff's rights under the governing legal standard. Evidence concerning the extent of Decedent's pre-death pain and suffering, Plaintiffs' loss of society, comfort, and companionship, and Defendant Officer Garcia's financial condition have no bearing on the initial liability determination. While such evidence could become relevant in later phases depending on the jury's liability determination, it is irrelevant to the objective reasonableness inquiry and carries a substantial risk of inviting a verdict based on sympathy, perceived harm, or ability to pay rather than the applicable legal standards.

Plaintiffs' anticipated damages presentation underscores why trifurcation is necessary. Plaintiff intends to call medical expert Dr. Bennet Omalu to quantify Decedent's alleged pre-death pain and suffering. That testimony has no bearing whatsoever on the threshold liability determination. Whether and for how long Decedent experienced pain prior to death does not make it more or less probable that any Defendant violated the Constitution or acted unreasonably under the governing legal standard. Permitting such testimony during the liability phase would inject emotionally charged and scientifically framed suffering evidence into a determination that hinges exclusively on the objective reasonableness of Defendant Officer Garcia's conduct. Rule 403 counsels strongly against that risk.

With respect to Plaintiffs' claimed damages for loss of familial association, evidence concerning their alleged emotional distress, grief, or related losses is irrelevant to the threshold issue of liability under Rule 401. Again, the jury's liability determination must focus on whether Defendant Officer Garcia's conduct

violated the governing legal standards, not on the magnitude of Plaintiffs' loss. Damages evidence does not make the existence of a violation of law more or less probable. Moreover, under Rule 403, the risk of unfair prejudice substantially outweighs any marginal relevance. Testimony concerning emotional suffering is inherently powerful and carries a significant risk of inviting a verdict based on sympathy rather than the governing legal standard the jury must apply.

Allowing such damages evidence during the liability phase would also consume substantial time and resources unnecessarily if the jury ultimately declines to find liability. Moreover, even if Plaintiffs prevail on liability, separating the phases may still conserve time, as a liability finding often clarifies exposure and can meaningfully advance resolution discussions before additional damages evidence is presented.

With respect to punitive damages, Defendants do not oppose the jury making the determination during the liability phase as to whether Plaintiffs have established the predicate finding of malice, fraud, or oppression, assuming this Court deems that appropriate. However, any evidence concerning the *amount* of punitive damages–particularly evidence of Defendant Officer Garcia's financial condition–has no relevance to the issue of liability. Inquiry into private financial matters such as home ownership, income, net worth, assets, or debts bears solely on the amount of punitive damages and becomes relevant, if at all, only after liability and entitlement to punitive damages are established.

Permitting such evidence during the liability phase would serve no legitimate evidentiary purpose and would unnecessarily consume time and resources, particularly if the jury ultimately declines to find liability. More importantly, financial-condition evidence carries a substantial risk of unfair prejudice under Rule 403. Exposure to such information risks confusion of the issues by conflating liability, entitlement to punitive damages, and the separate question of amount.

///

## IV. CONCLUSION.

Although Plaintiffs have agreed to bifurcate punitive damages from liability, they oppose separating compensatory damages from the liability phase. That partial agreement does not cure the prejudice inherent in presenting emotionally charged compensatory damages evidence before liability is determined. For the reasons set forth above, the Court should order that liability, compensatory damages, and punitive damages be tried in separate phases, and further order that no financial-condition evidence be introduced unless and until the punitive damages phase is reached.

Dated: February 20, 2026

**HYDEE FELDSTEIN SOTO**, City Attorney
**DENISE C. MILLS**, Chief Deputy City Attorney
**KATHLEEN KENEALY,** Chief Assistant City Attorney

By: /s/ Ty A. Ford
TY A. FORD, Deputy City Attorney
*Attorneys for Defendant*
CITY OF LOS ANGELES

Dated: February 20, 2026

BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Susan E. Coleman
Susan E. Coleman
Lauren S. Dossey
Attorneys for Defendant CALEB GARCIA ALAMILLA

CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants, certifies that this brief contains 2135 words, which:

☒ complies with the 7,000 word limit of L.R. 11-6.1.

☐ complies with the word limit set by court order dated _____.

DATED: February 20, 2026                /s/ Susan E. Coleman