| | |
|---|---|
| LAW OFFICES OF DALE K. GALIPO<br>Dale K. Galipo, SBN 144074<br>dalekgalipo@yahoo.com<br>Eric Valenzuela, SBN 284500<br>evalenzuela@galipolaw.com<br>21800 Burbank Blvd., Suite 310<br>Woodland Hills, California 91367<br>dalekgalipo@yahoo.com<br>Telephone: (818) 347-3333<br>Facsimile: (818) 347-4118 | |

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA RASEY-SMITH; GORDON GENE MACCANI; and JANET MACCANI,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>CITY OF LOS ANGELES; CALEB GARCIA ALAMILLA, and DOES 2-10, inclusive,<br><br>　　　　Defendants. | Case No. 2:24-cv-03265-MWC-SSC<br>[*Honorable Michelle Williams Court*]<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2 TO TRIFURCATE LIABILITY, COMPENSATORY DAMAGES AND PUNATIVE DAMAGES**<br><br>Pre-Trial Conference<br>March 20, 2026, 1:30 p.m.<br><br>Trial<br>April 6, 2026, 8:30 a.m. |

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

This civil rights and state tort lawsuit arises out of the excessive and unreasonable use of deadly force against Jason Maccani by Defendant Caleb Garcia Alamilla. Plaintiff's medical expert, Dr. Bennet Omalu, provided opinions regarding decedent's body positioning as it relates to the bullet fired by the Defendant and decedent's pain and suffering. Plaintiffs' police practices expert, Jeffrey Noble, opined that the use of lethal force was excessive and unreasonable under the circumstances, and violated basic police practices. Defendants now move to limit the testimony of both Dr. Omalu and Mr. Noble. (Doc. 78.) Plaintiffs hereby oppose Defendants' Motion.

Defendants' motion request that this case be trifurcated and that liability, compensatory damages and punitive damages be tried in three separate phases. As an initial matter, Plaintiffs are agreeable to bifurcate the amount of punitive damages only. This way, during the first phase of the trial, the jury will decide liability as to all of Plaintiffs' claims and damages, including the predicate question as to whether Plaintiff is entitled to punitive damages. The second phase of trial will be limited to only the issue of the amount of punitive damages that Plaintiff is entitled to. It should also be noted that the Plaintiffs are considering withdrawing their request for punitive damages.

**ARGUMENT**

## I. DEFENDANTS HAVE NOT MET THEIR BURDEN OF DEMONSTRATING THAT TRIFURCATION AT TRIAL IS WARRANTED BASED ON THE PARTICULAR FACTS AND CIRCUMSTANCES OF THE CASE.

"A defendant seeking bifurcation [or trifurcation] has the burden of presenting evidence that a separate trial is proper in light of the general principle that a single trial tends to lessen the delay, expense and inconvenience to all

parties." *McCrae v. Pittsburgh Corning Corp.*, 97 F.R.D. 490, 492 (D.C. Pa. 1983). Generally, "the presumption is that all claims in a case will be resolved in a single trial, and 'it is only in exceptional circumstances where there are special and persuasive reasons for departing from this practice that distinct causes of action asserted in the same case may be made the subject of separate trials.'" *Jeanty v. County of Orange*, 379 F. Supp. 2d 533, 549 (S.D.N.Y. 2005) (quoting *Miller v. Am. Bonding Co.*, 257 U.S. 304, 307 (1921)).

Here, the Defendants, as the moving party, bear the burden of demonstrating why trifurcation of the action is appropriate. *Dallas v. Goldberg*, 143 F. Supp. 2d 312, 315 (S.D.N.Y. 2001); *DeVito v. Barrant*, 2005 WL 2033722 at 11 (E.D.N.Y. 2005). Generalized assertions will not suffice. Defendants must make a detailed offer of proof which indicates the need for trifurcation. *Simpson v. Pittsburgh Corning Corp.*, 901 F.2d 277, 283 (2d Cir. 1990). The Defendants' motion makes no such showing. Because the Defendants have failed in this regard, their motion should be denied. Instead, the Defendants argue in a conclusory fashion that the Court should trifurcate trial into three phases to avoid prejudice and jury confusion and to promote the judicial economy. See Mot. (Dkt. # 79) at 2. As explained below, neither of these justifications warrants trifurcation in this case.

**II.   TRIFURCATION OF LIABILITY, COMPENSATORY DAMAGES AND PUNTIVE DAMAGES WOULD BE INAPPROPRIATE, FOSTER DELAY, CONFUSION AND INCOVENIENCE**

Trifurcation of liability, damages and punitive damages would be inappropriate in this case where witnesses and evidence are inextricably intertwined. Trifurcation here would result in prejudice to the Plaintiffs, substantially increased costs, duplicative presentation of evidence and testimony at multiple trials, needless complication, and the wasteful utilization of jury time for separate trials. For example, Plaintiffs would have to recall witnesses such as the involved officers and Plaintiffs' retained expert Dr. Omalu to discuss in the first phase such things as body

position relative to the shooting officer and the use of force, then in the second phase of damages, recall the same witnesses to discuss if the Decedent was still alive immediately after the shooting and pain and suffering experienced by the Decedent prior to death. Plaintiffs do not object to bifurcation of the determination of the amount of punitive damages, provided the jury determines Plaintiffs entitlement to punitive damages in the liability phase. Further, Plaintiffs are also strongly considering dismissing their claims for punitive damages.

Defendants seek bifurcation under Federal Rule of Evidence 42 (b), which provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, cross claims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial."

There is a presumption that all claims in a case will be resolved in a single trial, and "'it is only in exceptional instances where there are special and persuasive reasons for departing from this practice that distinct causes of action asserted in the same case may be made the subjects of separate trials.'" *Martinez v. Robinson*, 2002 U.S. Dist. LEXIS 4454 (S.D.N.Y. 2002); quoting, *Miller v. American Bonding Co.*, 257 U.S. 304, 307 (1921).

A.  **The Factors To Consider In Ruling On A Motion For Separate Trials Weigh Heavily In Favor Of Denying Defendants' Motion**

Factors to consider in ruling on a motion for separate trials under Federal Rule of Evidence, 42(b) include: "(1) whether the issues sought to be tried separately are significantly different from one another; (2) whether the severable issues require the testimony of different witnesses and different documentary proof; (3) whether the party opposing the severance will be prejudiced if it is granted; and (4) whether the party requesting the severance will be prejudiced if it is not granted." *Id*.

These factors weigh in favor of denying Defendants' motion. First, the issues are not significantly different from one another as they both deal with similar set of facts, witnesses, and evidence. As to the second factor, namely whether the severable issues require the testimony of different witnesses and different documentary proof, as mentioned above, the issues do not require the testimony of different witnesses and evidence. If the trial is severed into liability and damages, the Plaintiffs' retained expert in forensic pathology, Dr. Omalu, the involved officers, including Defendant Officer Caleb Garcia Alamilla would have to be called to testify twice. As such, testimony will be duplicative, such that trifurcation of the liability, damages and punitive damages stages will not serve the interests of judicial economy. The third factor also weighs in favor of denying the motion as it is evident that Plaintiffs will be prejudiced if the case is severed, particularly because trifurcation of the trial may increase the costs of litigation as Plaintiffs will be forced to conduct two separate mini trials. Not to mention the likely reality that the jury will be more inclined to return a verdict for the defense in the first phase, simply to avoid the duty of returning for additional days for a second and third phase. Moreover, the nature and extent of damages are related to whether the force was excessive.

Finally, the last factor also weighs in favor of denying the motion because Defendants will not be prejudiced by a single trial on liability and damages. It is Plaintiffs who would suffer undue prejudice if bifurcation were granted. *See Green*, 226 F.R.D. at 631 (finding that courts should consider the potential for undue prejudice to the parties). First, trifurcation of the trial may increase the costs of litigation as Plaintiffs will be forced to conduct two separate mini trials. By increasing the time and expense of presenting this case to the jury, trifurcation would cut across the remedial purposes behind section 1983 by making it more difficult to address systematic problems in the City's police department. *Owensby v. City of Cincinnati*, 385 F.Supp. 2d 626, 667 (S.D. Ohio 2004) (bifurcation, in

practice, may prevent a City from ever standing trial for any purported constitutional violation and from suffering a concomitant award of damages for its role in the cumulative malfeasance).

As mentioned above, Plaintiffs have an additional concern with respect to trifurcation, and that reflects the pressure – conscious or unconscious – that trifurcation exerts on juror psychology during the first phase of the trial.  In a bifurcated or trifurcated trial, a jury may realize (or it may even be suggested to them by counsel) that if they return a verdict for Defendants, then they will not have to come back to court for the second phase or third phase.  In other words, trifurcation rewards jurors who return a defense verdict with an early release from jury duty, and punishes those who return a Plaintiffs' verdict by requiring them to stay for additional days of trial. For these reasons, bifurcation and trifurcation poses an additional risk of prejudice to Plaintiffs.

Absent compelling justifications, *see Miller*, 257 U.S. at 307, this case should not be bifurcated or trifurcated into a separate trial on liability, damages and punitive damages and such justifications are not present here. Indeed, given the potential for increased cost and time, prejudice to Plaintiffs, duplicate evidence, compelling justifications counsel against such trifurcation.

### B.  Liability Is Intertwined with the Issue of Damages

The Court must exercise its discretion under Federal Rule of Evidence 42 based on the particular facts of the case before it and not bifurcate certain types of trials as a matter of routine. *Lis v. Robert Packer Hospital*, 579 F.2d 819, 824 (3d Cir.), cert. denied, 439 U.S. 955 (1978) (condemning automatic bifurcation of liability and damages in negligence cases).  In making the case-by-case determination whether to bifurcate or trifurcate, courts have been guided, not only by concerns for judicial economy, but also by notions of fundamental fairness. Bifurcation and trifurcation should be denied where one party would gain an unfair

advantage over the other as a result. See, e.g., *Kimberly-Clark Corp. v. James River Corp.*, 131 F.R.D. 607, 608-09 (N.D. Ga. 1989).

Even though the decision whether or not to bifurcate or trifurcate a trial generally is within the trial court's discretion, the Ninth Circuit has not hesitated to reverse a decision to bifurcate where either the claims or the evidence are intertwined. For instance, in *Miller v. Fairchild Industries, Inc*., 885 F.2d 498, 511 (9th Cir. 1989), the Ninth Circuit held that bifurcation of liability and damages in a case with claims for negligent or intentional infliction of emotional distress would be improper, because "liability is intertwined with the issue of damages...." *Id*. See also, *Wiener*, supra.

Similarly in *De Anda v. City of Long Beach*, 7 F.3d 1418, 1421 (9th Cir. 1993), the Ninth Circuit found an abuse of discretion where the trial court bifurcated claims against individual sheriff deputies from claims against the Sheriff and the municipality, because the Sheriff's decisions might have contributed to a violation of the plaintiffs' rights and a separate trial for municipal liability "would likely be duplicative." Likewise, in *Wiener*, the Court held that "issues of liability and damages, exemplary or normal, are not so distinct and separable that a separate trial of the damage issues may be had without injustice." 286 F.2d at 306.

This is not a traumatic brain injury or paraplegic case where there will be 1-2 weeks of medical experts. Here, there will be no substantial saving of time if the case was bifurcated and Plaintiffs' counsel plans to present the damages in one day. By not bifurcating the case, we will avoid having to give two opening statements, two closing, two readings of jury instructions and two deliberations.

As *Weiner, Miller and De Anda* demonstrate, careful attention to the Plaintiffs' liability and damages theories, and to the testimony and evidence necessary to prove each claim, is important when considering bifurcating a single trial into two separate trials. Further, the nature and extent of the injuries are relevant to liability on excessive force.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that Defendants' Motion be denied.

DATED: March 6, 2026        LAW OFFICES OF DALE K. GALIPO

By /s/ *Eric Valenzuela*
Eric Valenzuela
*Attorneys for Plaintiffs*