1  **LAW OFFICES OF DALE K. GALIPO**
   Dale K. Galipo (SBN 144074)
2  dalekgalipo@yahoo.com
   Eric Valenzuela (SBN 284500)
3  evalenzuela@galipolaw.com
   21800 Burbank Boulevard, Suite 310
4  Woodland Hills, CA 91367
   Phone: (818) 347-3333
5
6  *Attorneys for Plaintiffs Alexandra Rasey-Smith,*
   *Gordon Gene Maccani, Janet Maccani*
7
8  Susan E. Coleman (SBN 171832)
   Email: scoleman@bwslaw.com
9  Lauren S. Dossey (SBN 244887)
   Email: ldossey@bwslaw.com
10 **BURKE, WILLIAMS & SORENSEN, LLP**
   444 South Flower Street, 40th Floor
11 Los Angeles, California 90071-2942

12 *Attorneys for Defendant* Caleb Alamilla Garcia

13

14                **UNITED STATES DISTRICT COURT**

15               **CENTRAL DISTRICT OF CALIFORNIA**

16

17 ALEXANDRA RASEY-SMITH;          Case No. 2:24-cv-03265-MWC-SSC
   GORDON GENE MACCANI; and JANET   [*Honorable Michelle Williams Court*]
18 MACCANI,
   Plaintiffs,
19                                  [PROPOSED] **PRETRIAL**
   vs.                             **CONFERENCE ORDER**
20
   CITY OF LOS ANGELES; CALEB      Pre-Trial Conference
21 GARCIA ALAMILLA, and DOES 2-10,  March 20, 2026, 1:30 p.m.
   inclusive,
22                                  Trial
           Defendants.              April 6, 2026, 8:30 a.m.
23

24

25

26

27

28

4832-5826-7643.1
──────────────────────────────────────
                [PROPOSED] PRETRIAL CONFERENCE ORDER

# TABLE OF CONTENTS

1.  THE PARTIES AND PLEADINGS ...................................................................1

2.  JURISDICTION .............................................................................................1

3.  TRIAL ESTIMATE ........................................................................................1

4.  JURY TRIAL...................................................................................................1

5.  ADMITTED FACTS REQUIRING NO PROOF ...........................................2

6.  STIPULATED FACTS.....................................................................................2

7.  PARTIES CLAIMS AND DEFENSES ...........................................................2

    A. Plaintiffs' Claims ......................................................................................2

    Per Plaintiffs:...............................................................................................2

    Claim 1:  Excessive Force (42 U.S.C. § 1983):.........................................2

    Claim 2:   Substantive Due Process—Unlawful Interference with Familial
             Relations (42 U.S.C. § 1983, Wrongful Death):.............................3

    Claim 3:   Battery (Survival and Wrongful Death):…………………………3

    Claim 4:  Negligence (Survival and Wrongful Death) .................................4

    Claim 5:  Violation of Bane Act Cal. Civ. Code. § 52.1: ..............................4

    Plaintiffs' Key Evidence to Support Their Claims:.......................................4

    B.  Per Defendants:........................................................................................4

    Claim 1:  Excessive Force (42 U.S.C. § 1983):..........................................4

    Claim 2:   Substantive Due Process—Unlawful Interference with Familial
             Relations (42 U.S.C. § 1983, Wrongful Death):.............................6

    Claim 3:  Battery (Survival and Wrongful Death):.......................................6

    Claim 4:  Negligence (Survival and Wrongful Death) .................................7

    Claim 5:  Violation of Bane Act Cal. Civ. Code. § 52.1: ..............................8

DEFENDANTS' AFFIRMATIVE DEFENSES: ......................................................8

8.  REMAINING TRIABLE ISSUES .................................................................9

9.  DISCOVERY .................................................................................................10

10. DISCLOSURES AND EXHIBIT LIST ........................................................10

11. WITNESS LIST..............................................................................................10

12.    MOTIONS IN LIMINE ....................................................................................10

13.    BIFURCATION ...............................................................................................11

14.    ADMISSIONS ..................................................................................................11

4832-5826-7643.1

Following pre-trial proceedings, pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16, IT IS ORDERED:

## 1. THE PARTIES AND PLEADINGS

<u>Plaintiffs</u>: The Plaintiffs in this case are Alexandra Rasey-Smith; Gordon Gene Maccani; and Janet Maccani.

<u>Defendants</u>: The Defendants are the City of Los Angeles and Caleb Garcia Alamilla.

<u>The pleadings that raise the issues are</u>:

1. Plaintiffs' First Amended Complaint (Dkt. # 39);
2. Defendant City of Los Angeles Answer to Plaintiffs' First Amended Complaint (Dkt. # 43); and
3. Defendant Garcia's Answer to Plaintiffs' First Amended Complaint (Dkt. # 44).

Plaintiffs' second cause of action for denial of medical care has been dismissed.

## 2. JURISDICTION

This Court has subject matter jurisdiction over Plaintiff's federal question and civil rights claims pursuant to 28 U.S.C. §§ 1331, 1343 (a)(3) and (4) and § 1391. Venue is proper in this Court under 28 U.S.C. § 1391(b) because all of the relevant events occurred in Los Angeles, California.

## 3. TRIAL ESTIMATE

Per Plaintiffs:

The trial is estimated to take 6-8 days from jury selection to closing arguments.

Per Defendants:

The trial is estimated to take five (5) days from jury selection to closing arguments. Defendants request a time limit for presentation of evidence.

## 4. JURY TRIAL

The trial is to be a jury trial.

Plaintiffs and Defendants shall serve and file "Agreed Upon Set of Jury Instructions and Verdict Forms" as well as the "Joint Statement re Disputed Instructions, Verdicts, etc." by no later than March 6, 2026.

**5.    ADMITTED FACTS REQUIRING NO PROOF**

The following facts are admitted and require no proof:

1.    Caleb Garcia Alamilla was acting under color of law and within the scope and course of his employment as a member of the Los Angeles Police Department at the time of the incident on February 3, 2024.

2.    Caleb Garcia Alamilla shot Jason Maccani during the incident on February 3, 2024.

3.     Jason Maccani died as a result of the gunshot wound.

**6.    STIPULATED FACTS**

None at this time. The Parties may submit stipulations of fact at trial.

**7.    PARTIES CLAIMS AND DEFENSES**

**A. Plaintiffs' Claims**

**Per Plaintiffs:**

**Claim 1:    Excessive Force (42 U.S.C. § 1983):**

Plaintiff Alexandra Rasey-Smith brings this claim as the successor in interest to Decedent, against Defendant Caleb Garcia Defendant Garcia used excessive deadly force against Decedent in violation of his Fourth Amendment right to be free from unreasonable seizures.

Elements of Plaintiff's Excessive Force Claim:

Garcia acted under color of law;

Garcia used excessive force against Decedent;

The excessive force was a cause of injury, damage, loss, or harm to Decedent.

*See* Ninth Circuit Manual of Model Jury Instructions, Instruction No. 9.27—Particular Rights—Fourth Amendment—Unreasonable Seizure of a Person—Excessive Force.

**Claim 2:**      <u>Substantive Due Process—Unlawful Interference with</u>

<u>Familial Relations (42 U.S.C. § 1983, Wrongful Death):</u>

Plaintiffs bring this claim individually against Defendant Garcia. By using deadly force against Decedent, Garcia interfered with Plaintiffs' familial relationship with their husband and son, Decedent, in violation of Plaintiffs' Fourteenth Amendment rights.

Official conduct "shocks the conscience" where an officer acts with a purpose to harm unrelated to a legitimate law enforcement objective or, if actual deliberation is practical, where the officer acts with deliberate indifference.

<u>Elements of Plaintiffs' Due Process Claim</u>:

Garcia acted under color of state law;

Garcia acted with deliberate indifference to Decedent's rights.

*See* Ninth Circuit Manual of Model Jury Instructions, Instruction No. 9.36—Particular Rights—Fourteenth Amendment—Due Process—Interference with Familial Relationship*; see also Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010); *Porter v. Osborn*, 546 F.3d 1131, 1137 (9th Cir. 2008).

**Claim 3:**      **Battery (Survival and Wrongful Death):**

Plaintiff Alexandra Rasey-Smith brings this claim as the successor in interest to Decedent, against Defendants Caleb Garcia and the City of Los Angeles.

Defendant Garcia's use of deadly force against Decedent was unreasonable. The City is vicariously liable for Garcia's actions pursuant to Cal. Gov. Code § 815.2(a). Plaintiff seeks both survival damages, including pre-death pain and suffering, and wrongful death damages under this claim.

<u>Elements of Plaintiff's Battery Claim</u>:

     1. That Garcia intentionally shot Decedent;

     2. That Garcia's used deadly force on Decedent;

     3. That Garcia's use of deadly force was not necessary to defend human life;

     4. That Decedent was killed; and

5. That Garcia's use of deadly force was a substantial factor in causing Decedent's death. *See* CACI 1305b.

**Claim 4:      Negligence (Survival and Wrongful Death)**

This claim is brought by Plaintiff Alexandra Rasey-Smith as the successor in interest to Decedent, against all Defendants. The City is vicariously liable for Garcia's actions pursuant to Cal. Gov. Code § 815.2(a).  Garcia was negligent in detaining and attempting to arrest Decedent, in using deadly force against Decedent, including pre-shooting negligent tactics.   Plaintiff seeks both survival damages, including pre-death pain and suffering, and wrongful death damages under this claim.

Elements of Plaintiff's Negligence Claim:

Garcia was negligent;

Decedent was harmed;

The negligence of Garcia was a substantial factor in causing Decedent's  injuries, damages and Decedent's death.

See CACI 400, 401, 440.

**Claim 5:      Violation of Bane Act Cal. Civ. Code. § 52.1:**

**Plaintiffs' Key Evidence to Support Their Claims:**

**B.    Per Defendants:**

**Claim 1:      Excessive Force (42 U.S.C. § 1983):**

Plaintiff Alexandra Rasey-Smith brings this claim as the successor in interest to Decedent, against Defendant Caleb Garcia and contends that Defendant Garcia used excessive deadly force against Decedent in violation of his Fourth Amendment right to be free from unreasonable seizure.

Elements of the Excessive Force Claim:

    1)      Garcia acted under color of law;

    2)      Garcia used excessive force against Decedent, considering the following circumstances known to the officers on the scene, including:

4

(a)      the nature of the crime or other circumstances known to the officer[s] at the time force was  applied;

(b)      whether [decedent] posed an immediate threat to the safety of the officer[s] or to  others;

(c)      the amount of time the officer[s] had to determine the type and amount of force that reasonably appeared necessary, and any changing circumstances during that period;

(d)      the relationship between the need for the use of force and the amount of force used;

(e)      the extent of [decedent's] injury;

(f)      any effort made by the officer[s] to temper or to limit the amount of force;

(g)      the availability of alternative methods [to take the plaintiff into custody] [to subdue the plaintiff;]]

(h)      the number of lives at risk (motorists, pedestrians, police officers) and the parties' relative culpability; *i.e.,* which party created the dangerous situation, and which party is more innocent;]

(i)      whether it was practical for the officer[s] to give warning of the imminent use of force, and whether such warning was given;]

(j)    whether it should have been apparent to the officer[s] that the person [he] used force against was emotionally disturbed;]

(k)    whether a reasonable officer would have or should have accurately perceived a mistaken fact;]

3) The excessive force was a cause of injury, damage, loss, or harm to Decedent.

*See* Ninth Circuit Manual of Model Jury Instructions, Instruction No. 9.27—Particular Rights—Fourth Amendment—Unreasonable Seizure of a Person—Excessive Force.

**Claim 2:**      <u>**Substantive Due Process—Unlawful Interference with Familial Relations (42 U.S.C. § 1983, Wrongful Death):**</u>

All three Plaintiffs bring this claim individually against Defendant Garcia. By using deadly force against Decedent, Plaintiffs contend Garcia interfered with Plaintiffs' familial relationship with their husband and son, Decedent, in violation of Plaintiffs' Fourteenth Amendment rights.

Official conduct "shocks the conscience" where an officer acts with a purpose to harm unrelated to a legitimate law enforcement objective or, if actual deliberation is practical, where the officer acts with deliberate indifference.

<u>Elements of the Due Process claim</u>:

     1)      Garcia acted under color of state law;

     2)      Garcia acted with a purpose to harm unrelated to legitimate law enforcement objectives.

*See* Ninth Circuit Manual of Model Jury Instructions, Instruction No. 9.36—Particular Rights—Fourteenth Amendment—Due Process—Interference with Familial Relationship*; see also Wilkinson v. Torres*, 610 F.3d 546, 554 (9th Cir. 2010); *Porter v. Osborn*, 546 F.3d 1131, 1139-1140 (9th Cir. 2008).

**Claim 3:**      **Battery (Survival and Wrongful Death):**

Plaintiff Alexandra Rasey-Smith brings this claim as the successor in interest to Decedent, against Defendants Caleb Garcia and the City of Los Angeles on the grounds that defendant Garcia's use of deadly force against Decedent was unreasonable. Plaintiff claims the City is vicariously liable for Garcia's actions pursuant to Cal. Gov. Code § 815.2(a). Plaintiffseeks both survival damages, including pre-death pain and suffering, and wrongful death damages under this claim.

<u>Elements of the Battery Claim</u>:

     1. That Garcia intentionally shot Decedent;

     2. That Garcia's used deadly force on Decedent;

     3. That Garcia's use of deadly force was not necessary to defend human life;

4. That Decedent was killed; and

5. That Garcia's use of deadly force was a substantial factor in causing Decedent's death. *See* CACI 1305b.

Garcia's use of deadly force was necessary to defend human life if a reasonable officer in the same situation would have believed, based on the totality of the circumstances known to or perceived by Garcia at the time, that deadly force was necessary   to defend against an imminent threat of death or serious bodily harm to Garcia or to another person

A peace officer must not use deadly force against persons based only on the danger those persons pose to themselves, if an objectively reasonable officer would believe the person does not pose an imminent threat of death or serious bodily injury to the peace officer or to another person.

A person being arrested or detained has a duty not to use force to resist the peace officer unless the peace officer is using unreasonable force.

"Deadly force" means any use of force that creates a substantial risk of causing death or serious bodily injury, including, but not limited to, the discharge of a firearm.

A threat of death or serious bodily injury is "imminent" when, based on the totality of the circumstances, a reasonable officer in the same situation would believe that a person has the present ability, opportunity, and apparent intent to immediately cause death or serious bodily injury to the peace officer or another person. An imminent harm is not merely a fear of future harm, no matter how great the fear and no matter how great the likelihood of the harm, but is one that, from appearances, must be instantly confronted and addressed.

## Claim 4:    Negligence (Survival and Wrongful Death)

This claim is brought by Plaintiff Alexandra Rasey-Smith as the successor in interest to Decedent, against all Defendants. Plaintiff claims the City is vicariously liable for Garcia's actions pursuant to Cal. Gov. Code § 815.2(a). Plaintiff contends Garcia was

negligent in detaining and attempting to arrest Decedent, and in using deadly force against Decedent, including allegedly negligent pre-shooting tactics.  Plaintiff seeks both survival damages, including pre-death pain and suffering, and wrongful death damages under this claim.

Elements of the Negligence Claim:

Garcia was negligent;

Decedent was harmed as a result of Garcia's negligence;

The negligence of Garcia was a substantial factor in causing Decedent's  injuries, damages and Decedent's death.

See CACI 400, 401, 440.

### Claim 5:    Violation of Bane Act Cal. Civ. Code. § 52.1:

This claim is brought by Plaintiff Alexandra Rasey-Smith as the successor in interest to Decedent, against Defendant Garcia and the City of Los Angeles.  Plaintiff claims the City is vicariously liable for Garcia's actions pursuant to Cal. Gov. Code § 815.2(a). Plaintiff contends that Garcia violated the Bane Act, Cal. Civ. Code. § 52.1, when he used unreasonable deadly force against Decedent.

Elements of the Bane Act Claim under Cal. Civil Code § 52.1:

 That Garcia acted violently against Maccani to prevent him from exercising his right under the Fourth Amendment to be free from excessive force;

That Garcia intended to deprive Maccani of his enjoyment of the interests protected by the right;

That Maccani was harmed.

That Garcia's conduct was a substantial factor in causing Maccani's harm.

See CACI 3066.

### DEFENDANTS' AFFIRMATIVE DEFENSES:

Defendants contend the force used was reasonably believed by Garcia to be necessary and appropriate under the circumstances, based on a perception of an

imminent threat of great bodily injury or death, and therefore the force was privileged as self-defense and/or defense of others and Garcia is entitled to qualified immunity.

Defendants' Key Evidence to support their defenses:

1.  Surveillance and body worn camera (BWC) video of the incident including expert compiled videos and PDFs;

2.  Photographs from the scene;

3.  Testimony of  Defendant Caleb Garcia Alamilla, experts Parris Ward and Edward Flosi, reporting parties Brandon Mascarro and Axel Magana, and witnesses LAPD Officer Michael Orozco, LAPD Officer Desiree Rodriguez, LAPD Officer Sandra Jauregui, LAPD Sergeant Jeffrey Punzalan, LAPD Officer Gabriel Quintero, LAPD Officer Colin Chomuk, Ryan Ostergaard, Harrison Carl, Karra Manier, M.D., Kennedy Martina, M.D.*, Matthew Diarmuid Weipking, M.D.* Morgan Anne Schellenberg, M.D.*, and Laura Moles, M.D.*Defendants reserve the right to add rebuttal witnesses as needed and/or to call any of Plaintiffs' listed witnesses.

4.      Recorded 911 call, and recorded dispatch call;

5.      Watch Commander's Daily Report, Sergeant's Daily Report, LAPD Investigative Report, and Decedent's CII; and

6.      Photograph of white knife and fork, prepared by Defense Expert Edward Flosi.

**8.    REMAINING TRIABLE ISSUES**

In view of the admitted facts and the elements required to establish the claims, the following issues remain to be tried:

Whether Garcia used excessive and unreasonable force against Decedent;

Whether the purpose to harm unrelated to a legitimate law enforcement objective standard or the deliberate indifference standard is to be applied to Plaintiffs' interference with familial relationship claim;

Whether Garcia violated the Bane Act in using excessive and unreasonable force against Decedent;

Whether Garcia was negligent, including pre-shooting tactics and excessive use of force; and

The nature and extent of Decedent and Plaintiffs' damages.

**9.    DISCOVERY**

Discovery is complete.

**10.    DISCLOSURES AND EXHIBIT LIST**

All disclosures under FED. R. CIV. P. 26(a)(3) have been made.

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1 ("Joint Exhibit List").  In view of the volume of exhibits marked by each party, the parties have incorporated in the attached "Joint Exhibit List" all agreements regarding admitted exhibits, and all objections, including the grounds therefor.

**11.    WITNESS LIST**

Witness lists of the parties have already been filed with the Court (the parties reserve the right to amend the witness list).

Only the witnesses identified on the lists will be permitted to testify (other than solely for impeachment).

**12.    MOTIONS IN LIMINE**

Motions *in Limine* have already been filed by the Court.  The parties have met and conferred on the motions in limine. The following motions in limine, and no others, are pending or contemplated:

Plaintiff's Motion in Limine No. 1 to Exclude Defendant City of Los Angeles' Late Disclosure;

Defendants' Motion in Limine No. 1 to Limit or Exclude Plaintiffs' Expert Witnesses Omalu and Noble; and Defendants' Motion in Limine No. 2 to Trifurcate.

**13.    <u>BIFURCATION</u>**

Plaintiffs oppose bifurcation (and trifurcation) of liability and damages. Plaintiffs request liability and compensatory damages to be tried together. Plaintiffs are agreeable to bifurcate the amount of punitive damages. So in the first phase, liability, damages and entitlement to punitive damages would be tried together, in the second phase only the amount of punitive damages would be awarded.

Defendants have filed a motion to trifurcate liability, damages and punitive damages so that liability is separately tried, followed by a compensatory damages phase if needed, and a subsequent punitive damages phase (if needed).  Defendants would agree to try the compensatory and punitive damages together in phase 2.

**14.    <u>ADMISSIONS</u>**

The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pre-Trial Order shall supersede the pleadings, and govern the course of the trial of this cause, unless modified to prevent manifest injustice.


DATED:                                       UNITED STATES DISTRICT COURT


_____
HON. MICHELLE WILLIAMS COURT
United States District Judge

Approved as to form and content:


DATED:  March 6, 2026          LAW OFFICES OF DALE K. GALIPO


                               By   /s/ *Eric Valenzuela*
                                   Eric Valenzuela
                                   Attorneys for Plaintiffs

DATED:  March 6, 2026          BURKE, WILLIAMS & SORENSEN, LLP


                               By   /s/ *Susan E. Coleman*
                                   Susan E. Coleman
                                   Lauren S. Dossey
                                   Attorneys for Defendant Caleb Garcia
                                   Alamilla

[PROPOSED] PRETRIAL CONFERENCE ORDER