**HYDEE FELDSTEIN SOTO**, City Attorney (SBN 106866)
**DENISE C. MILLS**, Chief Deputy City Attorney (SBN 191992)
**KATHLEEN KENEALY**, Chief Assistant City Attorney (SBN 212289)
**TY A. FORD**, Deputy City Attorney (SBN 218365)
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Phone No.: (213) 978-6900 / Fax No.: (213) 978-8785
Email: Ty.Ford@lacity.org
*Attorneys for Defendant*
CITY OF LOS ANGELES

Susan E. Coleman (SBN 171832)
E-mail: scoleman@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
Tel: 213.236.0600  Fax: 213.236.2700

Attorneys for Defendant
CALEB GARCIA ALAMILLA

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEXANDRA RASEY-SMITH; GORDON GENE MACCANI; and JANET MACCANI,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LOS ANGELES; CALEB GARCIA ALAMILLA; and DOES 2-10, inclusive,<br><br>Defendants. | Case No. 2:24-cv-03265-MWC-SSC<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE DEFENDANT CITY OF LOS ANGELES' LATE DISCLOSURE**<br><br>*Filed concurrently with Declaration of Susan E. Coleman*<br><br>**PRE-TRIAL CONFERENCE**<br>DATE:  March 20, 2026<br>TIME:  1:30 p.m.<br>LOCATION: 6A<br><br>Judge: Hon. Michelle Williams Court<br><br>Trial Date:  April 6, 2026 |

///

///

## I. Introduction

Plaintiffs' Motion in Limine improperly seeks to exclude demonstrative evidence that directly rebuts a central premise of their case. Plaintiffs repeatedly contend that the white plastic fork clenched in the fist of Jason Maccani (hereinafter "Decedent") at the time of the incident "did not resemble a knife or any other dangerous weapon, and was, or should have been, easily distinguishable from a knife or a gun." (ECF No. 39, First Amended Complaint ("FAC") at ¶ 19; *see also* FAC, ¶¶ 26 and 55.) Having placed that issue squarely in dispute, Plaintiffs cannot now prevent Defendants from presenting expert testimony and demonstrative evidence addressing the very question they have injected into the case–whether an object of similar size and color could reasonably be perceived as an edged weapon.

In his report served on December 5, 2025, Defendants' expert, Edward Flosi, included a photograph of a white ceramic knife to illustrate that knives with white blades and similar dimensions to the fork at issue are commercially available. (Declaration of Susan E. Coleman (hereinafter "Coleman Decl.") at ¶ 4.) This point is critical because Plaintiffs' theory depends on the premise that the object in the Decedent's hand could not reasonably be perceived as a dangerous weapon. The demonstrative photograph directly rebuts that premise by showing that knives with similar size, shape, and color exist and are readily available. Mr. Flosi even brought the white ceramic knife to his deposition on January 23, 2026, where counsel for both parties examined him about it. (Coleman Decl. at ¶ 5.) Additionally, Plaintiffs' own expert, Jeffrey Noble, was likewise questioned about the same white ceramic knife at his deposition on January 26, 2026, and the photograph now at issue was attached as an exhibit to his deposition transcript. (Coleman Decl. at ¶ 6.) The only event that occurred "late" was the bates-stamping of a photograph of the white ceramic knife juxtaposed next to a white plastic fork similar to that clenched in decedent's hand. (Coleman Decl. at ¶ 7.)

///

Plaintiffs' motion therefore seeks not to exclude undisclosed or untimely evidence, but to prevent the jury from considering demonstrative evidence that directly contradicts their theory of the case. The motion in limine should therefore be denied.

## II. Plaintiffs' Motion in Limine Should Be Denied Because the Photograph at Issue Was Timely Disclosed During Expert Discovery

The evidence Plaintiffs seek to exclude was disclosed in Defendants' expert Edward Flosi's report, which was timely served during expert discovery on December 5, 2025. (Coleman Decl. at ¶ 4.) Flosi's report included an image of the white ceramic knife as part of his analysis explaining that knives with white blades and similar dimensions to the white fork at issue are commercially available. (*Id.*) Federal Rule of Civil Procedure 26(a)(2) requires that an expert report contain the opinions the witness will express, the basis and reasons for those opinions, and "any exhibits that will be used to summarize or support them." Fed. R. Civ. P. 26(a)(2)(B)(iii). Flosi's report satisfied those requirements by identifying the knife in the contested photograph, which is repeatedly referenced in his analysis and opinion. The subject was then explored during expert depositions: Flosi brought the white ceramic knife referenced in his report to his deposition on January 23, 2026, and counsel for both parties had the opportunity to question him about it. (Coleman Decl. at ¶ 5.) Moreover, Plaintiffs' own expert, Jeffrey Noble, was also questioned regarding the same knife at his deposition on January 26, 2026, and the photograph in question was attached as an exhibit to his deposition transcript. (Coleman Decl. at ¶ 6.)

Because the evidence was disclosed in the expert report and the photograph was addressed during expert depositions, it was timely disclosed under Rule 26(a)(2) and should not be excluded as a late disclosure.

///

///

### III. Even if Disclosure Were Untimely, Exclusion is Not the Proper Remedy Under Rule 37(c)(1)

Even if the Court were to find that the disclosure of the photograph was untimely, exclusion would not be warranted under Federal Rule of Civil Procedure 37(c)(1). The rule expressly provides that evidence may still be used where any failure to disclose was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Here, any alleged delay would plainly be harmless. Plaintiffs were aware of the photograph of the white ceramic during expert discovery, questioned Defendants' expert about it at deposition, and examined their own expert regarding the same exhibit. Plaintiffs therefore had a full and fair opportunity to explore the subject and prepare any rebuttal testimony they deemed necessary. Under these circumstances, there is no risk of unfair surprise or prejudice that would justify the sanction of exclusion. *See* Fed. R. Civ. P. 37(c)(1).

Moreover, Rule 37 makes clear that exclusion is not the default remedy; courts may instead impose lesser measures, if necessary, including allowing additional questioning or other appropriate relief. Because Plaintiffs cannot demonstrate any prejudice from the disclosure, and because the evidence concerns an issue central to the parties' competing expert opinions, exclusion would be an unwarranted and disproportionate remedy. Accordingly, Plaintiffs motion in limine to exclude the photograph should be denied.

Dated: March 6, 2026

BURKE, WILLIAMS & SORENSEN, LLP

By: *Susan E. Coleman*
Susan E. Coleman
Attorneys for Defendant
CALEB GARCIA ALAMILLA

Dated: March 6, 2026

HYDEE FELDSTEIN SOTO, City Attorney
SCOTT MARCUS, Senior Assistant City Attorney
CORY M. BRENTE, Senior Assistant City Attorney

By: *Ty A. Ford*
Ty A. Ford, Deputy City Attorney
Attorneys for Defendant
CITY OF LOS ANGELES