Susan E. Coleman (SBN 171832)
E-mail:  scoleman@bwslaw.com
Lauren S. Dossey (SBN 244887)
Email: ldossey@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
Tel: 213.236.0600 Fax:  213.236.2700

Attorneys for Defendant CALEB GARCIA ALAMILLA

HYDEE FELDSTEIN SOTO, City Attorney (SBN 106866)
DENISE C. MILLS, Chief Deputy City Attorney (SBN 191992)
KATHLEEN KENEALY, Chief Assistant City Attorney (SBN 212289)
TY A. FORD, Deputy City Attorney (SBN 218365)
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Tel: 213.978.6900 Fax: 213.978.8785
Email: Ty.Ford@lacity.org

Attorneys for Defendant CITY OF LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEXANDRA RASEY-SMITH; GORDON GENE MACCANI; and JANET MACCANI,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>CITY OF LOS ANGELES; CALEB GARCIA ALAMILLA; and DOES 2-10, inclusive,<br><br>　　　　　Defendants. | Case No. 2:24-cv-03265-MWC-SSC<br><br>**COMPETING [PROPOSED] VERDICT FORMS**<br><br>Judge:  Hon. Michelle Williams Court<br>FPTC:  March 20, 2026<br>Trial:　April 6, 2026 |

**TO THE HONORABLE COURT AND TO THE CLERK OF THE COURT:**

Plaintiffs ALEXANDRA RASEY-SMITH, GORDON GENE MACCANI, and JANET MACCANI and Defendants CITY OF LOS ANGELES and CALEB GARCIA ALAMILLA hereby submit the following Competing [Proposed] Verdict

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4914-5621-5700 v2

1

Case No. 2:24-cv-03265-MWC-SSC
COMPETING [PROPOSED] VERDICT FORMS

Forms, including: **Exhibit A** – Plaintiffs' Proposed Verdict Form; **Exhibit B** – Defendants' Objections to Plaintiffs' Proposed Verdict Form; **Exhibit C** – a redline of disputed language between Plaintiffs' and Defendants' Proposed Verdict Forms; and **Exhibit D** – Defendants' Proposed Verdict Form, pursuant to this Court's Civil Trial Order II(B)(5).

Dated:  March 6, 2026                    LAW OFFICES OF DALE K. GALIPO

By:    */s/ Eric Valenzuela*
    Eric Valenzuela
    Attorneys for Plaintiffs

Dated:  March 6, 2026                    BURKE, WILLIAMS & SORENSEN, LLP

By:    *Susan E. Coleman*
    Susan E. Coleman
    Attorneys for Defendant
    CALEB GARCIA ALAMILLA

Dated:  March 6, 2026                    HYDEE FELDSTEIN SOTO, City Attorney
SCOTT MARCUS, Senior Assistant City Attorney
CORY M. BRENTE, Senior Assistant City Attorney

By:    */s/ Ty A. Ford*
    Ty A. Ford, Deputy City Attorney
    Attorneys for Defendant
    CITY OF LOS ANGELES

**ELECTRONIC SIGNATURE CERTIFICATION**

I, Susan E. Coleman, hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the electronic filing.


Dated:  March 6, 2026                    BURKE, WILLIAMS & SORENSEN, LLP



By:   _/s/ Susan E. Coleman_
          Susan E. Coleman
          Attorneys for Defendant
          CALEB GARCIA ALAMILLA

Burke, Williams &
Sorensen, LLP
Attorneys at Law
Los Angeles

4914-5621-5700 v2

3

Case No. 2:24-cv-03265-MWC-SSC
COMPETING [PROPOSED] VERDICT FORMS

# EXHIBIT A

# PLAINTIFFS' PROPOSED VERDICT FORM

We, the jury in the above-entitled action, find the following:

## FOURTH AMENDMENT EXCESSIVE FORCE CLAIM

**QUESTION 1:** Did Caleb Garcia Alamilla use excessive force against Jason Maccani?

_____ YES        _____ NO

*If you answered "yes" to Question 1, please answer question 2. If you answered "no" to Question 1, please proceed to Question 3.*

**QUESTION 2:** Was the use of excessive force against Jason Maccani by Caleb Garcia Alamilla a cause of harm, injury, or damage to Jason Maccani?

_____ YES        _____ NO

*Please proceed to the next Question.*

## **BATTERY CLAIM**

**QUESTION 3:** Did Caleb Garcia Alamilla use deadly force against Jason Maccani that was not necessary to defend human life?

_____ YES        _____ NO

*If you answered "yes" to Question 3, please answer question 4. If you answered "no" to Question 3, please proceed to Question 5.*

**QUESTION 4:** Was the use of unreasonable deadly force by Caleb Garcia Alamilla a cause of harm, injury, damage or death to Jason Maccani?

_____ YES        _____ NO

*Please proceed to the next question.*

PLAINTIFFS' PROPOSED VERDICT FORM

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **BANE ACT CLAIM**

**QUESTION 5:** Did Caleb Garcia Alamilla violate the Bane Act when he used deadly force against Jason Maccani?

_____ YES        _____ NO

*Please proceed to the next question.*

PLAINTIFFS' PROPOSED VERDICT FORM

1

## __FOURTEENTH AMENDMENT INTERFERENCE WITH FAMILIAL__
## __RELATIONSHIP__

**QUESTION 6:** Did Caleb Garcia Alamilla violate the Plaintiffs' right to a familial relationship with Jason Maccani under the Fourteenth Amendment?

_____ YES        _____ NO

*Please proceed to the next question.*

# <u>NEGLIGENCE</u>

**Question 7:**  Was Caleb Garcia Alamilla negligent?

_____ YES          _____ NO

*If you answered "yes" to Question 7, please proceed to Question 8.*

*If you answered "no" to Question 7, please do not answer Questions 8-11.*

**Question 8:**  Was the negligence of Caleb Garcia Alamilla a cause of Jason Maccani's harm, injury, damages or death?

_____ YES          _____ NO

*If you answer "yes" to Question 8, please proceed to the next question.*

*If you answer "no" to Question 8, please do not answer Questions 9-11.*

**Question 9:**  Was Jason Maccani negligent?

_____ YES          _____ NO

*If you answer "yes" to Question 9, please proceed to the next question.*

*If you answer "no" to Question 9, please do not answer Question 10-11.*

PLAINTIFFS' PROPOSED VERDICT FORM

**Question 10:** Was Jason Maccani's negligence a cause of his harm, injury, damages or death?

_____ YES          _____ NO

*If you answer "yes" to Question 10, please proceed to the next question.*
*If you answer "no" to Question 10, please do not answer Question 11.*

**Question 11:** Assuming that 100% represents the total negligence of all individuals, what percentage of negligence do you assign to the following:

Caleb Garcia Alamilla          _____%

Jason Maccani          _____%

Total          100%

*Please proceed to the next question.*

# **DAMAGES**

**QUESTION 12:** *If you answered "Yes" to any of Question Nos. 2, 4 and/or 5, please answer question 12.*

What are Jason Maccani's damages, for his pre-death pain and suffering.

$_____

*Please proceed to the next question.*

**QUESTION 13:**

What are Jason Maccani's damages for his loss of life.

$_____

*Please proceed to the next question.*

**QUESTION 14:** *If you answered "Yes" to any of Question Nos. 6 and/or 8, please answer question 14.*

What are Alexandra Rasey-Smith's wrongful damages related to the death of Jason Maccani.

$_____

*Please proceed to the next question.*

**QUESTION 15**: What are Gordon Maccani's wrongful damages related to the death of Jason Maccani.

$_____

*Please proceed to the next question.*

**QUESTION 16**: What are Jane Maccani's wrongful damages related to the death of Jason Maccani.

$_____

*Please sign and date the verdict form and return it to the Court*

Dated: _____          _____

Jury Foreperson

PLAINTIFFS' PROPOSED VERDICT FORM

# EXHIBIT B

Susan E. Coleman (SBN 171832)
E-mail:  scoleman@bwslaw.com
Lauren S. Dossey (SBN 244887)
Email: ldossey@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, 40th Floor
Los Angeles, California 90071-2942
Tel: 213.236.0600 Fax:  213.236.2700

Attorneys for Defendant CALEB GARCIA ALAMILLA

HYDEE FELDSTEIN SOTO, City Attorney (SBN 106866)
DENISE C. MILLS, Chief Deputy City Attorney (SBN 191992)
KATHLEEN KENEALY, Chief Assistant City Attorney (SBN 212289)
TY A. FORD, Deputy City Attorney (SBN 218365)
200 North Main Street, 6th Floor, City Hall East
Los Angeles, CA 90012
Tel: 213.978.6900 Fax: 213.978.8785
Email: Ty.Ford@lacity.org

Attorneys for Defendant CITY OF LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ALEXANDRA RASEY-SMITH; GORDON GENE MACCANI; and JANET MACCANI,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF LOS ANGELES; CALEB GARCIA ALAMILLA; and DOES 2-10, inclusive,<br><br>        Defendants. | Case No. 2:24-cv-03265-MWC-SSC<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PROPOSED VERDICT FORMS**<br><br>Judge:  Hon. Michelle Williams Court<br>FPTC:  March 20, 2026<br>Trial:  April 6, 2026 |

**TO THE HONORABLE COURT AND TO ALL PARTIES:**

Defendants CITY OF LOS ANGELES and CALEB GARCIA ALAMILLA

hereby submit their objections to Plaintiffs' Proposed Verdict Form.

///

///

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4921-6237-7876 v1

1

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' OBJECTIONS TO PLAINTIFFS'
[PROPOSED] VERDICT FORMS

# I.  OBJECTIONS TO DEFENDANTS' PROPOSED VERDICT FORM

## A.  FOURTH AMENDMENT EXCESSIVE FORCE CLAIM

### 1.  Defendants' Objections to Question 1

Defendants object to Plaintiff's proposed Question No. 1, which asks the jury only whether "Caleb Garcia Alamilla used excessive force against Jason Maccani." That question is misleading and incomplete because it does not track the governing legal standard under the Fourth Amendment. (*See* 9th Cir. Model Civ. Jury Instr. 9.27.) Where, as here, the alleged force is the use of deadly force, the proper inquiry is whether Caleb Garcia Alamilla (hereinafter "Garcia") used deadly force without probable cause to believe that Maccani posed a significant threat of death or serious physical injury. *Id.; see also Tennessee v. Garner*, 471 U.S. 1, 3 (1985).

Plaintiff's proposed wording also improperly frames the inquiry as whether Garcia used general "excessive force," rather than focusing the jury on the specific conduct at issue–the use of deadly force. This distinction is significant. In a police-shooting case, the jury must evaluate the reasonableness of Garcia's use of deadly force, not whether some unspecified "force" occurred during the encounter. Framing the question simply as "excessive force" without identifying the force at issue, risks confusing the jury and could allow liability to be premised on conduct other than the shooting itself. Notably, Plaintiff's proposed verdict form correctly identifies the conduct at issue as "deadly force" in connection with the battery claim. The verdict form for this claim should therefore make clear that the jury must determine whether Garcia's use of deadly force was objectively unreasonable under all of the circumstances, consistent with the governing Fourth Amendment standard.

Defendants also object to Plaintiff's instruction directing the jury to proceed to the remaining questions if it answers "No" to Question 1. The reasonableness of Garcia's use of deadly force is governed by the same objective reasonableness standard for Plaintiff's Fourth Amendment excessive force claim and the related state-law claims, including battery, violation of the Bane Act, and the derivative familial

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4921-6237-7876 v1

2

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' OBJECTIONS TO PLAINTIFFS'
[PROPOSED] VERDICT FORMS

association claim. If the jury finds that Plaintiff has failed to prove that Garcia's use of deadly force was objectively unreasonable under the circumstances, then the force was objectively reasonable, and those claims necessarily fail because they are premised on the same allegedly unlawful use of force. Accordingly, if the jury answers "No" to Question 1, it should not proceed to answer additional liability questions concerning those claims. If allowed to answer those questions without the appropriate instructions to skip them if they found "no" on the use of deadly force claims, it could create the potential for an inconsistent verdict. The jury should instead proceed directly to the negligence claim, which is governed by a different legal standard, as discussed herein.

### 2. Defendants' Objections to Question 2

Defendants object to Plaintiff's use of the phrase "excessive force" rather than identifying the specific conduct at issue–the use of deadly force. As discussed above, framing the inquiry in terms of unspecified "excessive force" risks confusing the jury and fails to focus the jury on the conduct actually at issue in this case–the shooting. The verdict form should therefore consistently reference the use of deadly force, consistent with the governing Fourth Amendment standard.

Defendants further object to Question No. 2 in that it incorrectly asks whether the alleged force was "a cause" of harm. In a § 1983 action, Plaintiff must prove that the defendant's conduct was "the actionable cause of the claimed injury. To meet this causation requirement, the plaintiff must establish both causation-in-fact and proximate causation." *Harper v. Cty. of Los Angeles,* 533 F.3d 1010, 1026 (9th Cir. 2008) (citations omitted). The verdict form should therefore ask whether Garcia's use of deadly force was "the" cause of harm to Maccani, which accurately reflects the governing causation standard.

If the jury answers "No" to this question, it should not proceed to answer questions concerning the related state-law claims or the familial association claim. As explained above, those claims are premised on the same allegedly unlawful use of

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4921-6237-7876 v1

3

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' OBJECTIONS TO PLAINTIFFS'
[PROPOSED] VERDICT FORMS

force and therefore fail if the jury finds that Garcia's conduct was not the cause of harm. In that circumstance, the jury should proceed directly to the negligence claim, which is governed by a different legal standard.

## B.   BATTERY CLAIM

Defendants object to Plaintiff's proposed Question 4 to the extent it asks whether Garcia's use of deadly force was "a cause" of harm. That formulation is inconsistent with the applicable California standard. Under California law, liability for battery requires proof that the defendant's conduct was a "substantial factor" in causing the alleged harm. *See* CACI Verdict Form 1303B ("Was [name of defendant]'s use of deadly force a substantial factor in causing [harm/death] to [name of plaintiff/decedent]?"). Plaintiff's proposed language improperly lowers the causation standard and does not track the governing CACI verdict form. Question 4 should therefore ask whether Garcia's use of deadly force was a substantial factor in causing harm or death to Maccani, consistent with CACI VF-1303B.

## C.   BANE ACT CLAIM

Defendants object to Plaintiff's proposed Question 5 to the extent it asks the jury only whether Garcia "violated the Bane Act when he used deadly force against Jason Maccani." That formulation is improper because it collapses the required statutory elements into a single conclusory question and does not track the governing verdict form under California law. *See* CACI Verdict Form 3035.

Under the Bane Act, a plaintiff must prove specific elements, including that the defendant interfered (or attempted to interfere) with the plaintiff's exercise or enjoyment of a constitutional right and that the defendant acted with the required intent. To prevail on a Bane Act claim premised on excessive use of force, the plaintiff must establish all of the elements of a Section 1983 excessive force, ***and*** prove that the officer had a *specific intent* to violate the arrestee's constitutional right to be free from unreasonable use of force. *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1043-44 (9th Cir. 2018); *B.B. v. County of Los Angeles*, 25 Cal. App. 5th 115 (Cal. Ct. App.

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4921-6237-7876 v1

4

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' OBJECTIONS TO PLAINTIFFS'
[PROPOSED] VERDICT FORMS

2018); *M.M. v. Cty of San Mateo,* 2020 U.S. Dist. LEXIS 3831, *33 (USDC Northern Dist. Jan. 9, 2020). Evidence simply showing the officer's conduct amounted to a constitutional violation under an objectively reasonable standard is insufficient. *Reese, supra,* 888 F.3d at 1045. "[W]e conclude that, to establish liability under the Bane Act, a plaintiff must prove the defendant acted with a specific intent to violate the plaintiff's civil rights." *B.B., supra,* 25 Cal. App. 5th at 133. The California courts have further held that "The act of interference with a constitutional right must itself be deliberate or spiteful." *Julian v. Mission Community Hospital*, 11 Cal.App.5th 360, 395 (Cal. Ct. App. 2017).

Plaintiff's proposed question improperly asks the jury to decide the ultimate legal conclusion–whether Garcia "violated the Bane Act"–without requiring the jury to make the necessary predicate findings required by California law. The verdict form should instead follow CACI Verdict Form 3035 and require the jury to answer the required element-based questions, including whether Garcia interfered with Maccani's constitutional rights, whether Garcia acted with the requisite intent, and whether Garcia's conduct was a substantial factor in causing harm.

## D.  FOURTEENTH AMENDMENT INTERFERENCE WITH FAMILIAL RELATIONSHIP

Defendants interpose and preserve their ongoing objection to Plaintiff Alexandra Rasey-Smith's standing to assert a Fourteenth Amendment familial association claim based on the spousal relationship with Maccani. While this Court previously ruled that Plaintiff Rasey-Smith may proceed on this substantive due process claim based on alleged interference with her spousal relationship with Maccani (ECF No. 65 at 15), Defendants respectfully maintain their objection to that ruling and preserve the issue for appeal, as there is no Ninth Circuit authority recognizing a substantive due process familial association claim brought by a spouse. Although some district courts within this Circuit have concluded that the right to familial association extends to surviving spouses, other courts have declined

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4921-6237-7876 v1                5                Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' OBJECTIONS TO PLAINTIFFS'
[PROPOSED] VERDICT FORMS

to recognize such a claim because the Ninth Circuit has not done so. *See, e.g., Est. of Arroyo v. Cnty. of San Diego*, No. 3:21-CV-01956-RBM-SBC, 2024 WL 4668146, at *16 (S.D. Cal. Nov. 4, 2024) (dismissing a loss of familial association claim brought by a widow because the "Ninth Circuit has refrained from creating a substantive due process right to familial association with one's spouse"). Defendants therefore maintain their objection that Plaintiff Rasey-Smith lacks standing to pursue this claim under controlling Ninth Circuit precedent, and preserve the issue for appellate review.

Defendants further object to Plaintiffs' Question 6 asking only whether Defendant "violated the Plaintiffs' right to a familial relationship with Jason Maccani under the Fourteenth Amendment." That question is improper because it fails to ask the jury to make the specific factual findings necessary to establish liability. The question does not track the governing law or the elements reflected in Ninth Circuit Model Civil Jury Instruction 9.36 (Particular Rights—Fourteenth Amendment—Due Process—Interference with Parent/Child Relationship).

Under Ninth Circuit law, liability for interference with a familial relationship requires proof that the officer's conduct "shocks the conscience." *Id.* The applicable standard as to what conduct is sufficient to "shock the conscience" depends on the circumstances confronting the officer. When there is time for actual deliberation, a showing of deliberate indifference may satisfy the "shocks the conscience" test. *See Wilkinson v. Torres*, 610 F.3d 556, 554 (9th Cir. 2010). However, where–as here–"a law enforcement officer makes a snap judgment because of an escalating situation, his conduct may only be found to shock the conscience if he acts with a purpose to harm unrelated to legitimate law enforcement objectives." *Napouk,* 123 F.4th at 923 (citing *Wilkinson*, 610 F.3d at 554); *see also Porter v. Osborn*, 546 F.3d 1131, 1139 (9th Cir. 2008) [applying the second standard to a "five-minute altercation" between the suspect and the officer that was "quickly evolving and escalating, prompting repeated split-second decisions"] (internal quotations omitted)).

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4921-6237-7876 v1

6

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' OBJECTIONS TO PLAINTIFFS'
[PROPOSED] VERDICT FORMS

Plaintiffs' proposed Question 6 fails to require the jury to determine (1) whether the circumstances confronting Garcia allowed time for actual deliberation, and (2) which constitutional culpability standard therefore applies. Without those findings, the verdict form does not track the governing law and risks confusing the jury. Because Defendants' proposed Questions 8 through 11 track the language of Ninth Circuit Model Instruction 9.36, they should be adopted.

### E.    NEGLIGENCE

Plaintiffs' proposed questions regarding Plaintiff Rasey-Smith's negligence claim improperly ask the jury to determine whether Garcia's conduct was "a cause" of harm. Under California law, causation for negligence requires proof that the defendant's conduct was a substantial factor in causing the plaintiff's harm, not merely "a cause." See CACI No. 430. Consistent with that standard, CACI VF-401 directs that the verdict form ask whether the defendant's negligence was "a substantial factor in causing harm." Plaintiffs' proposed wording therefore misstates the governing legal standard and risks confusing the jury by applying a lesser causation threshold. The verdict form should instead track the CACI language and ask whether Garcia's alleged negligence was a substantial factor in causing harm to Jason Maccani.

### F.    DAMAGES

Plaintiffs' proposed damages questions improperly combine damages for wrongful death with damages for the alleged deprivation of familial association. These are distinct claims with different plaintiffs and different recoverable damages. The wrongful death claim was brought only by Plaintiff Rasey-Smith, Decedent's spouse, and therefore any damages for wrongful death must be limited to that plaintiff alone. By contrast, the Fourteenth Amendment familial-association claim is asserted separately by each Plaintiff and requires the jury to determine damages, if any, for each claimant individually. Combining these categories of damages into a single question risks jury confusion and creates the possibility of duplicative or

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4921-6237-7876 v1

7

Case No. 2:24-cv-03265-MWC-SSC
DEFENDANTS' OBJECTIONS TO PLAINTIFFS'
[PROPOSED] VERDICT FORMS

improper awards. The verdict form should therefore separate (1) wrongful death damages recoverable only by Plaintiff Rasey-Smith from (2) damages for loss of familial association for each Plaintiff.

Dated:  March 5, 2026                    BURKE, WILLIAMS & SORENSEN, LLP


                                         By:  _____*Susan E. Coleman*_____
                                              Susan E. Coleman
                                              Attorneys for Defendant
                                              CALEB GARCIA ALAMILLA

Dated:  November 7, 2025                  LOS ANGELES CITY ATTORNEY


                                         By:  _____*Ty A. Ford*_____
                                              Ty A. Ford
                                              Attorneys for Defendant CITY OF
                                              LOS ANGELES

### ELECTRONIC SIGNATURE CERTIFICATION

        I, Susan E. Coleman, hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the electronic filing.

Dated:   November 7, 2025                  BURKE, WILLIAMS & SORENSEN, LLP


                                         By:  _/s/ Susan E. Coleman_____
                                              Susan E. Coleman
                                              Lauren S. Dossey
                                              Attorneys for Defendant
                                              CALEB GARCIA ALAMILLA

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4921-6237-7876 v1                    8                    Case No. 2:24-cv-03265-MWC-SSC
                                                DEFENDANTS' OBJECTIONS TO PLAINTIFFS'
                                                [PROPOSED] VERDICT FORMS

# EXHIBIT C

**REDLINE OF DISPUTED LANGUAGE BETWEEN PLAINTIFFS' AND DEFENDANTS' PROPOSED VERDICT FORMS**

We, the jury in the above-entitled action, find the following:

**FOURTH AMENDMENT EXCESSIVE FORCE CLAIM**

**QUESTION 1:** Did Caleb Garcia Alamilla use ~~excessive~~ deadly force against Jason Maccani without probable cause to believe that Maccani posed a significant threat of death or serious physical injury?

_____ YES        _____ NO

*If you answered "yes" to Question 1, please answer ~~question~~ Question 2. If you answered "no" to Question 1, please proceed to Question ~~3~~ 12, and do not answer Questions 2 through 11.*

**QUESTION 2:** Was the use of ~~excessive~~ deadly force against Jason Maccani by Caleb Garcia Alamilla ~~a~~ the cause of harm, injury, or damage to Jason Maccani?

_____ YES        _____ NO

*~~Please proceed to the next Question.~~*

*If you answered "yes" to Question 2, please answer Question 3. If you answered*

1  *"no" to Question 2, please proceed to Question 12 and do not answer Questions 2*
2  *through 11.*
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**REDLINE OF DISPUTED LANGUAGE BETWEEN PLAINTIFFS' AND DEFENDANTS' PROPOSED
VERDICT FORMS**

1

**BATTERY CLAIM**

2

3  **QUESTION 3:** Did Caleb Garcia Alamilla use deadly force against Jason Maccani

4  that was not necessary to defend human life?

5

6  _____ YES        _____ NO

7

8

9

10  *If you answered "yes" to Question 3, please answer ~~question~~ Question 4. If you*

11  *answered "no" to Question 3, please proceed to Question 5, and do not answer*

12  *Question 4.*

13

14

15  **QUESTION 4:** Was the use of ~~unreasonable~~ deadly force by Caleb Garcia Alamilla

16  a ~~cause of~~ substantial factor in causing harm, injury, damage or death to Jason

17  Maccani?

18

19  _____ YES        _____ NO

20

21

22

23  *Please proceed to the next question.*

24

25

26

27

28

**BANE ACT CLAIM**

**QUESTION 5:** Did Caleb Garcia Alamilla ~~violate the Bane Act when he used deadly force against Jason Maccani~~act violently against Jason Maccani?

_____ YES        _____ NO

_If you answered "yes" to Question 5, please answer Question 6. If you answered "no" to Question 5, please proceed to Question 8 and do not answer Questions 6 or 7._

**QUESTION 6:** Did Caleb Garcia Alamilla intend to deprive Jason Maccani of his enjoyment of the interests protected by the Fourth Amendment to be free from excessive force?

_____ _____ YES _____ NO

_If you answered "yes" to Question 6, please answer Question 7. If you answered "no" to Question 6, please proceed to Question 8, and do not answer Question 7._

**QUESTION 7:** Was Caleb Garcia Alamilla's conduct a substantial factor in causing harm to Jason Maccani?

_____ YES _____ NO

_Please proceed to the next question._

-4-

REDLINE OF DISPUTED LANGUAGE BETWEEN PLAINTIFFS' AND DEFENDANTS' PROPOSED
VERDICT FORMS

1
2
3

**FOURTEENTH AMENDMENT INTERFERENCE WITH FAMILIAL RELATIONSHIP**

4
5
6
7

**QUESTION 86:** Did Caleb Garcia Alamilla deprive each Plaintiff of the companionship and society of Jason Maccani~~violate the Plaintiffs' right to a familial relationship with Jason Maccani under the Fourteenth Amendment~~?

8

_____ YES        _____ NO

9
10
11
12
13

*If you answered "yes" to Question 8, please answer Question 9. If you answered "no" to Question 8, please proceed to Question 12, and do not answer Questions 9 through 11.*

14
15
16
17

**QUESTION 9:** Did the circumstances confronting Caleb Garcia Alamilla allow sufficient time for actual deliberation before the use of deadly force against Jason Maccani?

18
19

_____ YES _____ NO

20
21
22

*If you answered "yes" to Question 9, please answer Question 10. If you answered "no" to Question 9, please proceed to Question 11, and do not answer Question 10.*

23
24
25
26

**QUESTION 10:** Did Caleb Garcia Alamilla act with a purpose to harm Jason Maccani for reasons unrelated to legitimate law enforcement objectives when he used deadly force?

27
28

_____ YES _____ NO

**REDLINE OF DISPUTED LANGUAGE BETWEEN PLAINTIFFS' AND DEFENDANTS' PROPOSED VERDICT FORMS**

1

2
*Regardless of whether you answered "yes" or "no" to Question 9, please proceed to*
3
*Question 12. Do not answer Question 11 if you provided an answer to Question 10.*
4

5

6
**QUESTION 11:** Did Caleb Garcia Alamilla act with deliberate indifference towards
7
Jason Maccani, meaning he recognized the unreasonable risk of harm and actually
8
intended to expose Jason Maccani to such risk without regard to the consequences to
9
Jason Maccani.
10

11

12
_____ YES _____ NO
13

14

15
*Please proceed to the next question.*
16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

REDLINE OF DISPUTED LANGUAGE BETWEEN PLAINTIFFS' AND DEFENDANTS' PROPOSED
VERDICT FORMS

## **NEGLIGENCE**

**Question ~~7~~12:**  Was Caleb Garcia Alamilla negligent?

_____ YES          _____ NO

*If you answered "yes" to Question ~~7~~12, please proceed to Question ~~8~~13.  If you answered "no" to Question ~~7~~12, please proceed to Question 17, and do not answer Questions ~~8-11~~13 through 16.*

**Question ~~8~~13:**  Was the negligence of Caleb Garcia Alamilla a substantial factor in causing ~~cause of~~ Jason Maccani's harm, injury, damages or death?

_____ YES          _____ NO

*If you answer "yes" to Question ~~8~~13, please proceed to ~~the next question~~Question 14. If you answer "no" to Question ~~8~~13, please proceed to Question 17, and do not answer Questions ~~9-11~~14 through 16.*

**Question ~~9~~14:**  Was Jason Maccani negligent?

_____ YES          _____ NO

*If you answer "yes" to Question ~~9~~14, please proceed to ~~the next question~~Question 15. If you answer "no" to Question ~~9~~14, please proceed to Question 17, and do not answer Questions ~~10-11~~15 or 16.*

**Question 1015:** Was Jason Maccani's negligence a substantial factor in causing cause of his harm, injury, damages or death?

_____ YES          _____ NO

*If you answer "yes" to Question 1015, please proceed to Question 16the next question. If you answer "no" to Question 1015, please proceed to Question 17, and do not answer Question 1116.*

**Question 1116:** Assuming that 100% represents the total negligence of all individuals, what percentage of negligence do you assign to the following:

Caleb Garcia Alamilla      _____%

Jason Maccani      _____%

Total            100%

*Please proceed to the next question.*

**DAMAGES**

**QUESTION ~~12~~17**: *If you answered "Yes" to any of Question~~s~~ ~~Nos.~~ 2, 4 and/or ~~5~~7, please answer Question 17~~question 12~~.*

What are Jason Maccani's damages, for his pre-death pain and suffering.

$_____

*Please proceed to the next question.*

**QUESTION ~~13~~18**: *If you answered "Yes" to any of Questions 2, 4 and/or 7, please answer Question 18.*

What are Jason Maccani's damages for his loss of life.

$_____

*Please proceed to the next question.*

**QUESTION 19:** *If you answered "yes" to Questions 10 or 11, please answer Question 19.*

What amount of damages do you award Alexandra Rasey-Smith for the deprivation of her relationship with Jason Maccani?

$_____

*Please proceed to the next question.*

**QUESTION 20:** *If you answered "yes" to Questions 10 or 11, please answer Question 20.*

What amount of damages do you award Gordon Maccani for the deprivation of his

REDLINE OF DISPUTED LANGUAGE BETWEEN PLAINTIFFS' AND DEFENDANTS' PROPOSED VERDICT FORMS

relationship with Jason Maccani?

_____$

*Please proceed to the next question.*

**QUESTION 21:** *If you answered "yes" to Questions 10 or 11, please answer*
*Question 21.*

What amount of damages do you award Janet Maccani for the deprivation of her
relationship with Jason Maccani?

_____$

*Please proceed to the next question.*

**QUESTION ~~14~~22**: *If you answered "Yes" to any of Question 13 ~~Nos. 6 and/or 8~~,*
*please answer ~~question 14~~Question 22.*

What are Alexandra Rasey-Smith's wrongful death damages ~~related to~~ as a result of
the death of Jason Maccani.

$_____

    Please proceed to the next question.

~~**QUESTION 15**: What are Gordon Maccani's wrongful damages related to the death~~
~~of Jason Maccani.~~

~~_____$~~

    ~~*Please proceed to the next question.*~~

**REDLINE OF DISPUTED LANGUAGE BETWEEN PLAINTIFFS' AND DEFENDANTS' PROPOSED
VERDICT FORMS**

~~**QUESTION 16**: What are Jane Maccani's wrongful damages related to the death of Jason Maccani.~~

_____ $_____

*Please sign and date the verdict form and return it to the Court*

Dated: _____        _____

                                      Jury Foreperson

**REDLINE OF DISPUTED LANGUAGE BETWEEN PLAINTIFFS' AND DEFENDANTS' PROPOSED VERDICT FORMS**

# EXHIBIT D

# **DEFENDANTS' PROPOSED VERDICT FORMS**

We, the jury in the above-entitled action, find the following:

## **FOURTH AMENDMENT EXCESSIVE FORCE CLAIM**

**QUESTION 1:** Did Caleb Garcia Alamilla use deadly force against Jason Maccani without probable cause to believe that Maccani posed a significant threat of death or serious physical injury?

_____ YES        _____ NO

*If you answered "yes" to Question 1, please answer Question 2. If you answered "no" to Question 1, please proceed to Question 12, and do not answer Questions 2 through 11.*

**QUESTION 2:** Was the use of deadly force against Jason Maccani by Caleb Garcia Alamilla the cause of harm, injury, or damage to Jason Maccani?

_____ YES        _____ NO

*If you answered "yes" to Question 2, please answer Question 3. If you answered "no" to Question 2, please proceed to Question 12 and do not answer Questions 2 through 11.*

4927-8937-6405 v1

# **BATTERY CLAIM**

**QUESTION 3:** Did Caleb Garcia Alamilla use deadly force against Jason Maccani that was not necessary to defend human life?

_____ YES        _____ NO

*If you answered "yes" to Question 3, please answer Question 4. If you answered "no" to Question 3, please proceed to Question 5, and do not answer Question 4.*

**QUESTION 4:** Was the use of deadly force by Caleb Garcia Alamilla a substantial factor in causing harm, injury, damage or death to Jason Maccani?

_____ YES        _____ NO

*Please proceed to the next question.*

-2-
**DEFENDANTS' PROPOSED VERDICT FORMS**

# **BANE ACT CLAIM**

**QUESTION 5:** Did Caleb Garcia Alamilla act violently against Jason Maccani?

_____ YES          _____ NO

*If you answered "yes" to Question 5, please answer Question 6. If you answered "no" to Question 5, please proceed to Question 8 and do not answer Questions 6 or 7.*

**QUESTION 6:** Did Caleb Garcia Alamilla intend to deprive Jason Maccani of his enjoyment of the interests protected by the Fourth Amendment to be free from excessive force?

_____ YES          _____ NO

*If you answered "yes" to Question 6, please answer Question 7. If you answered "no" to Question 6, please proceed to Question 8, and do not answer Question 7.*

**QUESTION 7**: Was Caleb Garcia Alamilla's conduct a substantial factor in causing harm to Jason Maccani?

_____ YES          _____ NO

*Please proceed to the next question.*

-3-
**DEFENDANTS' PROPOSED VERDICT FORMS**

## FOURTEENTH AMENDMENT INTERFERENCE WITH FAMILIAL RELATIONSHIP

**QUESTION 8:** Did Caleb Garcia Alamilla deprive each Plaintiff of the companionship and society of Jason Maccani?

_____ YES        _____ NO

*If you answered "yes" to Question 8, please answer Question 9. If you answered "no" to Question 8, please proceed to Question 12, and do not answer Questions 9 through 11.*

**QUESTION 9:** Did the circumstances confronting Caleb Garcia Alamilla allow sufficient time for actual deliberation before the use of deadly force against Jason Maccani?

_____ YES            _____ NO

*If you answered "yes" to Question 9, please answer Question 10. If you answered "no" to Question 9, please proceed to Question 11, and do not answer Question 10.*

**QUESTION 10:** Did Caleb Garcia Alamilla act with a purpose to harm Jason Maccani for reasons unrelated to legitimate law enforcement objectives when he used deadly force?

_____ YES            _____ NO

-4-
**DEFENDANTS' PROPOSED VERDICT FORMS**

*Regardless of whether you answered "yes" or "no" to Question 9, please proceed to Question 12. Do not answer Question 11 if you provided an answer to Question 10.*

**QUESTION 11:** Did Caleb Garcia Alamilla act with deliberate indifference towards Jason Maccani, meaning he recognized the unreasonable risk of harm and actually intended to expose Jason Maccani to such risk without regard to the consequences to Jason Maccani.

_____ YES          _____ NO

*Please proceed to the next question.*

**DEFENDANTS' PROPOSED VERDICT FORMS**

4927-8937-6405 v1

# NEGLIGENCE

**Question 12:**  Was Caleb Garcia Alamilla negligent?

_____ YES          _____ NO

*If you answered "yes" to Question 12, please proceed to Question 13.  If you answered "no" to Question 12, please proceed to Question 17, and do not answer Questions 13 through 16.*

**Question 13:**  Was the negligence of Caleb Garcia Alamilla a substantial factor in causing Jason Maccani's harm, injury, damages or death?

_____ YES          _____ NO

*If you answer "yes" to Question 13, please proceed to Question 14. If you answer "no" to Question 13, please proceed to Question 17, and do not answer Questions 14 through 16.*

**Question 14:**  Was Jason Maccani negligent?

_____ YES          _____ NO

*If you answer "yes" to Question 14, please proceed to Question 15. If you answer "no" to Question 14, please proceed to Question 17, and do not answer Questions 15 or 16.*

**Question 15:**  Was Jason Maccani's negligence a substantial factor in causing his harm, injury, damages or death?

_____ YES          _____ NO

*If you answer "yes" to Question 15, please proceed to Question 16. If you answer "no" to Question 15, please proceed to Question 17, and do not answer Question 16.*

**Question 16:**  Assuming that 100% represents the total negligence of all individuals, what percentage of negligence do you assign to the following:

Caleb Garcia Alamilla          _____%

Jason Maccani          _____%

Total          100%

*Please proceed to the next question.*

## **DAMAGES**

**QUESTION 17:** *If you answered "Yes" to any of Questions 2, 4 and/or 7, please answer Question 17.*

What are Jason Maccani's damages, for his pre-death pain and suffering.

$_____

*Please proceed to the next question.*

**QUESTION 18**:  *If you answered "Yes" to any of Questions 2, 4 and/or 7, please answer Question 18.*

What are Jason Maccani's damages for his loss of life.

$_____

*Please proceed to the next question.*

**QUESTION 19:** *If you answered "yes" to Questions 10 or 11, please answer Question 19.*

What amount of damages do you award Alexandra Rasey-Smith for the deprivation of her relationship with Jason Maccani?

$_____

*Please proceed to the next question.*

**QUESTION 20:** *If you answered "yes" to Questions 10 or 11, please answer Question 20*

*.*

What amount of damages do you award Gordon Maccani for the deprivation of his relationship with Jason Maccani?

$\text{\$}_____$

*Please proceed to the next question.*

**QUESTION 21:** *If you answered "yes" to Questions 10 or 11, please answer Question 21.*

What amount of damages do you award Janet Maccani for the deprivation of her relationship with Jason Maccani?

$\text{\$}_____$

*Please proceed to the next question.*

**QUESTION 22**: *If you answered "Yes" to any of Question 13 , please answer Question 22.*

What are Alexandra Rasey-Smith's wrongful death damages as a result of the death of Jason Maccani.

$\text{\$}_____$

*Please proceed to the next question.*

1    *Please sign and date the verdict form and return it to the Court*

2

3    Dated: _____            _____

4                                                    Jury Foreperson

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28