LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT COURT OF CALIFORNIA

| | |
|---|---|
| ALEXANDRA RASEY-SMITH, et al., | Case No. 2:24−cv−03265-MWC-SSC |
| Plaintiffs, | [*Hon. Michelle Williams Court*] |
| vs. | **JOINT DISPUTED JURY INSTRUCTIONS (CLEAN SET)** |
| CITY OF LOS ANGELES, et al., | |
| Defendants. | Pre-Trial Conference:<br>Date: March 20, 2026<br>Time: 1:30 p.m.<br><br>Trial:<br>Date: April 6, 2026<br>Time: 8:30 a.m. |

PLEASE TAKE NOTICE that Plaintiffs and Defendants propose the following Disputed Jury Instructions (Clean Set) for the Trial of this matter.

The parties reserve the right to object to the jury instructions until after the jury receives the evidence in this case.

DATED: March 6, 2026            LAW OFFICES OF DALE K. GALIPO

By: _____
Dale K Galipo, Esq.
Eric Valenzuela, Esq.
Attorneys for Plaintiffs [1]

DATED: March 6, 2026            BURKE WILLIAMS & SORENSEN, LLP

By:   */s/ Susan E. Coleman*
Susan E. Coleman
Lauren S. Dossey
Attorneys for Defendant, Caleb Garcia Alamilla

Dated: March 6, 2026            HYDEE FELDSTEIN SOTO, City Attorney
SCOTT MARCUS, Senior Assistant City Attorney
CORY M. BRENTE, Senior Assistant City Attorney

By:   */s/ Ty A. Ford*
Ty A. Ford, Deputy City Attorney
Attorneys for Defendant
CITY OF LOS ANGELES

---

[1] Plaintiffs' counsel was not available after hours on Friday 3/06/26 to provide authorization to file the final document or provide redlined versions and objections; however, Plaintiffs indicated they did not agree to these model/CACI instructions. Defendants are filing this in order to meet the court deadline and anticipate potentially filing a joint amended version of this document on Monday 3/09/26.

| NUMBER | TITLE | SOURCE | PAGE |
|---|---|---|---|
| 1. | Bane Act (Defendants) – Essential Factual Elements | CACI 3066 | 5 |
| 1. | Bane Act (Plaintiffs) – Essential Factual Elements | *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1042 (9thCir. 2018); *Cornell v. City and County of San Francisco* 225 Cal.Rptr.3d at 382-83 (2017); CACI 3066 | 6 |
| 2. | Damages – General (Defendants) | Ninth Circuit Manual of Model Jury Civil Instructions, Nos. 5.1, 5.2 (modified) and CACI 3921; and California Senate Bill SB 447 | 7 |
| 2. | Damages (Plaintiffs) | Ninth Circuit Manual of Model Jury Civil Instructions, Nos. 5.1, 5.2 (modified) and CACI 3921; and California Senate Bill SB 447 | 8 |
| 3. | Damages – Wrongful Death (Defendants) | CACI 3921 | 9 |
| 3. | Damages- Wrongful Death- Death of an Adult (Plaintiffs) | CACI 3921 | 11 |
| 4. | Two or More Parties— Different Legal Rights | 9th Cir. Model Instruction, ed. 2025 1.14 | 13 |

| | | | |
|---|---|---|---|
| 5. | Publicity During Trial | 9th Cir. Model Instruction, ed. 2025 1.16 | 14 |
| 6. | Conflicting Expert Testimony | CACI 2.21 | 15 |
| 7. | No Punitive Damages | CACI 3924 | 16 |
| 8. | Jurors Not to Consider Attorney Fees and Court Costs | CACI 3964 | 17 |

The parties reserve the right to object to the jury instructions until after the jury receives the evidence in this case.

# DEFENDANTS' PROPOSED INSTRUCTION NO. 1

<u>Bane Act—Essential Factual Elements (Civ. Code, § 52.1)</u>

Plaintiffs contend that Caleb Garcia Alamilla intentionally interfered with decedent's civil rights by threats, intimidation or coercion. To establish this claim, plaintiff Alexandra Rasey-Smith, successor in interest to the Estate of Jason Maccani, must prove all of the following:

1. That Officer Garcia acted violently against Jason Maccani to prevent him from exercising his right to be free from excessive force;

2. That Garcia intended to deprive Jason Maccani of his enjoyment of the interests protected by the right to be free from excessive force;

3. That Jason Maccani was harmed; and

4. That Caleb Garcia Alamilla's conduct was a substantial factor in causing Jason Maccani's harm.

<u>Source</u>: CACI 3066.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2:24-CV-03265-MWC-SSC
JOINT DISPUTED JURY INSTRUCTIONS
(CLEAN SET)

6

4930-7773-6085 V2

# PLAINTIFFS' PROPOSED INSTRUCTION NO. 1

<u>Bane Act—Essential Factual Elements (Civ. Code, § 52.1)</u>

Plaintiffs contend that Caleb Garcia Alamilla, while acting in the course and scope of his employment as a police officer for the Los Angeles Police Department, violated the Bane Act, California Civil Code section 52.1. To establish this claim, plaintiffs must prove all of the following:

    1.    Garcia used excessive force against Jason Maccani;

    2.    Garcia intended to violate Jason Maccani's right to be free from excessive force. A reckless disregard for Maccani's constitutional rights is evidence of a specific intent to deprive Maccani of those rights; and

    3.    Caleb Garcia Alamilla's use of excessive force was a cause of harm to Jason Maccani.

<u>Source</u>: *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1042 (9thCir. 2018) (holding that section 52.1 does not require a showing of threats, intimidation and coercion separate from an underlying constitutional violation) ; see also *Cornell v. City and County of San Francisco* 225 Cal.Rptr.3d at 382-83 (2017) (holding that "[n]othing in the text of the statute requires that the offending 'threat, intimidation or coercion' be 'independent' from the constitutional violation alleged" and "that the use of excessive force can be enough to satisfy the 'threat, intimidation or coercion' element of Section 52.1."); *Cornell*, 225 Cal.Rptr.3d at 384 (holding that the Bane Act requires a specific intent to violate the arrestee's right to freedom from unreasonable seizure); *Reese*, 888 F.3d at 1045 (holding that a reckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights); see also CACI 3066.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2:24-CV-03265-MWC-SSC
JOINT DISPUTED JURY INSTRUCTIONS
(CLEAN SET)

8

4930-7773-6085 V2

# DEFENDANTS' PROPOSED INSTRUCTION NO. 2

## DAMAGES – GENERAL

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiffs on any of the plaintiffs' claims, you must determine the plaintiffs' damages. The plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiffs for any injury you find was caused by the defendants.

You should consider the following as to Decedent's damages (which are recoverable by Plaintiff Alexandra Rasey-Smith as successor in interest to the Decedent's estate):

1. The nature and extent of Decedent's injuries;

2. The loss of enjoyment of life experienced; and

3. The mental, physical, and emotional pain and suffering experienced prior to death.

In determining damages for Plaintiff Alexandra Rasey-Smith's wrongful death claim and all Plaintiffs' claims for loss of familial association, you should consider the following:

1. The loss of Decedent's love, companionship, comfort, care, assistance, protection, affection, society, financial support and moral support.

Source: Ninth Circuit Manual of Model Jury Civil Instructions, Nos. 5.1, 5.2 (modified) and CACI 3921; and California Senate Bill SB 447.

# PLAINTIFFS' PROPOSED INSTRUCTION NO. 2
# DAMAGES

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiffs on any of the plaintiffs' claims, you must determine the plaintiffs' damages. The plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiffs or decedent for any injury you find was caused by the defendants.

You should consider the following as to Decedent's damages:

1. The nature and extent of his injuries;
2. The loss of enjoyment of life experienced; and
3. The mental, physical, and emotional pain and suffering experienced prior to death.

You should consider the following as to the damages for Plaintiffs Alexandra Rasey-Smith, Gordon Maccani and Janet Maccani:

1. The loss of Decedent's love, companionship, comfort, care, assistance, protection, affection, society, financial support and moral support.

Source: Ninth Circuit Manual of Model Jury Civil Instructions, Nos. 5.1, 5.2 (modified) and CACI 3921; and California Senate Bill SB 447.

## DEFENDANTS' PROPOSED INSTRUCTION NO. 3

## DAMAGES (WRONGFUL DEATH)

**(Defendants' Redline of Plaintiffs' Proposed Jury Instruction No. 3)**

In addition to determining Plaintiff Alexandra Rasey-Smith's damages for the loss of familial relationship with the Decedent, if you decide that she has proved her claims against Defendant Garcia and the City of Los Angeles, you also must decide how much money will reasonably compensate her for the loss of the Decedent and for the violations of Decedent's rights.

Plaintiff Alexandra Rasey-Smith does not have to prove the exact amount of these damages. However, you must not speculate or guess in awarding damages.

In addition to claiming economic damages for the violations of her own right to familial association with the Decedent, Plaintiff Alexandra Rasey-Smith claims the following economic damages for her loss of the Decedent and the violation of Decedent's rights:

1. The financial support, if any, that Decedent would have contributed to Plaintiff Alexandra Rasey-Smith during the Decedent's life expectancy;

2. The loss of gifts or benefits that Plaintiff Alexandra Rasey-Smith would have expected to receive from the Decedent;

3. Funeral and burial expenses; and

4. The reasonable value of household services that Decedent would have provided to Plaintiff Alexandra Rasey-Smith.

Your award of any future economic damages must be reduced to present cash value.

Plaintiff Alexandra Rasey-Smith also claims the following noneconomic damages:

    1.     The loss of Decedent's love, companionship, comfort, care, assistance, protection, affection, society, moral support; and

    2.     The loss of Decedent's training and guidance.

No fixed standard exists for deciding the amount of noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

For these noneconomic damages, determine the amount in current dollars paid at the time of judgment that will compensate Plaintiff Alexandra Rasey-Smith for those damages. This amount of noneconomic damages should not be further reduced to present cash value because that reduction should only be performed with respect to future economic damages.

In determining Plaintiff Alexandra Rasey-Smith's loss, do not consider:

    **1.**  Her grief, sorrow, or mental anguish;

    **2.**  Decedent's pain and suffering; or

    **3.**  The poverty or wealth of the Plaintiff Alexandra Rasey-Smith.

In deciding a person's life expectancy, you may consider, among other factors, the average life expectancy of a person of that age, as well as that person's health, habits, activities, lifestyle, and occupation. According to the Social Security Administration, the average life expectancy of a 36-year-old male is 41 to 42 years. This published information is evidence of how long a person is likely to live but is not conclusive. Some people live longer and others die sooner.

In computing these damages, consider the losses suffered by Plaintiff Alexandra Rasey-Smith and return a verdict of a single amount.

Source: CACI 3921 (2020)

# PLAINTIFFS' PROPOSED INSTRUCTION NO. 3

## WRONGFUL DEATH (Death of an Adult)

If you decide that Plaintiffs have proved their claims against Caleb Garcia Alamilla for the death of Jason Maccani, you also must decide how much money will reasonably compensate Plaintiffs for the death of Jason Maccani. This compensation is called "damages."

Plaintiffs do not have to prove the exact amount of these damages. However, you must not speculate or guess in awarding damages.

The damages claimed by Plaintiffs fall into two categories called economic damages and noneconomic damages. You will be asked to state the two categories of damages separately on the verdict form.

Plaintiffs claims the following economic damages:

1. The financial support, if any, that Jason Maccani would have contributed to the family during either the life expectancy that Decedent had before his death or the life expectancy of the Plaintiffs, whichever is shorter;

2. The loss of gifts or benefits that Plaintiffs would have expected to receive from Jason Maccani;

3. Funeral and burial expenses; and

4. The reasonable value of household services that Jason Maccani would have provided.

Your award of any future economic damages must be reduced to present cash value.

Plaintiffs also claims the following noneconomic damages:

1. The loss of Jason Maccani's love, companionship, comfort, care, assistance, protection, affection, society, moral support;

    2. The loss of the enjoyment of sexual relations between Jason Maccani and Alexandra Rasey-Smith; and

    3. The loss of Jason Maccani's training and guidance.

    No fixed standard exists for deciding the amount of noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

    For these noneconomic damages, determine the amount in current dollars paid at the time of judgment that will compensate Plaintiffs for those damages. This amount of noneconomic damages should not be further reduced to present cash value because that reduction should only be performed with respect to future economic damages.

    In determining Plaintiffs' loss, do not consider:

    1. Plaintiffs' grief, sorrow, or mental anguish;

    2. Decedent's pain and suffering; or

    3. The poverty or wealth of Plaintiffs.

Source: CACI 3921 (2025 edition)

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4**

**TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS**

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

Source: 9th Cir. Model Instruction, ed. 2025 1.14

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4**

**TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS**

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

Source: 9th Cir. Model Instruction, ed. 2025 1.14

# DEFENDANTS' PROPOSED INSTRUCTION NO. 6

# CONFLICTING EXPERT TESTIMONY

If the expert witnesses disagreed with one another, you should weigh each opinion against the others. You should examine the reasons given for each opinion and the facts or other matters that each witness relied on. You may also compare the experts' qualifications.

<u>Source</u>: CACI 2.21

**DEFENDANTS' PROPOSED INSTRUCTION NO. 7**

**NO PUNITIVE DAMAGES**

You must not include in your award any damages to punish or make an example of Caleb Garcia Alamilla. Such damages would be punitive damages, and they cannot be a part of your verdict. You must award only the damages that fairly compensate Plaintiffs for their loss.

Source: CACI 3924

## DEFENDANTS' PROPOSED INSTRUCTION NO. 8

## JURORS NOT TO CONSIDER ATTORNEY FEES AND COURT COSTS

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

Source: CACI 3964