1  LAW OFFICES OF DALE K. GALIPO
   Dale K. Galipo (Bar No. 144074)
2  dalekgalipo@yahoo.com
   Eric Valenzuela (Bar No. 284500)
3  evalenzuela@galipolaw.com
   21800 Burbank Boulevard, Suite 310
4  Woodland Hills, California 91367
   Telephone:  (818) 347-3333
5  Facsimile:  (818) 347-4118

6  *Attorneys for Plaintiffs*

7

8

9            **UNITED STATES DISTRICT COURT**

10        **CENTRAL DISTRICT COURT OF CALIFORNIA**

11

12  ALEXANDRA RASEY-SMITH, et al.,        Case No. 2:24-cv-03265-MWC-SSC

13              Plaintiffs,               [*Hon. Michelle Williams Court*]

14              vs.                       **JOINT DISPUTED JURY**
                                          **INSTRUCTIONS (REDLINE SET)**
15  CITY OF LOS ANGELES, et al.,

16              Defendants.

17                                        Pre-Trial Conference:
                                          Date:   March 20, 2026
18                                        Time:   1:30 p.m.

19                                        Trial:
                                          Date:   April 6, 2026
20                                        Time:   8:30 a.m.

21

22

23

24       PLEASE TAKE NOTICE that Plaintiffs and Defendants propose the

25  following Disputed Jury Instructions (Redline Set) for the Trial of this matter.

26       The parties reserve the right to object to the jury instructions until after the

27  jury receives the evidence in this case.

28
                                              2:24-CV-03265-MWC-SSC
                                          JOINT DISPUTED JURY INSTRUCTIONS
                                                         (REDLINE SET)
                              1

4928-7726-1461 V2

DATED:  March 6, 2026        LAW OFFICES OF DALE K. GALIPO


By:    _____
        Dale K Galipo, Esq.
        Eric Valenzuela, Esq.
        Attorneys for Plaintiffs [1]


DATED: March 6, 2026         BURKE WILLIAMS & SORENSEN, LLP


By:    _____*/s/ Susan E. Coleman*_____
        Susan E. Coleman
        Lauren S. Dossey
        Attorneys for Defendant, Caleb Garcia
        Alamilla

---

[1]  Plaintiffs' counsel was not available after hours on Friday 3/06/26 to provide authorization to file the final document or provide redlined versions and objections; however, Plaintiffs indicated they did not agree to these model/CACI instructions. Defendants are filing this in order to meet the court deadline and anticipate potentially filing a joint amended version of this document on Monday 3/09/26.

2:24-CV-03265-MWC-SSC
JOINT DISPUTED JURY INSTRUCTIONS
(REDLINE SET)

2

4928-7726-1461 V2

1

Dated: March 6, 2026

HYDEE FELDSTEIN SOTO, City Attorney
SCOTT MARCUS, Senior Assistant City Attorney
CORY M. BRENTE, Senior Assistant City Attorney

By:    _/s/ Ty A. Ford_
Ty A. Ford, Deputy City Attorney
Attorneys for Defendant
CITY OF LOS ANGELES

2:24-CV-03265-MWC-SSC
JOINT DISPUTED JURY INSTRUCTIONS
(REDLINE SET)

3

4928-7726-1461 V2

| NUMBER | TITLE | SOURCE | PAGE |
|--------|-------|--------|------|
| 1. | Bane Act (Defendants) – Essential Factual Elements | CACI 3066 | 5 |
| 1. | Bane Act (Plaintiffs) – Essential Factual Elements | *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1042 (9thCir. 2018); *Cornell v. City and County of San Francisco* 225 Cal.Rptr.3d at 382-83 (2017); CACI 3066 | 6 |
| 2. | Damages – General (Defendants) | Ninth Circuit Manual of Model Jury Civil Instructions, Nos. 5.1, 5.2 (modified) and CACI 3921; and California Senate Bill SB 447 | 8 |
| 2. | Damages (Plaintiffs) | Ninth Circuit Manual of Model Jury Civil Instructions, Nos. 5.1, 5.2 (modified) and CACI 3921; and California Senate Bill SB 447 | 9 |
| 3. | Damages – Wrongful Death (Defendants) | CACI 3921 | 11 |
| 3. | Damages- Wrongful Death- Death of an Adult (Plaintiffs) | CACI 3921 | 14 |
| 4. | Two or More Parties— Different Legal Rights | 9th Cir. Model Instruction, ed. 2025 1.14 | 17 |

| 5. | Publicity During Trial | 9th Cir. Model Instruction, ed. 2025 1.16 | 19 |
| 6. | Conflicting Expert Testimony | CACI 2.21 | 21 |
| 7. | No Punitive Damages | CACI 3924 | 23 |
| 8. | Jurors Not to Consider Attorney Fees and Court Costs | CACI 3964 | 25 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 1**

**(CACI 3066 with Defendants' Proposed Modifications – Redline from CACI)**

<u>Bane Act—Essential Factual Elements (Civ. Code, § 52.1)</u>

Plaintiffs contend that Caleb Garcia Alamilla intentionally interfered with decedent's civil rights by threats, intimidation or coercion. To establish this claim, plaintiff Alexandra Rasey-Smith, successor in interest to the Estate of Jason Maccani, must prove all of the following:

1.     That Officer Garcia acted violently against Jason Maccani to prevent him from exercising his right to be free from excessive force;

2.     That Garcia intended to deprive Jason Maccani of his enjoyment of the interests protected by the right to be free from excessive force;

3.     That Jason Maccani was harmed; and

4.     That Caleb Garcia Alamilla's conduct was a substantial factor in causing Jason Maccani's harm.

<u>Source</u>: CACI 3066.

1

2 **PLAINTIFFS' PROPOSED INSTRUCTION NO. 1**

3 <u>Bane Act—Essential Factual Elements (Civ. Code, § 52.1)</u>

4 Plaintiffs contend that Caleb Garcia Alamilla, while acting in the course and

5 scope of his employment as a police officer for the Los Angeles Police Department,

6 violated the Bane Act, California Civil Code section 52.1.  To establish this claim,

7 plaintiffs must prove all of the following:

8     1.    Garcia used excessive force against Jason Maccani;

9     2.    Garcia intended to violate Jason Maccani's right to be free from

10 excessive force.  A reckless disregard for Maccani's constitutional rights is evidence

11 of a specific intent to deprive Maccani of those rights; and

12     3.    Caleb Garcia Alamilla's use of excessive force was a cause of harm to

13 Jason Maccani.

14

15 <u>Source</u>:  *Reese v. Cty. of Sacramento*, 888 F.3d 1030, 1042 (9thCir. 2018) (holding

16 that section 52.1 does not require a showing of threats, intimidation and coercion

17 separate from an underlying constitutional violation); see also *Cornell v. City and*

18 *County of San Francisco* 225 Cal.Rptr.3d at 382-83 (2017) (holding that "[n]othing

19 in the text of the statute requires that the offending 'threat, intimidation or coercion'

20 be 'independent' from the constitutional violation alleged" and "that the use of

21 excessive force can be enough to satisfy the 'threat, intimidation or coercion'

22 element of Section 52.1."); *Cornell*, 225 Cal.Rptr.3d at 384 (holding that the Bane

23 Act requires a specific intent to violate the arrestee's right to freedom from

24 unreasonable seizure); *Reese*, 888 F.3d at 1045 (holding that a reckless disregard for

25 a person's constitutional rights is evidence of a specific intent to deprive that person

26 of those rights); see also CACI 3066.

27

28                                   2:24-CV-03265-MWC-SSC
                      JOINT DISPUTED JURY INSTRUCTIONS
                                  (REDLINE SET)

4928-7726-1461 V2

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PROPOSED INSTRUCTION NO. 1**

Defendants object to the jury instruction Plaintiff created for the Bane Act claim in that it fails to track CACI 3066. The Court's own jury instruction procedures direct the parties to rely on model instructions where available. (Civil Trial Order II(B)(4).) The Court further states that alternatives should be proposed only where a party can make "a reasoned argument that they do not properly state the law or are incomplete," and that the Court "seldom gives instructions derived solely from case law." (*Id.*)

Plaintiff fails to show that departing from CACI 3066 is necessary or appropriate. CACI 3066 accurately states the elements of a claim under Civil Code section 52.1, including the requirement that the defendant interfered with a constitutional right by "threats, intimidation, or coercion." The authorities cited by Plaintiff–including *Reese v. County of Sacramento*, 888 F.3d 1030 (9th Cir. 2018), and *Cornell v. City & County of San Francisco*, 17 Cal. App. 5th 766 (2017)–do not eliminate this element or render CACI 3066 inaccurate. Rather, those cases merely clarify that the "threat, intimidation, or coercion" requirement may be satisfied by the same conduct that constitutes the underlying constitutional violation, such as the use of excessive force.

In other words, Plaintiff's authorities address how the element may be proven, not whether the element must be found in the first place. CACI 3066 already incorporates this legal framework and remains a correct statement of the law. Plaintiff's attempt to replace the approved CACI instruction with a specially crafted instruction risks confusing the jury and improperly emphasizing Plaintiff's theory of the case. Because CACI 3066 correctly states the governing law and adequately addresses the issues presented, there is no justification for departing from the

4928-7726-1461 V2

standard instruction. The Court should therefore reject Plaintiff's proposed instruction and instead give CACI No. 3066.

2:24-CV-03265-MWC-SSC
JOINT DISPUTED JURY INSTRUCTIONS
(REDLINE SET)

4928-7726-1461 V2

**DEFENDANTS' PROPOSED INSTRUCTION NO. 2**

**DAMAGES – GENERAL**

**(Defendants' Redline of Plaintiffs' Proposed Jury Instruction No. 2)**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiffs on any of the plaintiffs' claims, you must determine the plaintiffs' damages. The plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiffs ~~or decedent~~ for any injury you find was caused by the defendants.

You should consider the following as to Decedent's damages (which are recoverable by Plaintiff Alexandra Rasey-Smith as successor in interest to the Decedent's estate):

1. The nature and extent of Decedent's injuries;

2. The loss of enjoyment of life experienced; and

3. The mental, physical, and emotional pain and suffering experienced prior to death.

~~You should consider the following as to the damages for Plaintiffs Alexandra Rasey- Smith, Gordon Maccani and Janet Maccani~~In determining damages for Plaintiff Alexandra Rasey-Smith's wrongful death claim and all Plaintiffs' claims for loss of familial association, you should consider the following:

1. The loss of Decedent's love, companionship, comfort, care, assistance, protection, affection, society, financial support and moral support.

1  Source: Ninth Circuit Manual of Model Jury Civil Instructions, Nos. 5.1, 5.2
2  (modified) and CACI 3921; and California Senate Bill SB 447.
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 2**

**DAMAGES**

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiffs on any of the plaintiffs' claims, you must determine the plaintiffs' damages. The plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiffs or decedent for any injury you find was caused by the defendants.

You should consider the following as to Decedent's damages:

1. The nature and extent of his injuries;

2. The loss of enjoyment of life experienced; and

3. The mental, physical, and emotional pain and suffering experienced prior to death.


You should consider the following as to the damages for Plaintiffs Alexandra Rasey-Smith, Gordon Maccani and Janet Maccani:

1. The loss of Decedent's love, companionship, comfort, care, assistance, protection, affection, society, financial support and moral support.

<u>Source</u>: Ninth Circuit Manual of Model Jury Civil Instructions, Nos. 5.1, 5.2 (modified) and CACI 3921; and California Senate Bill SB 447.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PROPOSED
INSTRUCTION NO. 2**

Defendants object to Plaintiffs' Proposed Jury Instruction No. 2 because it improperly blurs the distinct categories of damages available to each Plaintiff and the capacity in which those damages may be recovered. Plaintiff Alexandra Rasey-Smith asserts claims in multiple capacities–as the successor in interest to the Decedent's estate, and individually for wrongful death and for loss of familial association. Plaintiffs Gordon and Janet Maccani only claim the loss of familial association with the Decedent. Plaintiffs' proposed instruction fails to clearly distinguish these claims and risks misleading the jury into awarding damages to Plaintiffs who are not legally entitled to recover them. Defendants' proposed instruction cures this defect by clearly identifying which damages correspond to each claim and which Plaintiffs may recover them, thereby ensuring the jury properly allocates damages consistent with the governing law.

4928-7726-1461 V2

**DEFENDANTS' PROPOSED INSTRUCTION NO. 3**

**DAMAGES (WRONGFUL DEATH)**

**(Defendants' Redline of Plaintiffs' Proposed Jury Instruction No. 3)**

In addition to determining Plaintiff Alexandra Rasey-Smith's damages for the loss of familial relationship with the Decedent, if you decide that she has proved her claims against Defendant Garcia and the City of Los Angeles~~If you decide that Plaintiffs have proved their claims against Caleb Garcia Alamilla for the death of Jason Maccani~~, you also must decide how much money will reasonably compensate ~~Plaintiffs~~ her for the ~~death of Jason Maccani~~loss of the Decedent and for the violations of Decedent's rights. ~~This compensation is called "damages."~~

~~Plaintiffs do~~Plaintiff Alexandra Rasey-Smith does not have to prove the exact amount of these damages. However, you must not speculate or guess in awarding damages.

In addition to claiming economic damages for the violations of her own right to familial association with the Decedent, Plaintiff Alexandra Rasey-Smith claims the following economic damages for her loss of the Decedent and the violation of Decedent's rights:~~The damages claimed by Plaintiffs fall into two categories called economic damages and noneconomic damages. You will be asked to state the two categories of damages separately on the verdict form.~~

~~Plaintiffs claims the following economic damages:~~

1.     The financial support, if any, that ~~Jason Maccani~~Decedent would have contributed to ~~the family during either the life expectancy that Decedent had before his death or the life expectancy of the Plaintiffs, whichever is shorter;~~Plaintiff Alexandra Rasey-Smith during the Decedent's life expectancy;

2.     The loss of gifts or benefits that Plaintiff Alexandra Rasey-Smith~~Plaintiffs~~ would have expected to receive from ~~Jason Maccani~~the Decedent;

3.    Funeral and burial expenses; and

4.    The reasonable value of household services that Decedent would have provided to Plaintiff Alexandra Rasey-Smith.

Your award of any future economic damages must be reduced to present cash value.

~~Plaintiffs~~ Plaintiff Alexandra Rasey-Smith also claims the following noneconomic damages:

1.    The loss of Decedent's ~~Jason Maccani's~~ love, companionship, comfort, care, assistance, protection, affection, society, moral support; and

~~2. The loss of the enjoyment of sexual relations between Jason Maccani and Alexandra Rasey-Smith; and~~

2.    The loss of ~~Jason Maccani's~~ Decedent's training and guidance.

No fixed standard exists for deciding the amount of noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

For these noneconomic damages, determine the amount in current dollars paid at the time of judgment that will compensate Plaintiff Alexandra Rasey-Smith ~~Plaintiffs~~ for those damages. This amount of noneconomic damages should not be further reduced to present cash value because that reduction should only be performed with respect to future economic damages.

In determining Plaintiff Alexandra Rasey-Smith's ~~Plaintiffs'~~ loss, do not consider:

1.    ~~Plaintiffs'~~ Her grief, sorrow, or mental anguish;

2.    Decedent's pain and suffering; or

3.    The poverty or wealth of the Plaintiff Alexandra Rasey-Smith ~~Plaintiffs~~.

In deciding a person's life expectancy, you may consider, among other factors, the average life expectancy of a person of that age, as well as that person's health, habits, activities, lifestyle, and occupation. According to the Social Security Administration, the average life expectancy of a 36-year-old male is 41 to 42 years. This published information is evidence of how long a person is likely to live but is not conclusive. Some people live longer and others die sooner.

In computing these damages, consider the losses suffered by Plaintiff Alexandra Rasey-Smith and return a verdict of a single amount.

Source: CACI 3921 (2020)

**Formatted:** Indent: First line: 0.5"

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 3**

**WRONGFUL DEATH (Death of an Adult)**

If you decide that Plaintiffs have proved their claims against Caleb Garcia Alamilla for the death of Jason Maccani, you also must decide how much money will reasonably compensate Plaintiffs for the death of Jason Maccani. This compensation is called "damages."

Plaintiffs do not have to prove the exact amount of these damages. However, you must not speculate or guess in awarding damages.

The damages claimed by Plaintiffs fall into two categories called economic damages and noneconomic damages. You will be asked to state the two categories of damages separately on the verdict form.

Plaintiffs claims the following economic damages:

1. The financial support, if any, that Jason Maccani would have contributed to the family during either the life expectancy that Decedent had before his death or the life expectancy of the Plaintiffs, whichever is shorter;

2. The loss of gifts or benefits that Plaintiffs would have expected to receive from Jason Maccani;

3. Funeral and burial expenses; and

4. The reasonable value of household services that Jason Maccani would have provided.

Your award of any future economic damages must be reduced to present cash value.

Plaintiffs also claims the following noneconomic damages:

1. The loss of Jason Maccani's love, companionship, comfort, care, assistance, protection, affection, society, moral support;

2. The loss of the enjoyment of sexual relations between Jason Maccani and Alexandra Rasey-Smith; and

3. The loss of Jason Maccani's training and guidance.

No fixed standard exists for deciding the amount of noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

For these noneconomic damages, determine the amount in current dollars paid at the time of judgment that will compensate Plaintiffs for those damages. This amount of noneconomic damages should not be further reduced to present cash value because that reduction should only be performed with respect to future economic damages.

In determining Plaintiffs' loss, do not consider:

1. Plaintiffs' grief, sorrow, or mental anguish;

2. Decedent's pain and suffering; or

3. The poverty or wealth of Plaintiffs.

Source: CACI 3921 (2025 edition)

1

**DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PROPOSED
INSTRUCTION NO. 3**

2

3        Defendants object to Plaintiffs' proposed wrongful death damages instruction

4   because it improperly refers to "Plaintiffs" in the plural, even though only Plaintiff

5   Alexandra Rasey-Smith has alleged a wrongful death claim. Plaintiffs Gordon and

6   Janet Maccani assert only a Fourteenth Amendment loss-of-familial-relationship

7   claim and did not plead a wrongful death cause of action. By referring to "Plaintiffs"

8   collectively, the proposed instruction risks misleading the jury into believing that all

9   Plaintiffs, including the Decedent's parents, may recover wrongful death damages.

10       Defendants further request that the Court include the life-expectancy language

11  contained in CACI 3921. Because wrongful death damages necessarily require the

12  jury to evaluate the probable duration of the loss, this language provides important

13  guidance on how such evidence should be considered and prevents the jury from

14  treating life-expectancy figures as determinative. Again, the Court's own jury

15  instruction procedures direct the parties to rely on model instructions where

16  available, and departure is appropriate only where a party can make "a reasoned

17  argument that they do not properly state the law or are incomplete." (Civil Trial

18  Order II(B)(4).) Plaintiffs have made no such showing here. Accordingly, the Court

19  should include the CACI life-expectancy language in the instruction addressing

20  wrongful death damages.

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 4**

**TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS**

You should decide the case as to each party separately. Unless otherwise stated, the instructions apply to all parties.

<u>Source</u>: 9th Cir. Model Instruction, ed. 2025 1.14

1    **PARTIES' POSITIONS AS TO DEFENDANTS' PROPOSED
2    INSTRUCTION NO. 4**

3        Defendants request that the Court include Ninth Circuit Model Instruction
4    1.14, which instructs the jury to consider the claims of each party separately. This
5    instruction is particularly appropriate here because multiple Plaintiffs assert
6    different claims and have different legal rights to recover damages. Including this
7    instruction will help ensure the jury evaluates the evidence and damages applicable
8    to each Plaintiff independently and avoids any risk of conflating the parties' claims.
9        Plaintiffs contend the instruction is unnecessary. Defendants submit that it
10   accurately reflects Ninth Circuit model guidance and will assist the jury in properly
11   considering the distinct claims asserted by each party.

**DEFENDANTS' PROPOSED INSTRUCTION NO. 5**

**PUBLICITY DURING TRIAL**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

Source: 9th Cir. Model Instruction, ed. 2025 1.16

2:24-CV-03265-MWC-SSC
JOINT DISPUTED JURY INSTRUCTIONS
(REDLINE SET)

22

**PARTIES' POSITIONS AS TO DEFENDANTS' PROPOSED INSTRUCTION NO. 5**

Defendants request that the Court include Ninth Circuit Model Instruction 1.16 regarding publicity during trial. This instruction directs jurors to avoid exposure to media accounts or outside commentary about the case and to decide the matter solely on the evidence presented at trial and the Court's instructions. The instruction is a standard Ninth Circuit model instruction designed to safeguard the integrity of the proceedings and prevent jurors from being influenced by extraneous information.

Plaintiffs contend the instruction is unnecessary. Defendants submit that including it will help ensure the jury's deliberations remain limited to the evidence properly admitted at trial.

1

2

3 **DEFENDANTS' PROPOSED INSTRUCTION NO. 6**

4

5 **CONFLICTING EXPERT TESTIMONY**

6

7     If the expert witnesses disagreed with one another, you should weigh each

8 opinion against the others. You should examine the reasons given for each opinion

and the facts or other matters that each witness relied on. You may also compare the

experts' qualifications.

Source: CACI 2.21

**PARTIES' POSITIONS AS TO DEFENDANTS' PROPOSED
INSTRUCTION NO. 6**

Defendants request that the Court include the instruction regarding conflicting expert testimony. This instruction properly guides the jury on how to evaluate differing expert opinions by directing jurors to consider the reasons supporting each opinion, the facts relied upon, and the experts' respective qualifications. Given that both sides have designated expert witnesses whose opinions will likely conflict on important issues, this instruction will assist the jury in assessing that testimony.

Plaintiffs contend the instruction is unnecessary, but Defendants submit it will aid the jury in fairly evaluating the competing expert opinions presented at trial.

2:24-CV-03265-MWC-SSC
JOINT DISPUTED JURY INSTRUCTIONS
(REDLINE SET)

25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEFENDANTS' PROPOSED INSTRUCTION NO. 7**

**NO PUNITIVE DAMAGES**

You must not include in your award any damages to punish or make an example of Caleb Garcia Alamilla. Such damages would be punitive damages, and they cannot be a part of your verdict. You must award only the damages that fairly compensate Plaintiffs for their loss.

<u>Source</u>: CACI 3924

**PARTIES' POSITIONS AS TO DEFENDANTS' PROPOSED INSTRUCTION NO. 7**

Defendants request that the Court include this instruction clarifying that jurors may not award damages to punish or make an example of Caleb Garcia Alamilla. Because Plaintiffs have agreed to bifurcate the issue of punitive damages, the jury in this phase of trial will consider only liability and compensatory damages. This instruction ensures the jury does not improperly incorporate punitive considerations into any compensatory damages award.

Plaintiffs contend the instruction is unnecessary, but Defendants submit that it is appropriate and will help ensure the jury limits its damages determination to compensatory damages only, at least in this phase of the trial.

2:24-CV-03265-MWC-SSC
JOINT DISPUTED JURY INSTRUCTIONS
(REDLINE SET)

4928-7726-1461 V2

1
2                    **DEFENDANTS' PROPOSED INSTRUCTION NO. 8**
3
4          **JURORS NOT TO CONSIDER ATTORNEY FEES AND COURT COSTS**
5
6              You must not consider, or include as part of any award, attorney fees or
7   expenses that the parties incurred in bringing or defending this lawsuit.
8
9   <u>Source</u>: CACI 3964
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PARTIES' POSITIONS AS TO DEFENDANTS' PROPOSED INSTRUCTION NO. 8**

Defendants request that the Court include an instruction advising the jury that it must not consider or include attorney fees or litigation expenses in any damages award. The determination of attorney's fees and costs, if applicable, is a matter for the Court–not the jury. This instruction will help ensure that the jury's damages determination is limited solely to the categories of damages permitted by law and supported by the evidence.

Plaintiffs contend the instruction is unnecessary, but Defendants submit that it will assist in preventing juror confusion regarding the proper scope of any damages award.

4928-7726-1461 V2